## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER and DAREN WADE RUBINGH,<br><br>        Plaintiffs,<br><br> v.<br><br><br>GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, JOCELYN BENSON, in her official capacity as Michigan Secretary of State and the Michigan BOARD OF STATE CANVASSERS,<br><br>        Defendants. | No. 2:20-cv-13134<br><br>Hon. Linda V. Parker |

### CITY OF DETROIT'S MOTION TO INTERVENE AS A DEFENDANT

The City of Detroit (the "City"), by and through counsel, hereby seeks to intervene in this matter pursuant to Fed. R. Civ. P. 24(a) and Fed. R. Civ. P. 24(b). This Motion is supported by the accompanying Brief in Support.

On November 26, 2020, Counsel for the City sought concurrence in the relief requested herein, but Plaintiffs did not concur.

WHEREFORE, for the reasons specified in the attached Brief in Support, the City of Detroit respectfully requests that this Court enter an order allowing it to intervene in this matter.

Respectfully submitted,

November 27, 2020                    **FINK BRESSACK**

By:    /s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
*Attorneys for City of Detroit*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
dbressack@finkbressack.com
nfink@finkbressack.com

**CITY OF DETROIT**
**LAW DEPARTMENT**
Lawrence T. Garcia (P54890)
Charles N. Raimi (P29746)
James D. Noseda (P52563)
*Attorneys for City of Detroit*
2 Woodward Ave., 5th Floor
Detroit, MI 48226
Tel: (313) 237-5037
garcial@detroitmi.gov
raimic@detroitmi.gov
nosej@detroitmi.gov

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER and DAREN WADE RUBINGH,<br><br>                Plaintiffs,<br><br>   v.<br><br>GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, JOCELYN BENSON, in her official capacity as Michigan Secretary of State and the Michigan BOARD OF STATE CANVASSERS,<br><br>                Defendants. | No. 2:20-cv-13134<br><br>Hon. Linda V. Parker |

## BRIEF IN SUPPORT OF CITY OF DETROIT'S MOTION TO INTERVENE AS A DEFENDANT

## TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................................... ii

STATEMENT OF ISSUES PRESENTED............................................................... iii

MOST CONTROLLING AUTHORITIES ........................................................... iv

INTRODUCTION .......................................................................................................1

ARGUMENT ...............................................................................................................1

   I.   THE CITY IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT. .1

      A.   The City's Application is Timely..............................................................2

      B.   The City has a Substantial Legal Interest in this Matter ...........................3

      C.   The City's Interests Will be Impaired without Intervention......................5

      D.   Existing Parties Cannot Fully Protect the City's Interests.........................6

   II.   IN THE ALTERNATIVE, PERMISSIVE INTERVENTION SHOULD BE GRANTED ...........................................................................................7

   III.   THIS COURT SHOULD GRANT THE CITY LEAVE TO FILE A RESPONSIVE PLEADING ON THE SAME SCHEDULE AS NAMED DEFENDANTS .........................................................................................8

CONCLUSION ...........................................................................................................9

# INDEX OF AUTHORITIES

**Cases**

*Grubbs v. Norris*, 870 F.2d 343 (6th Cir. 1989) ....................................................2, 3

*Linton by Arnold v. Commissioner of Health and Environment, State of Tenn.*,
   973 F.2d 1311 (6th Cir. 1992) ................................................................................6

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997) ............... passim

*Purnell v. City of Akron*, 925 F.2d 941 (6th Cir. 1991) .........................................2, 5

*U.S. v. City of Detroit*, 712 F.3d 925 (6th Cir. 2013) .................................................3

*United States v. Michigan*, 424 F.3d 438 (6th Cir. 2005) .........................................7

**Rules**

Fed. R. Civ. P. 24(a)..............................................................................................1, 2

Fed. R. Civ. P. 24(b) .................................................................................................7

Fed. R. Civ. P. 24(c)..................................................................................................8

## STATEMENT OF ISSUES PRESENTED

1.  Whether the City of Detroit should be permitted to intervene in this matter as of right where the City meets each requirement for intervention as of right.

    The City of Detroit answers:  Yes.

2.  Whether, in the alternative, the City of Detroit should be permitted to intervene in this matter by leave, where the City has met each requirement for permissive intervention.

    The City of Detroit answers:  Yes.

## MOST CONTROLLING AUTHORITIES

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997)


*U.S. v. City of Detroit*, 712 F.3d 925 (6th Cir. 2013)


Fed. R. Civ. P. 24

## INTRODUCTION

This is one of several lawsuits filed by the Donald J. Trump for President campaign and its allies, raising similar baseless claims. One by one, those lawsuits have been rejected by the courts or voluntarily dismissed. In the case at bar, most of the legal "theories" purport to rely on events at the TCF Center, where Detroit absentee ballots were counted in an operation managed by the Detroit City Clerk.[1] The City of Detroit is uniquely positioned to participate in the defense of this matter. The City of Detroit also has a compelling interest in defending against such allegations in order to guarantee that its citizens are not disenfranchised. Intervention should be granted as of right.

