# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. TRUMP FOR PRESIDENT,
INC., et al.,

    Plaintiffs,

v.

JOCELYN BENSON, et al.,

    Defendants.
_____/

Case No. 1:20-cv-1083

HON. JANET T. NEFF

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are three unopposed motions to intervene filed by the Michigan State Conference NAACP, Wendell Anthony, Yvonne White, and Andre Wilkes (ECF No. 6); the Democratic National Committee and the Michigan Democratic Party (ECF No. 10); and the City of Detroit (ECF No. 14). The proposed intervenors received concurrence in their motions from counsel anticipated to make appearances for Defendants, but the proposed intervenors did not receive concurrences from Plaintiffs (ECF Nos. 8, 11 & 16). Plaintiffs have since filed a joint response, indicating that they also do not oppose the motions (ECF No. 19). For the following reasons, the Court grants the unopposed motions to intervene.

**I**

Eight Plaintiffs initiated this action on November 11, 2020. Plaintiff "Donald J. Trump for President, Inc." is the campaign committee for the reelection of President Donald J. Trump and Vice President Michael R. Pence (Compl. ¶ 6). The remaining seven Plaintiffs—Matthew and Alexandra Seely, Philip O'Halloran, Eric Ostergren, Marian Sheridan, Mercedes Wirsing, and Cameron Tarsa—are Michigan citizens and registered voters (*id.* ¶ 7). With the exception of

Cameron Tarsa, the individual Plaintiffs voted in the November 3, 2020 presidential election and served as credentialed election challengers in that election (*id.*).

Plaintiffs filed this action in this Court against Jocelyn Benson, Michigan's Secretary of State; the Michigan Board of State Canvassers; Wayne County; and the Wayne County Board of County Canvassers. In their "Complaint for Declaratory, Emergency and Permanent Injunctive Relief," Plaintiffs allege the following three claims:

  I.   Secretary of State Benson and Wayne County violated the Equal Protection Clause of the United States Constitution and the corollary clause of Michigan's Constitution

  II.  Secretary of State Benson and Wayne County violated the rights of these Michigan voters under the federal Elections and Electors Clauses

  III. Secretary of State Benson and Wayne County violated Michigan's Election Code

Plaintiffs seek the following relief:

  A. An order directing Secretary Benson and the Michigan Board of State Canvassers to not certify the election results until they have verified and confirmed that all ballots that were tabulated and included in the final reported election results were cast in compliance with the provisions of the Michigan Election Code as set forth herein.

  B. An order prohibiting the Wayne County board of county canvassers and the board of state canvassers from certifying any vote tally that includes:

      (1) fraudulently or unlawfully cast ballots;

      (2) ballots tabulated using the Dominion tabulating equipment or software without the accuracy of individual tabulators having first been determined;

      (3) any ballots that were received after Election Day (November 3, 2020) where the postmark or date of receipt was altered to be an earlier date before Election Day; and

      (4) any ballots that were verified or counted when challengers were excluded from the room or denied a meaningful opportunity to observe the handling of the ballot and poll book as provided in MCL 168.733.

2

C.  An order directing the Wayne County board of county canvassers to summon and open the ballot boxes and other election material, as provided in MCL 168.823, and, in the presence of challengers who can meaningfully monitor the process, to review the poll lists, absent voter ballot envelopes bearing the statement required by MCL 168.761, and other material provided in MCL 168.811.

D.  An order directing that challengers be allowed to be physically present with a meaningful opportunity to observe when the accuracy of each piece of tabulating equipment is determined, and if the accuracy of each piece of tabulation equipment used by Wayne County is not confirmed to be accurate, an order directing a special election be held in the affected precincts as provided by MCL 168.831-168.839.

E.  An order directing the board of county canvassers and the board of state canvassers, with challengers present and meaningfully able to observe, to obtain and review the video of unattended remote ballot drop boxes.

(ECF No. 1 at PageID.30-31).

Regarding the timing of their requested relief, Plaintiffs allege that consistent with MICH. COMP. LAWS § 168.822(1), the county board of canvassers shall conclude its canvass not later than November 17, 2020 (Compl. ¶ 71). Plaintiffs allege that consistent with MICH. COMP. LAWS § 168.842, the Michigan Board of State Canvassers will announce its determination of the canvass not later than December 3, 2020 (*id.* ¶ 72). Plaintiffs allege that the federal provisions governing the appointment of electors to the Electoral College, 3 U.S.C. § 1-18, "require Michigan Governor Whitmer to prepare a Certificate of Ascertainment by December 14, [2020,] the date the Electoral College meets" (*id.* ¶ 73). Last, Plaintiffs point out that the United States Code, 3 U.S.C. § 5, provides that if election results are contested in any state, and if the state, prior to election day, has enacted procedures to settle controversies or contests over electors and electoral votes, and if these procedures have been applied, and the results have been determined six days before the electors' meetings, then these results are considered to be conclusive and will apply in the counting of the electoral votes (*id.* ¶ 74). Plaintiffs represent that this date—the "Safe Harbor" deadline—falls on December 8, 2020 (*id.*). However, despite setting forth these looming deadlines and despite having

3

characterized their pleading as one requiring "emergency" relief, Plaintiffs have, to date, neither served their Complaint on Defendants nor filed any motions for immediate injunctive relief.

