UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TIMOTHY KING,** *et.al.*,
    Plaintiffs**,**

Case No. 20-cv-13134
**Hon. Linda V.Parker**

v.

**GRETCHEN WHITMER,** in her official capacity as Governor of the State of Michigan, *et.al.,*
    Defendants,

and

**ROBERT DAVIS**,
    Proposed Intervening Defendant.
_____/

| | |
|---|---|
| GREGORY J. ROHL (P39185)<br>The Law Offices of Gregory Rohl<br>41850 West 11 Mile Rd., Ste.110<br>Novi, MI 48375<br>(248) 380-9404<br>gregoryrohl@yahoo.com | HEATHER S. MEINGAST (P55439)<br>ERIC GRILL (P64713)<br>Assistant Attorneys General<br>Attorneys for Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-7659<br>meingasth@michigan.gov<br>grille@michigan.gov<br><br>ANDREW A. PATERSON (P18690)<br>Attorney for Proposed Intervening<br>Defendant Robert Davis<br>2893 E. Eisenhower Pkwy<br>Ann Arbor, MI 48108<br>(248) 568-9712<br>Aap43@outlook.com |

_____/

# PROPOSED INTERVENING DEFENDANT ROBERT DAVIS' EMERGENCY MOTION TO INTERVENE PURSUANT TO FED.R.CIV.P 24(a)(2) and 24(b).

NOW COMES PROPOSED INTERVENING DEFENDANT ROBERT DAVIS, by and through his attorney, ANDREW A. PATERSON, and for his Emergency Motion to Intervene Pursuant to Fed.R.Civ.P. 24(a)(2) and 24(b), states the following:

### I. Concurrence Granted In-Part

Prior to filing the instant motion, on November 26, 2020, pursuant to Local Court Rule 7.1, counsel for Proposed Intervening Defendant Robert Davis ("Intervening Defendant Davis") sought concurrence from counsel for the Plaintiffs and Defendants. On November 26, 2020, Gegory Rohl, counsel for the Plaintiffs responded to Intervening Defendant Davis' request for concurrence and Plaintiffs' counsel promptly GRANTED Intervening Defendant Davis' request for concurrence to intervene as a defendant in this matter. (**See Plaintiffs' counsel's November 26, 2020 email granting concurrence attached as Exhibit A**). However, on November 29, 2020, counsel for the Defendants DENIED Intervening Defendant Davis' request for concurrence, necessitating the need to file the instant motion.

## II. **Introduction**

On November 25, 2020, Plaintiffs filed a 75-page five-count complaint against the Defendants. Amongst the relief sought by the Plaintiffs is for this Honorable Court to order the Plaintiffs and nonparty Wayne County to "de-certify the election results" from the November 3, 2020 presidential general election, which Intervening Defendant Davis cast a lawful vote in. (Compl., ECF No. 1, Pg.ID 73). Plaintiffs essentially seeks to disenfranchise Intervening Defendant Davis by having his lawfully cast vote "de-certified" and "not counted" for the race for President and Vice President of the United States. (*Id.*)

Upon reviewing the contents of Plaintiffs' complaint (ECF No. 1), Intervening Defendant Davis, as a registered voter in Wayne County, who lawfully voted in the November 3, 2020 presidential general election by absentee ballot, immediately sought concurrence from the Plaintiffs and the Defendants to intervene in this case in order to ensure Intervening Defendant Davis' constitutional right to have his lawfully cast vote counted and certified was recognized and upheld.

### III. Law and Legal Analysis

### A. Davis Should Be Permitted To Intervene As Of Right Pursuant to Fed.R.Civ.P. 24(a)(2).

Intervening Defendant Davis, as registered voter in Wayne County, who lawfully voted by absentee ballot in the November 3, 2020 presidential general election, is a party with an inherent interest relating to the subject of this action and whose rights cannot be adequately represented by the parties in this matter.

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately 4 represent the applicant's interest." *Ohio State Conference of NAACP v. Husted,*

588 F. App'x 488, 490 (6th Cir. 2014) (quoting *Blount–Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011); see *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). Intervening Defendant Davis, as registered voter of Wayne County, who lawfully voted by absentee ballot in the November 3, 2020 presidential general election, meets each of these requirements for intervention as of right and, alternatively, intervention by permission.

1. **Intervening Defendant Davis' Motion is Timely**.

The threshold determination of "whether a motion is timely is a matter within the sound discretion of the trial court." *NAACP v. New York*, 413 U.S. at 365–66, 93 S.Ct. at 2602–03; *Michigan Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir.1981). This Court, evaluates "timeliness in the context of all relevant circumstances, such as the purpose of the motion to intervene, the length of time the applicant for intervention should have known of his interest in the case, whether the original parties would be prejudiced by further delays, whether there are any unusual circumstances which would bear on granting or denying the motion and to what stage the lawsuit has progressed." *Michigan Ass'n for Retarded Citizens*, 657 F.2d

at 106; *Stotts v. Memphis Fire Dep't,*, 679 F.2d 579, 582 (6th Cir.), cert. denied, 459 U.S. 969, 103 S. Ct. 297, 74 L.Ed.2d 280 (1982); see also *United Airlines, Inc. v. McDonald*, 432 U.S. at 396, 97 S. Ct. at 2470 (court must determine whether the intervenor acted promptly in view of all the circumstances). *Bradley v Milliken*, 828 F2d 1186, 1191 (6th Cir. 1987).

Here, the case is at its earliest stage and is only 5 days old! As noted, the Plaintiffs filed the instant case on November 25, 2020 and Intervening Defendant Davis sought concurrence for intervention from the parties a day later on November 26, 2020. (**Exhibit A**). No factual or legal issues have been substantially litigated, no emergency motions have been filed by an of the parties, a scheduling order has not been issued, and more importantly, the parties will not be prejudiced by the intervention. Notably, despite the extraordinary and unprecedented relief Plaintiffs' complaint (ECF No. 1) requests, there has been no expedited briefing schedule granted.

Intervening Defendant Davis' instant motion to intervene is timely and permitting his invention will, in no way, unduly delay or

prejudice the adjudication of the rights of the original parties. In light of all the circumstances, Intervening Defendant Davis has acted timely.

2. **Intervening Defendant Davis Has A Substantial Legal Interest in The Subject Matter of This Case**.

Intervening Defendant Davis, as a registered voter in Wayne County, who lawfully voted by absentee ballot in the November 3, 2020 presidential general election, has a substantial legal interest in the subject matter of this case because Plaintiffs are seeking to void the certification of votes cast by registered voters in Wayne County who voted by absentee ballot, which includes Intervening Defendant Davis' lawfully cast vote. (ECF No. 1). The Sixth Circuit supports a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); see also *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6thCir. 1987) ("'[I]nterest' is to be construed liberally."). No specific legal or equitable interest is required, Grutter, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

Intervening Defendant Davis' interests are strong here because Plaintiffs' complaint (ECF No. 1) seeks an order from this Court "de-

certifying" Intervening Defendant Davis' lawfully cast vote. Plaintiffs' complaint (ECF No. 1) specifically alleges that votes cast in Wayne County by absentee ballot should be voided. This directly impacts Intervening Defendant Davis' constitutional right to vote and to have his vote counted.

As noted, Intervening Defendant Davis, who is a resident and registered voter of Wayne County, lawfully voted by absentee ballot in the November 3, 2020 general election. Plaintiffs' complaint directly seeks to void Intervening Defendant Davis' lawfully cast vote. "A citizen's right to vote free of arbitrary impairment by state action has been judicially recognized as a right secured by the Constitution, when such impairment *resulted from dilution by a false tally*; *or by refusal to count votes from arbitrarily selected precincts*; or by stuffing of the ballot box." *Baker v Carr*, 369 U.S. 186, 207-208 (1962) (emphasis supplied). "**Every voter's vote is entitled to be counted once. It must be correctly counted and reported**." *Gray v Sanders*, 372 U.S. 368, 380 (1963) (emphasis supplied). For "'the right to have one's vote counted' has the same dignity as the right to put a ballot in a box." *Id*. (internal citations omitted).

Thus, because Intervening Defendant Davis seeks to protect his lawfully cast vote and to ensure it is properly counted and certified, Intervening Defendant Davis clearly has a substantial interest in the subject matters of this case.

### 3. Intervention is Necessary to Protect Intervening Defendant Davis' Interest in this Case.

To satisfy the third element, "a would-be intervenor must show only that impairment of its substantial legal interest is ***possible*** if intervention is denied. This burden is minimal." *Miller*, 103 F.3d at 1247 (citing *Purnell*, 925 F.2d at 948); see also Grutter, 188 F3d 394, 399 (6th Cir., 1999) (emphasis added). Accordingly, intervention of right does not require an absolute certainty that a party's interest will be impaired, just a ***possibility*** that a party's interest will impaired. Here, there is a definite possibility that Intervening Defendant Davis' interest will be impaired because a federal decision applying, or interpreting Michigan election law could affect his constitutional right to vote and to have his lawfully cast vote count. Additionally, this Court's ruling in this case could impair Intervening Defendant Davis' pending litigation against the Defendant Secretary of State in the Michigan Court of Claims, which seeks to hold Defendant Secretary of State in criminal

contempt of court for improperly advising the Detroit City Clerk on the mass mailing of unsolicited absentee voter applications to registered voters in the City of Detroit. See *Miller*, 103 F.3d at 1245, 1247-48 (finding impairment of interest where Michigan Chamber of Commerce argued that "the precedential effect of an adverse ruling . . . could hinder its own efforts to litigate the validity of Michigan's system for regulating campaign finance").

Clearly, intervention is proper to protect against any possibility in an impairment of Intervening Defendant Davis' legal interests.

### 4. Intervening Defendant Davis' Interests Are Not Adequately Represented by Current Parties.

As it relates to the fourth element, Intervening Defendant Davis, as a registered voter of Wayne County, who lawfully voted by absentee ballot in the November 3, 2020 general election, is a party with an interest relating to the subject matters litigated in this action whose rights cannot be adequately represented by the parties in this matter. This burden, again, is minimal to show that the existing parties to this litigation inadequately represent his interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties']

representation will in fact be inadequate, but only that it '***may be***' inadequate." *Id.* (citations omitted) (emphasis added); see also *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a potential for inadequate representation.") (citation omitted) (emphasis in original).

Here, there is potential for inadequate representation. Defendants have been bombarded with a multitude of election-related lawsuits filed by allies of current U.S. President Donald Trump, as well as from concerned voters, including Intervening Defendant Davis. In fact, in some of the election-related cases involving Intervening Defendant Davis and Defendant Secretary of State, counsel for the Defendants had to request additional time to file various briefs due to the enormous volume of election-related cases that have been filed against the Defendants. Management of such case load requires immediate and immense attention and effort on behalf of Defendants' counsel to litigate. Defendants' counsel do not represent Intervening Defendant Davis or have knowledge of facts necessary to represent Intervening Defendant Davis' interests. In fact, as noted, Intervening Defendant Davis has numerous pending election-related lawsuits pending in the

Michigan Supreme Court, Michigan Court of Claims, and U.S. District Courts against the Defendant Secretary of State. This alone, clearly illustrates that the Defendants cannot adequately represent Intervening Defendant Davis' interests and certainly, the Plaintiffs cannot adequately represent Intervening Defendant Davis' interests.

Moreover, Defendants have not filed a motion to dismiss or an answer to Plaintiffs' complaint that indicate their potential defenses. If Intervening Defendant Davis is permitted to intervene, Intervening Defendant Davis would promptly file a Rule 12(b)(6) motion to dismiss and argue that Plaintiffs' claims violate Intervening Defendant Davis' constitutional right to vote and to have his vote counted and certified, Plaintiffs' claims are barred by sovereign immunity under the Eleventh Amendment, res judicata, and collateral estoppel.

Intervening Defendant Davis has clearly satisfied his burden for this Court to grant intervention by right in accordance with Fed.R.Civ.P. 24(a)(2).

### B. Intervening Defendant Davis Should be Allowed to Intervene By Permission Under Fed.R.Civ.P. 24(b).

Alternatively, Intervening Defendant Davis should be allowed permissive intervening under Fed.R.Civ.P. 24(b). The Court may permit

intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The interests of justice and judicial economy will undoubtedly be served by having all allegations and defenses properly before the Court, and, in so doing, the action can more effectively proceed on the merits. First, Intervening Defendant Davis' motion is timely for the reasons detailed above in section A(1). The parties were promptly put on notice of Intervening Defendant Davis' intent to intervene as evidenced by the November 26, 2020 email to the parties' counsel. As noted, this case is at its earliest stage and no factual or legal issues have been substantially litigated. Second, Intervening Defendant Davis shares, with the main action, common questions of law and facts. Specifically, Intervening Defendant Davis, as a registered voter of Wayne County, who lawfully voted by absentee ballot in the November 3, 2020 general election, has a substantial interest in ensuring his constitutional right

to vote and to have it counted is properly protected. *Gray v Sanders*, 372 U.S. 368, 380 (1963).

This Court "operates within a 'zone of discretion' when deciding whether to allow intervention under Rule 24(b)." *Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)). "So long as the motion for intervention is timely and there is at least one common question of law or fact," this Court has significant leeway in balancing considerations "of undue delay, prejudice to the original parties, and any other relevant factors." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). Rule 24(b) grants the district court discretionary power to permit intervention if the motion is timely and if the 'applicant's claim or defense and the main action have a question of law or fact in common.'" *Purnell v. City of Akron,* 925 F.2d 941, 950 (6th Cir. 1991) (internal citation omitted) (quoting Fed. R. Civ. P. 24(b)(2)).

Here, Intervening Defendant Davis has clearly met this burden because Intervening Defendant Davis' defense, which seeks to protect his constitutional right to have his lawfully cast vote in the November

3, 2020 general election counted, is a "question of law or fact" that is in common with the main action. *Id.*

Finally, although Intervening Defendant Davis will not be filing a "pleading" with this motion in accordance with Fed.R.Civ.P. 24(c), such a filing is not necessary considering Intervening Defendant Davis' instant motion sets forth with specificity his potential defenses. The Sixth Circuit "take[s] a lenient approach to the procedural requirements of Rule 24(c)," *E.E.O.C. v. Guardsmark*, LLC, No. 2:13-cv-15229, 2014 WL 12724973, at *2 (E.D. Mich. June 5, 2014), and has found a district court's denial of a motion to intervene "on the basis that [the intervenor] failed to attach a pleading" to be an abuse of discretion, *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 314 (6th Cir. 2005). The court reasoned that "the parties [were] clearly on notice as to [the intervenor's] positions and arguments." *Id.* The same is true here. The parties are clearly on notice as to Intervening Defendant Davis' positions and potential arguments. *Id.*

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Intervening Defendant Davis prays that this Honorable Court GRANT his emergency motion to

intervene as a party defendant pursuant to Fed.R.Civ.P. 24(a)(2), or in the alternative, pursuant to Fed.R.Civ.P. 24(b).

**Dated: November 30, 2020**     Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervening Defendant
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 30th day of November, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: November 30, 2020     Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervening Defendant
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com