# EXHIBIT 10

STATE OF MICHIGAN

IN THE THIRD JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE

Sarah Stoddard and
Election Integrity Fund,

                                      Hon. Timothy M. Kenny

v                                       Case No. 20-014604-CZ

City Election Commission of
The City of Detroit and
Janice Winfrey, in her official
Capacity as Detroit City Clerk and
Chairperson of the City Election
Commission, and
Wayne County Board of
Canvassers,
_____/

# OPINION & ORDER

At a session of this Court
Held on: November 6, 2020
In the Coleman A. Young Municipal Center
County of Wayne, Detroit, MI

PRESENT: Honorable Timothy M. Kenny
Chief Judge
Third Judicial Circuit Court of Michigan

    Plaintiffs Sarah Stoddard and the Election Integrity Fund petition this Court for preliminary injunctive relief seeking:

1. Defendants be required to retain all original and duplicate ballots and poll books.
2. The Wayne County Board of Canvassers not certify the election results until both Republican and Democratic party inspectors compare the duplicate ballots with original ballots.
3. The Wayne County Board of Canvassers unseal all ballot containers and remove all duplicate and original ballots for comparison purposes.
4. The Court provide expedited discovery to plaintiffs, such as limited interrogatories and depositions.

1

When considering a petition for injunctive relief the Court must apply the following four-prong test:
1. The likelihood the party seeking the injunction will prevail on the merits.
2. The danger the party seeking the injunction will suffer irreparable harm if the injunction is not granted.
3. The risk the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the injunction.
4. The harm to the public interest if the injunction is issued. *Davis v City of Detroit Financial Review Team*, 296 Mich. App. 568, 613; 821 NW2d 896 (2012).

In the *Davis* opinion, the Court also stated that injunctive relief "represents an extraordinary and drastic use of judicial power that should be employed sparingly and only with full conviction of its urgent necessity" Id at 612 fn 135, quoting *Senior Accountants, Analysts & Appraisers Ass'n v. Detroit*, 218 Mich. App. 263, 269; 553 NW2d 679 (1996).

When deciding whether injunctive relief is appropriate MCR 3.310 (A)(4) indicates that the plaintiff bears the burden of proving the preliminary injunction should be granted.

Plaintiffs' pleadings do not persuade this Court that they are likely to prevail on the merits for several reasons. First, this Court believes plaintiffs misinterpret the required placement of major party inspectors at the absent voter counting board location. MCL 168.765a (10) states in part "At least one election inspector from each major political party must be present at the absent voter counting place…" While plaintiffs contends the statutory section mandates there be a Republican and Democratic inspector at each table inside the room, the statute does not identify this requirement. This Court believes the plain language of the statute requires there be election inspectors at the TCF Center facility, the site of the absentee counting effort.

Pursuant to MCL 168.73a the County chairs for Republican and Democratic parties were permitted and did submit names of absent voter counting board inspectors to the City of Detroit Clerk. Consistent with MCL 168.674, the Detroit City Clerk did make appointments of inspectors. Both Republican and Democratic inspectors were present throughout the absent voter counting board location.

An affidavit supplied by Lawrence Garcia, Corporation Counsel for the City of Detroit, indicated he was present throughout the time of the counting of absentee

2

ballots at the TCF Center. Mr. Garcia indicated there were always Republican and Democratic inspectors there at the location. He also indicated he was unaware of any unresolved counting activity problems.

By contrast, plaintiffs do not offer any affidavits or specific eyewitness evidence to substantiate their assertions. Plaintiffs merely assert in their verified complaint "Hundreds or thousands of ballots were duplicated solely by Democratic party inspectors and then counted." Plaintiffs' allegation is mere speculation.

Plaintiffs' pleadings do not set forth a cause of action. They seek discovery in hopes of finding facts to establish a cause of action. Since there is no cause of action, the injunctive relief remedy is unavailable. *Terlecki v Stewart*, 278 Mich. App. 644; 754 NW2d 899 (2008).

The Court must also consider whether plaintiffs will suffer irreparable harm. Irreparable harm requires "A particularized showing of concrete irreparable harm or injury in order to obtain a preliminary injunction." *Michigan Coalition of State Employee Unions v Michigan Civil Service Commission*, 465 Mich. 212, 225; 634 NW2d 692, (2001).

In *Dunlap v City of Southfield*, 54 Mich. App. 398, 403; 221 NW2d 237 (1974), the Michigan Court of Appeals stated "An injunction will not lie upon the mere apprehension of future injury or where the threatened injury is speculative or conjectural."

In the present case, Plaintiffs allege that the preparation and submission of "duplicate ballots" for "false reads" without the presence of inspectors of both parties violates both state law, MCL 168.765a (10), and the Secretary of State election manual. However, Plaintiffs fail to identify the occurrence and scope of any alleged violation The only "substantive" allegation appears in paragraph 15 of the First Amended Complaint, where Plaintiffs' allege "on information and belief" that hundreds or thousands of ballots have been impacted by this improper practice. Plaintiffs' Supplemental Motion fails to present any further specifics. In short, the motion is based upon speculation and conjecture. Absent any evidence of an improper practice, the Court cannot identify if this alleged violation occurred, and, if it did, the frequency of such violations. Consequently, Plaintiffs fail to move past mere apprehension of a future injury or to establish that a threatened injury is more than speculative or conjectural.

This Court finds that it is mere speculation by plaintiffs that hundreds or thousands of ballots have, in fact, been changed and presumably falsified. Even with this assertion, plaintiffs do have several other remedies available. Plaintiffs are entitled to bring their challenge to the Wayne County Board of Canvassers pursuant to MCL 168.801 *et seq.* and MCL 168.821 *et seq.* Additionally, plaintiffs can file for a recount of the vote if they believe the canvass of the votes suffers from fraud or mistake. MCL168.865-168.868. Thus, this Court cannot conclude that plaintiffs would experience irreparable harm if a preliminary injunction were not issued.

Additionally, this Court must consider whether plaintiffs would be harmed more by the absence of injunctive relief than the defendants would be harmed with one.

If this Court denied plaintiffs' request for injunctive relief, the statutory ability to seek relief from the Wayne County Board of Canvassers (MCL 168.801 et seq. and MCL 168.821 et seq.) and also through a recount (MCL 168.865-868) would be available. By contrast, injunctive relief granted in this case could potentially delay the counting of ballots in this County and therefore in the state. Such delays could jeopardize Detroit's, Wayne County's, and Michigan's ability to certify the election. This in turn could impede the ability of Michigan's elector's to participate in the Electoral College.

Finally, the Court must consider the harm to the public interest. A delay in counting and finalizing the votes from the City of Detroit without any evidentiary basis for doing so, engenders a lack of confidence in the City of Detroit to conduct full and fair elections. The City of Detroit should not be harmed when there is no evidence to support accusations of voter fraud.

Clearly, every legitimate vote should be counted. Plaintiffs contend this has not been done in the 2020 Presidential election. However, plaintiffs have made only a claim but have offered no evidence to support their assertions. Plaintiffs are unable to meet their burden for the relief sought and for the above-mentioned reasons, the plaintiffs' petition for injunctive relief is denied.

It is so ordered.

November 6, 2020
Date

Hon. Timothy M. Kenny
Chief Judge
Third Judicial Circuit Court of Michigan

4