# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

TIMOTHY KING, MARIAN ELLEN
SHERIDAN, JOHN EARL
HAGGARD, CHARLES JAMES
RITCHARD, JAMES DAVID
HOOPER, and DAREN WADE
RUBINGH,

    Plaintiffs.

v.

GRETCHEN WHITMER, in her
Official capacity as the Governor
Of the State of Michigan,
JOCELYN BENSON, in her official
Capacity as Michigan Secretary of
State and the Michigan BOARD OF
STATE CANVASSERS.

    Defendants.

CASE No. 20-cv-13134

HON. LINDA V. PARKER

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE

Now comes the Plaintiffs, ("Plaintiffs"), by counsel, and oppose the Proposed Intervenor's ("Applicant") motion to intervene. Plaintiffs ask this Court to deny the Applicant's Motion to Intervene and in support thereof, state as follows:

### STATEMENT OF FACTS

Plaintiffs filed their complaint on November 25, 2020 against Defendants alleging multiple violations of Michigan Election Law, MCL 168.1 *et seq*. Applicant is a Wayne County voter, who cast his vote in the November 3, 2020 general election.

## APPLICANT'S MOTION TO INTERVENE SHOULD BE DENIED

"Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene" who files a "timely motion" and who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). We have "interpreted the language of the Rule" to mean that the applicant must therefore show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (quoting) *Blount–Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir.2011).

The Applicant has not satisfied these requirements. First, this Applicant does not possess a substantial legal interest in this case. The Sixth Circuit Court of Appeals failed to permit the drafters of a ballot initiative to intervenein a case that addressed the validity of a constitutional amendment. In *Defend Affirmative Action v. Granholm*, United States Court of Appeals, Sixth Circuit,.September 6, 2007, 501 F.3d 775, 101 Fair Empl.Prac.Cas. (BNA), 71590 Empl. Prac. Dec. P 42,96968 Fed.R.Serv.3d 111, the Court held that where an organization has only a general ideological interest in the lawsuit, like seeing that the government zealously enforces some piece of legislation that the organization supports, and the lawsuit does not involve the regulation of the organization's conduct, without more, such an organization's interest in the lawsuit cannot be deemed substantial, as required to support a motionto intervene as of right. Fed.Rules Civ.Proc.Rule 24(a), 28 U.S.C.A.*Id.* at 782.

The Court noted that a generic interest shared by the entire Michigan citizenry is not a substantial interest that supports a claim for intervention. An "interest so generalized will not support a claim for intervention as of right." *Id.* at 780, Quoting *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997). As in *Defend Affirmative Action*, the Applicant has not established that he has suffered a harm greater than the general citizenry. The right to vote has been accomplished, the Applicant cast his vote on November 3rd. In fact, his vote has been counted. The Applicant argues that every vote including his should be counted, and this in and of itself gives him a substantial interest in the litigation. But he has not proven that his vote has not been counted. If the Court sets aside the results of the election, then no one's vote can be counted. He is no different than the general citizenry. If the court provides the remedy that the Plaintiffs are requesting, new elections will need to be called and this Applicant will, again, be able to cast his vote as he is guaranteed to under the law, just as he did on November 3, 2020. The fact that he voted in the 2020 general election is not a substantial interest in the outcome of the litigation.

Moreover, as argued above, the Applicant does not have an inability to protect his interest that warrants intervention as of right. His alleged interest cannot be placed in jeopardy by this litigation because the interest he alleges is not implicated in this case. Even if the Court determines that the election result should be decertified, this does not impair the Applicant's right to vote, which he admittedly exercised on November 3, 2020 and will be able to exercise, as a resident of Michigan, on any subsequent election that is called due to this Court's action. The Applicant can protect his interest by requesting Leave to File an Amicus Curiae Brief and voting in subsequent elections that may resultfrom adjudication of this case.

Lastly, Applicant has not established that the Defendants have adequately represented his interest in the matter. The standard by the Applicant's own admission is that the Applicant has the burden of proving that the existing representation by the Defendants "may be" inadequate. The Defendants in this case have substantial resources to defend the claims made by the Plaintiffs. In each election dispute case this year, which have been widely publicized in the media, the State has provided competent defense and adequate resources to litigate against the many claims made against it. Moreover, the Applicant has admitted that he is litigious with "numerous pending election-related lawsuits pending in the Michigan Supreme Court, the Michigan Court of Claims, and the US District Courts against the Defendant Secretary of State." The Applicant himself has added to the caseload that he is now asserting to this Court as the basis for him intervening in this case. This is astounding at best and disingenuous at worst.

## APPLICANT SHOULD NOT BE ALLOWED TO INTERVEN BY PERMISSION UNDER FED.R.CIV.P, 24(b).

When determining whether to allow a party to intervene, the court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P, 24(b)(3). Contrary to the arguments that the Applicant makes of "judicial economy", this case has been filed by the Plaintiffs against the exact Defendants who have the control and access to the information that is at the heart of this lawsuit. This Applicant has no substantial interest that cannot be litigated by the Defendants named as parties. Additionally, there is no "one common question of law or fact" as argued by the Applicant. In fact, nothing in the amended complaint raises a question of law or fact that the Applicant can attest to or defend. The Defendants by the Applicant's own admission do not even want him involved in this

lawsuit. (ECF 20.)In light of this, the appropriate motion by the Applicant would be to file a Leave to File an Amicus Curiae Brief.

## CONCLUSION

The Applicant does not have a significantly protectable interest in this litigation, has not proven that his ability to protect his interest would be impaired without intervention, and is adequately represented by Defendants who also don't want him to intervene. For all of these reasons the Applicant fails to meet the standard that would entitle him to intervention as of right. Similarly, permissive intervention must also be denied as the Applicant has not raised a common question of law or fact with the main action and intervention would unduly delay and prejudice the adjudication of this case. The Applicant should avail himself of the Court's process for submitting a Leave to Submit an Amicus Curiae Brief. Intervention should be denied.

Respectfully submitted,

GREGORY ROHL (P39185)

/s/Gregory Rohl

Law Offices of Gregory J. Rohl, P.C.
41850 West 11 Mile Rd., Suite 110
Novi, MI 48375
248-380-9404
Gregoryrohl@yahoo.com

RICHARD S. HAGERSTROM (P57885)

/s/Richard S. Hagerstrom

222 W. Genesee St.
Lansing, MI 48933
517-763-7499

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause on **December 2, 2020** by:

- ☐ U.S. Mail
- ☐ Certified Mail
- ☒ Efiling and Eservice
- ☐ Fax
- ☐ Regular Mail
- ☐ Hand Delivery

/s/ Amanda Perkins
AMANDA PERKINS