UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KING, et al.,

        Plaintiffs,

v.

GRETCHEN WHITMER, et al.,

        Defendants.
_____/

Case No. 20-13134
Honorable Linda V. Parker

## OPINION & ORDER GRANTING MOTIONS TO INTERVENE
## (ECF NOS. 5, 12, 14)

This matter is presently before the Court on three motions to intervene, filed by the City of Detroit, the Democratic National Committee and Michigan Democratic Party ("DNC/MDP"), and Robert Davis, an individual who cast his November 3, 2020 general election vote in Wayne County via absentee ballot. (ECF Nos. 5, 12, 14.) According to the movants, Plaintiffs concurred as to the DNC/MDP's and Davis' motions but denied concurrence as to the City of Detroit's motion. (*See* ECF No. 5 at Pg. ID 840; ECF No. 12 at Pg. ID 1861; ECF No. 14 at Pg. ID 1879.) In their response to the three motions, however, Plaintiffs neither mention the DNC/MDP or the City of Detroit nor proffer arguments opposing intervention by the two movants; but, Plaintiffs do oppose intervention by Davis. (ECF No. 25.) The movants indicate that Defendants concurred as to the

DNC/MDP's motion but denied concurrence as to Davis' motion.[1]  (*See* ECF No. 12 at Pg. ID 1861; ECF No. 14 at Pg. ID 1879.)

As neither party opposes the City of Detroit's or the DNC/MDP's motions to intervene, the Court grants those motions.  *Boone v. Heyns*, No. 12-14098, 2017 WL 3977524, at *5 (E.D. Mich. Sept. 11, 2017) (finding that an "argument[] [is] deemed conceded and waived" where plaintiff did not refute it in his brief (citing *McPherson v. Kelsey*, 125 F. 3d 989, 995 (6th Cir. 1997))); *see also McPherson*, 125 F. 3d at 995 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").  For the reasons that follow, the Court also grants Davis' motion.

## APPLICABLE LAW & ANALYSIS

Intervention is governed by Federal Rule of Civil Procedure 24.  Rule 24(a)(2) provides that on timely motion, the court "must permit" anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  Davis argues that "[his] interests are strong here because Plaintiffs' [C]omplaint [] seeks

---

[1] In its Motion to Intervene, the City of Detroit does not indicate whether it sought concurrence from Defendants.  (*See* ECF No. 5 at Pg. ID 840.)

an order . . . 'decertifying' [his] lawfully cast vote." (ECF No. 12 at Pg. ID 1867.) Davis "seeks to protect his lawfully cast vote" and "ensure it is properly counted and certified." (*Id.* at Pg. ID 1868.)

Notably, the City of Detroit and the DNC/MDP—as well as, presumably, Defendants Governor Gretchen Whitmer, Secretary of State Jocelyn Benson, and the Michigan Board of State Canvassers—aim to protect the same interests on behalf of all Wayne County voters, including Davis. (ECF No. 5 at Pg. ID 850-51; ECF No. 14 at Pg. ID 1901.) While the burden of demonstrating inadequate representation is minimal because the movant need not prove that the representation will in fact be inadequate, but only that it "may be" inadequate, *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000) (citations omitted), the Sixth Circuit "has held that a movant fails to meet [this] burden . . . when 1) no collusion is shown between the existing party and the opposition; 2) the existing party does not have any interests adverse to the intervenor; and 3) the existing party has not failed in the fulfillment of its duty." *Id.* (citing *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)). Davis does not contend that Defendants are colluding with Plaintiffs. In addition, though Davis points out that he has filed suit against Secretary Benson in various courts (ECF No. 12 at Pg. ID 1870-71), Davis neither argues nor explains how those lawsuits make Defendants' interests adverse to his own. And while Davis

3

emphasizes that Defendants are busy defending other lawsuits similar to this one and "[m]anagement of such case load requires immediate and immense attention and effort," (*id.* at Pg. ID 1870), Davis does not maintain that Defendants have thus far failed to actively and thoroughly litigate the issues in this case. Davis, therefore, cannot intervene as of right.

Under Rule 24(b), the court "may" permit anyone to intervene who files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact," provided the court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" and "any other relevant factors." Fed. R. Civ. P. 24(b); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

Davis argues that he "lawfully voted by absentee ballot" and seeks to intervene in this action to avoid having his vote in the election de-certified or not counted.[2] (ECF No. 12 at Pg. ID 1872.) The Court presumes that Defendants will

---

[2] Whether this assertion amounts to a defense is a close call. This is especially so when considering that, when a movant requests leave to intervene "based solely on their interest" in the property or transaction that is the subject of the action, the Sixth Circuit has held that the district court does not abuse its discretion in denying the movant's motion for permissive intervention. *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 374-75 (6th Cir. 2014). While more specificity regarding Davis' defenses would have been helpful, the Court recognizes that the Sixth Circuit "take[s] a lenient approach to the requirements of Rule 24(c)," especially where the non-movant identifies no "prejudice [that] would result from granting the motion to intervene despite the failure to attach a pleading" and where the

vigorously defend this action to prevent the disenfranchisement of *any* lawful Michigan voter.  The motions to intervene filed by the City of Detroit and the DNC/MDP reflect that they too will argue against Plaintiffs' attempt to remove "hundreds of thousands of Detroit votes . . . from Michigan's official tally."  (*See* City of Detroit Br., ECF No. 5 at Pg. ID 852 ("Plaintiffs have not hidden the fact that their ultimate goal is to have hundreds of thousands of Detroit votes removed from Michigan's official tally.")); (DNC/MDP Br., ECF No. 14 at Pg. ID 1900 (discussing "lawfully cast ballots")).

Nevertheless, while "[t]he fact that [a movant's] position is being represented counsels against granting permissive intervention," *Bay Mills Indian Community v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018) (citation omitted), the Court finds that Davis' intervention will not unduly delay or prejudice the adjudication of the original Defendants' rights.  Davis will be subject to the same briefing schedule as Defendants, and Plaintiffs do not demonstrate that his participation will disrupt the schedule or otherwise delay the proceedings.  Moreover, even considering the complexity of the issues raised by the parties, the need for expeditious resolution of this case, and the need to preserve "judicial economy," *see League of Women Voters of Michigan v. Johnson*, 902 F.3d 572,

---

parties are "on notice as to [the movant's] positions and arguments." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314 (6th Cir. 2005)).

5

577 (6th Cir. 2018); (ECF No. 25 at Pg. ID 2126), Plaintiffs do not explain how permitting Davis to intervene would further complicate the issues, hamper expeditious resolution, or impede "judicial economy." Thus, the Court finds that the factors weigh in favor of granting permissive intervention.

Accordingly,

**IT IS ORDERED** that the City of Detroit's Motion to Intervene as a Defendant (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Robert Davis' Motion to Intervene Pursuant to Fed. R. Civ. P. 24(a)(2) and 24(b) (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the DNC/MDP's Motion to Intervene (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Expedite Briefing, Scheduling and Adjudication of Proposed Intervenor Defendant Robert Davis' Emergency Motion to Intervene (ECF No. 17) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 2, 2020