UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TIMOTHY KING,** *et.al.*,
    Plaintiffs**,**

Case No. 20-cv-13134
**Hon. Linda V. Parker**

v.

**GRETCHEN WHITMER,** in her official capacity as Governor of the State of Michigan, *et.al.,*
    Defendants,

and

**ROBERT DAVIS**,
    Intervenor Defendant.
_____/

| | |
|---|---|
| GREGORY J. ROHL (P39185)<br>The Law Offices of Gregory Rohl<br>41850 West 11 Mile Rd., Ste.110<br>Novi, MI 48375<br>(248) 380-9404<br>gregoryrohl@yahoo.com | HEATHER S. MEINGAST (P55439)<br>ERIC GRILL (P64713)<br>Assistant Attorneys General<br>Attorneys for Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-7659<br>meingasth@michigan.gov<br>grille@michigan.gov<br><br>ANDREW A. PATERSON (P18690)<br>Attorney for Proposed Intervening<br>Defendant Robert Davis<br>2893 E. Eisenhower Pkwy<br>Ann Arbor, MI 48108<br>(248) 568-9712<br>Aap43@outlook.com |

_____/

# INTERVENOR DEFENDANT ROBERT DAVIS' RESPONSE TO PLAINTIFFS' MOTION TO FILE AFFIDAVITS UNDER SEAL AND FOR IN CAMERA REVIEW (ECF NO. 8).

NOW COMES, INTERVENOR DEFENDANT ROBERT DAVIS (hereinafter "Intervenor Defendant Davis"), by and through his attorney, ANDREW A. PATERSON, and for his Response to Plaintiffs' Motion to File Affidavits Under Seal and For In Camera Review (ECF No. 8), states the following:

## I.     Introduction

On November 25, 2020, Plaintiffs filed a five-count, 75-page complaint against Defendants Governor Gretchen Whitmer, Secretary of State Jocelyn Benson and the State Board of Canvassers. (ECF No. 1). Then on November 27, 2020, without obtaining special leave from this Court or permission from the Defendants, Plaintiffs unilaterally filed what purports to be an 86-page amended complaint (ECF No. 6). On November 30, 2020, Intervenor Defendant Davis filed an emergency motion to intervene as a party defendant. (ECF No. 12).  On December 2, 2020, this Court entered an order granting Intervenor Defendant Davis' emergency motion to intervene [12] along with granting the City of Detroit's [5] and the Democratic National Committee's and Michigan Democratic Party's [14] respective motions to intervene. (See Order, ECF No. 28).

## II. Law and Legal Analysis

### A. Plaintiffs Have Not Satisfied The Heavy Burden To Allow The Sealing of Witnesses' Affidavits.

"Parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection." *State Farm Mutual Auto. Ins. Co. v. Elite Health Ctr., Inc.*, 2018 WL 3649554, at *2 (E.D. Mich. Aug. 1, 2018) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Cristini v. City of Warren*, 2011 WL 5304566, at *1 (E.D. Mich. Nov. 3, 2011) (quoting *Nixon v. Warner Commc'ns Inc.,* 435 U.S. 589, 598 (1978)). It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon*, 435 U.S. at 598. This authority includes fashioning protective orders that limit access to certain court documents. See Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983).

As the Sixth Circuit explained in *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public

access to court records which permits inspection and copying. The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh,* 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access." *Id.* at 474 (citations omitted); *see also Nixon,* 435 U.S. at 597 ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents") (footnotes omitted); *Brown & Williamson,* 710 F.2d at 1180 ("The public has a strong interest in obtaining the information contained in the court record.").

There is a strong public policy in favor of public access to judicial proceedings. *See, e.g. In re Perrigo Co.,* 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). Certainly, this Court has the discretion to limit this access in extraordinary cases, but this is not such a case warranting the sealing of witnesses' affidavits.

"[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know. But . . . the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel,* 723 F.2d at 474 (citations omitted).

In exercising its discretion to seal judicial records, this Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon,* 435 U.S. at 602 (1978) (court must consider "relevant facts and circumstances of the particular case"). But as noted above, "there is a strong presumption that court files will be open to the public," which may be overcome only "where a party's interest in privacy . . . outweigh[s] the public interest in disclosure." *Smith v. SEC,* 129 F.3d 356, 359 n.1 (6th Cir. 1997). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d at 476

However, "even when a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *State Farm Mutual Auto. Ins. Co.,* 2018 WL 3649554, at *2 (quoting *Shane Group, Inc. v.*

*Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (quoting Shane Group, Inc., 825 F.3d at 305-06).

Here, Plaintiffs do not narrowly identify why certain information, including the affiants' identities, should be sealed. (ECF No. 8). Local Rule 5.3 governs the applicable procedures for a party seeking to file documents under seal. See E.D. Mich. L.R. § 5.3(b). The Rule specifies six requirements that the party's motion to seal "must contain," including an index of the proposed documents to be sealed as well as the redacted and unredacted versions of the documents to be sealed. *Id.* at § 5.3(b)(3)(A)(i)-(vi). Plaintiffs were also required to present "for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority." *Id.* at § 5.3(b)(3)(A)(iv).

Plaintiffs have not met the requirements to properly file the three affidavits of the witnesses on both procedural and substantive grounds. Beyond Plaintiffs' failure to file the index, redacted, and unredacted documents/affidavits, Plaintiffs have also "failed to carry the heavy

burden of justifying the wholesale sealing of the numerous [] documents that [they] seek[] in this motion." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F.Supp. 3d 779, 784 (E.D. Mich. 2019), appeal dismissed, No. 19-1516, 2019 WL 8688811 (6th Cir. May 15, 2019). Plaintiffs assert that the witnesses "are in reasonable fear of harassment and threats to their physical safety and their livelihoods in retaliation for their coming forward with their testimony. As election controversies have unfolded around the country, there have been many incidents of harassment and threats to destroy the careers or physically harm witnesses who come forward with evidence of election fraud and illegality." (ECF No. 8, PageID.1851). Plaintiffs point to events that occurred in other states where similar lawsuits were filed in support of President Donald Trump, which according to Plaintiffs, after the lawsuits were filed and made public, caused law firms and lawyers to withdraw from representing President Trump as a result of purported threats and harassment they received. (*Id.* at PageID. 1852).

While the Intervenor Defendant Davis acknowledges Plaintiffs' concerns, Plaintiffs have not demonstrated with specificity the information they seek to protect with the instant motion and the

supporting documentation warranting the sealing of the affidavits. Fear about the future possibility that witnesses "fear[] harassment[], threats and coercion should their identities become public knowledge," is by itself insufficient to warrant sealing certain portions of their affidavits in this significant election case. (*Id.* at PageID.1852). As provided in the Court's Comments to Local Rule 5.3, Plaintiffs' "burden is a heavy one and only the most compelling reasons can justify non-disclosure of judicial records." E.D. Mich. L.R. § 5.3, Cmt. to 2018 Revisions.

      Plaintiffs have simply failed to meet his heavy burden here. Accordingly, the Court should DENY Plaintiffs' motion to file under seal the affidavits of the three witnesses (ECF No. 8). The witnesses identities and all other pertinent information contained in their sworn affidavits should be made public so that the public can ascertain whether their sworn statements are factual and correct.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Intervenor Defendant Davis prays that this Honorable Court DENY Plaintiffs' motion to file under seal the affidavits and/or declarations of the three witnesses (ECF No. 8).

**Dated: December 2, 2020**     Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 2nd day of December, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: December 2, 2020      Respectfully submitted,

                              */s/ ANDREW A. PATERSON*
                              ANDREW A. PATERSON (P18690)
                              Attorney for Intervenor Defendant
                              Robert Davis
                              2893 E. Eisenhower Pkwy
                              Ann Arbor, MI 48108
                              (248) 568-9712
                              aap43@outlook.com