# EXHIBIT 8

STATE OF MICHIGAN
IN THE COURT OF CLAIMS

DONALD J. TRUMP FOR PRESIDENT,
INC, and
ERIC OSTERGREN,

    Plaintiffs,

v.

Case No. 20- 000225 -MZ

Stephens

JOCELYN BENSON, in her official
Capacity as SECRETARY OF STATE

    Defendants.

RECEIVED
NOV 04 2020
COURT OF CLAIMS

---

**VERIFIED COMPLAINT FOR IMMEDIATE DECLARATORY AND INJUNCTIVE RELIEF**

---

There is no other pending or resolved civil
action arising out of the transaction or
occurrence alleged in the complaint.

## PARTIES

**A.** **Plaintiffs Donald J. Trump for President, Inc., and Eric Ostergren**

1. Donald J. Trump for President, Inc. of the United States of America and is a candidate for reelection in the 2020 general election. Donald J. Trump for President, Inc., is the campaign committee for President Trump and Vice President Pence.

2. Eric Ostergren is a registered voter of Roscommon County, Michigan and credentialed and trained as an election "challenger." Eric Ostergren was excluded from the counting board during the absent voter ballot review process.

1

**B.     Joselyn Benson is Michigan's Secretary of State responsible for overseeing Oakland County's conduct of the 2020 presidential election.**

3.     Jocelyn Benson is Michigan's Secretary of State and is the "chief elections officer" responsible for overseeing the conduct of Michigan elections. MCL 168.21 ("The secretary of state shall be the chief election officer of the state and shall have supervisory control over local election officials in the performance of their duties under the provisions of this act."); 168.31(1)(a) (the "Secretary of State shall ... issue instructions and promulgate rules ... for the conduct of elections and registrations in accordance with the laws of this state"). Local election officials must follow Secretary Benson's instructions regarding the conduct of elections. Michigan law provides that Secretary Benson "[a]dvise and direct local election officials as to the proper methods of conducting elections." MCL 168.31(1)(b). *See also Hare v. Berrien Co Bd. of Election*, 129 N.W.2d 864 (Mich. 1964); *Davis v. Sec'y of State*, 2020 Mich. App. LEXIS 6128, at *9 (Mich. Ct. App. Sep. 16, 2020).

4.     Secretary Benson is responsible for assuring Michigan's local election officials conduct elections in a fair, just, and lawful manner. *See* MCL 168.21; 168.31; 168.32. *See also League of Women Voters of Michigan v. Secretary of State*, 2020 Mich. App. LEXIS 709, *3 (Mich. Ct. App. Jan. 27, 2020); *Citizens Protecting Michigan's Constitution v. Secretary of State*, 922 N.W.2d 404 (Mich. Ct. App. 2018), *aff'd* 921 N.W.2d 247 (Mich. 2018); *Fitzpatrick v. Secretary of State*, 440 N.W.2d 45 (Mich. Ct. App. 1989).

## JURISDICTION AND STANDING

5.     The Court of Claims has "exclusive" jurisdiction to "hear and determine any claim or demand, statutory or constitutional," or any demand for "equitable[ ] or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers

notwithstanding another law that confers jurisdiction of the cast in the circuit court." MCL 600.6419(1)(a).

6. Donald J. Trump has a special and substantial interest in assuring that Michigan processes the ballots of Michigan citizens case according to Michigan law so that every lawful Michigan voter's ballot is fairly and equally processed and counted. Eric Ostergren has a special and substantial interest under Michigan law as a credentialed election challenger to observe the processing of absent voter ballots.

7. Plaintiffs raise statutory and constitutional claims asking this Court to order equitable, declaratory, and extraordinary relief against Secretary of State Benson. This Court has exclusive jurisdiction to hear these claims. Venue is appropriate in this Court.

8. An actual controversy exists between Plaintiffs and Secretary of State Benson. Plaintiffs has suffered, or will suffer, an irreparable constitutional injury should Secretary Benson continue to fail to ensure that Michigan complies with Michigan law allowing challengers to meaningfully monitor the conduct of the election.

## BACKGROUND

9. A general election is being held in the State of Michigan on November 3, 2020.

10. MCL 168.765a, regarding Absent Voter Counting Boards, where absentee votes are processed and counted, states in relevant part as follows:

> At all times, at least 1 election inspector from each major political party must be present at the absent voter counting place and the policies and procedures adopted by the secretary of state regarding the counting of absent voter ballots must be followed.

11. Michigan absent voter counting boards are not complying with this statute. These boards are being conducted without inspectors from each party being present.

3

12. Further, a political party, incorporated organization, or organized committee of interested citizens may designate one "challenger" to serve at each counting board. MCL 168.730.

13. An election challenger's appointed under MCL 168.730 has those responsibilities described at MCL 168.733.

14. An election challenger's legal rights are as follows:

   a. An election challenger shall be provided a space within a polling place where they can observe the election procedure and each person applying to vote. MCL 168.733(1).

   b. An election challenger must be allowed opportunity to inspect poll books as ballots are issued to electors and witness the electors' names being entered in the poll book. MCL 168.733(1)(a).

   c. An election Challenger must be allowed to observe the manner in which the duties of the election inspectors are being performed. MCL 168.733(1)(b).

   d. An election challenger is authorized to challenge the voting rights of a person who the challenger has good reason to believe is not a registered elector. MCL 168.733(1)(c).

   e. An election challenger is authorized to challenge an election procedure that is not being properly performed. MCL 168.733(1)(d).

   f. An election challenger may bring to an election inspector's attention any of the following: (1) improper handling of a ballot by an elector or election inspector; (2) a violation of a regulation made by the board of election inspectors with regard to the time in which an elector may remain in the polling place; (3) campaigning and fundraising being performed by an election inspector or other person covered by MCL 168.744; and/or (4) any other violation of election law or other prescribed election procedure. MCL 168.733(1)(e).

   g. An election challenger may remain present during the canvass of votes and until the statement of returns is duly signed and made. MCL 168.733(1)(f).

   h. An election challenger may examine each ballot as it is being counted. MCL 168.733(1)(g).

   i. An election challenger may keep records of votes cast and other election procedures as the challenger desires. MCL 168.733(1)(h).

      j. An election challenger may observe the recording of absent voter ballots on voting machines. MCL 168.733(1)(i).

15. Michigan values the important role challengers perform in assuring the transparency and integrity of elections. For example, Michigan law provides it is a felony punishable by up to two years in state prison for any person to threaten or intimidate a challenger who is performing any activity described in Michigan law. MCL 168.734(4); MCL 168.734. It is a felony punishable by up to two years in state prison for any person to prevent the presence of a challenger exercising their rights or to fail to provide a challenger with "conveniences for the performance of the[ir] duties." MCL 168.734.

16. Local election jurisdictions locate ballot drop-off boxes without opportunity for challengers to observe the process, and as such Secretary Benson violates her constitutional and statutory authority and damages the integrity of Michigan elections.

17. Michigan law requires that ballot containers be monitored by video surveillance. See Senate Bill 757 at 761d(4)(c).

18. Secretary Benson is violating the Michigan Constitution and Michigan election law by allowing absent voter ballots to be processed and counted without allowing challengers to observe the video of the ballot boxes into which these ballots are placed.

19. Plaintiffs asks Secretary Benson to segregate ballots cast in these remote and unattended ballot drop boxes and, before the ballots are processed, removed from their verifying envelopes, and counted, allow designated challengers to view the video of the remote ballot box.

20. Secretary Benson's actions and her failure to act have undermined the constitutional right of all Michigan voters – including the voters bringing this action – to participate in fair and lawful elections. These Michigan citizens' constitutional rights are being violated by Secretary

Benson's failure to prevent unlawful ballots to be processed and her failure to ensure that statutorily-authorized challengers have a right to do their job.

## COUNT I

### Secretary Benson violated the Equal Protection Clause of Michigan's Constitution

21. Michigan's Constitution declares that "[n]o person shall be denied the equal protection of the laws ...." Const 1963, art 1, § 2.

22. This clause is coextensive with the United States Constitution's Equal Protection Clause. *Harville v. State Plumbing & Heating* 218 Mich. App. 302, 305-306; 553 N.W.2d 377 (1996). *See also Bush v. Gore*, 531 U.S. 98, 104 (2000) ("Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."); *Harper v. Virginia Bd. of Elections*, 383 U.S. 663, 665, (1966) ("Once the franchise is granted to the electorate, lines may not be drawn which are inconsistent with the Equal Protection Clause of the Fourteenth Amendment.")[1]

23. Plaintiff seeks declaratory and injunctive relief requiring Secretary Benson to direct that election authorities comply with Michigan law mandating election inspectors from each party and allowing challengers access to video of ballot boxes before counting of relevant votes takes place.

---

[1] Most United States Supreme Court rulings concerning the right to vote frame the issue in terms of the Equal Protection Clause. Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law: Substance & Procedure* §18.31(a) (2012 & Supp. 2015).

## COUNT II

**Secretary Benson and Oakland County violated Michigan voters' rights under the Michigan Constitution's "purity of elections" clause.**

24. The Michigan Constitution's "purity of elections" clause states, "the legislature shall enact laws to regulate the time, place and manner of all nominations and elections, to preserve the purity of elections, to preserve the secrecy of the ballot, to guard against abuses of the elective franchise, and to provide for a system of voter registration and absentee voting." Const. 1963, art 2, §4(2).

25. "The phrase 'purity of elections' does not have a single precise meaning. But it unmistakably requires fairness and evenhandedness in the election laws of this state." *Barrow v. Detroit Election Comm.*, 854 N.W.2d 489, 504 (Mich. Ct. App. 2014).

26. Michigan statutes protect the purity of elections by allowing ballot challengers and election inspectors to monitor absentee ballots at counting boards.

27. Plaintiff seeks declaratory and injunctive relief requiring Secretary Benson to direct that election authorities comply with Michigan law mandating election inspectors from each party and allowing challengers access to video of ballot boxes before counting of relevant votes takes place.

## COUNT III

**The Secretary of State is Violating of MCL 168.765a.**

28. MCL 168.765a, regarding Absent Voter Counting Boards, where absentee votes are processed and counted, states in relevant part as follows:

> At all times, at least 1 election inspector from each major political party must be present at the absent voter counting place and the policies and procedures adopted by the secretary of state regarding the counting of absent voter ballots must be followed.

7

29. Michigan absent voter counting boards, under the authority of Secretary Benson. are not complying with this statute. These boards are being conducted without inspectors from each party being present.

## PRAYER FOR RELIEF

These Michigan citizens and voters ask this Court to:

A. Order "a speedy hearing" of this action and "advance it on the calendar" as provided by MCR 2.605(D);

B. Mandate that Secretary Benson order all counting and processing of absentee votes cease immediately until an election inspector from each party is present at each absent voter counting board and until video is made available to challengers of each ballot box;

C. Mandate that Secretary Benson order the immediate segregation of all ballots that are not being inspected and monitored as aforesaid and as is required under law.

D. Award these Michigan citizens the costs, expenses, and expert witness fees they incurred in this action as allowed by law.

Dated: November 4, 2020

Respectfully submitted,

/s/ *Mark F. (Thor) Hearne, II*
MARK F. (THOR) HEARNE, II
#P40231
STEPHEN S. DAVIS
J. MATTHEW BELZ
TRUE NORTH LAW, LLC
112 S. Hanley Road, Suite 200
St. Louis, MO 63105
(314) 296-4000
thor@truenorthlawgroup.com

## VERIFICATION

STATE OF MICHIGAN )
) ss
COUNTY OF OAKLAND )

    I, Eric Ostergren being first duly sworn, depose and say that I am a resident of the state of Michigan and duly qualified as a voter in this state. While I may not have personal knowledge of all of the facts recited in this Complaint, the information contained therein has been collected and made available to me by others, and I declare, pursuant to MCR 2.114(B)(2), that the allegations contained in this Complaint are true to the best of my information, knowledge, and belief.

_[signature]_

Subscribed and sworn to before me this 4th day of ~~October~~ November, 2020.

_[signature]_
Notary Public

__Midland__ County, Michigan

My Commission Expires: 11-22-2023

Acting in __Midland__ County, Michigan

LORI A LECRONIER
Notary Public – State of Michigan
County of Midland
My Commission Expires Nov 22, 2023
Acting in the County of Midland