UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER, and DAREN WADE RUBINGH, <br><br>         Plaintiffs, <br> v. <br><br> GRETCHEN WHITMER, in her official capacity as Governor of Michigan, JOCELYN BENSON, in her official capacity as Michigan Secretary of State, and MICHIGAN BOARD OF STATE CANVASSERS. <br><br>         Defendants, <br><br> and <br><br> DEMOCRATIC NATIONAL COMMITTEE and MICHIGAN DEMOCRATIC PARTY, <br><br>         Intervenor-Defendants. | CIVIL ACTION <br><br> Case No. 2:20-CV-13134 <br><br> Hon. Linda V. Parker |

**INTERVENOR-DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO SEAL**

Intervenor-Defendants DNC and Michigan Democratic Party respectfully oppose Plaintiffs' motion to file certain evidence under seal ("Motion to Seal"), for the following reasons:

*First*, Plaintiffs utterly fail to overcome the strong presumption in favor of public access to judicial records and documents. *See Nixon v. Warner Communications*, 435 U.S. 589, 597-98 (1978); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). The Motion to Seal would keep evidence hidden from the public in a case of enormous state and national public interest. In this case, Plaintiffs attempt to overturn the results of Michigan's general election—an election that has already been certified for President-elect Joseph R. Biden, Jr. Plaintiffs ask nothing less than for this Court to reject the will of the voters and instead "certify the results of the General Election for Office of the President in favor of President Donald Trump." Am. Compl. ¶ 230. Plaintiffs should not be permitted to use hidden evidence to achieve a result that would have such an enormous impact on the American people.

There is good reason for the presumption of favor of public access: such a right ensures the public's trust in the judiciary's decision-making. "[T]he public is entitled to assess for itself the merits of judicial decisions," which requires considering "what evidence and records the [court] relied upon in reaching [] decisions." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).

The burden of overcoming the basic presumption of open-access "is borne by the party that seeks to seal" documents. *Id.* This burden is a "heavy one"—"[o]nly

the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Moreover, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id.*

Plaintiffs' Motion to Seal would not overcome that heavy burden in a typical case, much less in a case seeking to overturn the results of a state's presidential election. Indeed, Plaintiffs' motion gives short shrift to their burden, describing, in a single sentence, the "privacy and personal and financial security interests of the witnesses" they contend should outweigh the public's right of access. Mot. at 4. Such cursory and conclusory descriptions of the alleged harm witnesses will suffer cannot justify the sealing of affidavits and witness identities in a case of such tremendous public importance. And Plaintiffs submit no evidence establishing why these witnesses—unlike the scores of other affiants whose identities Plaintiffs do *not* redact—are entitled to submit anonymous evidence in support of Plaintiffs' motion.

*Second*, Plaintiffs' Motion to Seal fails to comply with this Court's basic requirements for filing evidence under seal. Precisely because of the presumption of public access, the Sixth Circuit has made clear the "proponent of sealing [] must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* L.R. 5.3(b)(3) ("for

3

each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority"). This Court's rules also require that the movant attach "a redacted version of the document(s) to be sealed, filed as an exhibit to the motion," "an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal," and "an index of documents which are proposed for sealing and, as to each document, whether any other party objects." L.R. 5.3(b)(3). Plaintiffs' motion purports to attach the redacted affidavits it wishes to remain under seal, *see* Mot. at 5, but fails to do so. As far as Intervenor-Defendants are aware, Plaintiffs have failed to comply with the requirement that they submit to the Court "unredacted version[s]" of the documents. Although Plaintiffs appear willing to share the identities of the anonymous affiants with the parties, *see* Mot. at 4, they have not provided unredacted versions of the affidavits to counsel for the parties. Nor does Plaintiffs' motion provide the required *detailed*, document by document justification for secrecy and supporting legal authorities. Indeed, the motion cites not a single legal authority supporting its request.

*Third*, and finally, the evidence that Plaintiffs seek to keep secret from the public relates to some of the critical factual issues in Plaintiffs' attempt to overturn Michigan's election results, including the alleged "hacking" of Michigan's voting system and alleged foreign interference in the election. Plaintiffs openly

4

acknowledge this. *See* Mot. at 3 ("[T]he testimony of these witnesses is consequential to the matter before this court, namely a legal challenge to the outcome of the Presidential election in Michigan."). This is the last type of material that should be kept secret from the public.

Finally, while Plaintiffs contend that "the redacted affidavits conceal only their identifying information" and that "all their other testimony is public and unredacted," that statement is incorrect. The very first exhibit Plaintiffs attach to their First Amended Complaint, ECF No. 6-1, redacts not only the witness's personal information, but also large swathes of his testimony.

If Plaintiffs believe they have presented credible information concerning an alleged "hacking" of the election, they should come forward and say so. They should not, however, be permitted to lodge such stunning accusations against Michigan's election officials without accountability and consequence. The public has a right to see the basis for Plaintiffs' attempt to overturn the results of the state's general election.

For the reasons set forth above, Intervenor-Defendants respectfully request that the Court deny Plaintiffs' Motion to Seal.

Dated: December 2, 2020. Respectfully submitted,

5

| | /s/ *Scott R. Eldridge* |
|---|---|
| Marc E. Elias (DC #442007) | Scott R. Eldridge (P66452) |
| John M. Geise (DC # 1032700)* | MILLER CANFIELD |
| Jyoti Jasrasaria (DC #1671527)* | One Michigan Avenue, Suite 900 |
| Christina A. Ford (DC #1655542)* | Lansing, Michigan 48933 |
| PERKINS COIE LLP | Telephone: (517) 483-4918 |
| 700 Thirteenth Street NW, Suite 800 | eldridge@millercanfield.com |
| Washington, DC 20005 | |
| Telephone: (202) 654-6200 | Mary Ellen Gurewitz (P25724) |
| melias@perkinscoie.com | CUMMINGS & CUMMINGS |
| jgeise@perkinscoie.com | 423 North Main Street, Suite 200 |
| jjasrasaria@perkinscoie.com | Royal Oak, Michigan 48067 |
| christinaford@perkinscoie.com | Telephone: (248) 733-3405 |
| | maryellen@cummingslawpllc.com |
| William B. Stafford (WA #39849) | |
| Jonathan P. Hawley (WA #56297)* | Seth P. Waxman (DC #257337) |
| PERKINS COIE LLP | Brian M. Boynton (DC #483187)* |
| 1201 Third Avenue, Suite 4900 | WILMER CUTLER PICKERING |
| Seattle, Washington 98101 | HALE AND DORR LLP |
| Telephone: (206) 359-8000 | 1875 Pennsylvania Avenue NW |
| wstafford@perkinscoie.com | Washington, D.C. 20006 |
| jhawley@perkinscoie.com | Telephone: (202) 663-6000 |
| | seth.waxman@wilmerhale.com |
| John F. Walsh (CO #16642)* | brian.boynton@wilmerhale.com |
| WILMER CUTLER PICKERING | |
| HALE AND DORR LLP | |
| 1225 Seventeenth Street, Suite 2600 | |
| Denver, Colorado 80202 | |
| Telephone: (720) 274-3154 | |
| john.walsh@wilmerhale.com | |

*Counsel for Intervenor-Defendants DNC Services Corporation/Democratic National Committee and Michigan Democratic Party*

*\*Admission forthcoming*

**PROOF OF SERVICE**

  Scott Eldridge certifies that on the 2nd day of December 2020, he served a copy of the above document in this matter on all counsel of record and parties via the ECF system.

                s/ *Scott R. Eldridge*
                Scott Eldridge