UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER and DAREN WADE RUBINGH,<br><br>      Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, et al,<br><br>      Defendants,<br><br>and<br><br>CITY OF DETROIT, et al,<br><br>      Intervenor-Defendants. | No. 2:20-cv-13134<br><br>Hon. Linda V. Parker |

## CITY OF DETROIT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE AFFIDAVITS UNDER SEAL AND FOR IN CAMERA REVIEW

## STATEMENT OF ISSUE PRESENTED

Whether Plaintiffs should be permitted to file under seal certain unidentified affidavits and declarations where Plaintiffs have failed to overcome the strong presumption of openness as to court records?

    The City of Detroit answers: No.

## MOST CONTROLLING AUTHORITIES

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
   825 F.3d 299 (6th Cir. 2016)

E. D. Mich. LR 5.3

# ARGUMENT

As the late Judge Damon J. Keith wrote, "[d]emocracies die behind closed doors." *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002). In this case, Plaintiffs apparently seek to anonymously file supposed evidence of a broad conspiracy to steal the 2020 presidential election. Such allegations should not be permitted to be made anonymously and under seal in a public court case. Plaintiffs have failed to even attempt to meet their heavy burden to justify filing certain affidavits and declarations under seal, and their Motion should be denied.

Procedurally, Plaintiffs have simply ignored this Court's rules, as they have done with other "emergency" motions filed over the last few days. Specifically, they failed to include a brief (violating E. D. Mich. LR 7.1(d)(1)(A)); they failed to provide a statement of the issues (violating E. D. Mich. LR 7.1(d)(2)); and they failed to identify the controlling or most appropriate authority (violating E. D. Mich. LR 7.1(d)(2)).

With regard to sealing, Plaintiffs generically refer to "Local Rules 5.3 and 65.1," but provide no actual legal argument as to why these documents should be filed under seal. E. D. Mich. LR 65.1 relates only to motions for temporary restraining orders and for preliminary injunctions – it has absolutely nothing to do with motions to file documents under seal. E D. Mich. 5.3 relates to sealing, but

Plaintiffs simply ignore the actual language of the Rule and instead continue to rant baselessly about "ballot fraud and illegality." Motion, ECF No. 8, PageID.1851.

E. D. Mich. 5.3, which was revised in 2018 to comport with *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), provides very specific requirements for a party seeking to file materials under seal. Plaintiffs failed to comply with most of them. In *Shane*, the Sixth Circuit provided the standard for the sealing of documents, noting that the party seeking to seal documents has a "heavy" burden; "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 305. (citation and quotation marks omitted). Further, "[t]he public has an interest in ascertaining what evidence and records [courts rely] upon in reaching [their] decisions." *Id*.

In a motion to file under seal, a party must provide "an index of documents which are proposed for sealing…," (E. D. Mich. 5.3(b)(3)(A)(i)), provide "a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record," (E. D. Mich. 5.3(b)(3)(A)(ii)), provide "a detailed analysis with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority," (E. D. Mich. 5.3(b)(3)(A)(iv), and file a redacted version (publicly, attached to the motion to seal as an exhibit) and an unredacted version (under seal) of the proposed sealed documents. (E. D. Mich. 5.3(b)(3)(A)(v-

vi)). In this case, Plaintiffs have not provided an index of documents identifying the documents proposed for sealing, nor have they filed a redacted version as an exhibit to the motion, along with an unredacted version under seal. Rather, they refer back to "affidavits" filed with their Complaint and Amended Complaint, without providing any other identifying information about these documents. Plaintiffs have also failed to provide a detailed description of the privacy interests at issue here, instead vaguely stating the "privacy and personal and financial security interests of the witnesses are at grave risk of harm if their identities were disclosed." ECF No. 8, PageID.1853. The Comments to the 2018 amendments to E. D. Mich. 5.3 state:

> Attorneys are cautioned that there is a strong presumption in favor of openness as to court records. The burden of overcoming this presumption is borne by the party that seeks to seal documents on the court record. The burden is a heavy one and only the most compelling reasons can justify non-disclosure of judicial records.

"The proponent of sealing…must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane*, 825 F.3d at 305-06 (citation and quotation marks omitted). Despite having the burden to do so, Plaintiffs do not cite to any *evidence* in support of these unfounded concerns. They also fail to provide *any* authority whatsoever in support of sealing any materials.[1]

---

[1] Not only do Plaintiffs seek to keep this material from public view; they do not even want Defendants' counsel to see the materials, requesting an *in camera* review. This is, of course, absurd. Plaintiffs believe they should be able to make wild accusations against Defendants, but do so anonymously, only providing the unredacted information to the Court. This should not be permitted.

3

The public has a right to know exactly who is making these allegations of a stolen presidential election and exactly what they are saying, to be certain that these allegations can be properly understood and subjected to full scrutiny. It is difficult to think of any materials in any other court case that could be more relevant to the public than the materials in this case. Plaintiffs' motion should be denied, and Plaintiffs should be required to publicly file all redacted documents in unredacted form.

Respectfully submitted,

December 2, 2020

**FINK BRESSACK**

By: /s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
*Attorneys for City of Detroit*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
dbressack@finkbressack.com
nfink@finkbressack.com

**CITY OF DETROIT
LAW DEPARTMENT**
Lawrence T. Garcia (P54890)
Charles N. Raimi (P29746)
James D. Noseda (P52563)
*Attorneys for City of Detroit*
2 Woodward Ave., 5th Floor
Detroit, MI 48226
Tel: (313) 237-5037
garcial@detroitmi.gov

4

                    raimic@detroitmi.gov
                    nosej@detroitmi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2020, I electronically filed the foregoing paper with the Clerk of the court using the electronic filing system, which sends notice to all counsel of record.

                                FINK BRESSACK

                                By: */s/ Nathan J. Fink*
                                Nathan J. Fink (P75185)
                                38500 Woodward Ave., Suite 350
                                Bloomfield Hills, MI  48304
                                Tel: (248) 971-2500
                                nfink@finkbressack.com