UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER, and DARREN WADE RUBINGH, | No. 2-20-cv-13134 |
| | HON. LINDA V. PARKER |
| Plaintiffs, | |
| v | MAG. R. STEVEN WHALEN |
| GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, JOCELYN BENSON, in her official capacity as Michigan Secretary of State and the Michigan BOARD OF STATE CANVASSERS, | |
| Defendants, | |
| CITY OF DETROIT, | |
| Intervening Defendant, | |
| ROBERT DAVIS, | |
| Intervening Defendant, | |
| DEMOCRATIC NATIONAL COMMITTEE and MICHIGAN DEMOCRATIC PARTY, | |
| Intervening Defendant. | |

_____

1

Gregory J. Rohl (P39185)
Attorney for Plaintiffs
41850 West 11 Mile Road, Suite 110
Novi, Michigan 48375
248.380.9404
gregoryrohl@yahoo.com

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendants
PO Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
grille@michigan.gov

David Fink (P28235)
Attorney for Proposed Intervenor City of Detroit
38500 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
248.971.2500
dfrink@finkbressack.com

Mary Ellen Gurewitz (P25724)
Attorney for Proposed Intervenor DNC/MDP
423 North Main Street, Suite 200
Royal Oak, Michigan 48067
313.204.6979
maryellen@cummingslawpllc.com

Scott R. Eldridge
Attorney for Proposed Intervenor DNC/MDP
One Michigan Avenue, Suite 900
Lansing, Michigan 48933
517.483.4918
eldridge@millercanfield.com

Andrew A. Paterson (P18690)
Attorney for Proposed Intervenor Davis
2893 East Eisenhower Parkway
Ann Arbor, Michigan 48108
248.568.9712
Aap43@outlook.com

/

2

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE AFFIDAVITS UNDER SEAL AND FOR IN CAMERA REVIEW**

Plaintiffs have filed a four-count complaint alleging that various Michigan election officials engaged in illegal and fraudulent activity regarding the counting of votes in the November 3, 2020 General Election.  In support of their Complaint Plaintiffs have proffered numerous affidavits, making a plethora of allegations against election workers.  Despite the seriousness of the allegations and the fact that this matter clearly involves great public interest, several of the affiants want to remain anonymous to the public.  This should not be allowed.

The Courts have long recognized a "strong presumption in favor of openness" regarding court records. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983).   In civil cases, as much as in criminal matters, "[t]he resolution of private disputes frequently involves issues and remedies affecting third parties or the general public," and secrecy only serves to "insulate[ ] the participants, mask[ ] impropriety, obscur[e] incompetence, and conceal[ ] corruption." *Id*.  The public holds a qualified constitutional right of access to court documents that extends well beyond judicial opinions. The First Amendment access right extends to court dockets, records, pleadings, and exhibits, and establishes a presumption of public access that can only be overcome by specific, on-the-record findings that the public's interest in access to information is overcome by specific and compelling showings of harm. *Press-Press-Enterprise*

3

*Co. v. Superior Court*, 478 U.S. 1, 13-14 (1986). The right attaches to civil proceedings, *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 696-96 (6th Cir. 2002), and constitutional standards apply not only to courtroom proceedings, but to dockets, pleadings, and documents attached to pleadings. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92 (2d Cir. 2004); *In re New York Times Co. v. Biaggi*, 828 F.2d 110, 114 (2d Cir.1987).

When parties seek to file material as part of the court's record, "[t]he public's focus is not only on the litigation's result, but 'also on the conduct giving rise to the case." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co*., 834 F.3d 589, 593 (6th Cir. 2016). As a result, "the public is entitled to assess for itself the merits of judicial decisions." *Id*. Thus, a party maintaining that records should be sealed from public view bears the heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich*., 825 F.3d 299, 309 (2016). In this regard, "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane Grp*., 825 F.3d at 305-06 (citing *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 548 (7th Cir. 2002)). Such burden applies even where no "party objects to the motion to seal." *Id*.

4

Plaintiffs assert that the affiants are afraid for their safety and financial well-being and are worried about harassment and that they should be protected from foreseeable harm. However, they have offered no specific evidence of any threats. They have offered only conclusory statements of possible harm based upon actions that occurred in another state to other individuals. Furthermore, the Michigan Attorney General has made it patently clear that any and all threats to any individual arising out of actions taken during the 2020 General Election will be investigated and if criminal activity is found those individuals will be prosecuted.

Michigan's electoral process is important to the State of Michigan and its citizens. The operations of this nation's federal courts are of equal import. Without open and free courts and elections, democracy cannot survive. Therefore, the ballot processing and tabulation process in Michigan is open for individuals from the media and the political parties to observe the process. In fact, many of the affiants were a part of this process. Most were duly authorized challengers. These individuals challenged votes and voters, have alleged wrongdoing on the part of Michiganders, are providing information in an attempt to throw out votes and are calling into question the integrity of Michigan's voting system. The "three witnesses" are not identified by name in the motion, nor are they—or their proffered averments—described so that their fears of harassment may be evaluated.

Regardless, the citizens of Michigan are entitled to know the identities of all of the affiants and to judge their credibility.   Plaintiffs' motion to seal must be denied.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, Defendants respectfully request that this Honorable Court deny the motion to seal, together with any other relief the Court determines to be appropriate under the circumstances.

Respectfully submitted,

DANA NESSEL
Attorney General

*s/Heather S. Meingast*
Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email:  meingasth@michigan.gov
P55439

Dated:  December 2, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                       *s/Heather S. Meingast*
                                       Heather S. Meingast (P55439)
                                       Assistant Attorney General
                                       Attorney for Defendants
                                       P.O. Box 30736
                                       Lansing, Michigan 48909
                                       517.335.7659