# Exhibit 18

# STATE OF MICHIGAN

# COURT OF CLAIMS

DONALD J. TRUMP FOR PRESIDENT, INC.
and ERIC OSTEGREN,

        Plaintiffs,

v

JOCELYN BENSON, in her official capacity as
Secretary of State,

        Defendants.
_____/

**OPINION AND ORDER**

Case No.  20-000225-MZ

Hon. Cynthia Diane Stephens

      Pending before the Court are two motions.  The first is plaintiffs' November 4, 2020 emergency motion for declaratory relief under MCR 2.605(D).  For the reasons stated on the record and incorporated herein, the motion is DENIED.  Also pending before the Court is the motion to intervene as a plaintiff filed by the Democratic National Committee.  Because the relief requested by plaintiffs in this case will not issue, the Court DENIES as moot the motion to intervene.

      According to the allegations in plaintiffs' complaint, plaintiff Eric Ostegren is a credentialed election challenger under MCL 168.730.  Paragraph 2 of the complaint alleges that plaintiff Ostegren was "excluded from the counting board during the absent voter ballot review process."  The complaint does not specify when, where, or by whom plaintiff was excluded.  Nor does the complaint provide any details about why the alleged exclusion occurred.

The complaint contains allegations concerning absent voter ballot drop-boxes. Plaintiffs allege that state law requires that ballot containers must be monitored by video surveillance. Plaintiff contends that election challengers must be given an opportunity to observe video of ballot drop-boxes with referencing the provision(s) of the statute that purportedly grant such access, . See MCL 168.761d(4)(c).

Plaintiffs' emergency motion asks the Court to order all counting and processing of absentee ballots to cease until an "election inspector" from each political party is allowed to be present at every absent voter counting board, and asks that this court require the Secretary of State to order the immediate segregation of all ballots that are not being inspected and monitored as required by law. Plaintiffs argue that the Secretary of State's failure to act has undermined the rights of all Michigan voters. While the advocate at oral argument posited the prayer for relief as one to order "meaningful access" to the ballot tabulation process, plaintiffs have asked the Court to enter a preliminary injunction to enjoin the counting of ballots. A party requesting this "extraordinary and drastic use of judicial power" must convince the Court of the necessity of the relief based on the following factors:

> (1) the likelihood that the party seeking the injunction will prevail on the merits, (2) the danger that the party seeking the injunction will suffer irreparable harm if the injunction is not issued, (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief, and (4) the harm to the public interest if the injunction is issued. [*Davis v Detroit Fin Review Team*, 296 Mich App 568, 613; 821 NW2d 896 (2012).]

As stated on the record at the November 5, 2020 hearing, plaintiffs are not entitled to the extraordinary form of emergency relief they have requested.

        I.    SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

A.  OSTEGREN CLAIM

Plaintiff Ostegren avers that he was removed from an absent voter counting board. It is true that the Secretary of State has general supervisory control over the conduct of elections. See MCL 168.21; MCL 168.31. However, the day-to-day operation of an absent voter counting board is controlled by the pertinent city or township clerk. See MCL 168.764d. The complaint does not allege that the Secretary of State was a party to or had knowledge of, the alleged exclusion of plaintiff Ostegren from the unnamed absent voter counting board. Moreover, the Court notes that recent guidance from the Secretary of State, as was detailed in matter before this Court in *Carra et al v Benson et al*, Docket No. 20-000211-MZ, expressly advised local election officials to admit credentialed election challengers, provided that the challengers adhered to face-covering and social-distancing requirements. Thus, allegations regarding the purported conduct of an unknown local election official do not lend themselves to the issuance of a remedy against the Secretary of State.

B.  CONNARN AFFIDAVIT

Plaintiffs have submitted what they refer to as "supplemental evidence" in support of their request for relief. The evidence consists of: (1) an affidavit from Jessica Connarn, a designated poll watcher; and (2) a photograph of a handwritten yellow sticky note. In her affidavit, Connarn avers that, when she was working as a poll watcher, she was contacted by an unnamed poll worker who was allegedly "being told by other hired poll workers at her table to change the date the ballot was received when entering ballots into the computer." She avers that this unnamed poll worker later handed her a sticky note that says "entered receive date as 11/2/20 on 11/4/20." Plaintiffs contend that this documentary evidence confirms that some unnamed persons engaged in

fraudulent activity in order to count invalid absent voter ballots that were received after election day.

This "supplemental evidence" is inadmissible as hearsay. The assertion that Connarn was informed by an unknown individual what "other hired poll workers at her table" had been told is inadmissible hearsay within hearsay, and plaintiffs have provided no hearsay exception for either level of hearsay that would warrant consideration of the evidence. See MRE 801(c). The note—which is vague and equivocal—is likewise hearsay. And again, plaintiffs have not presented an argument as to why the Court could consider the same, given the general prohibitions against hearsay evidence. See *Ykimoff v Foote Mem Hosp*, 285 Mich App 80, 105; 776 NW2d 114 (2009). Moreover, even overlooking the evidentiary issues, the Court notes that there are still no allegations implicating the Secretary of State's general supervisory control over the conduct of elections. Rather, any alleged action would have been taken by some unknown individual at a polling location.

## C. BALLOT BOX VIDEOS

It should be noted at the outset that the statute providing for video surveillance of drop boxes only applies to those boxes that were installed after October 1, 2020. See MCL 168.761d(2). There is no evidence in the record whether there are any boxes subject to this requirement, how many there are, or where they are. The plaintiffs have not cited any statutory authority that requires any video to be subject to review by election challengers. They have not presented this Court with any statute making the Secretary of State responsible for maintaining a database of such boxes. The clear language of the statute directs that "[t]he city or township clerk must use video monitoring of that drop box to ensure effective monitoring of that drop box." MCL 168.761d(4)(c) Additionally, plaintiffs have not directed the Court's attention to any authority directing the

-4-

Secretary of State to segregate the ballots that come from such drop-boxes, thereby undermining plaintiffs' request to have such ballots segregated from other ballots, and rendering it impossible for the Court to grant the requested relief against this defendant. Not only can the relief requested not issue against the Secretary of State, who is the only named defendant in this action, but the factual record does not support the relief requested. As a result, plaintiffs are unable to show a likelihood of success on the merits.

## II.  MOOTNESS

Moreover, even if the requested relief could issue against the Secretary of State, the Court notes that the complaint and emergency motion were not filed until approximately 4:00 p.m. on November 4, 2020—despite being announced to various media outlets much earlier in the day. By the time this action was filed, the votes had largely been counted, and the counting is now complete. Accordingly, and even assuming the requested relief were available against the Secretary of State—and overlooking the problems with the factual and evidentiary record noted above—the matter is now moot, as it is impossible to issue the requested relief. See *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018)

IT IS HEREBY ORDERED that plaintiff's November 4, 2020 emergency motion for declaratory judgment is DENIED.

IT IS HEREBY FURTHER ORDERED that proposed intervenor's motion to intervene is DENIED as MOOT.

This is not a final order and it does not resolve the last pending claim or close the case.

November 6, 2020                  _____
                                                         Cynthia Diane Stephens
                                                         Judge, Court of Claims