# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TIMOTHY KING,** *et.al.*,
    Plaintiffs**,**

Case No. 20-cv-13134
**Hon. Linda V. Parker**

v.

**GRETCHEN WHITMER,** in her official capacity as Governor of the State of Michigan, *et.al.,*
    Defendants,

and

**ROBERT DAVIS**,
    Intervenor Defendant.
_____/

| | |
|---|---|
| GREGORY J. ROHL (P39185)<br>The Law Offices of Gregory Rohl<br>41850 West 11 Mile Rd., Ste.110<br>Novi, MI 48375<br>(248) 380-9404<br>gregoryrohl@yahoo.com | HEATHER S. MEINGAST (P55439)<br>ERIC GRILL (P64713)<br>Assistant Attorneys General<br>Attorneys for Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-7659<br>meingasth@michigan.gov<br>grille@michigan.gov<br><br>ANDREW A. PATERSON (P18690)<br>Attorney for Proposed Intervening<br>Defendant Robert Davis<br>2893 E. Eisenhower Pkwy<br>Ann Arbor, MI 48108<br>(248) 568-9712<br>Aap43@outlook.com |

_____/

# **INTERVENOR DEFENDANT ROBERT DAVIS' RESPONSE TO PLAINTIFFS' MOTION FOR TRO (ECF NO. 7).**

NOW COMES, INTERVENOR DEFENDANT ROBERT DAVIS (hereinafter "Intervenor Defendant Davis"), by and through his attorney, ANDREW A. PATERSON, and for his Response to Plaintiffs' Motion for Temporary Restraining Order (TRO) (ECF No. 7), states the following:

## I.  Introduction

On November 25, 2020, Plaintiffs filed a five-count, 75-page complaint against Defendants Governor Gretchen Whitmer, Secretary of State Jocelyn Benson and the State Board of Canvassers. (ECF No. 1). Then on November 27, 2020, without obtaining special leave from this Court or permission from the Defendants, Plaintiffs unilaterally filed what purports to be an 86-page amended complaint (ECF No. 6). On November 30, 2020, Intervenor Defendant Davis filed an emergency motion to intervene as a party defendant. (ECF No. 12).  On December 2, 2020, this Court entered an order granting Intervenor Defendant Davis' emergency motion to intervene [12] along with granting the City of Detroit's [5] and the Democratic National Committee's and Michigan Democratic Party's [14] respective motions to intervene. (See Order, ECF No. 28).

## II. Law and Legal Analysis

### A. Plaintiffs Have Not Satisfied The First Element For Issuance of an *Ex Parte* Temporary Restraining Order Pursuant To Fed.R.Civ.P. 65(b), Or Preliminary Injunction Pursuant To Fed.R.Civ.P. 65(a).

To obtain the extraordinary remedy of a TRO, Plaintiff must "clearly show that immediate and irreparable injury, loss, or damage will result . . . before [Defendant] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "The only type of injunctive relief that a district court may issue *ex parte* is a temporary retaining order. Fed.R.Civ.P. 65(b)." *First Tech. Safety Systems, Inc. v Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). "[T]he same factors [are] considered in determining whether to issue a TRO or a preliminary injunction." *Ohio Republican Party v Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. For Homeless & Serv. Emps. Union v Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); see also *Valenti v Snyder*, 853 F.Supp.2d 691 (E.D. Mich. 2012).

When considering a motion for preliminary injunction under Fed. R. Civ. P. 65(a), the Court must weigh the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause

substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Certified Restoration v Dry Cleaning Network, L.L.C. v Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). Courts are generally required to balance these four factors, and none of the factors, standing alone, is a prerequisite to relief. *Folden v Kelsey-Hayes, Co.*, 73 F.3d 648, 653 (6th Cir. 1996).

At the preliminary injunction stage, "a plaintiff must show more than a mere possibility of success," but need not "prove his case in full." *Certified Restoration Dry Cleaning Network*, 511 F.3d at 543 (citations omitted). "[I]t is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 402 (6th Cir.1997) (citation omitted). However, "[w]hen a party seeks a preliminary injunction on the basis of a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'" *Obama for America v Husted,* 697 F.3d 423, 436 (6th Cir. 2012) (quoting *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir.2009)).

### 1. Plaintiffs Are Not Likely To Succeed On The Merits.

As noted, "[w]hen a party seeks a preliminary injunction on the basis of a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'" *Obama for America*, 697 F.3d at 436 (quoting *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir.2009)). Plaintiffs are not likely to succeed on the merits because the relief they seek are barred by sovereign immunity under the Eleventh Amendment, would amount to the changing of established election procedures at the "11th hour", and are barred by res judicata, collateral estoppel, and laches.

   a. **Plaintiffs' Claims Against Defendant State Board of Canvassers Are Barred By Eleventh Amendment Sovereign Immunity**.

As an initial matter, all of Plaintiffs' claims pled and asserted against the Defendant State Board of Canvassers are barred by the Eleventh Amendment.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S. Const. amend. XI. Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir.1993) (internal citations omitted).

As noted, "[i]n addition to the states themselves, Eleventh Amendment immunity can also extend to departments and agencies of states." *Mingus v Butler*, 591 F.3d 474, 481 (6th Cir. 2010) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "The entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity, i.e., that it is an arm of the state." *Lowe v. Hamilton Cty. Dep't of Job & Family Servs.*, 610 F.3d 321, 324 (6th Cir. 2010) (brackets and citation omitted). The Sixth Circuit has identified four factors relevant to whether an entity is an `arm of the State' on the one hand or a `political subdivision' on the other": "(1) the State's potential liability for a judgment against the entity; (2) the language by which state statutes, and state courts refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of

the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government." *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005) (en banc) (internal citations omitted).

The Sixth Circuit has characterized the first factor—the state's potential liability for a judgment against the entity—as "the foremost," *id.*, the "most salient," *Town of Smyrna v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 651 (6th Cir. 2013), and one creating "a strong presumption" on the issue. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 777 (6th Cir. 2015). Although this "state-treasury inquiry will generally be the most important factor, ... it is not the sole criterion." *Ernst*, 427 F.3d at 364 (internal quotation marks omitted). This is so because sovereign immunity protects not only a state's purse but also its dignity—"it . . . serves to avoid the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Seminole Tribe v. Florida*, 517 U.S. 44, 58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (citation omitted). Accordingly, "the last three factors may demonstrate that an entity is an arm of the state entitled to sovereign immunity despite the fact that political subdivisions and not the State are potentially liable for

judgments against the entity." Pucci v. Nineteenth Dist. Court, 628 F.3d 752, 762 (6th Cir. 2010).

Here, it is undisputed that the State of Michigan would be liable for money damages should the Defendant State Board of Canvassers be found liable in this suit. The Defendant State Board of Canvassers is a board created by the Michigan Constitution and hose members are appointed by the Defendant Governor Whitmer toa four-year term. See Mich.Const.1963, art 2, §7, MCL §§168.22(3), 168.22a and 168.22b. Thus, because Defendant State Board of Canvassers is "an arm of the state" and is considered a "state agency", any and all claims against Defendant State Board of Canvassers are barred by the Eleventh Amendment.

   b. **Plaintiffs' State Law Claims Against Defendants Governor Whitmer and Secretary of State Benson In Their Official Capacities Are Also Barred By Eleventh Amendment Immunity**.

Plaintiffs' state law claims against Defendants Governor Whitmer and Secretary of State Benson in their official capacities are barred by the Eleventh Amendment. As the Sixth Circuit has observed:

> The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment.... The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment.

*Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir.2007) (citing *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 117-21, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)).

Congress has not abrogated the Eleventh Amendment for state law claims, see *Raygor v. Regents of Univ. of Minn.,* 534 U.S. 533, 542, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002), nor has the State of Michigan waived sovereign immunity. Thus, Plaintiffs' state-law claims are equally barred by Eleventh Amendment immunity.

### c. **Relief Plaintiffs Seek Amounts To "11th Hour" Change In Established Election Procedure That Would Disenfranchise Intervenor Defendant Davis**.

As the Sixth Circuit explained in *SEIU Local 1 v 698 F.3d 341, 345 (2012)*, "[a]s a general rule, last-minute injunctions changing election procedures are strongly disfavored." (citing *Purcell v. Gonzalez,* 549 U.S. 1, 4-5, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006)). Here, Plaintiffs seek to reverse the course of history by requesting this Court to grant the extraordinary remedy of "decertifying" the election results lawfully and timely certified

by the Defendant State Board of Canvassers and require Defendants Governor Whitmer and Secretary of State Benson to exercise authority they lack under Michigan Election Law.

The decertification of the election results would ultimately disenfranchise Intervenor Defendant Davis. Plaintiffs' original complaint (ECF No. 1) and purported amended complaint (ECF No. 6) directly seek to void Intervening Defendant Davis' lawfully cast vote. "A citizen's right to vote free of arbitrary impairment by state action has been judicially recognized as a right secured by the Constitution, when such impairment *resulted from dilution by a false tally*; *or by refusal to count votes from arbitrarily selected precincts*; or by stuffing of the ballot box." *Baker v Carr*, 369 U.S. 186, 207-208 (1962) (emphasis supplied). "**Every voter's vote is entitled to be counted once. It must be correctly counted and reported**." *Gray v Sanders*, 372 U.S. 368, 380 (1963) (emphasis supplied). For "'the right to have one's vote counted' has the same dignity as the right to put a ballot in a box." *Id*. (internal citations omitted).

### d. Incorporate By Reference Meritorious Arguments Made By Defendants and Intervening Defendants.

In order to alleviate redundancy, Intervenor Defendant Davis hereby incorporates by reference all of the legal arguments asserted by Defendants and Intervening Defendants in their respective responses to Plaintiffs' motion for TRO.

### CONCLUSION

**WHEREFORE**, for the foregoing reasons, Intervenor Defendant Davis prays that this Honorable Court DENY Plaintiffs' motion for TRO (ECF No. 7).

**Dated: December 2, 2020**          Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 2nd day of December, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: December 2, 2020            Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com