# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TIMOTHY KING,** *et.al.*,                     Case No. 20-cv-13134
      Plaintiffs**,**                     **Hon. Linda V. Parker**

v.

**GRETCHEN WHITMER,** in her official capacity
as Governor of the State of Michigan, *et.al.,*
      Defendants,

and

**ROBERT DAVIS**,
      Intervenor Defendant.

_____/

| | |
|---|---|
| GREGORY J. ROHL (P39185) | HEATHER S. MEINGAST (P55439) |
| The Law Offices of Gregory Rohl | ERIC GRILL (P64713) |
| 41850 West 11 Mile Rd., Ste.110 | Assistant Attorneys General |
| Novi, MI 48375 | Attorneys for Defendants |
| (248) 380-9404 | P.O. Box 30736 |
| gregoryrohl@yahoo.com | Lansing, MI 48909 |
| | (517) 335-7659 |
| | meingasth@michigan.gov |
| | grille@michigan.gov |
| | |
| | ANDREW A. PATERSON (P18690) |
| | Attorney for Proposed Intervening |
| | Defendant Robert Davis |
| | 2893 E. Eisenhower Pkwy |
| | Ann Arbor, MI 48108 |
| | (248) 568-9712 |
| | Aap43@outlook.com |

_____/

# INTERVENOR DEFENDANT ROBERT DAVIS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY,

## EMERGENCY AND PERMANENT INJUNCTIVE RELIEF (ECF NO. 1).

NOW COMES, INTERVENOR DEFENDANT ROBERT DAVIS (hereinafter "Intervenor Defendant Davis"), by and through his attorney, ANDREW A. PATERSON, and for his Answer to Plaintiffs' Original Complaint for Declaratory, Emergency and Permanent Injunctive Relief (ECF No. 1), states the following:

## NATURE OF THE ACTION

1. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

2. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

3. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## Dominion Voting Systems Fraud and Manipulation

4. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

5. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

6. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

7. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

8. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

9. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

10. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

11. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

12. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## Fact Witness Testimony of Voting Fraud & Other Illegal Conduct

13. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

14. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

15. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## Expert Witness Testimony Regarding Voting Fraud

16. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

17.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

18.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

19.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## JURISDICTION AND VENUE

20.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

21.    Intervenor Defendant Davis neither admits nor denies the

allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore,

leave Plaintiffs to their proofs.

22.    Intervenor Defendant Davis neither admits nor denies the

allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore,

leave Plaintiffs to their proofs.

23.    Intervenor Defendant Davis neither admits nor denies the

allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore,

leave Plaintiffs to their proofs.

24.    Intervenor Defendant Davis neither admits nor denies the

allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore,

leave Plaintiffs to their proofs.

## THE PARTIES

25.    Intervenor Defendant Davis neither admits nor denies the

allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

26.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

27.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

28.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

29.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

30.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

31.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

32.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

**STATEMENT OF FACTS**

33.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

34.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

35.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

36.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

37.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

38.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

39.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

40.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

41.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## I.    LEGAL BACKGROUND: RELEVANT PROVISIONS OF THE MICHIGAN ELECTION CODE AND ELECTION CANVASSING PROCEDURES.

### A. Michigan law requires Secretary Benson and Local Election Officials  to provide designated challengers a meaningful  opportunity to observe the conduct of elections.

42.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

43.  Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

44.  Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

45.  Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

46.  Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

47.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

48.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

B. **The Canvassing Process in Michigan**.

49.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

50.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

51.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

52.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

53.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

54.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

55.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

56.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

57.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

58.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

59.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## II.   Factual Allegations and Fact Witness Testimony Regarding Michigan Election Code Violations and Other Unlawful Conduct By Election Workers and Michigan State, Wayne County And/Or City of Detroit  Employees.

60.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

61.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

62.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

63.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

64.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

65.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

66.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

67.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

68.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

69.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

70.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

71.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

72.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

73.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

74.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

75.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

76.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

77.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

78.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

79.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

80.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

81.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

82.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

83.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

84.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

85.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

86.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

87.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

88.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

89.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

90.     Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

91.     Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

92.     Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

93.     Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

94.     Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

95.     Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

96.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

97.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

98.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

99.    Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

100.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

101.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

102.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

103.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

104.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

105. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

106. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

107. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

108. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

109. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## III. Expert Witness Testimony Indicating Widespread Voting Fraud and Manipulation.

110. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

111. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

112. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

113. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

114. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

115. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

116. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

117. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

118.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

119.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

120.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

121.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

122.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

123.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

124.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

125.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

126.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## IV.  Factual Allegations Regarding Dominion Voting Systems.

127.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

128.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

129.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

130.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

131.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

132.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

133.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

134.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

135.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

136.   Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

137.   Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

138.   Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

139.   Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

140.   Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

141.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

142.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

143.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

144.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

145.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

146.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

147.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

148.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

149.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

150. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

151. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

152. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

153. Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

154.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## Count I
## Defendants Violated The Elections and Electors Clauses and 42 U.S.C. §1983.

155.  Intervenor Defendant Davis restates and incorporates all prior answers as if they were fully set forth and stated herein.

156.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

157.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

158.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

159.  Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

160.  Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which
to form a belief as to the allegations asserted, and therefore,
leave Plaintiffs to their proofs.

161.  DENIED. The election results shall not be set aside because
there was no fraud in the election.

## COUNT II

**Governor Whitmer, Secretary Benson and Other Defendants
Violated The Equal Protection Clause of the Fourteenth
Amendment U.S. Const. Amend. XIV & 42 U.S.C. § 1983.**

**Invalid Enactment of Regulations Affecting Observation and
Monitoring of the Election.**

162.  Intervenor Defendant Davis restates and incorporates all
prior answers as if they were fully set forth and stated herein.

163.  Intervenor Defendant Davis neither admits nor denies the
allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

164.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

165.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

166.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

167.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

168.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

169.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

170.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

171.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

172.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

173.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

174.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

175.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

176.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## COUNT III

**Fourteenth Amendment, U.S. Const. Art. I, §4, cl. 1; Art. II, §1; cl. 2; Amend. XIV & 42 U.S.C. § 1983.**
**Denial of Due Process On The Right to Vote.**

177.  Intervenor Defendant Davis restates and incorporates all prior answers as if they were fully set forth and stated herein.

178.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

179.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

180.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

181.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

182.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

183.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

184.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

185.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## COUNT IV

## Wide-Spread Ballot Fraud

186.  Intervenor Defendant Davis restates and incorporates all prior answers as if they were fully set forth and stated herein.

187.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

188.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

189.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

190.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore,

leave Plaintiffs to their proofs.

## COUNT V
## MICHIGAN STATUTORY ELECTION LAW VIOLATIONS

191.   Intervenor Defendant Davis restates and incorporates all

prior answers as if they were fully set forth and stated herein.

192.   Intervenor Defendant Davis neither admits nor denies the

allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore,

leave Plaintiffs to their proofs.

193.   Intervenor Defendant Davis neither admits nor denies the

allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore,

leave Plaintiffs to their proofs.

194.   Intervenor Defendant Davis neither admits nor denies the

allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore,

leave Plaintiffs to their proofs.

195.   Intervenor Defendant Davis neither admits nor denies the

allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

196.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

197.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

198.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

199.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

200.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

201.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

202.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

203.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

204.  Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which

to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

205.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

206.   Intervenor Defendant Davis neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief as to the allegations asserted, and therefore, leave Plaintiffs to their proofs.

## Prayer for Relief

207.   Denied for Plaintiffs shall not be granted any form of relief.

208.   Denied for Plaintiffs shall not be granted any form of relief.

209.   Denied for Plaintiffs shall not be granted any form of relief.

210.   Denied for Plaintiffs shall not be granted any form of relief.

211.   Denied for Plaintiffs shall not be granted any form of relief.

1. Denied for Plaintiffs shall not be granted any form of relief.
2. Denied for Plaintiffs shall not be granted any form of relief.

3. Denied for Plaintiffs shall not be granted any form of relief.
4. Denied for Plaintiffs shall not be granted any form of relief.
5. Denied for Plaintiffs shall not be granted any form of relief.
6. Denied for Plaintiffs shall not be granted any form of relief.
7. Denied for Plaintiffs shall not be granted any form of relief.
8. Denied for Plaintiffs shall not be granted any form of relief.
9. Denied for Plaintiffs shall not be granted any form of relief.
10. Denied for Plaintiffs shall not be granted any form of relief.
11. Denied for Plaintiffs shall not be granted any form of relief.
12. Denied for Plaintiffs shall not be granted any form of relief.
13. Denied for Plaintiffs shall not be granted any form of relief.

**WHEREFORE**, Intervenor Defendant Robert Davis respectfully requests this Honorable Court enters an order dismissing Plaintiffs' Original Complaint (ECF No. 1) with prejudice and award Intervenor Defendant Robert Davis his costs, attorney fees, and whatever other relief this Court deems just and proper in having to defend this baseless and frivolous action.

**Dated: December 3, 2020**     Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing.

3. Plaintiffs are not the real parties in interest and can assert no claims.

4. Plaintiffs' claims are barred by the applicable doctrines of res judicata, collateral estoppel, preclusive effect, and/or laches.

5. Plaintiffs' claims are barred by applicable statutes of limitations.

6. Plaintiffs' claims are barred by sovereign immunity under the Eleventh Amendment of the United States Constitution.

7. This Court lacks jurisdiction to adjudicate Plaintiffs' claims.

8. Plaintiffs' claims are barred in whole or in part because Plaintiffs may not invoke the equitable powers of this Court, for Plaintiffs having come to this Court with unclean hands.

9. Plaintiffs' claims are barred in whole or in part because the relief
Plaintiffs seek would violate Intervenor Defendant Robert Davis'
constitutional right to vote and to have his vote counted.

10.      This Court should exercise its discretion and decline to
exercise supplemental jurisdiction over Plaintiffs' state-law
claims.

11.      Plaintiffs' state-law claims are barred by sovereign
immunity under the Eleventh Amendment of the United States
Constitution.

12.      Intervenor Defendant Robert Davis reserves and asserts the
affirmative defenses and objections enumerated in Fed. R. Civ. P.
8, 9, 12, and 13.

13.      Intervenor Defendant Robert Davis reserves the right to set
forth those additional affirmative defenses and objections as may
be established in the course of pre-trial proceedings herein as may
be necessary.

14.      Intervenor Defendant Robert Davis, by and through counsel,
reserves the right to assert and file any affirmative and special
defenses which may become known by discovery proceedings in

accordance with the rules and practices of this Court. Further,

Intervenor Defendant Robert Davis does not waive any deficiency

or omission in any pleadings filed by any other party to this suit

regardless of when filed.

15.    Intervenor Defendant Robert Davis reserves the right to set

forth those additional affirmative defenses and objections as may

be established in the course of pre-trial proceedings herein as may

be necessary.

**Dated: December 3, 2020**        Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 3rd day of December, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: December 3, 2020                  Respectfully submitted,

                                         */s/ ANDREW A. PATERSON*
                                         ANDREW A. PATERSON (P18690)
                                         Attorney for Intervenor Defendant
                                         Robert Davis
                                         2893 E. Eisenhower Pkwy
                                         Ann Arbor, MI 48108
                                         (248) 568-9712
                                         aap43@outlook.com