**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TIMOTHY KING,** *et.al.*, Plaintiffs,

Case No. 20-cv-13134
**Hon. Linda V. Parker**

v.

**GRETCHEN WHITMER,** in her official capacity as Governor of the State of Michigan, *et.al.*, Defendants,

and

**ROBERT DAVIS**, Intervenor Defendant.

______________________________________________/

GREGORY J. ROHL (P39185)
The Law Offices of Gregory Rohl
41850 West 11 Mile Rd., Ste.110
Novi, MI 48375
(248) 380-9404
gregoryrohl@yahoo.com

HEATHER S. MEINGAST (P55439)
ERIC GRILL (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

ANDREW A. PATERSON (P18690)
Attorney for Proposed Intervening Defendant Robert Davis
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
Aap43@outlook.com

______________________________________________/

**INTERVENOR DEFENDANT ROBERT DAVIS' AMENDED/CORRECTED EMERGENCY MOTION TO STRIKE**

**PLAINTIFFS' PURPORTED AMENDED COMPLAINT (ECF NO. 6).**

NOW COMES, INTERVENOR DEFENDANT ROBERT DAVIS (hereinafter "Intervenor Defendant Davis"), by and through his attorney, ANDREW A. PATERSON, and for his AMENDED/CORRECTED Emergency Motion to Strike Plaintiffs' Purported Amended Complaint (ECF No. 6), states the following:

## I. Concurrence

Pursuant to Local Rule 7.1, prior to filing the instant motion, counsel for Intervenor Defendant Davis sought concurrence from Plaintiffs' counsel, but concurrence was denied, necessitating the filing of this motion.

## II. Necessity for Immediate Consideration

It is necessary for the Court to expedite the briefing and adjudication of the instant motion because currently pending before the Court is Plaintiffs' emergency motion for temporary restraining order (ECF No. 7), which is based **solely** on the facts as pled and alleged in Plaintiffs' amended complaint (ECF No. 6). (See Plaintiffs' Motion for

TRO, ECF No. 7, PageID. 1832)[1]. Thus, if the Court grants Intervenor Defendant Davis' instant motion and determines that Plaintiffs' amended complaint (ECF No. 6) was not properly filed in accordance with Fed.R.Civ.P. 15(a)(1),(2), Plaintiffs' pending motion for TRO (ECF No. 7) would be rendered *moot*.[2] This is so because as this Court is aware, "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir.2013); see also *Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4, 129 S.Ct. 1109, 172 L.Ed.2d 836 (2009). Accordingly, expedited consideration is warranted.

## III. Introduction

On November 25, 2020, Plaintiffs filed a five-count, 75-page complaint against Defendants Governor Gretchen Whitmer, Secretary of State Jocelyn Benson and the State Board of Canvassers. (ECF No.

---

[1] Plaintiffs' motion for TRO (ECF No. 7) states the following: "The facts relevant to this motion are set forth in the November 29, 2020 amended complaint ("Complaint") filed in the above-captioned proceeding, and its accompanying exhibits, filed concurrently with this motion, all of which are respectfully incorporated herein by reference. We present only a summary." (ECF No. 7, PageID. 1832).

[2] Intervenor Defendant Davis will also be filing an emergency motion to strike Plaintiffs' pending motion for TRO (ECF No.7).

1). Then, on November 29, 2020, without obtaining special leave from this Court or obtaining written consent from the Defendants, Plaintiffs unilaterally filed what purports to be an 86-page amended complaint (ECF No. 6). On November 30, 2020, Intervenor Defendant Davis filed an emergency motion to intervene as a party defendant. (ECF No. 12). On December 2, 2020, this Court entered an order granting Intervenor Defendant Davis' emergency motion to intervene [12] along with granting the City of Detroit's [5] and the Democratic National Committee's and Michigan Democratic Party's [14] respective motions to intervene. (See Order, ECF No. 28).

## IV. Law and Legal Analysis

### A. Plaintiffs' Purported Amended Complaint (ECF No. 6) MUST Be Stricken because It Was NOT Properly Filed In Accordance With Fed.R.Civ.P. 15(a).

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides, in pertinent part:

> (a) Amendments Before Trial.
>
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) ***21 days after serving it, or***

> (B) ***if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),*** whichever is earlier.
>
> (2) Other Amendments. ***In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave***. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a)(1),(2) (emphasis added).

The plain and unambiguous language of Fed.R.Civ.P. 15(a)(1) is clear: Plaintiffs may file an amended complaint (1) ***after*** their original complaint has been served and (2) within Rule 15's provisions for amendments for "amending as a matter of course." Fed. R. Civ. P. 15(a)(1). To be clear, "[a] party may amend its pleading once as a matter of course within: (A) ***21 days after serving it***, ***or*** (B) if the pleading is one to which a responsive pleading is required, ***21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),*** whichever is earlier." Fed. R. Civ. P. 15(a)(1) (emphasis supplied).

Here, it is clearly evident from the record that Plaintiffs' "amended" complaint (ECF No. 6), which was filed **on November 29,**

**2020**, was **NOT** properly filed in accordance with Fed.R.Civ.P. 15(a)(1). As noted, **on November 25, 2020**, Plaintiffs filed their original complaint (ECF No. 1). However, Plaintiffs did **not** serve the summons and original complaint on the Defendants ***prior*** to filing their "amended" complaint (ECF No. 6) **on November 29th**. Rather, Plaintiffs did **not** serve Defendants with copies of the summons and original complaint (ECF No. 1) **until December 1, 2020**. (See Executed Return of Service, ECF No. 21, PageID. 2109-2114). Thus, it is evident from the record that Plaintiffs improperly filed their "amended" complaint (ECF No. 6) ***prior*** to serving copies of the summons and original complaint (ECF No. 1) on the Defendants.

As the Court may recall, on December 1, 2020, the Court entered a "text-only" order requiring Plaintiffs' counsel to inform the Court once "proper service has been effectuated" on the Defendants. (See December 1, 2020 Text-Only Order). Later that same day, Plaintiffs' counsel filed executed return of service forms, which indicated that **all** of the Defendants were properly served with copies of the summons and a copy of the *original* complaint (ECF No. 1) **on December 1, 2020**. (See Executed Return of Service, ECF No. 21, PageID. 2109-2114). Thus,

pursuant to Fed.R.Civ.P. 15(a)(1), Plaintiffs only had a right to file an amended complaint once as a matter of course 21 days ***after*** properly serving the summons and original complaint [1] on the Defendants, but ***not before***. *See* Fed.R.Civ.P. 15(a)(1)(A).

Here, Plaintiffs clearly put the "cart before the horse". Plaintiffs filed their "amended" complaint (ECF No. 6) **on November 29, 2020,** which was ***prior*** to the December 1st date the Plaintiffs served the Defendants with copies of the summons and original complaint [1]. (See Executed Return of Service, ECF No. 21, PageID. 2109-2114). Additionally, Plaintiffs' "amended" complaint (ECF No. 6) was also filed ***prior*** to any responsive pleadings and/or motions under Rules 12(b), (e), or (f) being filed by the Defendants. *See* Fed.R.Civ.P. 15(a)(1)(B).

Thus, because Plaintiffs failed to comply with the requirements set forth under Fed.R.Civ.P. 15(a)(1), the only way Plaintiffs could have filed their "amended" complaint (ECF No. 6) is if they received written consent from the Defendants or obtained leave from the Court. *See* Fed.R.Civ.P. 15(a)(2). Fed.R.Civ.P. 15(a)(2) provides, in relevant part:" ***In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave***." (emphasis

supplied). However, the record clearly reflects that neither occurred. Prior to filing their "amended" complaint on November 29, 2020 (ECF No. 6), the Plaintiffs did **not** obtain written consent from the Defendants nor did the Plaintiffs properly seek or obtain leave from the Court. Fed.R.Civ.P. 15(a)(2).

Accordingly, because Plaintiffs' "amended" complaint (ECF No. 6) was NOT properly filed in accordance with Fed.R.Civ.P. 15(a)(1),(2), it MUST be stricken by the Court.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Intervenor Defendant Robert Davis prays that this Honorable Court GRANT his AMENDED/CORRECTED Emergency Motion to Strike Plaintiffs' Amended Complaint (ECF No. 6) because Plaintiffs' amended complaint (ECF No. 6) was not properly filed in accordance with Fed.R.Civ.P. 15(a)(1),(2).

**Dated: December 3, 2020**

Respectfully submitted,

/s/ ANDREW A. PATERSON

ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

**CERTIFICATE OF SERVICE**

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 3rd day of December, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: December 3, 2020

Respectfully submitted,

*/s/ ANDREW A. PATERSON*

ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com