UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TIMOTHY KING,** *et.al.*,
    Plaintiffs**,**

Case No. 20-cv-13134
**Hon. Linda V. Parker**

v.

**GRETCHEN WHITMER,** in her official capacity as Governor of the State of Michigan, *et.al.*,
    Defendants,

and

**ROBERT DAVIS**,
    Intervenor Defendant.
_____/

GREGORY J. ROHL (P39185)
The Law Offices of Gregory Rohl
41850 West 11 Mile Rd., Ste.110
Novi, MI 48375
(248) 380-9404
gregoryrohl@yahoo.com

HEATHER S. MEINGAST (P55439)
ERIC GRILL (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

ANDREW A. PATERSON (P18690)
Attorney for Proposed Intervening
Defendant Robert Davis
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
Aap43@outlook.com
_____/

# INTERVENOR DEFENDANT ROBERT DAVIS' EMERGENCY MOTION TO STRIKE PLAINTIFFS' EMERGENCY MOTION FOR TRO (ECF NO. 7).

NOW COMES, INTERVENOR DEFENDANT ROBERT DAVIS (hereinafter "Intervenor Defendant Davis"), by and through his attorney, ANDREW A. PATERSON, and for his Emergency Motion to Strike Plaintiffs' Emergency Motion for TRO (ECF No. 7), states the following:

## I. Concurrence

Pursuant to Local Rule 7.1, prior to filing the instant motion, counsel for Intervenor Defendant Davis sought concurrence from Plaintiffs' counsel, but concurrence was denied, necessitating the filing of this motion.

## II. Necessity for Immediate Consideration

It is necessary for the Court to expedite the briefing and adjudication of the instant motion because currently pending before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order (TRO) (ECF No. 7), which is based **solely** on the facts as pled and alleged in Plaintiffs' amended complaint (ECF No. 6). (See Plaintiffs' Motion for TRO, ECF No. 7, PageID. 1832)[1]. However, for the reasons stated below

---

[1] Plaintiffs' motion for TRO (ECF No. 7) states the following: "The facts relevant to this motion are set forth in the November 29, 2020 amended

and in Intervenor Defendant Davis' Amended/Corrected Emergency Motion to Strike Plaintiffs' amended complaint [6] (ECF No. 42), Plaintiffs' amended complaint (ECF No. 6) is not properly before the Court because it was not filed in accordance with Fed.RCiv.P. 15(a)(1),(2), and thus MUST be stricken by this Honorable Court.

Accordingly, because Plaintiffs' pending Emergency Motion for TRO (ECF No. 7) is based solely on the facts pled and alleged in the improperly filed amended complaint (ECF No. 6), Plaintiffs' Emergency Motion for TRO (ECF No. 7) must also be stricken for the same reasons. This is so because as this Court is aware, "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir.2013); see also *Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4, 129 S.Ct. 1109, 172 L.Ed.2d 836 (2009). Thus, expedited consideration is warranted.

---

complaint ("Complaint") filed in the above-captioned proceeding, and its accompanying exhibits, filed concurrently with this motion, all of which are respectfully incorporated herein by reference. We present only a summary." (ECF No. 7, PageID. 1832).

### III.  Introduction

On November 25, 2020, Plaintiffs filed a 75-page complaint against Defendants Governor Gretchen Whitmer, Secretary of State Jocelyn Benson and the State Board of Canvassers. (ECF No. 1). Then, on November 29, 2020, without obtaining special leave from this Court or obtaining written consent from the Defendants, Plaintiffs unilaterally filed what purports to be an 86-page amended complaint (ECF No. 6).  That same day, Plaintiffs also filed an emergency motion for temporary restraining order (ECF No. 7), which is based solely on facts pled and alleged in Plaintiffs' amended complaint (ECF No. 6). (*See* Plaintiffs' Motion for TRO, ECF No. 7, PageID. 1832).

On November 30, 2020, Intervenor Defendant Davis filed an emergency motion to intervene as a party defendant. (ECF No. 12).  On December 2, 2020, this Court entered an order granting Intervenor Defendant Davis' emergency motion to intervene [12] along with granting the City of Detroit's [5] and the Democratic National Committee's and Michigan Democratic Party's [14] respective motions to intervene. (*See* Order, ECF No. 28).  Since being permitted to intervene, Intervenor Defendant Davis has filed an Amended/Corrected Emergency Motion to Strike Plaintiffs' Amended Complaint [6] (ECF

No. 42) because Plaintiffs' amended complaint (ECF No. 6) was not properly filed in accordance with Fed.R.Civ.P. 15(a)(1),(2).

### IV. Law and Legal Analysis

**A. Plaintiffs' Emergency Motion for TRO (ECF No. 7) MUST Be Stricken Because It Is Based Solely On Plaintiffs' Amended Complaint (ECF No. 6), Which Was NOT Properly Filed In Accordance With Fed.R.Civ.P. 15(a)(1),(2).**

Page 1 of Plaintiffs' Emergency Motion for TRO (ECF No. 7 at PageID. 1832) states the following:

> "The ***facts relevant to this motion are set forth in the November 29, 2020 amended complaint*** ("Complaint") filed in the above-captioned proceeding, and its accompanying exhibits, filed concurrently with this motion, ***all of which are respectfully incorporated herein by reference.*** We present only a summary." (emphasis supplied).

Plaintiffs' Emergency Motion for TRO, ECF No. 7 at PageID. 1832.

As noted, on November 29, 2020, Plaintiffs' filed what purported to be an amended complaint (ECF No. 6), which pled and alleged additional facts and added additional claims against the named Defendants. (Am.Compl., ECF No. 7, PageID. 872-957). Plaintiffs' amended complaint (ECF No. 6) superseded and replaced Plaintiffs' original complaint (ECF No. 1) filed on November 25, 2020. See *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th

Cir.2013) ("An amended complaint supersedes an earlier complaint for all purposes."); see also *Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4, 129 S.Ct. 1109, 172 L.Ed.2d 836 (2009).

However, upon reviewing the Court's docket for this case, and Plaintiffs' questionable filings, it has become evident that Plaintiffs' amended complaint (ECF No. 6) was improperly filed in violation of Fed.R.Civ.P. 15(a)(1),(2). Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides, in pertinent part:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) *21 days after serving it, or*

(B) *if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),* whichever is earlier.

(2) Other Amendments. *In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave*. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a)(1),(2) (emphasis added).

The plain and unambiguous language of Fed.R.Civ.P. 15(a)(1) is clear: Plaintiffs may file an amended complaint (1) *after* their original complaint has been served and (2) within Rule 15's provisions for amendments for "amending as a matter of course." Fed. R. Civ. P. 15(a)(1). To be clear, "[a] party may amend its pleading once as a matter of course within: (A) *21 days after serving it*, *or* (B) if the pleading is one to which a responsive pleading is required, *21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),* whichever is earlier." Fed. R. Civ. P. 15(a)(1) (emphasis supplied).

Here, it is clearly evident from the record that Plaintiffs' "amended" complaint (ECF No. 6), which was filed **on November 29, 2020**, was **NOT** properly filed in accordance with Fed.R.Civ.P. 15(a)(1). As noted, **on November 25, 2020**, Plaintiffs filed their original complaint (ECF No. 1). However, Plaintiffs did **not** serve the summons and original complaint (ECF No. 1) on the Defendants *prior* to filing their "amended" complaint (ECF No. 6) **on November 29th**. Rather, Plaintiffs served Defendants with copies of the summons and original

complaint (ECF No. 1) **on December 1, 2020, which was *after* Plaintiffs filed their amended complaint** (ECF No. 6). (See Executed Return of Service, ECF No. 21, PageID. 2109-2114).

Accordingly, the filing of Plaintiffs' amended complaint (ECF No. 6) was improper because Rule 15(a)(1) clearly provides that "a party has a right to amend its pleading once as a matter of course *within 21 days after serving it*" and *not before*. Fed.RCiv.P. 15(a)(1)(A) (emphasis supplied). Thus, it is evident from the record that Plaintiffs improperly filed their "amended" complaint (ECF No. 6) because it was filed *prior and not after the* Plaintiffs served copies of the summons and original complaint (ECF No. 1) on the Defendants.

As the Court may recall, on December 1, 2020, the Court entered a "text-only" order requiring Plaintiffs' counsel to inform the Court once "proper service has been effectuated" on the Defendants. (See December 1, 2020 Text-Only Order). Later that same day, Plaintiffs' counsel filed executed return of service forms, which indicated that **all** of the Defendants were properly served with copies of the summons and a copy of the *original* complaint (ECF No. 1) **on December 1, 2020**. (See Executed Return of Service, ECF No. 21, PageID. 2109-2114). Thus,

pursuant to Fed.R.Civ.P. 15(a)(1), Plaintiffs only had a right to file an amended complaint once as a matter of course 21 days *after* properly serving the summons and original complaint (ECF No.1) on the Defendants, but certainly *not before*. See Fed.R.Civ.P. 15(a)(1)(A).

Here, Plaintiffs clearly put the "cart before the horse". Plaintiffs filed their "amended" complaint (ECF No. 6) **on November 29, 2020,** which was *prior* to the December 1st date the Plaintiffs served the Defendants with copies of the summons and original complaint [1]. (See Executed Return of Service, ECF No. 21, PageID. 2109-2114). Additionally, Plaintiffs' "amended" complaint (ECF No. 6) was also filed *prior* to any responsive pleadings and/or motions under Rules 12(b), (e), or (f) being filed by the Defendants. See Fed.R.Civ.P. 15(a)(1)(B).

### Plaintiffs' Failed To Comply With Fed.R.Civ.P. 15(a)(2).

Similarly, Plaintiffs also failed to comply with the provisions of Fed.R.Civ.P. 15(a)(2). Because Plaintiffs failed to comply with the requirements set forth under Fed.R.Civ.P. 15(a)(1), the only other way Plaintiffs could have properly filed their "amended" complaint (ECF No. 6) is if they received written consent from the Defendants or obtained leave from the Court. See Fed.R.Civ.P. 15(a)(2); see also *Brown v*

*Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) ("Federal Rule of Civil Procedure 15(a)(2) states that if a party can no longer amend its pleading as a matter of course, it 'may amend its pleading only with the opposing party's written consent or the court's leave.'").

Fed.R.Civ.P. 15(a)(2) provides, in relevant part:" ***In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave***." (emphasis supplied). However, the record clearly reflects that neither occurred. Prior to filing their "amended" complaint on November 29, 2020 (ECF No. 6), Plaintiffs' counsel did **not** obtain written consent from the Defendants. Defendants' counsel, Assistant Attorney General Heather Meingast, advised counsel for Intervenor Defendant Davis that Defendants did **not** provide prior written consent authorizing Plaintiffs to file their amended complaint (ECF No. 6) as Fed.R.Civ.P. 15(a)(2) requires. (**See Defendants' Counsel's email to Intervenor Defendant Davis' counsel attached as Exhibit A**). And most certainly, as the Court's docket clearly reflects, Plaintiffs did **not** properly seek or obtain leave from the Court to file their amended complaint (ECF No. 6) as Fed.R.Civ.P. 15(a)(2) requires.

Accordingly, because Plaintiffs' "amended" complaint (ECF No. 6) was NOT properly filed in accordance with Fed.R.Civ.P. 15(a)(1),(2), it MUST be stricken by the Court. Consequently, Plaintiffs' pending Emergency Motion for TRO (ECF No. 7) MUST also be stricken for the same reasons because it is based solely on the facts pled and alleged in Plaintiffs' amended complaint (ECF No. 6), which superseded and replaced Plaintiffs' original complaint (ECF No. 1) filed on November 25, 2020. *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d at 589.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Intervenor Defendant Robert Davis prays that this Honorable Court GRANT his Emergency Motion to Strike Plaintiffs' Emergency Motion for TRO (ECF No. 7) because Plaintiffs' amended complaint (ECF No. 6) was not properly filed in accordance with Fed.R.Civ.P. 15(a)(1),(2).

**Dated: December 3, 2020**        Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 3rd day of December, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: December 3, 2020          Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

# Did you provide Plaintiffs' counsel in King, et.al. v Whitmer, Eastern District, Judge Linda Parker Written Consent to File Amended Complaint

**Meingast, Heather (AG)** <MeingastH@michigan.gov>

| | |
|---|---|
| to: | Drew Paterson <aap43@outlook.com> |
| cc: | "Albro, Lisa (AG)" <AlbroL@michigan.gov>, Robert Davis <davisrobert854@gmail.com> |
| date: | Dec 3, 2020, 6:17 PM |
| subject: | RE: Did you provide Plaintiffs' counsel in King, et.al. v Whitmer, Eastern District, Judge Linda Parker Written Consent to File Amended Complaint |
| mailed-by: | michigan.gov |
| signed-by: | michigan.gov |
| security: | Standard encryption (TLS) Learn more |

Meingast, Heather (AG) <MeingastH@michigan.gov>
Thu 12/3/2020 6:17 PM

No, I did not.  The first I knew about it was when we saw it on PACER.

Heather S. Meingast, Division Chief
Civil Litigation, Employment & Elections Division
Michigan Department of Attorney General
meingasth@michigan.gov
(517) 335-7659 (office)

_____

**From:** Drew Paterson <aap43@outlook.com>
**Sent:** Thursday, December 3, 2020 5:46 PM
**To:** Meingast, Heather (AG) <MeingastH@michigan.gov>
**Cc:** Albro, Lisa (AG) <AlbroL@michigan.gov>; Robert Davis <davisrobert854@gmail.com>
**Subject:** Did you provide Plaintiffs' counsel in King, et.al. v Whitmer, Eastern District, Judge Linda Parker Written Consent to File Amended Complaint

**CAUTION: This is an External email. Please send suspicious emails to** abuse@michigan.gov

Ms. Meingast,

Did you provide Plaintiffs' counsel, Mr. Rohl, written consent to file an amended complaint?  I just want to be sure that you did not provide Plaintiffs' counsel with written consent since there was no stipulation filed with the Court.  Can you confirm ASAP.  Thanks.

Drew Paterson

(248) 568-9712

aap43@outlook.com