IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER and DAREN WADE RUBINGH,<br><br>    Plaintiffs<br>v.<br><br>GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, JOCELYN BENSON, in her official capacity as Michigan Secretary of State, the Michigan BOARD OF STATE CANVASSERS,<br><br>    Defendants. | CASE NO. 20-cv-13134 |

**PLAINTIFFS' REPLY TO RESPONSES IN OPPOSITION TO MOTION FOR SEAL AND MEMORANDUM IN SUPPORT THEREOF**

    COMES NOW Plaintiffs, Timothy King, Marian Ellen Sheridan, John Earl Haggard, Charles James Ritchard, James David Hooper, and Daren Wade Rubingh, by and through their undersigned counsel, and file this Response, and Memorandum of Law In Support Thereof, to Defendants' and Intervenor-Defendants Response in Plaintiffs' November 29, 2020 Motion for Declaratory, Emergency and Permanent Injunctive Relief ("November 29 Motion").

## REPLY MEMORANDUM

    The facts relevant to this Response are set forth in the November 29, 2020 First Amended Complaint ("Complaint") and the Motion to Seal filed in the above-captioned proceeding, and its accompanying exhibits, and the November 29 Motion.

The Venezuelan whistleblower and "Spider" exhibits must remain sealed. As explained below, disclosure of these peoples' identities, even to counsel, will very likely result in their physical harm. The remaining exhibits may be dealt with through a carefully crafted protective order.

Pursuant to E.D. 5.3, and yes, courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. Shane Grp., Inc. v. Blue Cross Blue Shield, 825 F.3d 299, 305, 2016 U.S. App. LEXIS 10264, *10, 2016 FED App. 0134P (6th Cir.), 6-7, 2016-1 Trade Cas. (CCH) P79,659, 94 Fed. R. Serv. 3d (Callaghan) 1866 (citation omitted). The burden of overcoming that presumption is borne by the party that seeks to seal them. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). But it is also explained that "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. Shane Grp., Inc. v. Blue Cross Blue Shield, 825 F.3d 299, 305, 2016 U.S. App. LEXIS 10264, *11, 2016 FED App. 0134P (6th Cir.) (citing *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984).

For good cause shown, Federal Courts are authorized to restrict discovery that is annoying, embarrassing, oppressive, unduly burdensome and/or expensive. *See* Fed. R. Civ. P. Rule 26(c). Broad discretion is conferred on this Court to enter protective orders as necessary to prevent discovery abuse. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Under Rule 26(c), good cause exists when justice requires the protection of a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense, and further, when

proprietary information is at stake. *Friends of the Earth v. United States DOI*, 236 F.R.D. 39, 41 (D.D.C. 2006). In this litigation, good cause arises from a need to obviate unwarranted annoyance and embarrassment, as well as the improper use of proprietary information.

Rule 26(c) reads as follows:

> <u>Protective Orders.</u> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery is not had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters are not inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
>
> (5) that discovery be conducted with no one present except persons designated by the court;
>
> (6) that a deposition, after being sealed, be opened only by order of the court;
>
> (7) that a trade secret or other confidential research, development, or commercial information is not revealed or be revealed only in a designated way; and
>
> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed. R. Civ. P. Rule 26(c). Therefore, to obtain protection from discovery abuse, Defendants need only demonstrate good cause with some specificity regarding how harm

may occur by the disclosure. *See Friends of the Earth*, 236 F.R.D. at 41. Upon the appropriate showing, this Court may decide, in its discretion, how to structure the protective order, which decision will not ordinarily be disturbed on appeal unless there is an abuse of discretion. *Id*. In fashioning a protective order, the Court may even enter an order limiting production of discovery to "attorneys' eyes only." In this case, the substantial risk of improper use of information and warrants the restriction that discovery be reviewed by attorneys only. Another witness for which confidentiality s requested is also a cyber expert who exposes the foreign interference in this election through Dominion and how Dominion's servers work with those nations abroad, including one with adverse interests to the those of the United States. Her statement is attached to the Reply Motion. Her background includes

> *having been a private contractor with experience gathering and analyzing foreign intelligence and acted as a LOCALIZER during the deployment of projects and operations both OCONUS and CONUS. I am a trained Crypto linguist, hold a completed degree in Molecular and Cellular Physiology and have FORMAL training in other sciences such as Computational Linguistics, Game Theory, Algorithmic Aspects of Machine Learning, Predictive Analytics among others. 3. I have operational experience in sources and methods of implementing operations during elections both CONUS and OCONUS.*"

See Compl. Exh. 13

Both TM and Spider's sworn testimony identifying foreign actors and interference in the ballot tallies of the election results by Dominion Voting Systems is further supported by the evidence of a recent October 30, 2020 FBI and CISSA Joint advisory, attached to the Complaint, which identified the hostile nation and foreign interference activity seen in late October prior to the Presidential election, which stated:

> This joint cybersecurity advisory was coauthored by the Cybersecurity and Infrastructure Security Agency (CISA) and the Federal Bureau of Investigation (FBI). CISA and the FBI are aware of an Iranian advanced persistent threat (APT) actor targeting U.S. state websites to include election websites. CISA and the FBI

assess this actor is responsible for the mass dissemination of voter intimidation emails to U.S. citizens and the dissemination of U.S. election-related disinformation in mid-October 2020.1 (Reference FBI FLASH message ME-000138-TT, disseminated October 29, 2020). Further evaluation by CISA and the FBI has identified the targeting of U.S. state election websites was an intentional effort to influence and interfere with the 2020 U.S. presidential election.

This testimony has been given at great risk of these Affiants who hold training to obtain such information related to foreign interference in the 2020 election.

Defendants oppose the redactions on the grounds that these witnesses because of the public interest, but protection of those individuals who bring forward of what is evidence of a tremendous wrong doing and that raises the public interest to bring what happened here to light.

Witnesses who have come forward, and even counsel in this case, have received several harassing calls and threats. Specifically, one attorney of record, has received 3 text messages and two voice mails that include "working with Sidney Powell, …it's really going to bite you in the … I promise."

B. The Standard for Entry of a Protective Order

For good cause shown, Federal Courts are authorized to restrict discovery that is annoying, embarrassing, oppressive, unduly burdensome and/or expensive. *See* Fed. R. Civ. P. Rule 26(c). Broad discretion is conferred on this Court to enter protective orders as necessary to prevent discovery abuse. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Under Rule 26(c), good cause exists when justice requires the protection of a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense, and further, when proprietary information is at stake. *Friends of the Earth v. United States DOI*, 236 F.R.D. 39, 41 (D.D.C. 2006). In this litigation, good cause arises from a need to obviate unwarranted annoyance and embarrassment, as well as the improper use of proprietary information.

Rule 26(c) reads as follows:

5

<u>Protective Orders.</u> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery is not had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters are not inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information is not revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed. R. Civ. P. Rule 26(c). Therefore, to obtain protection from additional harassment or threats to witnesses Defendants need only demonstrate good cause with some specificity regarding how harm may occur by the disclosure. *See Friends of the Earth*, 236 F.R.D. at 41. Upon the appropriate showing, this Court may decide, in its discretion, how to structure the protective order, which decision will not ordinarily be disturbed on appeal unless there is an abuse of discretion. *Id*.

In fashioning a protective order, the Court may even enter an order limiting production of discovery to "attorneys' eyes only." In this case, the substantial risk of threats and harm to witnesses warrants the restriction that discovery be reviewed by attorneys only. Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts, particularly where there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party. *Alexander v. FBI, et al.*, 186 F.R.D. 54 (D.D.C. 1998) (prior and subsequent history on other grounds) (*citing Westside Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc., 1998 U.S. Dist. LEXIS 5614, 1998 WL 186728* (E.D. La. April 17, 1998) (citing numerous cases)).[1] The Court's authority and process for entering such orders are described as follows:

> Federal Rule of Civil Procedure 26(c)(7) permits a court to issue a protective order to require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." As the Supreme Court has explained, this rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984). In exercising this discretion, a court is to engage in a "balancing of various factors: the requester's need for information . . . , its relevance to the litigation at hand, the burden of producing the sought-after material, and the harm which disclosure would cause to the party seeking to protect the information." *Burka v. United States Department of Health and Human Servs.*, 318 U.S. App. D.C. 274, 87 F.3d 508, 517 (D.C. Cir 1996). In crafting a protective order, a court may "limit the conditions, time, place, or topics of discovery; or limit the manner in which a trade secret or other confidential research, development, or commercial information may be revealed." 87 F.3d at 518.

*Amfac Resorts, LLC v. United States DOI*, 143 F. Supp. 2d 7, 15 (D.D.C. 2001).

In this case, there is good cause to limit the review of discovery to attorneys only to

7

protect Defendants from harassment and annoyance. Indeed, discovery from this case to publicly harm the Defendants.[2] This harm is evident in one witnesses sworn declaration, attached hereto as Exh 1:

> I am writing this statement in regard to my identity being known. I have worked in areas that have made me a known target, have had death threats and even a price put on my head by foreign terrorist organizations. For the safety of myself and my family, I have requested to remain redacted. I have found listening devices in my home and have had attempts on myself. Because of work I have done as a Confidential Human source/ Confidential informant as well as work investigating spies across the globe, my identity is redacted. Not just work I have done here in America but also working with foreign nations, where even currently I am working to get Smartmatic out of other nations elections systems and doing election fraud mitigation. I request that these extreme cases be taken into consideration for my personal safety, my family's safety, the safety of sources I have worked with, I respectfully request that my persona remain redacted.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge. Executed this December 3, 2020. (See Exh. 1).

In contrast, Plaintiffs are seeking to narrow the scope of this request, and are willing to produce information and documents in response to counsel in camera, regarding certain witnesses to make it narrow and seek a Protective Order restricting discovery to use only within the context of this litigation and not for any publication purposes.

WHEREFORE, for all of the forgoing reasons, Plaintiffs respectfully request that the Court GRANT this Motion and enter a Protective Order limiting the information produced and maintaining the integrity of any information produced in discovery by prohibiting dissemination of such information to persons not directly involved in this litigation, including for any advertising purposes.

Respectfully submitted, this 3rd day of December 2020.

/s Sidney Powell*
Sidney Powell PC
Texas Bar No. 16209700

2911 Turtle Creek Blvd, Suite 300
Dallas, Texas 75219

*Application for admission pro hac vice
forthcoming

*Attorneys for Plaintiffs*

/s/ Sidney Powell*
Sidney Powell PC
Texas Bar No. 16209700
*Application for admission pro hac vice
Forthcoming

/s/ Scott Hagerstrom
Michigan State Bar No. 57885
222 West Genesee
Lansing, MI 48933
(517) 763-7499
Scotthagerstrom @yahoo.com

/s/ Gregory J. Rohl P39185
The Law Offices of Gregory J. Rohl, P.C.
41850 West 11 Mile Road, Suite 110
Novi, MI 48375
248-380-9404
gregoryrohl@yahoo.com

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day e-filed the foregoing Plaintiffs' Motion for Declaratory, Emergency, and Permanent Injunctive Relief and Memorandum in Support Thereof using the CM/ECF system, and that I have delivered the filing to the Defendants by email and FedEx at the following addresses:

This 3rd day of December, 2020.

> Governor Gretchen Whitmer
> P.O. Box 30013
> Lansing, Michigan 48909
> info@gretchenwhitmer.com
>
> Secretary of State Jocelyn Benson
> Bureau of Elections
> Richard H. Austin Building, 4th Floor
> 430 W. Allegan
> Lansing, Michigan 48918
> Elections@Michigan.gov
>
> Board of State Canvassers
> Bureau of Elections
> Richard H. Austin Building, 1st Floor
> 430 W. Allegan
> Lansing, Michigan 48918
> Elections@Michigan.gov

/s/ Sidney Powell*
Sidney Powell PC
Texas Bar No. 16209700
*Application for admission pro hac vice
Forthcoming

/s/ Scott Hagerstrom
Michigan State Bar No. 57885
222 West Genesee
Lansing, MI 48933
(517) 763-7499
Scotthagerstrom @yahoo.com

/s/ Gregory J. Rohl P39185
The Law Offices of Gregory J. Rohl, P.C.

41850 West 11 Mile Road, Suite 110
Novi, MI 48375
248-380-9404
gregoryrohl@yahoo.com


Howard Kleinhendler
New York Bar No. 2657120
Howard Kleinhendler Esquire
369 Lexington Avenue, 12th Floor
New York, New York 10017
(917) 793-1188
howard@kleinhendler.com

11

I am writing this statement in regard to my identity being known. I have worked in areas that have made me a known target, have had death threats and even a price put on my head by foreign terrorist organizations. For the safety of myself and my family, I have requested to remain redacted. I have found listening devices in my home and have had attempts on myself.

Because of work I have done as a Confidential Human source/ Confidential informant as well as work investigating spy's across the globe, my identity is redacted. Not just work I have done here in America but also working with foreign nations, where even currently I am working to get Smartmatic out of other nations elections systems and doing election fraud mitigation.

I request that these extreme cases be taken into consideration for my personal safety, my families safety, the safety of sources I have worked with, I respectfully request that my persona remain redacted.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge. Executed this December 3, 2020.

