# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TIMOTHY KING,** *et.al.*,
    Plaintiffs**,**

v.

**GRETCHEN WHITMER,** in her official capacity
as Governor of the State of Michigan, *et.al.,*
    Defendants,

and

**ROBERT DAVIS**,
    Intervenor Defendant.

Case No. 20-cv-13134
**Hon. Linda V. Parker**

_____/

GREGORY J. ROHL (P39185)
The Law Offices of Gregory Rohl
41850 West 11 Mile Rd., Ste.110
Novi, MI 48375
(248) 380-9404
gregoryrohl@yahoo.com

HEATHER S. MEINGAST (P55439)
ERIC GRILL (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

ANDREW A. PATERSON (P18690)
Attorney for Proposed Intervening
Defendant Robert Davis
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
Aap43@outlook.com

_____/

# INTERVENOR DEFENDANT ROBERT DAVIS' EMERGENCY
# MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF

# INFORMATION CONTAINED IN NEWSPAPER ARTICLES PURSUANT TO FED.R.EVID. 201.

NOW COMES, INTERVENOR DEFENDANT ROBERT DAVIS (hereinafter "Intervenor Defendant Davis"), by and through his attorney, ANDREW A. PATERSON, and for his Emergency Motion for the Court To Take Judicial Notice of Information Contained In Newspaper Articles Pursuant to Fed.R.Evid. 201, states the following:

## I. Concurrence

Pursuant to Local Rule 7.1, prior to filing the instant motion, counsel for Intervenor Defendant Davis sought concurrence from Plaintiffs' counsel, but concurrence was denied, necessitating the filing of this motion.

## II. Necessity for Immediate Consideration

It is necessary for the Court to expedite the briefing and adjudication of the instant motion because currently pending before the Court is Plaintiffs' emergency motion for temporary restraining order (ECF No. 7), which is based **solely** on the facts as pled and alleged in Plaintiffs' amended complaint (ECF No. 6), including affidavits and expert reports filed in support. (See Plaintiffs' Motion for TRO, ECF No.

7, PageID. 1832). The Court has granted expedited consideration of Plaintiffs' emergency motion for TRO. Thus, expedited consideration of Intervenor Defendant Davis' present motion is necessary before the Court's renders a decision on Plaintiffs' pending motion for TRO.

### III. Law and Legal Analysis

**A. The Court Should Take Judicial Notice of The December 4, 2020 Detroit Free Press Article That Refutes and Debunks Truthfulness of Affidavit Submitted In Support of Plaintiffs' Emergency Motion for TRO.**

Rule 201 of the Federal Rules of Evidence allows the court to take judicial notice of "adjudicative facts" which are "not subject to reasonable dispute" because they are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." FED. R. EVID. 201(b). Rule 201(c) of the Federal Rules of Evidence further provides that the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c). Moreover, "[t]he court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d).

Here, Intervenor Defendant Davis is respectfully requesting the Court to take judicial notice of the December 4, 2020 newspaper article

published by the Detroit Free Press entitled: "Affidavit in Michigan lawsuit makes wildly inaccurate claims about voter turnout in state."[1] A copy of the December 4, 2020 Detroit Free Press article is attached hereto as **Exhibit A.** It is well-settled that a federal court can take judicial notice of information contained in a newspaper article. See e.g. *Logan v. Denny's, Inc.*, 259 F. 3d 558, 578, n. 9 (6th Cir. 2001)(collecting cases); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 973 (W.D. Mich. 2003). The Court should take judicial notice of the aforementioned December 4, 2020 Detroit Free Press article because it refutes and debunks certain facts falsely attested to in the affidavit filed by Russell James Jr. (ECF No. 1-14 PageID. 625-630) and the Expert Report purportedly authored by Russel James Jr. (ECF No. 49-3, PageID. 3111-3142), which were filed by Plaintiffs' counsel in support of Plaintiffs' lawsuit and pending motion for TRO (ECF No. 7).

The December 4, 2020 Detroit Free Press article concludes that the information contained in Russel James Jr.'s affidavit (ECF No. 1-14) and Expert Report (49-3) was FALSE because the numbers and

---

[1] https://www.freep.com/story/news/local/michigan/detroit/2020/12/04/michigan-lawsuit-makes-wild-claims-voter-turnout/3829654001/

data cited in Russel James Jr.'s affidavit (ECF No. 1-14) and Expert Report (ECF No. 49-3) "do not match the official statement of votes cast in all but one jurisdiction, and many inflate the numbers significantly. The official data show that the number of voters who cast a ballot in November's election did not exceed the number of registered voters in any of the jurisdictions named." (**See Detroit Free Press Article Exhibit A**). The information contained and cited in Russel James Jr.'s affidavit (ECF No. 1-14) and Expert Report (ECF No. 49-3) was **so egregiously false that the Detroit Free Press rated his claim: "Pants on Fire!"** (**Exhibit A**). It is important to note that submitting a false affidavit to the Court provides a sufficient basis for the Plaintiffs, Plaintiffs' counsel, and the affiant, Russel James Jr., to be subjected to sanction proceedings before this Honorable Court. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991) ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court should ordinarily rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.").

In addition to the December 4, 2020 Detroit Free Press article, Intervenor Defendant Davis also requests the Court to take judicial notice of the December 1, 2020 article published by the Associated Press (AP) entitled: "Disputing Trump, Barr says no widespread election fraud."[2]  This article clearly underscores the fact that Plaintiffs' instant lawsuit and emergency motion for TRO (ECF No. 7) are frivolous and meritless because the United States' top law enforcement official, Attorney General William Barr, "declared Tuesday the U.S. Justice Department has uncovered no evidence of widespread voter fraud that could change the outcome of the 2020 election." (**See December 1, 2020 AP Article attached as Exhibit B**).  Again, as noted, a federal court can take judicial notice of information contained in a newspaper article. See e.g. *Logan v. Denny's, Inc.*, 259 F. 3d 558, 578, n. 9 (6th Cir. 2001)(collecting cases); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 973 (W.D. Mich. 2003).  Like the Detroit Free Press article, the information contained in the AP article is reliable information that refutes Plaintiffs' frivolous claims.

---

[2] https://apnews.com/article/barr-no-widespread-election-fraud-b1f1488796c9a98c4b1a9061a6c7f49d

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Intervenor Defendant Davis prays that this Honorable Court GRANT his emergency motion for the Court to take judicial notice of information contained in newspaper articles published in the Detroit Free Press and Associated Press.

**Dated: December 5, 2020**  Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 5th day of December, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: December 5, 2020          Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com