# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TIMOTHY KING,** *et.al.*,
    Plaintiffs**,**

Case No. 20-cv-13134
**Hon. Linda V. Parker**

v.

**GRETCHEN WHITMER,** in her official capacity as Governor of the State of Michigan, *et.al.,*
    Defendants,

and

**ROBERT DAVIS**,
    Intervenor Defendant.
_____/

| | |
|---|---|
| GREGORY J. ROHL (P39185)<br>The Law Offices of Gregory Rohl<br>41850 West 11 Mile Rd., Ste.110<br>Novi, MI 48375<br>(248) 380-9404<br>gregoryrohl@yahoo.com | HEATHER S. MEINGAST (P55439)<br>ERIC GRILL (P64713)<br>Assistant Attorneys General<br>Attorneys for Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-7659<br>meingasth@michigan.gov<br>grille@michigan.gov<br><br>ANDREW A. PATERSON (P18690)<br>Attorney for Intervening Defendant<br>Robert Davis<br>2893 E. Eisenhower Pkwy<br>Ann Arbor, MI 48108<br>(248) 568-9712<br>Aap43@outlook.com |

_____/

# INTERVENOR DEFENDANT ROBERT DAVIS' MOTION FOR SANCTIONS TO BE ASSESSED AGAINST PLAINTIFFS AND

**PLAINTIFFS' COUNSEL PURSUANT TO THE COURT'S INHERENT AUTHORITY AND 28 U.S.C. §1927.**

NOW COMES, INTERVENOR DEFENDANT ROBERT DAVIS (hereinafter "Intervenor Defendant Davis"), by and through his attorney, ANDREW A. PATERSON, and for his Motion for Sanctions To Be Assessed Against Plaintiffs and Plaintiffs' Counsel Pursuant to the Court's Inherent Authority and 28 U.S.C. §1927, states the following:

### I. Concurrence

Pursuant to Local Rule 7.1, prior to filing the instant motion, counsel for Intervenor Defendant Davis sought concurrence from Plaintiffs' counsel, but concurrence was denied, necessitating the filing of this motion.

### II. Introduction

All attorneys are to be held to the same standards of conduct, no matter who their clients are. All attorneys must have a careful regard for their obligations to truth, candor, accuracy, and professional judgment, for they are officers of the court. In this case, the Court is compelled to act by sanctioning the egregious conduct of the Plaintiffs and their attorneys for making clearly frivolous arguments and using the judicial

system to obtain unprecedented relief, to satisfy Plaintiffs' selfish and destructive political agendas. As the Court recognized, the relief Plaintiffs seek "is stunning in its scope and breathtaking in its reach." (Opinion and Order, ECF No. 62, PageID. 3296).

The audacious actions of the Plaintiffs and their attorneys have not only been an abuse of the judicial process, but the hindering actions that they attempted to produce in this case, jeopardized this country's precious democracy. In this case, the Plaintiffs used the Court's process and its esteemed standing in a deliberate and mean-spirited effort to undermine the will of the more than 5.5 million people in Michigan who exercised their precious and fundamental right to vote in the November 3, 2020 general election.

A. **Sanctions Shall Be Imposed Under 28 U.S.C. §1927**.

Section 1927 of Title 28 provides that attorneys' fees may be awarded where an attorney "so multiplies the proceedings in any case unreasonably and vexatiously[.]" Sanctions may be appropriate when an attorney knows or reasonably should know that their claim is frivolous, or that their litigation tactics will "needlessly obstruct the litigation of nonfrivolous claims." *Jones v. Cont'l Corp.*, 789 F. 2d 1225, 1230 (6th Cir.

1986). The court need not find bad faith on the part of the sanctioned party. *Dixon v. Clem*, 492 F. 3d 665, 679 (6th Cir. 2007); see also *In re Ruben*, 825 F. 2d 977, 983-984 (6th Cir. 1987) (noting that "a relaxed standard" is applicable to § 1927 sanctions, as a court may assess fees against an attorney "despite the absence of any conscious impropriety") (emphasis in original). However, "[s]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997); see also *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) ("§ 1927 sanctions require . . . something more than negligence or incompetence.").

Here, the Plaintiffs' lawsuit was clearly frivolous from its initial filing, which was riddled with misspelled words and references to other cases pending in other jurisdictions. (See ECF Nos. 1 and 6). As the Court recognized in its thorough and well-written opinion: "this lawsuit seems to be less about achieving the relief Plaintiffs seek—as much of that relief is beyond the power of this Court— and more about the impact of their allegations on People's faith in the democratic process and their trust in our government." (Opinion and Order, ECF No. 62, PageID. 3329-3330).

Plaintiffs' lawsuit was "dead on arrival" because as the Court correctly concluded, Plaintiffs' claims were clearly barred by Sovereign Immunity under the Eleventh Amendment of the U.S. Constitution, laches, mootness, and moreover, Plaintiffs lacked standing to bring the claims. (ECF No. 62). It is apparent that Plaintiffs sought to bring the instant action, as the Court correctly noted, in an effort to undermine the People's confidence in our country's democracy. (Opinion and Order, ECF No. 62, PageID. 3329-3330). In fact, Plaintiffs had the audacity to ask "this Court to ignore the orderly statutory scheme established to challenge elections and to ignore the will of millions of voters." (*Id.*) And thankfully, the Court refused to do so. (*Id.*)

As further evidence that Plaintiffs' instant action was vexatious and frivolous, in a deliberate and desperate action to void the will of the People, Plaintiffs and their counsel went as far as filing a false affidavit with the Court. The Court should take judicial notice of the December 4, 2020 Detroit Free Press article entitled: "Affidavit in Michigan lawsuit makes wildly inaccurate claims about voter turnout in state."[1]  because

---

[1] https://www.freep.com/story/news/local/michigan/detroit/2020/12/04/michigan-lawsuit-makes-wild-claims-voter-turnout/3829654001/

it refutes and debunks certain facts falsely attested to in the affidavit filed by Russell James Ramsland Jr. (ECF No. 1-14 PageID. 625-630) and the Expert Report purportedly authored by Russel James Ramsland Jr. (ECF No. 49-3, PageID. 3111-3142), which were filed by Plaintiffs' counsel in support of Plaintiffs' lawsuit and pending motion for TRO (ECF No. 7). (See Intervenor Davis' Motion for Court To Take Judicial Notice, ECF No. 59).

The December 4, 2020 Detroit Free Press article concludes that the information contained in Russel James Ramsland Jr.'s affidavit (ECF No. 1-14) and Expert Report (49-3) was FALSE because the numbers and data cited in his affidavit (ECF No. 1-14) and Expert Report (ECF No. 49-3) "do not match the official statement of votes cast in all but one jurisdiction, and many inflate the numbers significantly. The official data show that the number of voters who cast a ballot in November's election did not exceed the number of registered voters in any of the jurisdictions named." The information contained and cited in Russel James Jr.'s affidavit (ECF No. 1-14) and Expert Report (ECF No. 49-3) was **so**

**egregiously false that the Detroit Free Press rated his claim: "Pants on Fire!"**[2].

Plaintiffs' and Plaintiffs' conduct egregious conduct and frivolous and fraudulent filings clearly warrant sanctions under 28 U.S.C. §1927.

### B. Sanctions Shall Be Issued Under The Court's Inherent Authority

Intervening Defendant Davis also urges the Court to impose sanctions under its inherent authority. "A district judge has inherent equitable power to award attorneys' fees for 'bad faith' or frivolous conduct of a case," whether against a party or against her attorney. *In re Ruben*, 825 F. 2d at 983. The court may sanction a party "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991) (internal quotations omitted).

To impose sanctions under this bad faith standard, Sixth Circuit law requires a district court to find: (i) the claims advanced were meritless; (ii) counsel for the offending party knew or had reason to know

---

[2] It is well-settled that a federal court can take judicial notice of information contained in a newspaper article. See e.g. *Logan v. Denny's, Inc.*, 259 F. 3d 558, 578, n. 9 (6th Cir. 2001)(collecting cases); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 973 (W.D. Mich. 2003).

the claims were meritless; and (iii) the motive for filing the suit was an improper purpose such as harassment. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011). Although the filing of a meritless claim may be evidence of bad faith, the "mere fact that an action is without merit does not amount to bad faith." *BDT Prods., Inc. v. Lexmark Intern, Inc.*, 602 F.3d 742, 753 (6th Cir. 2010). "[T]he court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Id.* (emphasis in original). This "something more" could be a finding that the party filed suit for purposes of harassment or delay, or for other improper reasons, see *Big Yank Corp. v. Liberty Mut. Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997); a finding that the plaintiff had improperly used the courts by filing a meritless lawsuit and withholding material evidence, *First Bank of Marietta*, 307 F.3d at 523 n. 18; or a finding that the party was delaying or disrupting the litigation or hampering enforcement of a court order, *Chambers*, 501 U.S. at 46.

Plaintiffs clearly brought their claims for an improper purpose, as the Court's opinion and order clearly recognized. As the Court correctly opined: "this lawsuit seems to be less about achieving the relief Plaintiffs

seek—as much of that relief is beyond the power of this Court— and more about the impact of their allegations on People's faith in the democratic process and their trust in our government." (Opinion and Order, ECF No. 62, PageID. 3329-3330). All of Plaintiffs' arguments were baseless and lacked arguable legal merit. As the Court correctly concluded, Plaintiffs' claims were barred under the Eleventh Amendment sovereign immunity, laches, mootness, and the Plaintiffs lacked Article III standing. In addition, as noted above, Plaintiffs and Plaintiffs' counsel went as far as filing a false affidavit with the Court.

"It is well established under Supreme Court and Sixth Circuit precedents that a court's inherent power to sanction serves a punitive purpose, based on the need to deter misconduct and vindicate the court's authority." *Williamson v. Recovery Ltd. P'ship,* 826 F.3d 297, 305 (6th Cir. 2016). Courts "have broad discretion under their inherent powers to fashion punitive sanctions. Although sanctions cannot be so unreasonable that they constitute an abuse of discretion, there is no requirement of a perfect causal connection between the sanctioned conduct and the [sanctions] awarded, due to the punitive nature of the sanctions." *Id.*

The Court should properly exercise its discretion and sanction the Plaintiffs and their counsel in accordance with the court's inherent power to sanction by assessing attorneys' fees and costs. Plaintiffs' claims were clearly frivolous and vexatious because they were previously dismissed by other courts of competent jurisdiction. Despite these claims being summarily dismissed by other courts, Plaintiffs nonetheless sought to file these same claims in this Court in an effort to disenfranchise Intervening Defendant Davis and other registered voters who lawfully cast their vote in the November 3, 2020 general election.

As further evidence that Plaintiffs' claims were frivolous and vexatious, the Court concluded that "Plaintiffs are far from likely to succeed in this matter." (Opinion and Order, ECF No. 62, PageID. 3329). "A court's reliance upon its inherent authority to sanction derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). "Even if there were available sanctions under statutes or various rules in the Federal Rules of Civil Procedure … the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation."

*Id.* at 511. Here, the Court recognized in adjudicating Plaintiffs' emergency motion for TRO, that Plaintiffs' claims were meritless and properly concluded: "this lawsuit seems to be less about achieving the relief Plaintiffs seek—as much of that relief is beyond the power of this Court— and more about the impact of their allegations on People's faith in the democratic process and their trust in our government." (Opinion and Order, ECF No. 62, PageID. 3329-3330).

Accordingly, for the foregoing reasons, the Court shall impose sanctions under the Court's inherent authority against Plaintiffs and Plaintiffs' counsel.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Intervening Defendant Davis prays that this Honorable Court GRANT his motion for sanctions against Plaintiffs and Plaintiffs' counsel pursuant to 28 U.S.C. §1927 and under the Court's inherent authority.

**Dated: December 22, 2020**     Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 22nd day of December, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: December 22, 2020          Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com