STATE OF MICHIGAN

IN THE THIRD JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE

Cheryl A. Costantino and
Edward P. McCall, Jr.
        Plaintiffs,

Hon. Timothy M. Kenny
Case No. 20-014780-AW

City of Detroit; Detroit Election
Commission; Janice M. Winfrey,
in her official capacity as the
Clerk of the City of Detroit and
the Chairperson and the Detroit
Election Commission; Cathy Garrett,
In her official capacity as the Clerk of
Wayne County; and the Wayne County
Board of Canvassers,
        Defendants.

_____/

## OPINION & ORDER

At a session of this Court
Held on: December 8, 2020
In the Coleman A. Young Municipal Center
County of Wayne, Detroit, MI

PRESENT: Honorable Timothy M. Kenny
Chief Judge
Third Judicial Circuit Court of Michigan

Plaintiffs Cheryl A. Costantino and Edward P. McCall, Jr. initially sought injunctive relief from this Court requesting an "independent, non-partisan audit" before Wayne County Board of Canvassers certified the November 3, 2020 general election. On November 13, 2020, this Court denied Plaintiffs' motion for the requested injunctive relief.

1

After the entry of this court's order, the Wayne County Board of Canvassers certified the Wayne votes on November 17, 2020. The Board of State Canvassers certified the vote on November 23, 2020. Pursuant to MCL 168.845, the Board of State Canvassers delivered the statement and certificate of vote totaled determinations to the Michigan Secretary of State. On November 23, 2020 pursuant to MCL 168.46, Governor Whitmer filed the certificate of the names and addresses of the electors of this state chosen as electors of President and Vice President of the United States.

Plaintiffs renewed their motion for a results audit of Wayne County election results pursuant to Michigan Constitution Article 2, Section 4 (1)(h). Rather than the original request for an "independent, nonpartisan" audit, they now seek to have the audit conducted by the Wayne County Clerk. Plaintiffs' request that the Clerk complete the audit before December 14, 2020, the date Michigan Electors are scheduled to vote in the Electoral College.

The Defendant Wayne County Clerk claims Plaintiffs' motion should be denied, because the Michigan Secretary of State, rather than the County Clerk, is statutorily responsible for conducting the audit. The County Clerk also contends that the Secretary of State has already committed to conducting an audit of the Wayne County election results and has not been joined as a party defendant to this motion.

The remaining defendants are not part of the Plaintiffs' relief request. Defendants City of Detroit and Detroit Election Commission seek sanctions against Plaintiffs, claiming the present motion is frivolous.

Michigan Constitution Article 2, Section 4 (1)(h), indicates that a citizen has "the right to have the results of statewide elections audited in such a manner as prescribed by law to ensure the accuracy and the integrity of elections." This constitutional language was

2

part of an amendment to the 1963 Michigan Constitution. The amendment was passed in the November 2018 general election.

In December 2018, the Michigan Legislature passed an amendment to MCL 168.31a that was given immediate effect. The amendment provided direction to the Michigan Secretary of State regarding its responsibilities for carrying out election audits as required under the amended Michigan Constitution Article 2, Section 4.

The 2018 amendment to MCL 168.31a (1) retained earlier language that the Secretary of State may audit election precincts. It also sets forth the Secretary of State's audit training and supervisory responsibilities for statewide election audits. MCL 168.31a (2).

This Court believes that Michigan Constitution Article 2, Section 4 (1)(h) and MCL 168.31a must be read together. When done so, the Court finds that MCL 168.31a tracks the requirements of Michigan Constitution Article 2, Section 4 (1)(h). In the present case, when Plaintiffs' exercise their right under Article 2, Section 4, an audit is required to be conducted. MCL 168.31a prescribes the procedure and format for such an audit. However, MCL 168.31a also provides the Secretary of State with the discretion to audit election precincts in statewide elections if no elector of the state exercises the constitutional right to have an audit.

Plaintiffs have the right, pursuant to the Michigan Constitution to have an audit of the November 3, 2020 general election. In light of Plaintiffs' motion, the Court must determine whether the Wayne County Clerk will conduct the audit, when will it be conducted, and what type and scope of audit will occur.

As stated earlier, Michigan Constitution Article 2, Section 4 indicates that Michigan citizens have "the right to have the results of statewide elections audited in such a

3

manner as prescribed by law to ensure the accuracy and integrity of elections." The Michigan Legislature supplied the required "as prescribed by law" in December 2018 by giving immediate effect to the amendment to MCL 168.31a. The statute MCL 168.31a (1) authorizes the Secretary of State to audit the election precincts. MCL 168.31a (2) authorizes the Secretary of State to prescribe the procedure for the election audits and the training and certifying of county clerks and their staffs for conducting the election audits, randomly selected by the Secretary of State in their counties. This section also directs the Secretary of State to supervise each county clerk in the performance of the election audits that are conducted. A review of MCL 168.31a does not authorize county clerks to conduct the election audit independently. This Court failed to find any legal authority permitting the Court to approve Plaintiffs' motion for the Wayne County Clerk to implement an audit of the Wayne County election results.

A reading of MCL 168.31a is silent on the issue of when the audit of a statewide election is to occur. Some guidance, however, can be gleaned from MCL 168.847 which indicates the Secretary of State may authorize the release of all ballots, ballot boxes, voting machines and equipment after 30 days following certification of an election by the Board of State Canvassers. Comparing these statutes, the Court fails to find guidance on the timing of any constitutional or statutory audit performed by the Secretary of State under these authorities. The Michigan Legislature has given the Secretary of State the responsibility for carrying out statewide audits, leaving the details to the Secretary's discretion. This Court could not find any statutory mandate for the commencement date of the audit.

MCL 168.31a (2) also guides the type and scope of the statewide election audit the Secretary of State will conduct. The statute indicates that there is to be an audit of a

4

random sample of precincts throughout the county. *Id.* Each audited precinct shall include a results audit of a statewide race or ballot question. *Id.* The audit does not constitute a recount of the vote. *Id.* When considering Plaintiffs' motion for an audit, the Court considered the information provided by all parties. The Court notes the December 2, 2020 press release by the Michigan Bureau of Elections that indicates the Secretary of State will conduct a risk-limiting audit. The Secretary describes the scheduled audit as "the gold standard in validating election results." Plaintiffs do not contest that the Secretary of State has exercised her discretion to conduct the audit as provided by MCL 168.31a (1).

In reviewing the present motion, the Court finds that Plaintiffs' request for the audit of the November 3, 2020 general election should properly be directed to the Michigan Secretary of State. MCL 168.31a. This Court finds no legal authority that permits the Wayne County Clerk to conduct an audit of Wayne County election results or that separates the audit from the oversight of the Secretary of State. In light of the statutory authority establishing the procedure to implement the constitutional right to an election audit, it appears to this Court that Plaintiffs' motion should be filed before the Court of Claims pursuant to MCL 600.6419 requesting mandamus relief.

In conclusion, the Court recognizes Plaintiffs' constitutional right to an audit. This Court concludes that the Michigan Secretary of State is the one to carry out that audit pursuant to MCL 168.31a. Since the Secretary of State has made a public commitment to do an audit of the Wayne County vote, Plaintiffs' motion for the audit is premature. If the Secretary of State were not to comply with the audit right asserted by Plaintiffs, they could file a mandamus petition with the Michigan Court of Claims.

For the reasons stated above, the Plaintiffs' motion for the Wayne County Clerk to complete an audit before December 14, 2020 is DENIED.

As this is an issue of first impression on a public question, no costs or attorney fees are assessed against Plaintiff.

December 8, 2020

Hon. Timothy M. Kenny
Chief Judge
Third Judicial Circuit Court of Michigan