# EXHIBIT 3

# Court of Appeals, State of Michigan

# ORDER

| | |
|---|---|
| Donald J Trump for President Inc v Secretary of State | Stephen L. Borrello<br>Presiding Judge |
| Docket Nos.   355378; 355397 | Patrick M. Meter |
| LC No.   2020-000225-MZ | Amy Ronayne Krause<br>Judges |

The motions for immediate consideration are GRANTED.

The motion to intervene filed by the City of Detroit is DENIED, without prejudice to refiling the motion in the proceedings below should the City of Detroit still deem intervention necessary.

The Democratic National Committee's motion for leave to file amicus brief in Docket No. 355378 is GRANTED, and the brief received on December 3, 2020 is accepted for filing.

The applications for leave to appeal are DENIED. However, the Democratic National Committee shall retain its status as amicus curiae in the Court of Claims.

We respond to our dissenting colleague because his assertions are not supported by law or by fact. As the defendant correctly points out, Michigan's election results have been certified. Once the election results have been certified, "[a] candidate for office who believes he or she is aggrieved on account of fraud or mistake in the canvass or returns of the votes by the election inspectors may petition for a recount of the votes cast for that office in any precinct or precincts as provided by in this chapter." MCL 168.862; see also MCL 168.847, MCL 168.867; MCL 168.879. Recounts are remedial in nature. *Attorney General v Board of State Canvassers*, 318 Mich App 242, 252; 896 NW2d 485 (2016), lv den 500 Mich 917 (2016). " 'The purpose of a recount is to determine whether the results of the first count of the ballots should stand or should be changed because of fraud or mistake in the canvass of the votes . . . ' " *Id*., quoting *Michigan Education Ass'n Political Action Committee v Secretary of State*, 241 Mich App 432, 440; 616 NW2d 234 (2000), lv den 463 Mich 997 (2001).

Here, plaintiff filed its purportedly emergent application on November 6, 2020, but did not perfect the filing until 11:21 p.m. on November 30, 2020, when it filed its brief in support. The Wayne County Board of Canvassers certified the results of the November 3rd election on November 17, 2020, almost a full two weeks before plaintiff perfected the instant application. The Michigan Board of State Canvassers certified the presidential election results on November 23, 2020, a full week before plaintiff perfected its application.[1] Plaintiff does not address whether the certification of the election

---

[1] The Secretary of State represents that the Governor has sent Michigan's official slate of presidential electors to the United States Secretary of the Senate.

result by the Board of State Canvassers had any impact on the viability of its suit below or on the viability of the instant application.

Perhaps the reason for plaintiff failing to discuss the impact of the certification is because such action by the Michigan State Board of Canvassers clearly rendered plaintiff's claims for relief moot. The Michigan State Board of Canvassers' certification of the presidential election results and the legislative directive found in MCL 168.862, requires plaintiff to pursue its fraud allegations by way of a recount of the ballots cast in Wayne County. Because plaintiff failed to follow the clear law in Michigan relative to such matters, their action is moot. MCL 168.862.

_____
Presiding Judge

Meter, J., would grant leave to appeal in each case, with the direction that the Clerk draw a random 3 judge panel to decide the cases within 3 days of filing of these orders, without oral argument.

The issue of mootness is more than the "elephant in the room". The issues are not moot because state electors have not yet been seated, the Electoral College has not yet been assembled, and Congress has not yet convened to consider whether to exercise its powers under Art.2, Sec. 1 and Am 20.

Further plaintiff's prayer for segregation of absentee ballots has, on information, not yet been ordered by defendant Secretary of State. Also, the right of plaintiff to election inspectors and to observe video of ballot drop boxes is self-evident under state law, thus entitling plaintiff to, at the least, declaratory relief.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

December 4, 2020
Date

_____
Chief Clerk