# EXHIBIT 21

MEMBERS
**LOUANN VAN DER WIELE**
*CHAIRPERSON*
**REV. MICHAEL MURRAY**
*VICE-CHAIRPERSON*
**DULCE M. FULLER**
*SECRETARY*
**JAMES A. FINK**
**JOHN W. INHULSEN**
**JONATHAN E. LAUDERBACH**
**BARBARA WILLIAMS FORNEY**
**KAREN D. O'DONOGHUE**
**MICHAEL B. RIZIK, JR.**

# STATE OF MICHIGAN
# ATTORNEY DISCIPLINE BOARD

**MARK A. ARMITAGE**
*EXECUTIVE DIRECTOR*
—
**WENDY A. NEELEY**
*DEPUTY DIRECTOR*
—
**KAREN M. DALEY**
*ASSOCIATE COUNSEL*
—
**SHERRY L. MIFSUD**
*OFFICE ADMINISTRATOR*
—
**ALLYSON M. PLOURDE**
*CASE MANAGER*
—
**OWEN R. MONTGOMERY**
*CASE MANAGER*
—
**JULIE M. LOISELLE**
*RECEPTIONIST/SECRETARY*
—

www.adbmich.org

**211 WEST FORT STREET, SUITE 1410
DETROIT, MICHIGAN 48226-3236
PHONE: 313-963-5553 I FAX: 313-963-5571**

## NOTICE OF SUSPENSION
## (By Consent)

Case Nos. 16-127-JC; 16-128-GA

### Notice Issued: December 8, 2016

Gregory J. Rohl, P 39185, Novi, Michigan, by the Attorney Discipline Board Tri-County Hearing Panel #63.

Suspension - 30 Days, Effective December 1, 2016

The respondent and the Grievance Administrator filed a stipulation for a consent order of discipline, in accordance with MCR 9.115(F)(5), which was approved by the Attorney Grievance Commission and accepted by the hearing panel. The stipulation contained respondent's admissions that he was convicted of disorderly conduct, in violation of MCL 750.1671F, and telecommunications service - malicious use, in violation of MCL 750.540E, in *People of the State of Michigan v Gregory Joseph Rohl*, Wayne County Circuit Court Case No. 11-853-01-FH; and admissions to the allegations that he committed professional misconduct when he failed to make reasonable efforts to ensure that his firm had in effect measures giving reasonable assurance that his non-lawyer assistants' conduct was compatible with his professional obligations and failed to make reasonable efforts to ensure that his non-lawyer assistants' conduct was compatible with his professional obligations.

Based on the parties' stipulation, respondent's convictions, and his admissions in the stipulation, the panel found that respondent engaged in conduct that violated the criminal laws of the State of Michigan, in violation of MCR 9.104(5). Respondent was also found to have violated MRPC 5.3(a) and(b).

In accordance with the stipulation of the parties, the hearing panel ordered that respondent's license to practice law in Michigan be suspended for 30 days. Costs were assessed in the amount of $1,588.52.

Mark A. Armitage