UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KING, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, <br> *Defendants*, <br><br> and <br><br> ROBERT DAVIS, *et al.*, <br> *Intervenor Defendant*. | Case No. 20-cv-13134 <br> Hon. Linda V. Parker |

## MOTION FOR VOLUNTARY DISMISSAL AS TO INTERVENOR-DEFENDANT DAVIS PUSUANT TO FEDERAL RULE OF CIVIL <u>PROCEDURE 41(a)(2)</u>

Stefanie Lambert Junttila (P71303)
Attorney for Plaintiffs
500 Griswold Street, Suite 2340
Detroit, MI 48226
(313) 963-4740
attorneystefanielambert@gmail.com

Andrew A. Paterson, Jr. (P18690)
Attorney for Intervenor Davis
2893 East Eisenhower Parkway
Ann Arbor, Michigan 48108
248.568.9712
Aap43@outlook.com

## **MOTION FOR VOLUNTARY DISMISSAL**

Plaintiffs Timothy King, Marian Ellen Sheridan, John Earl Haggard, Charles James Ritchard, James David Hooper, and Daren Wade Rubingh hereby move this Honorable Court to enter an order dismissing this action as to Intervenor-Defendant Robert Davis pursuant to Federal Rule of Civil Procedure 41(a)(2).

Plaintiffs have already filed notices of dismissal as to the remaining Defendants and Intervenor-Defendants (ECF Nos. 86 through 91); Davis is the last remaining Defendant against whom this action remains pending. Davis filed an Answer to the Amended Complaint, making voluntary dismissal as to him appropriately initiated by motion. Fed. R. Civ. P. 41(a)(2). Plaintiffs sought concurrence pursuant to LR 7.1 on January 15, 2020. (Exhibit 1).

For the reasons more fully set forth in the attached Brief in Support, Plaintiffs ask that this Court permit voluntary dismissal of this action as against Davis.

Respectfully submitted,

_/s/_ Stefanie Lynn Junttila
Stefanie Lynn Junttila (P71303)
Law Office of Stefanie L. Lambert PLLC
500 Griswold Street, Ste 2340
Detroit, MI 48301
248-270-6689
Email: attorneystefanielambert@gmail.com

# MEMORANDUM IN SUPPORT OF MOTION
# FOR VOLUNTARY DISMISSAL AS TO
# INTERVENOR DEFENDANT DAVIS PURSUANT TO
# FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

On January 6, 2021, the United States Congress certified the votes from the Biden slate of Michigan electors.[1] This matter sought to block the Biden electors from being certified. Consequently, this matter is now moot. Plaintiffs therefore move to dismiss this matter, without prejudice, as to Defendant Davis, pursuant to Federal Rule of Civil Procedure 41(a)(2).[2]

## BACKGROUND

Plaintiffs Timothy King, Marian Ellen Sheridan and John Earl Haggard were nominees of the Republican Party to serve as Presidential Electors on behalf of the State of Michigan. Charles James Ritchard, James David Hooper, and Daren Wade Rubingh are Michigan Republican party officials. They filed this lawsuit on November 25, 2020, in an effort to prevent Defendant Governor Gretchen Whitmer from certifying the electors pledged to Joseph Biden, Jr. due to the large-scale fraud in the November 3, 2020 election. *See* ECF No. 1, p. 73; ECF No. 6, p. 84.

---

[1] It did so over the objections of more than a hundred members of Congress who claimed that the election results in several states, including Michigan, were tainted with fraud and thereby invalid.

[2] Plaintiffs have filed a Notice of Dismissal as to the other defendants and intervenors, pursuant to Fed. R. Civ. P. 41(a)(i). Defendant Intervenor Davis filed an Answer to the Amended Complaint, so the dismissal as to him is brought by motion rather than notice.

The Electoral College voted on December 14, 2020, and those votes were thereafter transmitted to the United States Congress. On January 6, 2021, Congress chose to accept these electoral votes and certified the election for Joe Biden.

## LAW AND ARGUMENT

After an answer or summary judgment motion has been filed, an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The purpose of the rule is to protect the nonmovement from unfair treatment. *Id.* When brought at the early stage of the litigation, courts favor the motion. 9 Fed. Prac. & Proc. Civ. § 2364 Voluntary Dismissal— Discretion of the Court, (4th ed.).

Here, although he filed an answer, Intervenor Davis will suffer no prejudice; he was not even sued by the Plaintiffs. He chose to involve himself in the litigation as an intervenor and can now hardly object that Plaintiffs wish to dismiss it, especially when the case is in its early stages and before discovery has even commenced. To the extent he objects to the dismissal, it shows only that he wishes to extend and complicate the litigation, which is unfortunate but not surprising due his and his counsel's "prolific history litigating cases in Michigan state courts and

federal courts. Their filings could be defined, in many instances, as repetitive, vexatious, and frivolous." *Davis v. Johnson*, 664 F. App'x 446, 450 (6th Cir. 2016).

Congress has accepted the votes of the Michigan Presidential Electors—albeit, we submit, wrongly —transmitted by Governor Whitmer. There is no further relief that this Court can provide to these Plaintiffs under the Amended Complaint; the damage is done. The motion for voluntary dismissal should be granted, without prejudice.

        Respectfully submitted,

        _/s/_ Stefanie Lynn Junttila_____
        Stefanie Lynn Junttila (P71303)
        Law Office of Stefanie L. Lambert PLLC
        500 Griswold Street, Ste 2340
        Detroit, MI 48301
        248-270-6689
        Email: attorneystefanielambert@gmail.com

        Gregory J. Rohl (P39185)
        The Law Offices of Gregory J. Rohl, P.C.
        41850 W. 11 Mile Road
        Suite 110
        Novi, MI 48375
        248-380-9404
        Fax: 248-380-5362
        Email: gregoryrohl@yahoo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2021, a true and genuine copy of the foregoing was served via electronic mail by the Court's CM/ECF system to all counsel of record.

  /s/_Stefanie Lynn Junttila_____
Stefanie Lynn Junttila (P71303)
Law Office of Stefanie L. Lambert PLLC
500 Griswold Street, Ste 2340
Detroit, MI 48301
248-270-6689
Email: attorneystefanielambert@gmail.com

 Gmail

Stefanie Lambert <attorneystefanielambert@gmail.com>

# Whitmer v. King

**Stefanie Lambert** <attorneystefanielambert@gmail.com>  Fri, Jan 15, 2021 at 1:18 PM
To: Drew Paterson <aap43@outlook.com>
Bcc: Howard Kleinhendler <howard@kleinhendler.com>, Jesse Binnall <jbinnall@harveybinnall.com>

Dear Counsel,

As you may know, yesterday we filed a notice of dismissal as to the other parties in this case. As your client filed an answer, we will need to file a motion for voluntary dismissal pursuant to FRCP 41. Do you consent to such a motion?

Sincerely,

Stefanie Lambert Junttila

On Fri, Jan 15, 2021 at 1:45 PM Drew Paterson <aap43@outlook.com> wrote:

Counsel,

I will need time to confer with my client, but I know that an award of attorney fees and costs would have to be considered in order for my client to consent to your motion. As you are aware, the Court rule allows the district judge to award attorney fees and costs in consideration of a motion to voluntarily dismiss a case. Would you be inclined to agree to pay my client's attorney's fees and costs? Please advise. Also, later today, I will be sending you the proposed counterclaim for you to review and consider.

Drew Paterson
(248) 568-9712
aap43@outlook.com

---

**From:** Stefanie Lambert <attorneystefanielambert@gmail.com>
**Sent:** Friday, January 15, 2021 1:18 PM
**To:** Drew Paterson <aap43@outlook.com>
**Subject:** Whitmer v. King

Dear Counsel,

As you may know, yesterday we filed a notice of dismissal as to the other parties in this case. As your client filed an answer, we will need to file a motion for voluntary dismissal pursuant to FRCP 41. Do you consent to such a motion?

Sincerely,

Stefanie Lambert Junttila

 Stefanie Lambert <attorneystefanielambert@gmail.com>

## Whitmer v. King

**Stefanie Lambert** <attorneystefanielambert@gmail.com>  Fri, Jan 15, 2021 at 1:53 PM
To: Drew Paterson <aap43@outlook.com>
Bcc: Jesse Binnall <jbinnall@harveybinnall.com>, Howard Kleinhendler <howard@kleinhendler.com>

Counsel,

We do not agree to pay attorney fees and costs.

Sincerely,

Stefanie
[Quoted text hidden]

 Gmail

## Whitmer v. King

Drew Paterson <aap43@outlook.com>  Fri, Jan 15, 2021 at 2:44 PM
To: Stefanie Lambert <attorneystefanielambert@gmail.com>

Counsel,

In addition to the payment of attorney's fees and costs, the dismissal would have to be "with" prejudice.

Drew Paterson
(248) 568-9712
aap43@outlook.com

---

**From:** Drew Paterson <aap43@outlook.com>
**Sent:** Friday, January 15, 2021 1:57 PM
**To:** Stefanie Lambert <attorneystefanielambert@gmail.com>
**Subject:** Re: Whitmer v. King

Counsel,

Respectfully, my client will not consent to the voluntary dismissal of the case without the payment of attorney fees. Thus, we will leave it to the Judge to determine whether the payment of attorney fees will be part of the terms to allow for the voluntary dismissal of your complaint and whether she will allow the filing of the counterclaim against your clients.

Drew Paterson
(248) 568-9712
aap43@outlook.com

---

**From:** Stefanie Lambert <attorneystefanielambert@gmail.com>
**Sent:** Friday, January 15, 2021 1:53 PM
**To:** Drew Paterson <aap43@outlook.com>
**Subject:** Re: Whitmer v. King

Counsel,

We do not agree to pay attorney fees and costs.

Sincerely,

Stefanie