UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ANDREW A. PATERSON, JR.

                                                  /

Administrative Order
No. 20-AD-053

The Magistrate Judge has referred Attorney Andrew A. Paterson, Jr. to the undersigned under L.Gen.R. 2.3(d) for consideration of possible discipline or disciplinary proceedings. The referral comes in a Report and Recommendation on a series of discovery and sanctions motions in *Blackwell v. Simon*, Case No. 1:18-cv-1261, ECF No. 234, at PageID.3027 (March 20, 2020). The District Judge assigned to the case rejected objections to the Report and Recommendation, and adopted it as her own. ECF No. 314 (May 20, 2020). Attorney Paterson is no longer counsel of record on the case, or on any other matter in this District.

The referral in the Report and Recommendation includes a detailed and carefully documented history of litigation conduct warranting sanctions in the *Blackwell* case itself. It also provides citation to and analysis of several other state and federal cases in which Attorney Paterson has incurred some form of sanction for, or other negative judicial commentary on, his performance as an attorney in the case. ECF No. 234, at PageID.3026-3029.[1] The common theme of all the referenced cases, including this one, is a pattern of activity involving vexatious and frivolous filings, outright misrepresentations of fact and other conduct far outside the normal bounds of zealous advocacy.

No Court or litigant is obligated to tolerate the kind of inappropriate litigation conduct detailed in these cases. But the Court is satisfied on the present record that the sanctions imposed

---

[1] A number of the other cases all appear to arise out of a contentious and long running dispute involving redevelopment of Centre Park Beer in Detroit. *See, e.g.*, *Lotus Indus. v. City of Detroit*, No. 17-13482, 2018 WL 4005608, at *1 (E.D. Mich. Aug. 22, 2018).

by each respective Court, including this one, in the cited cases fully vindicates the disciplinary interests at stake. In this case, for example, Attorney Paterson was removed as counsel in the case. He incurred monetary penalties. And at least some of the claims he asserted were dismissed as part of the overall sanction imposed. The other reported cases included similar targeted, but significant, sanctions tied to particular litigation conduct in the particular case at issue.

The case specific sanctions are, in the view of the undersigned, the best way of vindicating the disciplinary interests involved when the wrongful conduct involves the particulars of the individual case. The record of the case in this Court fully supports the sanctions recommended and imposed by the assigned Judicial Officers in the case. They vindicate the Court's interest in enforcing the rules and orders of the Court, and the standards of ethical conduct for an advocate. They also provide appropriate and balanced redress for the most directly affected litigants. True, they do not prevent Attorney Paterson from engaging in another unwarranted course of inappropriate behavior in some other case. However, there is nothing of record that suggests he misbehaves in every case, or even in most of his cases. And in the cases where he does, each tribunal has demonstrated its ability to respond with appropriate sanctions. Moreover, Attorney Paterson practices in an area fraught with potential for political conflict. *See, e.g.*, *Carmack v. City of Detroit*, No. 18-cv-11018, 2019 WL 4670363, at *9 (E.D. Mich. Sept. 25, 2019). This is no excuse for violating the rules that put the limits on the bounds of zealous advocacy. *Id.* But it does reinforce the undersigned's preference to address sanctions, when needed, in a case specific context rather than an ancillary administrative proceeding addressing possible suspension, disbarment, or other more generalized discipline.

The undersigned does not believe consideration of possible additional sanctions, such as suspension or disbarment from the bar of this Court, is warranted at this time. Attorney Paterson is not currently counsel of record on any matter in this District. If and when he appears on another matter, if he repeats his misbehavior, appropriate sanctions will no doubt be imposed within the

case. Another referral for more general discipline, including suspension or disbarment, may then be warranted. *See, e.g.*, *In re Moncier*, 550 F. Supp. 2d 768 (E.D. Tenn. 2008). But for now, the undersigned is satisfied that no additional discipline or disciplinary proceedings are necessary.

Dated: July 30, 2020

ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE