# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER and DAREN WADE RUBINGH, <br><br> Plaintiffs, <br><br> v. <br><br> GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, JOCELYN BENSON, in her official capacity as Michigan Secretary of State and the Michigan BOARD OF STATE CANVASSERS, <br><br> Defendants <br> and <br><br> CITY OF DETROIT, DEMOCRATIC NATIONAL COMMITTEE and MICHIGAN DEMOCRATIC PARTY, <br><br> Intervenor-Defendants. | No. 2:20-cv-13134 <br><br> Hon. Linda V. Parker |

**THE CITY OF DETROIT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS AND FOR AN AWARD OF SANCTIONS**

# INTRODUCTION

Plaintiffs' counsel unreasonably and vexatiously multiplied these proceedings while seeking to undermine democracy by advancing dangerous, baseless claims of election fraud. Now this Court is being asked to move on and to ignore the damage wreaked by their actions. The record is clear—these attorneys should be held accountable.

# ARGUMENT

### I. PLAINTIFFS' COUNSEL ABUSED THE JUDICIAL PROCESS AND SHOULD BE SANCTIONED UNDER SECTION 1927

Sanctions under 28 U.S.C. § 1927 are appropriate where "an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expenses to the opposing party." *Red Carpet Studios Div. oof Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (internal quotation marks and citation omitted). One stated purpose of § 1927 sanctions is to "punish aggressive tactics that far exceed zealous advocacy." *Id.* (citation omitted). This standard is satisfied where an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his [or her] actions will needlessly multiply proceedings." *Id.* (citation omitted). Such abuse occurs "when an attorney knows *or reasonably should know* that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous

1

claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986) (emphasis added).

The description of the purpose of § 1927 sanctions in *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269 (4th Cir. 2005) is particularly applicable to the instant matter:

> Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted. *Id.* at 1278.

(quotations and citations omitted; alteration in original). Each attorney advancing the claims in the case at bar acted recklessly and "with indifference to the law." There was no plausible basis for their claims, and "the entire course of the proceedings was unwarranted."

Plaintiffs' counsel knew (or reasonably should have known) that the claims here were legally and factually frivolous. The recycled claims and "evidence" pursued here have met unanimous judicial rejection. *See, e.g., Donald J. Trump for President, Inc., v. Jocelyn Benson*, Case No. 20-000225-MZ (Mich. Ct. Cl., Nov. 6, 2020) (ECF 73-2); *Costantino v Detroit*, No. 162245, 2020 WL 6882586 (Mich. Nov. 23, 2020) (Wayne County Circuit Court Chief Judge rejected the plaintiffs' request for injunctive relief;the plaintiffs appealed to the Michigan Court of Appeals and the Michigan Supreme Court, both of which granted immediate consideration

2

and denied the Applications); *Stoddard v. City Elect Comm of the City of Detroit*, Wayne County Circuit Court Case No. 20-014604-CZ (filed Nov 4, 2020) (ECF No. 73-3) (claims found not credible and not worthy of injunctive relief); *Johnson v. Sec'y of State*, No. 162286, 2020 WL 7251084 (Mich. Sup. Ct. December 9, 2020) (Michigan Supreme Court rejected the petition for extraordinary writs). It was objectively clear that these claims would be barred by standing, laches, mootness and abstention doctrines. Moreover, even if these thresholds could have been met, the case presented *no* legitimate evidence of election fraud. Plaintiffs were unable to offer evidence that a single vote was manipulated. The unsupported claims of fellow conspiracy theorists and poorly presented "expert" reports did not come close. Few cases more clearly deserve sanctions under § 1927.

### A. The Request for Sanctions is Procedurally Proper

Plaintiffs argue that this request for sanctions is procedurally improper because it was combined with the City of Detroit's Motion to Dismiss. However, in citing to Rule 11(c)(2), Plaintiffs appear to conflate the procedural requirements under § 1927 with the enumerated procedures under Rule 11. Indeed, the Sixth Circuit has found that there is no need for a separate motion when requesting § 1927 sanctions. *See Meathe v. Ret,* 547 F. App'x 683, 690 (6th Cir. 2013). The Sixth Circuit in *Meathe* found it a reversible error to leave the issue of § 1927 sanctions unaddressed where the district court had questioned the merits of the plaintiff's

3

claims and the issue of § 1927 sanctions was raised by defendant in a brief opposing the plaintiff's motion for leave to amend the complaint. *Id.*

### B. Plaintiffs' Counsel Multiplied Proceedings

Plaintiffs' counsel argues that sanctions under § 1927 are inappropriate because they did not "multiply" the proceedings by "commencing" the present action. *See* Plaintiffs' Opposition, ECF No. 85, PageID.3893. Plaintiffs' counsel claims their conduct "consists only of filing initial pleadings, responses to defendant and intervenor motions, and non- substantive motions." *Id.* This is simply wrong. Plaintiffs filed the following:

Complaint, ECF 1;

First Amended Complaint, ECF 6;

Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief ("TRO Motion"), ECF 7;

Motion to File Affidavits Under Seal, ECF 8;

Motion for Extension of Time, ECF 44;

Response to Responses in Opposition to Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief, ECF 49;

Reply to Responses in Opposition to Motion for Seal and Memorandum in Support Thereof, ECF 50;
Submission of Supplemental Authority to Responses in Opposition to Motion for Declaratory, Emergency, and Permanent Injunctive Relief, ECF 57;

Responses to Intervenors' Submission of Supplemental Authority, ECF 60;

Notice of Appeal to the Federal Circuit, ECF 64;

> Petition for Writ of Certiorari in the Supreme Court of the United States, Docket No. 20-815; and
>
> Motion for Extension of time to Respond to Defendants' and Intervenors' Motions to Dismiss and for Sanctions, ECF 82.

Plaintiffs' filings far surpassed the "commencement" of the proceeding and required substantial responses by the City of Detroit and other Defendants. Even as this Reply Brief is being prepared, undersigned counsel has yet to receive any notice that the Petition for Writ of Certiorari has been withdrawn, and, as recently as February 3rd, the Supreme Court of the United States issued a notice that the Petition was being "Distributed for Conference of 2/19/2021."

Plaintiffs rely on *Beverly v Shermetta Legal Group*, Case No. 2:19-CV-11473, WL 2556674 (E.D. Mich. May 20, 2020) for the proposition that "an attorney's act in initiating an action, regardless of merit" is not sanctionable under § 1927. In fact, in *Beverly,* Judge Terrence Berg was clear that the same principle does *not* apply to an Amended Complaint. Instead, the Court found that the amended complaint raised a new issue, which, while "weak and ill-considered," did not warrant an attorney fee award under § 1927. Judge Berg then delivered this admonition:

> [T]he question is a close one and Plaintiff's counsel should take heed of the swish of a passing arrow that narrowly missed his purse. In a word, watch it: the next motion like this, if there ever is one after similar conduct, may find its target.

5

Simply "initiating an action" may not be enough to warrant sanctions, but the many steps taken here to advance these patently unsupportable claims far exceed the threshold set by § 1927.

The Sixth Circuit has held that it is *pursuing* frivolous claims that warrants sanctions under § 1927. *See, e.g., Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (sanctions under § 1927 are appropriate when an attorney "knows or reasonably should know that a claim *pursued* is frivolous") (emphasis added). Here, Plaintiffs' counsel were "on notice of the frivolous nature of [the] filings from their inception," *Stalley ex rel. U.S. v. Mountain States Health All.*, 644 F.3d 349, 351 (6th Cir. 2011), and, rather than dismiss the complaint, they pursued those frivolous claims until the day they would have had to defend them on the merits.

### C. Plaintiffs' Counsel Acted Unreasonably and Vexatiously in Multiplying the Proceedings

Apparently attempting to rely on guidance from *Ruben v. Warren City Sch.*, 825 F.2d 977, 984, 990 (6th Cir. 1987), Plaintiffs claim no "discrete acts of claimed misconduct" were identified. *See* Plaintiffs' Opposition, ECF 85, PageID.3907. But, Plaintiffs misconstrue that case. There, the sanctioned party was a law professor with an ancillary role in the litigation. The Sixth Circuit found that the basis for sanctioning Ruben was not clearly delineated.

In the case at bar, there is no doubt about the conduct of these attorneys. Plaintiffs' counsel all participated in pursuing frivolous and dangerous claims. The

6

objective inadequacy of those claims is detailed in the Motion to Dismiss and in other pleadings filed in this case. *See e.g.* the City of Detroit's Motion for Sanctions, For Disciplinary Action, for Disbarment Referral and for Referral to State Bar Disciplinary Bodies, ECF No. 78; Defendants Whitmer and Benson's Concurrence in the City of Detroit's Motion for Sanctions, ECF No. 84; the City of Detroit's Reply in Support of its Motion for Sanctions, for Disciplinary Action, for Disbarment Referral and for Referral to State Bar Disciplinary Bodies, ECF No. 103; and Defendants Whitmer and Benson's Motion for Sanctions, ECF No. 105. The disturbing nature and damaging impact of counsel's misconduct has resulted in Governor Gretchen Whitmer, Attorney General Dana Nessel and Secretary of State Jocelyn Benson taking the unprecedented step of jointly asking the State Bar of Michigan to disbar Mr. Rohl, Mr. Hagerstrom and Ms. Junttila and asking the State Bar of Texas to disbar Ms. Powell. See Ex. 1, Press Release and Ex. 2, Secretary Benson's Sidney Powell Grievance Letter.

In their Opposition, Plaintiffs repeat claims that have been repeatedly debunked or rejected by other courts along with "expert" opinions that are facially incorrect (Opposition at pp. 11-12, ECF No. 85, PageID.3896-97):

- Russell Ramsland, Jr. claims that it is physically impossible for 385,000 votes to be "counted" in a particular time period, ignoring the widely-understood fact that vote totals are often accumulated for long periods of time before they are publicly released.

7

- Dr. William Briggs relies on an unscientific polling process to claim that "unreturned" ballots were actually returned, without considering the fact that some votes were inevitably delayed or lost in the mail.

- Dr. Eric Quinell finds it "anomalous" that "Biden gained nearly 100% and frequently more than 100% of all 'new' voters in certain townships/precincts over 2016," because he simply does not consider the possibility that any voters who voted for Donald Trump in 2016 voted for Biden in 2020.

- Dr. Stanley Young refers to nine "outlier" counties, singled out because of the large increase in the raw margin of victory for the Democratic candidate, but he never acknowledges that eight of those counties are among the nine largest counties in the State.

- Robert Wilgus finds "anomalies" because some absentee ballot applications were sent and returned on the same day, but he apparently does not know that it is not unusual for a voter in Michigan to fill out an absentee ballot application at the local clerk's office, hand it in, receive a ballot, complete that ballot and return it, all on the same day.

- Thomas Davis finds it statistically anomalous that a higher percentage of Democratic than Republican voters cast absentee ballots, without acknowledging that then-President Trump railed against absentee voting, while Democratic candidates encouraged their supporters to vote absentee.

It is troubling that these claims are repeated here, when the underlying fallacies and the misunderstandings of Michigan election law and procedures have been explained in prior briefs in this case. If Plaintiffs and their lawyers were somehow ignorant before this case was filed, simply reading the briefs filed in this case should have corrected that ignorance. But even now they repeat their canards.

8

### D. Plaintiffs' Conduct Caused the City of Detroit to Incur Legal Costs

Plaintiffs claim that costs incurred by the City were "voluntarily" assumed, because the City intervened in the suit. As the Court is well aware, the City of Detroit sought and obtained the right to intervene, not because the City wanted to litigate this case, but because almost all of the substantive allegations in the Complaint (and the Amended Complaint) related to activities controlled by Detroit's City Clerk and because the relief sought could have disenfranchised Detroit's citizens. The slightest due diligence would have informed Plaintiffs of the City Clerk's statutory role in managing the tabulation of ballots. Even if they did not choose to read the statute, they certainly were aware that the Michigan Court of Claims addressed that issue directly in a widely-disseminated ruling on November 6, 2020, weeks before the instant litigation was filed. *Donald J. Trump for President, Inc., v. Jocelyn Benson*, Case No. 20-000225-MZ (Mich. Ct. Cl., Nov. 6, 2020) (ECF 73-2) (finding "the day-to-day operation of an absent voter counting board is controlled by the pertinent city or township clerk" (citing MCL 168.764d). The City was not a "volunteer"; all of the fees and costs incurred were entirely caused by the baseless litigation filed and pursued by these attorneys.

### CONCLUSION

For the foregoing reasons, the City of Detroit respectfully requests that this Court enter an Order dismissing Plaintiffs' Complaint with prejudice and requiring

9

Plaintiffs and their counsel to pay all costs and fees incurred by all Defendants and Intervenor-Defendants.

February 4, 2021         Respectfully submitted,

**FINK BRESSACK**

By:   /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
*Attorneys for City of Detroit*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

**CITY OF DETROIT**
**LAW DEPARTMENT**
Lawrence T. Garcia (P54890)
James D. Noseda (P52563)
*Attorneys for City of Detroit*
2 Woodward Ave., 5th Floor
Detroit, MI 48226
Tel: (313) 237-5037
garcial@detroitmi.gov
nosej@detroitmi.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

        **FINK BRESSACK**

        By:   */s/* Nathan J. Fink
        Nathan J. Fink (P75185)
        38500 Woodward Ave., Ste. 350
        Bloomfield Hills, MI 48304
        Tel.: (248) 971-2500
        nfink@finkbressack.com