## AFFIDAVIT OF GREGORY J. ROHL

STATE OF MICHIGAN )
                               )ss.
COUNTY OF WAYNE )

NOW COMES the affiant, Gregory J. Rohl, first being duly sworn, deposes and states that if called upon to testify has personal knowledge and is competent to testify to the following facts:

1. That the day prior to the Thanksgiving holiday 2020, Rohl was home preparing Thanksgiving dinner as he was in quarantine having contracted the COVID virus some weeks earlier.

2. That on that date at approximately 6:30 PM, Rohl was contacted by an associate who asked Rohl if he would assist in litigation involving alleged election fraud in Michigan which was being spearheaded by Sidney Powell and Lin Wood.

3. That Rohl advised that he was not political and did not really care who won. The associate indicated that Rohl was in a position to help a team of attorneys who were prepared to advance this cause,and that the filing deadline was midnight.

4. That Rohl was thereafter forwarded a copy of the already prepared proposed Complaint with over 100 exhibits, the review of which took well over an hour; just prior to his review, Rohl had contacted his Legal Secretary, Amanda, to see whether she would be available to assist in the filing of the Complaint and exhibits on the Pacer network with the Federal Court.

5. That Rohl was advised by team members during a conference call prior to fling that the Plaintiffs were electors who felt duty-bound to raise the issue of possible election fraud in Michigan. There had also been prior bi-partisan voiced concern regarding the reliability

of Dominion ballot tabulators including Senators Warren and Klobuchar and that Texas had banned them.

6. That Rohl's review of the Complaint as well as the significant number of exhibits which were attached left him with the distinct impression that if true, there was some form of corruption of the electoral process in Michigan by either internal or external forces that should be reviewed by a Court of competent jurisdiction; Rohl further found the affidavits compelling and the Complaint sound. Consequently, Rohl agreed to be local counsel and advised his secretary to download, in conjunction with Counsel from New York, the already prepared Complaint and Exhibits which had been forwarded to him for filing with the Court which was finalized at approximately 11:56 pm. Rohl filed the Complaint as provided making no additions, deletions or corrections.

7. That in further discussion with the team, Rohl was to serve as a conduit for pleadings and essentially "hold the fort" until Sidney Powell's Pro Hac Vice application was accepted by the Court; Rohl provided his services on a pro bono basis.

8. That the following day, media attention was significant in pointing out various spelling errors and formatting issues which were corrected by a supplemental pleading.

9. That Rohl's limited involvement was seriously further undermined once Judge Parker saw fit to waive oral argument and otherwise not order any evidentiary hearings.

10. That once Judge Parker saw fit to dismiss the complaint, Rohl was advised his involvement was no longer necessary and that local counsel for appellate purposes would be brought in.

11. That Stephanie Lambert Junttila made contact with Rohl and advised that she was local counsel for purposes of the appeal and Rohl wished her good luck.

12. That at the time the Rule 11 Sanction Motion was filed, Rohl contacted New York counsel and was advised that an extension of time within which to file a response was being sought and that no other Court had prior entertained such a Motion on similar complaint filings across the Country.

13. That an extension, after some procedural difficulties, was secured. Thereafter Ms. Lambert Junttila surprisingly advised Rohl that she was not the one preparing the response to the Rule 11 Sanction Motion, and that it was being provided for review by Sidney Powell's team.

14. That Rohl was not afforded an opportunity to review and/or comment and/or be involved in either the preparation or the filing of the Motion Response filed on 1/19/21, which required supplements.

15. That at no time did Rohl attempt to delay, hinder or obstruct the process; Rohl's only goal was to secure Court review of the alleged election fraud issues raised in the Complaint.

Further affiant sayeth not.

Dated:

Gregory J. Rohl

Subscribed and sworn to before me this
__4th__ day of __February__, 2021

Notary Public, __Wayne, acting in__
__Oakland__ County, Michigan
My Commission Expires: __4-9-2024__