# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TIMOTHY KING,** *et.al.*,
    Plaintiffs**,**

Case No. 20-cv-13134
**Hon. Linda V. Parker**

v.

**GRETCHEN WHITMER,** in her official capacity as Governor of the State of Michigan, *et.al.,*
    Defendants,

and

**ROBERT DAVIS**,
    Intervenor Defendant.

_____/

| | |
|---|---|
| GREGORY J. ROHL (P39185)<br>The Law Offices of Gregory Rohl<br>41850 West 11 Mile Rd., Ste.110<br>Novi, MI 48375<br>(248) 380-9404<br>gregoryrohl@yahoo.com | HEATHER S. MEINGAST (P55439)<br>ERIC GRILL (P64713)<br>Assistant Attorneys General<br>Attorneys for Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-7659<br>meingasth@michigan.gov<br>grille@michigan.gov<br><br>ANDREW A. PATERSON (P18690)<br>Attorney for Proposed Intervening<br>Defendant Robert Davis<br>2893 E. Eisenhower Pkwy<br>Ann Arbor, MI 48108<br>(248) 568-9712<br>Aap43@outlook.com |

_____/

## INTERVENOR DEFENDANT ROBERT DAVIS' RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

**WITHOUT PREJUDICE WITH RESPECT TO INTERVENING DEFENDANT ROBERT DAVIS (ECF NO. 92).**

NOW COMES, INTERVENOR DEFENDANT ROBERT DAVIS (hereinafter "Intervenor Defendant Davis"), by and through his attorney, ANDREW A. PATERSON, and for his Response to Plaintiffs' Motion for Voluntary Dismissal Without Prejudice With Respect to Intervening Defendant Robert Davis (ECF No. 92), states the following:

## I. Introduction

On January 17, 2021, Plaintiffs' incorrectly filed their motion for voluntary dismissal with respect to Intervening Defendant Robert Davis as a notice of voluntary dismissal. (ECF No. 92). After refusing to strike the improperly filed notice of dismissal, on January 25, 2020, the Court entered an order requiring Intervening Defendant Davis to file a response to Plaintiffs' motion for voluntary dismissal (ECF No. 92) on or before February 5, 2021. (ECF No. 100). For the reasons stated below, Intervening Defendant Davis respectfully requests the Court to GRANT Plaintiffs' motion for voluntary only to the extent that said dismissal is contingent upon the Plaintiffs paying Intervening Defendant Davis' attorney's fees and costs.

## II. Law and Legal Analysis

### Plaintiffs' Voluntary Dismissal of this Action Shall Be Contingent Upon Plaintiffs Paying Intervening Defendant Davis' Attorney's Fees.

Rule 41(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to seek an order of the court or stipulation of the opposing party to voluntarily dismiss an action where, as is the case here, the opposing party has filed an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(2). The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit,* 491 F.2d 753, 757 (6th Cir. 1974)). However, Rule 41(a)(2) authorizes courts to impose "terms that the court considers proper" when granting a plaintiff's motion to voluntarily dismiss. Fed. R. Civ. P. 41(a)(2). Here, Intervening Defendant Davis opposes the Plaintiffs' motion (ECF No. 92), **only to the extent that Intervening Defendant Davis wants any dismissal conditioned on an award of costs and attorney's fees**.

Plaintiffs' motion for voluntary dismissal seeks a dismissal *without* prejudice[1]. (ECF No. 92, PageID. 4052). An award of attorney's fees under Rule 41(a)(2) is generally appropriate when a lawsuit is voluntarily dismissed without prejudice. *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985); see also *Spar Gas, Inc. v. AP Propane, Inc.*, No. 91-6040, 1992 WL 172129, at *2 (6th Cir. July 22, 1992) (quoting *Smoot v. Fox,* 353 F.2d 830, 933 (6th Cir. 1965) ("*Smoot II*") ("The rule in this circuit has long been that attorneys' fees are not awardable on a dismissal with prejudice, but are permitted against the dismissing party on a dismissal without prejudice . . ."). "The purpose of such awards is . . . to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito*, 764 F.2d at 133; see also *Smoot II*, 353 F.2d at 833.

---

[1] Counsel for Intervening Defendant Davis requested Plaintiffs' counsel to agree to the dismissal of tis action *with* prejudice, but Plaintiffs' counsel refused. Had Plaintiffs' counsel agreed to the dismissal of this action *with* prejudice, there would not have been a legal basis for objecting to the dismissal under additional conditions for "[i]t is an abuse of discretion for a [c]ourt to refuse to grant such a dismissal with prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 345 F. Supp. 2d 836, 841 (M.D. Tenn. 2004) (citing *Smoot v. Fox*, 340 F.2d 301, 302-03 (6th Cir. 1964)).

Among the factors considered in determining whether to award defense costs under Rule 41(a)(2) are:

> "(1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action."

*Seals v. Scutt,* No. 10-cv-15054, 2011 WL 1793331, at *2 (E.D. Mich. Apr. 20, 2011) (quoting *Yetman v. CSX Transp., Inc.,* No. 08-1130, 2009 WL 35351, at *3 (W.D. Mich. Jan.6, 2009) (citations omitted).

For the reasons set forth in the multiple motions for sanctions filed by the Defendants and Intervening Defendants, it is clearly evident that the Plaintiffs did not act in good faith when they filed the instant action. In fact, as the Court recognized in its thorough and well-written opinion: "this lawsuit seems to be less about achieving the relief Plaintiffs seek— as much of that relief is beyond the power of this Court— and more about the impact of their allegations on People's faith in the democratic process and their trust in our government." (Opinion and Order, ECF No. 62, PageID. 3329-3330). Intervening Defendant Davis also incurred substantial expenses in defending this litigation. Intervening Defendant Davis had to retain counsel to file a motion to intervene in order to protect

Intervening Defendant Davis' rights as a registered elector who lawfully cast his vote in the November 2020 general election, which resulted in Intervening Defendant Davis' counsel filing various motions and a response to Plaintiffs' frivolous motion for preliminary injunction.

With respect to the two remaining elements, Plaintiffs waited until their frivolous appeals were not granted expedited consideration by the United States Supreme Court to move to voluntarily dismiss this frivolous action and the work performed by Intervening Defendant Davis' counsel cannot be used in any subsequent litigation the Plaintiffs' may file because Plaintiffs' frivolous claims, which sought to void the results from the November 2020 presidential general election, are now moot.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Intervening Defendant Davis prays that this Honorable Court GRANT Plaintiffs' motion to voluntarily dismiss this action contingent and conditioned upon Plaintiffs paying Intervening Defendant Davis' attorney's fees and costs.

**Dated: February 5, 2021**           Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 5th day of February, 2021, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: February 5, 2021           Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Intervenor Defendant
Robert Davis
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

.