UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

TIMOTHY KING, et al,

          Plaintiffs,                Case No. 2:20-cv-13134-LVP-RSW

                                        Hon. Linda V. Parker

v.

GRETCHEN WHITMER, et al,        Mag. Judge R. Steven Whalen

          Defendants,

and

CITY OF DETROIT, DEMOCRATIC

NATIONAL COMMITTEE, and

MICHIGAN DEMOCRATIC PARTY,

and ROBERT DAVIS,

          Intervenor-Defendants.

---

**PLAINTIFFS' BRIEF IN OPPOSITION TO INTERVENOR ROBERT DAVIS'[S] EMERGENCY MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF MICHIGAN SENATE'S JUNE 23, 2021 REPORT ON THE NOVEMBER 2020 PRESIDENTIAL ELECTION [124]**

Plaintiffs Timothy King, Marian Ellen Sheridan, John Earl Haggard, Charles James Ritchard, James David Hooper, and Daren Wade Rubingh ("Plaintiffs") state as follows for their *Brief in Opposition to Intervenor Robert*

*Davis's Emergency Motion for the Court to Take Judicial Notice of Michigan's Senate June 23, 2021 Report on the November 2020 Presidential Election* [ECF NO. 124]:

1.      Intervenor Robert Davis asks the Court to "take judicial notice of the Michigan Senate Oversight Committee's June 23, 2021 55-page report." (*Intervenor Robert Davis's Emergency Motion for the Court to Take Judicial Notice of Michigan's Senate June 23, 2021 Report on the November 2020 Presidential Election,* ECF No. 124, PageID.5137). But "courts do not take judicial notice of documents, they take judicial notice of facts." *Abu-Joudeh v. Schneider,* 954 F.3d 842, 848 (6th Cir. 2020). The relief Davis requested is therefore contrary to governing law.

2.      The Court may take judicial notice of the fact that the Senate report exists. *See, e.g., Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008) (stating that, in the context of a Rule 12(b)(6) motion, a court "may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

3.      The *contents* of the report, however, are not subject to judicial notice under Fed. R. Evid. 201. *In re Omnicare, Inc. Sec. Litig.,* 769 F.3d 455,

2

467 (6th Cir. 2014) ("Importantly, Federal Rule of Evidence 201 allows a court to take notice of facts not subject to reasonable dispute. Under this standard, we could take notice only of the fact that Omnicare filed the Audit Committee Charter and what that filing said, but we could not consider the statements contained in the document for the truth of the matter asserted, even at the motion-to-dismiss stage."); *Levine v. Liveris,* 216 F. Supp. 3d 794, 805 (E.D. Mich. 2016) (quoting *Passa v. City of Columbus,* 123 Fed. Appx. 694, 697 (6th Cir. 2005)) ("...[T]aking judicial notice of documents has been limited to allow only 'the use of such documents . . . for the fact of the documents' existence, and not for the truth of the matters asserted therein.'").

4.      Indeed, the report's contents do not satisfy the requirements for judicial notice in Federal Rule of Evidence 201. That rule states that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The contents of the report are neither generally known within this Court's jurisdiction nor readily determined from unquestionable sources.

5.    The Senate committee's conclusions are not subject to the rigor that applies in a court of law. It does not apply gatekeeping standards when considering experts. *See* Fed. R. Evid. 702. It does not apply hearsay rules. *See* Fed. R. Evid. 802. And, most importantly, it does not create a public record of the evidence that supports its conclusions. As a result, the Senate report offers a series of conclusions with no way to evaluate their accuracy in a judicial proceeding. The Senate is not a court of law and has no reason to apply the rules that govern a judicial proceeding. Consequently, the report's contents are not suitable for judicial notice under FRE 201.

6.    If the Court takes judicial notice of the Senate report (and, as noted, it shouldn't), it should take judicial notice of the *whole* report. For example, it should take judicial notice of Senator Edward McBroom's conclusion that "[p]eople were understandably confused by new laws, practices, orders and determinations from the governor and secretary of state and it is right and proper for them to demand answers." (ECF No. 124-1, PageID.5145). It should take judicial notice of the Committee's conclusion that "[c]itizens across the state were left confused and frustrated by the arrival of applications for long deceased family members, those who have moved to other states, or persons never present at that address." (ECF No.

124-1, PageID.5151). It should take judicial notice that "there is significant evidence that the recruitment of Republican poll workers for Wayne County encountered significant obstacles," such as "volunteering but not hearing back from the county or being told there were already enough workers." (ECF No. 124-1, PageID.5153).

7.     The Committee's analysis of conditions during vote-counting at the TCF Center is especially telling.  It noted "misunderstandings and tensions . . ., as each partisan observed the other failing to comprehend their duties or felt their duty was specifically to confront the other side." (ECF No. 124-1, PageID.5154).  It found that "the environment at the TCF Center became intolerable and the reactions to it must be understood in this light." (ECF No. 124-1, PageID.5154). The Committee even cited "confusion, fear, misunderstanding, and even chaos … at the TCF Center to varying degrees on Nov. 3 and 4." (*Id.*)

8.     The Senate report confirms, therefore, that the plaintiffs raised their concerns about the election in good faith. Michigan has completed its review of the 2020 election and is moving on to consider steps to make future elections even more secure. Those are welcome developments. But they do

not mean that the plaintiffs' concerns were unfounded at the time plaintiffs raised them.

WHEREFORE, this Court should deny Davis's motion. If it takes judicial notice of the Senate report at all, that notice should be limited to the fact that the Senate report exists. And if the Court takes judicial notice of the report's contents, it should take judicial notice of the whole report—including the portions that explain why Plaintiffs' post-election concerns were well-founded.

Respectfully submitted,

By: */s/ Gregory J. Rohl*
Gregory J. Rohl (P39185)
41850 West 11 Mile Road, Suite 110
Novi, MI 48375
(248) 380-9404
Greg@rohllaw.com
Attorney for Plaintiffs Timothy King, Marian Ellen Sheridan, John Earl Haggard, Charles James Ritchard, James David Hooper, and Daren Wade Rubingh

Dated: July 6, 2021

## CERTIFICATE OF SERVICE

I certify that, on July 6, 2021, I electronically filed the above with the

Clerk of the Court using the ECF system, and that a copy was electronically

served on all parties via the ECF system.

By: */s/ Gregory J. Rohl*
Gregory J. Rohl (P39185)