IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KING, MARIAN SHERIDAN,
JOHN HAGGARD, CHARLES RITCHARD,
JAMES HOOPER, DAREN RUBINGH,

    Plaintiffs,
v.

GRETCHEN WHITMER, in her
official capacity as the Governor of the
State of Michigan, JOCELYN
BENSON, in her official capacity as
Michigan Secretary of State and the
Michigan BOARD OF STATE
CANVASSERS,

    Defendants,
and

CITY OF DETROIT, DEMOCRATIC
NATIONAL COMMITTEE and
MICHIGAN DEMOCRATIC PARTY,

    Intervenor-Defendants.

No. 2:20-cv-13134
Hon. Linda V. Parker
Mag. R. Steven Whalen

---

**EMERGENCY MOTION REQUESTING PUBLIC RELEASE OF RECORDING OF THE JULY 12, 2021, SANCTIONS HEARING**

  Counsel for Plaintiffs (identified in the signature block below) respectfully move this Court to release the video of the July 12, 2021 sanctions hearing for public viewing—including, if necessary, seeking

permission from the Judicial Conference of the United States to do so. In support of this motion, counsel relies on the attached brief.

Respectfully submitted,

COLLINS EINHORN FARREL PC

*/s/ Donald D. Campbell*
DONALD D. CAMPBELL (P43088)
Attorneys for Counsel for Plaintiffs:
Hagerstrom, Haller, Johnson,
Kleinhendler, Powell, Rohl, and Wood
4000 Town Center, 9th Fl.
Southfield, MI 48075
248.351.5426

Dated: July 14, 2021

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KING, MARIAN SHERIDAN,
JOHN HAGGARD, CHARLES RITCHARD,
JAMES HOOPER, DAREN RUBINGH,

        Plaintiffs,

v.

GRETCHEN WHITMER, in her
official capacity as the Governor of the
State of Michigan, JOCELYN
BENSON, in her official capacity as
Michigan Secretary of State and the
Michigan BOARD OF STATE
CANVASSERS,

        Defendants,

and

CITY OF DETROIT, DEMOCRATIC
NATIONAL COMMITTEE and
MICHIGAN DEMOCRATIC PARTY,

        Intervenor-Defendants.

No. 2:20-cv-13134
Hon. Linda V. Parker
Mag. R. Steven Whalen

---

**BRIEF IN SUPPORT OF EMERGENCY MOTION
REQUESTING PUBLIC RELEASE OF RECORDING
OF THE JULY 12, 2021, SANCTIONS HEARING**

## Concise Statement of Issue Presented

On July 12, 2021, this Court held a hearing that was broadcast publicly and commented on extensively in the media. The video is no longer available through the Court's website. Intervenors have made claims about the hearing that, in plaintiffs' view, are false. Should the Court release the video of the July 12, 2021 hearing to the public?

i

## Controlling/Appropriate Authority for Relief Sought

Local Rule 83.32(e)(4)

# Introduction

Counsel for Plaintiffs (identified in the signature block below) file this Motion Requesting Public Release of the Audio-Visual Recording of the July 12, 2021 Sanctions Hearing. In that hearing, Michigan state officials and the City of Detroit argued for the disbarment of and substantial financial penalties against multiple lawyers who have stellar records in the practice of law—some of whom have practiced law for decades. For the reasons set forth below, counsel request that the Court release the video of the July 12, 2021, hearing to the public and allow for public distribution.

# Argument

On June 8, 2021, this Court issued notice that the motions for sanctions [ECF Nos. 69, 78, 105] would be set for hearing ("Sanctions Hearing") on July 8, 2021. [ECF no. 147.] Subsequently, on June 17, 2021, the Court issued an order that "[e]ach attorney whose name appears on any of Plaintiffs' pleadings or briefs shall be present at the motion hearing." [ECF No. 123.] Media around the country picked up this story, including large internet news sites such as Yahoo, The Hill, and

1

MSN.[1] The Sanctions Hearing would later be reset to July 12, 2021, at 8:00 a.m. [ECF No. 145.]

The Sanctions Hearing took place as scheduled, spanning nearly six hours. Indicative of the public's interest, the Sanctions Hearing, at its peak, "attracted more than 13,000 people watching the live video" on YouTube as broadcasted by the Court.[2] The national media, from the Associated Press to CNN to the New York Times, ran stories on the hearing. Most outlets presented a narrative that counsel for plaintiffs believe to be incorrect. Those characterizations may change if the Court republishes the video and allows others to view it.[3] Very short clips of it have appeared in myriad places on Telegram, but the recording is no

---

[1] *See*, e.g., THE HILL, Sidney Powell summoned to Detroit for sanctions hearing, available at https://thehill.com/regulation/court-battles/559179-sidney-powell-summoned-to-detroit-for-sanctions-hearing.

[2] Ed White, AP NEWS, Trump lawyers might be penalized over Michigan election case, available at https://apnews.com/article/joe-biden-government-and-politics-elections-michigan-e45f806062edd8a7ba81cefd8f3f2638.

[3] *See* NEW YORK TIMES, A Michigan judge mulls sanctions for pro-Trump lawyers who argued to overturn the 2020 election, available at https://www.nytimes.com/live/2021/07/13/us/joe-biden-news#sidney-powell-michigan-judge-sanctions.

longer available on the Court's website.[4] Consequently, counsel is unable to refute what they believe to be public mischaracterizations.

The recording of judicial proceedings is generally prohibited by Local Rule 83.32(e)(2). But the Local Rules also allow for a district judge to permit the recording and broadcasting of court proceedings when authorized by the Judicial Conference of the United States. *See* Local Rule 83.32(e)(4). The Judicial Conference and the CARES Act authorized broadcasting this proceeding via YouTube.[5] That authority should extend to re-broadcasting—and, to the extent it doesn't, movants respectfully ask the Court to seek permission from the Judicial Conference to do so.

This country has a transparent legal system. "Throughout our history, the open courtroom has been a fundamental feature of the American judicial system." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983). This is a "common law public right of access." *In re Cendant Corp.*, 260 F.3d 183, 192 (3rd Cir. 2001). It includes a "presumptive right of the public to inspect and copy judicial

---

[4] Independent recording of the proceedings was "absolutely prohibited" by Court order and the Court's local rules. [ECF No. 147.]

[5] https://www.mied.uscourts.gov/index.cfm?pageFunction=RemoteAccessSummary.

3

documents and files." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Release of the video would enhance the transparency appropriate for a case of such public interest.

Moreover, the release of the video would allow the public to view the proceedings just as they were conducted. A cold transcript does not begin to tell the story. It is "not the equivalent of presence at a proceeding." *U.S. v. Simone*, 14 F.3d 833, 842 (3rd Cir. 1994). It does not convey demeanor, emotion, tone, or nonverbal expression. *See Snyder v. Louisiana*, 552 U.S. 472, 479 (2008) (noting that "the Louisiana Supreme Court was correct that nervousness cannot be shown from a cold transcript") (citations omitted). "It cannot reveal 'the look or manner of the witness: his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration.'" *Zhang v. USINS*, 386 F.3d 66, 73-74 (2nd Cir. 2004) (quoting Sir John Coleridge in *Regina v. Bertrand*, L.R. 1 P.C. 520, 535 (1867)). Instead, a transcript "contains only 'the dead body of the evidence, without its spirit.'" *Zhang*, 386 F.3d at 73 (quoting *id.*). There was a lot of "spirit" in the hearing in this court, which the public should be able to experience in its entirety—

4

enabling citizens to draw their own inferences from the presentations instead of depending on media presentations.

The substantial public concern in this litigation–and for this particular hearing–is material to the release the video because, as the Sixth Circuit has observed, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Furthermore, the relief requested by counsel is in accordance with the general principles established in the Sixth Circuit, where "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).

Court policies around the country support this requested right of full access. The Supreme Court promptly posts recordings of oral arguments before the Court—as do the federal courts of appeals.[6] Entire

---

[6] *See, e.g.*, Court Audio – Recent Hearings, United States Court of Appeals for the Sixth Circuit, available at: https://www.opn.ca6.uscourts.gov/internet/court_audio/aud1.php; *see also* Argument Audio, Supreme Court of the United States, available at: https://www.supremecourt.gov/oral_arguments/argument_audio/2018.

5

trials, including jury selection, are televised.[7] The Ninth Circuit even allows for video footage of cases to be available for later public viewing under the authority of the Judicial Conference of the United States.[8]

The City of Detroit's attorney has already appeared on Rachel Maddow's show to discuss the hearing from his perspective.[9] On a matter of this importance for the country, the Rule of Law, and the practice of law itself, the video of the proceedings already made should be available for the public for them to judge the arguments of counsel and the entire hearing itself.

The release of the video of the Sanctions Hearing would also serve the interests of justice. After the Sanctions Hearing, the Court issued its order allowing for "supplemental briefing by Mr. Campbell, Mr. Fink, Mr. Wood, and Ms. Junttila." [ECF No. 150.] These briefs are due by July 26,

---

[7] Stephen Battaglio, LOS ANGELES TIMES, Derek Chauvin trial brings Court TV to a new generation, available at: https://www.latimes.com/entertainment-arts/business/story/2021-04-01/derek-chauvin-trial-brings-court-tv-to-a-new-generation.

[8] 9th Circuit Oral Argument – State of Hawaii v. Trump (C-SPAN), available at: https://www.youtube.com/watch?v=o28mHStvWz8.

[9] MSNBC, Transcript: The Rachel Maddow Show, 7/12/21, available at: https://www.msnbc.com/transcripts/transcript-rachel-maddow-show-7-12-21-n1273800.

6

2021, and any responses to these supplemental briefs must be filed "within seven (7) days of the filing of any supplemental brief." *Id.* Although counsel for plaintiffs and their attorneys have obtained the official transcript, having access to the video would also help their preparation of supplemental briefs.

The Court, by authorizing the requested release, would benefit all parties by allowing them to ensure they can fully and accurately address the Court's concerns and the issues presented at the nearly six-hours long hearing.[10] The parties will be afforded insight into mannerisms and behavior that "might cast mere spoken words in a different light." *Jones v. Murphy*, 694 F.3d 225, 238 (2nd Cir. 2012).

---

[10] This case is also of concern to lawyers because it addresses the line between impermissible filings and zealous advocacy. It is the ethical obligation of lawyers to take up even unpopular causes, to seek truth and justice, and to zealously advocate for their clients. *See Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 281-82 (1985) (observing that a "lawyer who champions unpopular causes surely is as important to the 'maintenance or well-being of the Union as was the shrimp fisherman in Toomer or the pipeline worker in Hicklin") (internal citations omitted); *see* Michigan Rules of Professional Conduct 1.0 ("As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system."); *see also Saenz v. Kohl's Dep't Stores, Inc.*, 2020 FED App. 0618N, 2020 U.S. App. LEXIS 34753, *11, 15, 2020 WL 6393335 (6th Cir. 2020) (declining to impose sanctions where legal arguments "might conceivably be characterized as that of a reasonably zealous advocate").

7

This request is even more urgent, and access is even more important, now that counsel for intervenor defendant Robert Davis has filed a motion asking this Court enter "an order requiring Plaintiffs' attorney Lin Wood to show cause why he should not be held in criminal contempt for violating Local Rule 83.32(d)(3), (e)(2)" for sharing someone else's thoughts on the Sanctions Hearing that included a video snippet on his Telegram channel. [ECF No. 151.] That short video cut was made by someone else, appears on multiple Telegram channels, and is part of at least one editor-posted news article.[11]

Finally, no one has any valid basis to oppose such transparency of an important hearing that has already been held in public view.

---

[11] Zach Heilman, *Sidney Powell States her Election Fraud Case in Front of Judge, Takes Full Responsibility*, available at https://www.redvoicemedia.com/2021/07/sidney-powell-states-her-election-fraud-case-in-front-of-judge-takes-full-responsibility-video/. This video also directly refutes the claim of Mr. Fink, counsel for Detroit who argued the case for the government officials and the City of Detroit. Mr. Fink claimed to the audience of Rachel Maddow that "everybody's running from it." He told the national audience that the lawyers who drafted the pleadings would not take responsibility for them. He led the listeners to believe no one was taking responsibility for the filing. That is a falsehood which release of the video will immediately refute.

8

## Conclusion.

For these reasons, counsel for plaintiffs (as identified below) respectfully request that the Court enter an order authorizing the public release of the video of the July 12, 2021, Sanctions Hearing.

Respectfully submitted,

COLLINS EINHORN FARREL PC

*/s/ Donald D. Campbell*
DONALD D. CAMPBELL (P43088)
Attorneys for Counsel for Plaintiffs:
Hagerstrom, Haller, Johnson,
Kleinhendler, Powell, Rohl, and Wood
4000 Town Center, 9th Fl.
Southfield, MI 48075

Dated: July 14, 2021         248.351.5426

9

## Certificate of Service

I certify that, on July 14, 2021, I electronically filed an *EMERGENCY MOTION REQUESTING PUBLIC RELEASE OF RECORDING OF THE JULY 12, 2021, SANCTIONS HEARING* with the Clerk of the Court using the ECF system, and that a copy was electronically served on all counsel of record via the ECF system and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail.

*/s/ Donald D. Campbell*
DONALD D. CAMPBELL (P43088)
Attorneys for Hagerstrom, Haller,
Johnson, Kleinhendler, Powell, Rohl,
and Wood
