## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

TIMOTHY KING, et al.,

                   Plaintiffs,      Case No:  2: 20-cv-13134

-v-                                Honorable Linda V. Parker

GRETCHEN WHITMER, in her official
capacity as Governor of the State of Michigan,
et al.

                   Defendants,

and

CITY OF DETROIT, DEMOCRATIC
NATIONAL COMMITTEE and
MICHIGAN DEMOCRATIC PARTY, and ROBERT DAVIS,
                 Intervenor-Defendants.

---

## ATTORNEY L. LIN WOOD'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

### Proof of Service

**Paul Stablein (P42544)**
**Paul Stablein, PLLC**
**380 North Old Woodward Avenue**
**Suite 320**
**Birmingham, Michigan 48009**
**(248) 540-1600**
**PaulStablein@StableinLaw.com**
**Attorney for L. Lin Wood**

## <u>TABLE OF CONTENTS</u>

**INDEX OF AUTHORITIES** ................................................................................ iii

**ISSUES PRESENTED** ....................................................................................iv

**STATEMENT OF FACTS** ...............................................................................1

**ARGUMENT** .................................................................................................5

   *I.  Mr. Wood has never practiced in this court* ...................................5

  *II.  Mr. Wood did not broadcast a Judicial Proceeding*.....................9

**RELIEF REQUESTED** ..................................................................................13

# INDEX OF AUTHORITIES

## Cases

*Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891

　(1989) ............................................................................................................10

*Freytag v. C.I.R.*, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) .............9

*In re Application to Obtain Discovery for Use in Foreign Proc.*, 939 F.3d 710 (6th

　Cir. 2019) ......................................................................................................10

*Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp.*, 654 F.3d 654 (6th

　Cir. 2011) ......................................................................................................11

*Perrin v. United States*, 444 U.S. 37, 100 S. Ct. 311, 62 L. Ed. 2d 199 (1979)........8

*Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615-DT,

　2007 WL 1218701 (E.D. Mich. Apr. 20, 2007)......................................................8

*United States v. Shepherd*, 922 F.3d 753 (6th Cir. 2019)........................................9

*United States v. Zabawa*, 719 F.3d 555 (6th Cir. 2013)..........................................9

*Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056 (6th Cir. 2014)................10

**ISSUES PRESENTED**

Intervenor-Defendant, Robert Davis, moved this Honorable Court to issue an order directing Attorney L. Lin Wood to show cause as to why he should not be held in criminal contempt for allegedly "broadcasting" a "video snippet" of a hearing held before the Court on July 12, 2021. (ECF No. 151, PageID 5271). The movant requested the Court to order Mr. Wood to show cause why he should not be held in criminal contempt pursuant to Local Rule 83.32(g)(1), (3). The Court denied the motion. (ECF No. 156, PageID 5302). The Court did, however, order Mr. Wood to show cause "why he should not be disciplined in accordance with Local Rule 83.22(d)…." Id. The first issue is whether this Court has the authority to discipline an attorney who is not a member of the bar of the Eastern District of Michigan and who has not practiced before this court. The Court does not, and Mr. Wood should not be disciplined.

Mr. Wood is not, nor has he ever been, a member of the bar of the Eastern District of Michigan. See, L.R. 83.20(d) "Procedure for Admission." Nor has he ever practiced before any judicial officer of the Eastern District of Michigan. See L.R. 83.20(a) ("Practice in this court" defined.) The only instance of his appearing in this district occurred at the July 12, 2021, motion hearing, where he appeared, via Zoom, because this Honorable Court ordered the appearance of "each attorney

whose name appears on any of Plaintiffs' pleadings or briefs…." (ECF No. 123, PageID 5134). Mr. Wood's name "appears" on the complaint (ECF 1, PageID 75), and the amended complaint (ECF No. 6, PageID 957). On July 12, 2021, Mr. Wood repeatedly informed the Court that the only reason he was appearing before the Court is because the Court ordered him to do so. A copy of the transcript of the hearing is attached hereto as **Exhibit A**. He did not sign the complaint or amended complaint, he did not work on either document, he did not discuss the complaint or amended complaint with any of the lawyers who did, nor did he authorize anyone to sign his name in his stead. He never knowingly appeared as an attorney before this Honorable Court. Therefore, Mr. Wood may not be disciplined pursuant to the local rules of the Eastern District of Michigan.

Were the Court to find it has jurisdiction over Mr. Wood, a fact Mr. Wood does not concede, the actions alleged by the intervenor-defendant do not arise to a violation of Local Rule 83.32(e)(2). The issue is whether Mr. Wood "broadcasted" the July 12, 2021, sanctions hearing, using the commonly understood meaning of the term "broadcast." He did not, and the Court should deny the motion.

On July 12, 2021, this Honorable Court broadcasted the hearing live, via an internet connection, through YouTube, a private company that provides an outlet for users to view live audio and video feeds of content as well as view video recordings that are posted by users. By its own account, YouTube currently boasts over 2 billion

users worldwide.[1]  In regard to the hearing on July 12, one report indicated, "At its peak, Monday's court hearing attracted more than 13,000 people watching the live video."[2]  According to a YouTube search result conducted by undersigned counsel, video of the entire hearing is currently available to all 2 billion users on YouTube's platform.[3]  The intervenor-defendant has not made any representation that Mr. Wood recorded the hearing.  Mr. Wood did not broadcast the hearing under the ordinary meaning of the word "broadcast."  Taking the movant's allegations as true, only for the sake of argument, Mr. Wood simply told others, that if they wished to learn the truth of what was actually said at the hearing, they could go to a particular place, and, if they chose to, they could see a snippet of the hearing.  He did not create nor assist in the creation of the snippet, nor does he have any ownership in the website where the snippet was located.  He simply told others where to go to view it if they chose to do so.  His actions did not amount to "broadcasting" the proceeding on social media as that term is commonly understood.  This Honorable Court should dismiss the show cause.

---

[1] See https://www.youtube.com/intl/en-GB/about/press/. (Last accessed July 22, 2021).

[2] Ed White, *Trump lawyers might be penalized over Michigan election case*, AP NEWS, available at https://apnews.com/article/joe-biden-government-and-politics-elections-michigan-e45f806062edd8a7ba81cefd8f3f2638 (Last accessed July 22, 2021).

[3] See https://www.youtube.com/results?search_query=sanctions+hearing. (Last accessed July 22, 2021).  The above link only takes the user to the search results.  A user would need to open the link entitled "Sanctions Hearing, King et al., v. Whitmer et al., 2:20-cv-13134-LVP-RSW" in order to view the video.  Undersigned counsel has not played or watched the video, or verified the authenticity of the link posted by YouTube user "OrangeInnards."  However, this particular video, according to YouTube, has been viewed 16,000 times.

## STATEMENT OF FACTS

On June 17, 2021, this Honorable Court ordered the appearance at oral argument on the Defendants' motion for sanctions of "each attorney whose name appears on any of Plaintiffs' pleadings or briefs…." (ECF No. 123, PageID 5134). The hearing was first scheduled for July 6, 2021, and then reset for July 12, 2021. On that date, Mr. Wood appeared via the Zoom videoconferencing platform.  During the hearing, Mr. Wood stated to the Court, "I'm just – I'm here because your Honor warned me to be here, but I'm here subject to my defense that I just don't think there's any personal jurisdiction over me because I didn't do anything in Michigan. I didn't do anything with respect to this lawsuit."  Exhibit A, p. 59.  Further, Mr. Wood specifically stated that he was appearing that day, but that his appearance should be construed as submitting to the Court's jurisdiction.  He stated, "What I wanted to make it clear is, as I said at the beginning, that I'm appearing subject to my Defense that I'm not subject to the jurisdiction of the Court personally or by having appeared in the case." Exhibit A, p. 119.  Additionally, Mr. Wood's position was supported by the statement of the attorney who *did* represent the Plaintiffs, Sidney Powell.  She stated in closing, "I take full responsibility myself for the pleadings in this case.  Ms. Newman, Mr. Wood, Mr. Johnson, and local counsel had no role whatsoever in the drafting and content of these complaints. It was my

responsibility and Mr. Kleinhendler's, not theirs." Exhibit A, p. 231.  Therefore, Mr. Wood did not appear or practice in this court and has specifically reserved his right to argue the Court's lack of jurisdiction.

Mr. Wood's name appears on the initial complaint and the amended complaint. (ECF 1, PageID 75 and ECF No. 6, PageID 957, respectively).  However, he did not place his name there, nor did he authorize any of the other attorneys to use his name.  The signature pages of the complaint and amended complaint are electronically signed by Sidney Powell, Scott Hagerstrom and Gregory Rohl.  An electronic signature is designated by the notation, prior to the attorney's name and above the signature line, of "/s/."  Mr. Wood's is not.  It is not, because Mr. Wood did not sign the pleadings.  His name and address are listed, but the documents do not even carry the customary signature line above Mr. Wood's name.

The docket entries indicate that the complaint and amended complaint were filed using the Pacer account of Gregory Rohl, one of the signatories. (ECF No. 1 and ECF No. 6, respectively).  Following the filing of the amended complaint, Mr. Wood's name does not even appear on any of the numerous, subsequent motions, responses and replies the parties filed during the pendency of the litigation.  Mr. Wood has not appeared before this Court, nor has he practiced before this court.  Consequently, this Court, with all due respect, lacks the authority to impose

sanctions upon an attorney that does not practice before the court. The intervenor-defendant's motion should be denied on that basis.

The day following the hearing, intervenor-defendant, Robert Davis, filed his motion for an order to show cause why Mr. Wood "should not be held in criminal contempt for violating Local Rule 83.32(d)(3), (e)(2)." (ECF No. 151, PageID 5273). Intervenor-defendant's allegation apparently stems from one news report, as he directs the Court to view an article from a website entitled "Law and Crime." The byline indicates the article was posted by a person named Adam Klasfeld on July 12. The motion cites no other source for the claim. The motion alleges Mr. Wood "posted a video snippet…featuring Sidney Powell's closing monologue" on his Telegram account.[4] (ECF No. 151, PageID 5271). Mr. Wood did not post a video snippet.

The facts cited above bear repeating here. On July 12, 2021, this Honorable Court broadcasted the hearing live, via an internet connection, through YouTube, a private company that provides an outlet for users to view live audio and video feeds of content as well as view video recordings that are posted by users. By its own account, YouTube currently boasts over 2 billion users worldwide. The Court's broadcast was viewed live by 13,000 viewers according to the Associated Press. See

---

[4] On information and belief, Telegram is a message board application that allows users to write posts that may then be viewed by other Telegram users who "subscribe" to or follow that user.

fn. 2, above.  The intervenor-defendant makes no allegation, and neither does the website "Law and Crime," that Mr. Wood recorded any portion of what occurred in court, because he did not.  Therefore, the motion's reference to a violation of L.R. 83.32(d)(3) is misplaced.

In reality, another website that has a Telegram account or channel, Red Voice Media,[5] posted a link to a video of Sidney Powell's closing remarks.  Mr. Wood is a follower of Red Voice Media on Telegram and will frequently re-post those statements made by, or posts put up by, Red Voice Media.  On July 12, 2021, Mr. Wood saw a post from Red Voice Media that had a link to a video snippet of Sidney Powell's closing remarks at the hearing earlier that day.  Mr. Wood had no hand in creating or publishing the video snippet.  That snippet, which is two minutes and 24 seconds in length, is still available by searching the Red Voice Media website.  Mr. Wood's post on July 12, 2021, contained only a link to the page where Red Voice Media had stored the video snippet.  A screenshot photograph of Mr. Wood's Telegram post is attached hereto as **Exhibit B**.  As the exhibit demonstrates, Mr. Wood did not post the video, Red Voice Media posted the video.  Mr. Wood merely provided the address where, if someone wanted to view the video snippet, the video could be found.  He did not create the video, he did not host a website where the video could be found, and he does not possess a copy of the video.  The issue is

---

[5] Found at https://www.redvoicemedia.com.

whether Mr. Wood "broadcast" the video in violation of L.R. 83.32(e)(2).  As will be shown below, he did not.  This Honorable court should dismiss the show cause order.

## ARGUMENT

### I.     Mr. Wood has never practiced in this court

Local Rule 83.20 governs the admission of attorneys in the United States District Court for the Eastern District of Michigan.  In order to practice in the court, an attorney must first apply for admission by paying the fee and completing the application provided by the court clerk.  L. R. 83.20(d).  An applicant must also provide the clerk with an original certificate of good standing from the court of record where the attorney is currently admitted.  L. R. 83.20(d)(2).  If the court grants the application, the attorney must then personally appear to take the oath, or if they have no office in the district, the applicant may take the oath by telephone or video conference before a judicial officer.  L. R. 83.20(d)(4).  The clerk will then issue a certificate of admission.  Id.

An attorney who is not a member in good standing of the bar of this court is not authorized to practice in this court.  L. R. 83.20(i).  However, "an actively-licensed attorney who is not under suspension or disbarment in this or another federal or state court may -- (i) cosign papers or participate in pretrial conferences in conjunction with a member of the bar of this court (ii) represent a client in a

deposition, provided that an attorney who is not a member of the bar of this court who conducts a deposition will be subject to the disciplinary rules of this court (iii) counsel a client in an action or proceeding pending in this court.." L. R. 83.20(i)(D).

Mr. Wood is not a member of the bar of this court.  He never sought admission, never paid the fee, never completed the application, and never provided the clerk with a certificate of good standing from another bar.  In addition, Mr. Wood has never held himself out as being authorized to practice in this court as allowed under the provision of L. R. 83.20(i)(D).

L. R. 83.22(c) dictates that when a judicial officer may institute disciplinary proceedings against an attorney.  The rule states:

> When misconduct or allegations of misconduct that, if substantiated, would warrant discipline of *an attorney who is a member of the bar of this court or has practiced in this court as permitted by LR 83.20* come to the attention of a judicial officer, including a bankruptcy judge or a magistrate judge, whether by complaint or otherwise, the judicial officer may refer the matter to: (1) the Michigan Attorney Grievance Commission for investigation and prosecution, (2) another disciplinary authority that has jurisdiction over the attorney, or (3) the chief district judge for institution of disciplinary proceedings by this court under LR 83.22(e).  (Emphasis supplied.)

Absent referral to the chief judge or the other agencies mentioned above, the rules provide for other discipline, except disbarment or suspension, for "conduct violating the Rules of Professional Conduct, these rules, the Federal Rules of Civil or Bankruptcy Procedure, or orders of the court."  L. R. 83.22(d).  The rule also

states that an attorney may request a hearing, and, if allowed, it should be conducted prior to the imposition of any discipline.

At the hearing conducted on July 12, 2021, it was clear that Mr. Wood had never subjected himself to the jurisdiction of this Court, because he did not participate in any fashion with the preparing and filing of the complaint or amended complaint as alleged by the Plaintiffs in this matter.  During the hearing, Mr. Wood stated to the Court, "I'm just – I'm here because your Honor warned me to be here, but I'm here subject to my defense that I just don't think there's any personal jurisdiction over me because I didn't do anything in Michigan.  I didn't do anything with respect to this lawsuit."  Exhibit A, p. 59.  Further, Mr. Wood specifically stated that he was appearing that day, but that his appearance should be construed as submitting to the Court's jurisdiction.  He stated, "What I wanted to make it clear is, as I said at the beginning, that I'm appearing subject to my Defense that I'm not subject to the jurisdiction of the Court personally or by having appeared in the case." Exhibit A, p. 119.

Additionally, Mr. Wood's position was supported by the statement of the attorney who *did* represent the Plaintiffs, Sidney Powell.  She stated in closing, "I take full responsibility myself for the pleadings in this case.  Ms. Newman, Mr. Wood, Mr. Johnson, and local counsel had no role whatsoever in the drafting and content of these complaints. It was my responsibility and Mr. Kleinhendler's, not

theirs." Exhibit A, p. 231.  Therefore, Mr. Wood did not appear or practice in this court and has specifically reserved his right to argue the Court's lack of jurisdiction over him.

Though Mr. Wood's name "appears" on the initial complaint and the amended complaint (ECF 1, PageID 75 and ECF No. 6, PageID 957, respectively), he did not place his name there, nor did he authorize any of the other attorneys to use his name. The signature pages of the complaint and amended complaint are electronically signed by Sidney Powell, Scott Hagerstrom and Gregory Rohl.  An electronic signature is designated by the notation, prior to the attorney's name and on the signature line, "/s/."  Mr. Wood's is not.  It is not, because Mr. Wood did not sign the pleadings.  His name and address are listed, but the documents do not even carry the customary signature line above Mr. Wood's name.  Finally, the pleadings do not even carry Mr. Wood's email address which is a requirement when filing an appearance with the Court.  Mr. Wood cannot be held to have practiced in this court or to be a member of this bar when he did not sign the pleadings nor authorize anyone else to sign for him.  Therefore, this Honorable Court does not have the authority to impose discipline on an attorney who is not before the court in any capacity.

The facts on the current record seem clear.  No fact has been presented to contradict those set forth in this motion.  However, should the Court determine that material factual questions exist, Mr. Wood requests that the Court set this matter for

an evidentiary hearing so that Mr. Wood may present the Court with evidence sufficient to establish the factual representations made thus far.

## II.    Mr. Wood did not broadcast a Judicial Proceeding

This Honorable Court's order directs Mr. Wood to show cause why he should not be disciplined for violating L. R. 83.32(e).  That rule identifies the prohibited uses of electronic devices in federal court facilities.  The rule states:

> (1) Except as allowed by this section, no Electronic Device may be used in a Federal Court
> facility to record sounds or images.
> (2) Taking photographs or video recordings in connection with any Judicial Proceeding
> (including any participants in a Judicial Proceeding while they are in a courtroom or its environs), and the recording or broadcasting of Judicial Proceedings by radio or television or other means is prohibited.

Though L. R. 83.32 defines a number of terms, the rule does not define the term "broadcasting."   Words, whether used in statutory interpretation or the interpretation of court rules, should be given their ordinary meaning.  *Perrin v. United States*, 444 U.S. 37, 42, 100 S. Ct. 311, 314, 62 L. Ed. 2d 199 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.") Further, "As the Supreme Court has made clear, we give the Federal Rules of Civil Procedure their plain meaning, and generally with them as with a statute, when we find the terms unambiguous, judicial inquiry is complete." *Power Tools & Supply,*

*Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615-DT, 2007 WL 1218701, at *2

(E.D. Mich. Apr. 20, 2007) (Internal quotations omitted.)

Such rules of construction are implemented by courts for good reason – so that persons are able to read the law and understand what is and what is not prohibited. As Professor Eskridge has stated:

> Courts thus presume that language in legal texts should be given its ordinary meaning, determined by general principles of language usage that apply outside the law. The ordinary meaning standard is justified, in part, on the basis that it is consistent with fundamental principles of legal interpretation, such as the notions that the public should be able to read and understand legal texts and that the law should be predictable and objective in its application.
> William N. Eskridge, Jr., *The Meaning of Sex: Dynamic Words, Novel Applications, and Original Public Meaning*, 119 Mich. L. Rev. 14-15 (2020).

In order to determine the ordinary meaning of undefined words in court rules, courts frequently turn to dictionary definitions. "To determine ordinary meaning, we first turn to dictionaries that are 'roughly contemporaneous' with the statute's enactment. *Freytag v. C.I.R.*, 501 U.S. 868, 920, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) (Scalia, J., concurring); see also *United States v. Zabawa*, 719 F.3d 555, 559 (6th Cir. 2013) ('In determining [the ordinary meaning], dictionaries are a good place to start.')" *United States v. Shepherd*, 922 F.3d 753, 758 (6th Cir. 2019). See also, *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1060 (6th Cir. 2014) (Where no statutory definition exists, a court may consult a dictionary definition for guidance in discerning the plain meaning of a statute's language.) Therefore, a

dictionary definition may assist a court in determining the plain meaning of words that are defined by the particular rule.

L. R. 83.32 does not define the term "broadcasting." Merriam Webster's current unabridged online dictionary defines "broadcasting" as follows: "Broadcast: Verb 3: to send out or transmit (something, such as a program) by means of radio or television or by streaming over the Internet." https://unabridged.merriam-webster.com. Mr. Wood did not "broadcast" any part of the hearing by streaming over the internet.

Furthermore, the Court may not take one portion of the rule out of the context in which it was written. As the Sixth Circuit said in *In re Application to Obtain Discovery for Use in Foreign Proc*., 939 F.3d 710, 718 (6th Cir. 2019):

> Words "must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989) (citation omitted); see also *Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp*., 654 F.3d 654, 657 (6th Cir. 2011) ("Plain meaning is examined by looking at the language and design of the statute as a whole." (citation omitted)). But if an examination of the statute's text, context, and structure produces an answer to our interpretation question, we need inquire no further.

L. R. 83.32 is entitled, "Possession and Use of Electronic Devices in Federal Court Facilities." The majority of the text dictates where, when and how various visitors to the court and its environs may possess and use cellular telephones, smart phones, laptops, iPads or similar tablets, and any other device capable of being used

for wireless communication, accessing the internet, recording sound or images, or transmitting data.  See L. R. 83.32(a).  L. R. 83.32(d) lists the authorized uses for those devices in courtrooms by attorneys and pro se litigants, though they must be silenced, internet access is forbidden, and no one may make any audio or video recordings.  It is clear that the context of the rule dictates the legitimate and prohibited possession and uses of electronic devices in and around the courthouse.  Therefore, the recording or broadcasting of proceedings while in the courthouse or using a device within the courthouse is obviously prohibited under the rule.  It is not alleged that Mr. Wood did anything of that nature.

The question becomes whether directing others to a website that has retained a recording of a previously sanctioned live broadcast falls within the ambit of the rule.  If the rule is read in its proper context, it does not.  Mr. Wood did not broadcast the proceeding.  He was told, through a post from another entity, that a recording existed.  He did not make it, he did not authorize its making and he did not acquire himself a copy of it.  He merely provided an address where, if others wanted to view the snippet of Sidney Powell's statements, they could go to a particular place and look for themselves.  It is not as if he invited someone into his own home and showed what he had to others there.  In essence, he was told, "Red Voice Media has a copy of what was broadcast earlier today on the internet.  Go to that place, if you so choose, and they will play it for you."  He relayed the address, but he did not

12

broadcast a judicial proceeding.  This Honorable Court should dismiss the show cause.

## RELIEF REQUESTED

WHEREFORE, Mr. Wood prays this Honorable Court for an order dismissing the show cause requested by the intervenor-defendant.

Respectfully submitted,


/s/Paul J. Stablein_____
Paul Stablein
Attorney for Mr. Wood

DATED:      July 22, 2021

## PROOF OF SERVICE

I, Paul Stablein, certify that the foregoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 22nd day of July, 2021, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Respectfully submitted,


/s/Paul J. Stablein
Paul Stablein
Attorney for Mr. Wood

DATED:      July 22, 2021