## ARGUMENT

### I.   THE CITY IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

Intervention as of right is governed by Fed. R. Civ. P. 24(a). The Rule states:

---

[1] Inexplicably, the Complaint (consistent with most of the others Complaints which have been filed and withdrawn) makes numerous allegations relating to "Wayne County's" operation of the absent voter counting boards at the TCF Center (formerly Cobo Hall). See, e.g., Compl. at ¶¶ 63-79. ECF No. 1, PageID.20-26. This is despite clear guidance from Court of Claims Judge Cynthia Stephens, advising plaintiffs in the first of this series of lawsuits that "the day-to-day operation of an absent voter counting board is controlled by the pertinent city or township clerk." *Donald J. Trump for President, Inc. et al v Benson*, Mich. Court of Claims Case No. 20-000225-MZ, Opinion and Order (Nov 6, 2020) (Ex. 1). The absent voter counting boards at the TCF Center were operated under the authority of the Detroit City Clerk, not Wayne County.

(a) **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

    (1) is given an unconditional right to intervene by a federal statute; or

    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Rule is to be broadly construed in favor of potential intervenors. *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

A party seeking to intervene as of right under Fed. R. Civ. P. 24(a) must establish four elements: (1) the timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) the impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). The City meets each of the required elements.

## A. The City's Application is Timely

The timeliness of a motion to intervene is determined by the circumstances of the motion. *Grubbs v. Norris*, 870 F.2d 343, 345-46 (6th Cir. 1989). To determine whether the motion is timely, the reviewing court considers the following factors: "(1) the point to which the suit has progressed; (2) the purpose for which intervention

is sought; (3) the length of time preceding the application during which the proposed

intervenor knew or reasonably should have known of his or her interest in the case;

(4) the prejudice to the original parties due to the proposed intervenor's failure, after

he or she knew or reasonably should have known of his or her interest in the case, to

apply promptly for intervention; and (5) the existence of unusual circumstances

militating against or in favor of intervention." *U.S. v. City of Detroit*, 712 F.3d 925,

930-31 (6th Cir. 2013) (citing to *Grubbs*, 870 F.2d at 345-46).

The City's application to intervene is timely. The City filed its Motion only

two days after the Complaint was filed. No hearings or proceedings have yet been

held. The City is intervening to uphold the results of a lawfully conducted election,

to preserve the right to vote for hundreds of thousands of Detroit residents, and to

defend the conduct of City election officials against baseless allegations. There is no

prejudice from intervention, because there was no delay in seeking intervention.

Finally, the unconstitutionality and severity of Plaintiffs' requested relief militates

in favor of granting intervention, and there are no unusual circumstances weighing

against intervention.

### B. The City has a Substantial Legal Interest in this Matter

The Sixth Circuit subscribes to "a rather expansive notion of the interest

sufficient to invoke intervention of right." *Michigan State AFL-CIO*, 103 F.3d, 1245.

"The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Id*.

The City has a substantial interest in defending this lawsuit and in preserving the right to vote of its citizens, validating the integrity of local election results and defending the conduct of its election officials. While the City was not named in the Complaint as a defendant, a substantial amount—if not a majority—of the allegations relate to the purported actions or inactions of the City and its election officials. Plaintiffs repeatedly refer to alleged fraud regarding the processing and tabulation of absentee ballots. Under Michigan election law, the initial processing and tabulation of absentee ballots is done at the City level. The processing and tabulation of absentee ballots at Hall E of the TCF Center was controlled by the City, not any of the named Defendants. At other times in their Complaint, Plaintiffs make direct (false) allegations against election officials at the Detroit Department of Elections and against City Election Inspectors. *See*, *e.g.*, Compl., ¶¶ 101-102, ECF No. 1, PageID.34-35. Indeed, most of the allegations are against City of Detroit inspectors or officials. The City has a right to defend against these frivolous allegations.

Finally, the City has an undeniable interest in protecting the voting rights of its citizens. Plaintiffs seek the extraordinary and unprecedented remedy of de-certifying the results of a duly conducted election. Essentially, Plaintiffs are asking

4

the Court to disenfranchise all Detroit voters based on preposterous legal theories

and false allegations. Plaintiffs' proposed remedy would unequivocally result in the

disenfranchisement all of Detroit voters. That is, of course, the most anti-democratic

measure imaginable. There is no conceivable way that any of Plaintiffs' frivolous

allegations should result in a single voter being disenfranchised, let alone hundreds

of thousands from the State's largest city (or indeed, every single voter in the State).

It is hard to conceive of a situation where a proposed intervenor would have a

stronger interest than is present here.[2]

### C. The City's Interests Will be Impaired without Intervention

"To satisfy [the third] element of the intervention test, a would-be intervenor

must show only that impairment of its substantial legal interest **is possible** if

intervention is denied." *Mich. State AFL–CIO,* 103 F.3d at 1247 (*citing Purnell,* 925

F.2d at 948. (emphasis added). "This burden is minimal." *Id.* Rule 24(a) does not

require the intervenor to show that the interest will be impaired, only that impairment

is possible. *Purnell,* 925 F.3d at 948.

---

[2] A significant portion of Plaintiffs' allegations and supporting affidavits have been copied directly from the complaint in *Donald J. Trump Campaign, Inc. et al v. Benson et al*, a lawsuit filed in the federal court for the Western District of Michigan. WDMI Case No. 1:20-cv-1083. As here, the City was not originally named as a defendant in *DJT v. Benson*, but the district court granted the City's (unopposed) Motion to Intervene as a Defendant. See Ex. 2, Opinion and Order (Nov. 17, 2020). The campaign and the other plaintiffs voluntarily dismissed their Complaint on November 19, 2020.

The City's interests would be affected and could be impaired by this lawsuit. The City has an interest in protecting the voting rights of its citizens, affirming the integrity of election results and defending the conduct of local election officials. Plaintiffs have not hidden the fact that their ultimate goal is to have hundreds of thousands of Detroit votes removed from Michigan's official tally. Moreover, this action may significantly undermine the faith and public confidence in the City's election results. For months, various groups have alleged widespread election fraud across the country without proof. In the weeks following the election, much of the focus has been on certain cities in "battleground" states—with a strong emphasis on Detroit and Philadelphia. In the past three weeks, plaintiffs have filed multiple, similar lawsuits both in Michigan and across the country.

## D. Existing Parties Cannot Fully Protect the City's Interests

A party seeking to intervene is required to show that its interests will not be adequately protected by existing parties to the litigation. *Michigan State AFL-CIO*, 103 F.3d at 1247. This is a minimal burden; a movant need only show that representation "**may** be inadequate." *Id*. (emphasis added) (quoting *Linton by Arnold v. Commissioner of Health and Environment, State of Tenn*., 973 F.2d 1311, 1319 (6th Cir. 1992).

While the current defendants certainly have an interest in defending against frivolous lawsuits and upholding the integrity of the State's elections, most of the

6

key underlying factual allegations relate to the City of Detroit. The election in question was conducted by the City of Detroit. The City is best suited to respond to these attacks.

## II.     IN THE ALTERNATIVE, PERMISSIVE INTERVENTION SHOULD BE GRANTED

In the alternative, this Court should permit the City to intervene pursuant to Fed. R. Civ. P. 24(b). The Rule specifies that "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." The proposed intervenor should "establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL–CIO*, 103 F.3d at 1248). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *U.S. v. Michigan*, 424 F.3d at 445.

The City should be permitted to intervene. This application to intervene is timely filed and the City has defenses to these frivolous claims that share common questions of law and fact.

### III.   THIS COURT SHOULD GRANT THE CITY LEAVE TO FILE A RESPONSIVE PLEADING ON THE SAME SCHEDULE AS NAMED DEFENDANTS

The City moves for leave to file a responsive pleading on the same date that the named defendants are required to file a pleading in response to the Complaint. While Fed. R. Civ. P. 24(c) states that a motion to intervene should be accompanied by a pleading setting out the "claims or defenses for which intervention is sought," the Sixth Circuit has held that the failure to satisfy this Rule is not a valid basis to deny a motion to intervene. *Public Interest Legal Foundation, Inc. v. Winfrey*, 463 F.Supp.3d 795, 802 (E.D. Mich. 2020) (quoting *League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 580 (6th Cir. 2018)). Instead, the Sixth Circuit takes a "lenient approach to the requirements of Rule 24(c)," especially where there is no showing that prejudice will result from granting intervention where the motion to intervene did not include a proposed pleading. *League of Women Voters*, 902 F.3d at 580. Because this litigation is still in its infancy, and because the City has not delayed in filing its Motion to Intervene, Plaintiffs cannot show that any harm will result from the Court granting the City's motion without an accompanying pleading.

8

This Court should exercise its discretion and permit the City to file a responsive pleading on a schedule consistent with that of the named defendants.[3]

## CONCLUSION

WHEREFORE, for the foregoing reasons, the City of Detroit respectfully requests that this Court enter an order allowing it to intervene as a Defendant and to file a responsive pleading on the same schedule as the named defendants.

Respectfully submitted,

November 27, 2020

**FINK BRESSACK**

By:    /s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
*Attorneys for City of Detroit*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
dbressack@finkbressack.com
nfink@finkbressack.com

**CITY OF DETROIT**
**LAW DEPARTMENT**
Lawrence T. Garcia (P54890)
Charles N. Raimi (P29746)
James D. Noseda (P52563)
*Attorneys for City of Detroit*
2 Woodward Ave., 5th Floor
Detroit, MI 48226

---

[3] In the *DJT v. Benson* case, the NAACP similarly asked that it be allowed to intervene without submitting a proposed pleading. The district court granted that request for the same reasons stated in this brief. Ex. 2.

Tel: (313) 237-5037
garcial@detroitmi.gov
raimic@detroitmi.gov
nosej@detroitmi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2020, I electronically filed the foregoing paper with the Clerk of the court using the electronic filing system, which sends notice to all counsel of record.

FINK BRESSACK

By: */s/ Nathan J. Fink*
Nathan J. Fink (P75185)
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI  48304
Tel: (248) 971-2500
nfink@finkbressack.com

11