On Saturday, November 14, 2020, the Michigan State Conference NAACP (NAACP–MI), Wendell Anthony, Yvonne White, and Andre Wilkes filed their Motion to Intervene (ECF No. 6). That same day, the Democratic National Committee (DNC) and the Michigan Democratic Party (MDP) filed their Motion to Intervene (ECF No. 10), attaching, in pertinent part, a proposed Pre-Motion Conference Request (ECF No. 10-1) and a proposed Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6) (ECF No. 10-3). On Monday, November 16, 2020, the City of Detroit filed a Motion to Intervene (ECF No. 14), indicating that it also intends to move to dismiss Plaintiffs' Complaint if intervention is granted (*id.* at PageID.656). As noted, Plaintiffs have not opposed the motions to intervene.

## II

Intervention is governed by Federal Rule of Civil Procedure 24. Rule 24(a) provides in pertinent part that on timely motion, the court "must permit" anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). Under Rule 24(b), the court "may" permit anyone to intervene who files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact," provided "the court ... consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b).

There is no question that the proposed intervenors' motions, filed within a matter of only a few days after Plaintiffs initiated this case, are timely. Further, as set forth in their motions and

4

which are unopposed by Plaintiffs, the proposed intervenors have substantial legal interests in the subject matter of this case. The Court determines that the distinct interests of these proposed intervenors may be impaired absent intervention and that these interests may not be adequately represented by the parties already before the Court.

Even assuming arguendo that granting intervention as of right under Rule 24(a) is not appropriate, the Court, in its discretion, grants the proposed intervenors' motions under Rule 24(b). Granting permissive intervention to these movants will certainly not delay or prejudice the adjudication of the original parties' rights, particularly where Plaintiffs have yet to serve the named Defendants. Additionally, as set forth more fully in their respective motions to intervene, the proposed intervenors seek to assert defenses that squarely address the factual and legal premise of Plaintiffs' claims. In sum, the motions to intervene are properly granted. Further, the Court will issue a briefing schedule on the motion to dismiss proposed by the Democratic National Committee and the Michigan Democratic Party, without the usual in-chambers conference, and will require service of Plaintiffs' Complaint on Defendants.

Therefore:

**IT IS HEREBY ORDERED** that the Motions to Intervene (ECF Nos. 6, 10 & 14) are GRANTED, and the movants may file responsive pleadings, motions and briefs on the same schedule as Defendants.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve a copy of the Complaint and summons upon Defendants not later than 5:00 p.m. on Tuesday, November 17, 2020, and timely file proof of service of the same. <u>Failure to timely serve Plaintiffs may provide the Court justification to dismiss their "Complaint for Declaratory, Emergency and Permanent Injunctive Relief" for failure to diligently prosecute this case.</u>

**IT IS FURTHER ORDERED** that the Clerk of the Court shall ACCEPT the proposed Motion to Dismiss of the Democratic National Committee and the Michigan Democratic Party (ECF No. 10-3) ("the Motion to Dismiss") for docketing.

**IT IS FURTHER ORDERED** that any concurrences in the Motion to Dismiss shall be filed not later than 12:00 noon on Wednesday, November 18, 2020.

**IT IS FURTHER ORDERED** that Plaintiffs' response to the Motion to Dismiss shall be filed not later than 5:00 p.m. on Thursday, November 19, 2020.

**IT IS FURTHER ORDERED** that replies, if any, to Plaintiffs' Response shall be filed not later than 5:00 p.m. on Friday, November 20, 2020.

**IT IS FURTHER ORDERED** that the parties shall adhere to this Court's Local Civil Rule 10.9 when referencing a page of the record. *See* W.D. Mich. LCivR 10.9.

**IT IS FURTHER ORDERED** that Intervenors-Defendants Democratic National Committee and Michigan Democratic Party shall provide chambers with one three-ring binder containing single-sided paper courtesy copies of the respective dispositive motion papers, including their Motion to Dismiss, any concurrences, the response, any replies, and any exhibits, after electronic filing (i.e., with the CM-ECF PageID header), and properly tabbed. The binder shall be submitted to the Clerk's Office.

**IT IS FURTHER ORDERED** that the time for Defendants to file their answers/responsive pleadings to the Complaint is extended until fourteen days after the Court's decision on the Motion to Dismiss, or further Order of the Court.

Dated: November 17, 2020          /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge