*Attachment C*

2019 WL 659009
Only the Westlaw citation is currently available.
United States District Court, E.D. Michigan, Southern Division.

WILLIAMS HURON GARDENS 397 TRUST, et al., Plaintiffs,
v.
WATERFORD TOWNSHIP et al., Defendants.

Case No.: 18-12319
|
Signed 01/26/2019

**Attorneys and Law Firms**

Williams Huron Gardens 397 Trust, Waterford Township, MI, pro se.

Lyle A. Williams, Waterford Township, MI, pro se.

Lyle F. Williams, Waterford Township, MI, pro se.

Anthony Williams, Waterford Township, MI, pro se.

Michael A. Knoblock, T. Joseph Seward, Seward Peck & Henderson PLLC, Royal Oak, MI, for Defendants Township of Waterford, Brent Gibson.

Michael P. Salhaney, Secrest Wardle, Troy, MI, for Defendant Margaret A. Scott.

## ORDER STRIKING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF/EMERGENCY STAY (Dkt. 30)

Stephanie Dawkins Davis, United States Magistrate Judge

*1 On January 9, 2019, the plaintiffs in this case filed their motion for injunctive relief/emergency stay. (Dkt. 30). However, the motion is unaccompanied by a brief in support. Local Rule 7.1(d) requires a motion to be accompanied by a single brief unless the Court permits otherwise. The Court did not permit plaintiffs to file this motion without a brief. Though plaintiffs are representing themselves,[1] they are nevertheless, expected to know and adhere to the rules governing litigation in the court. *West v. Saginaw Twp. Police Dep't*, 2014 WL 3599495, at *2 (E.D. Mich. July 22, 2014) (a *pro se* plaintiff is "not excused from failing to follow the Federal Rules of Civil Procedure"); *Fields v. Cnty. of Lapeer*, 2000 WL 1720727 (6th Cir. 2000) ("It is incumbent on litigants, even those proceeding *pro se*, to follow ... rules of procedure."); *Kitchen v. Corizon Health Inc.*, 2018 WL 286425, at *4 (W.D. Mich. Jan. 4, 2018) ("The Federal Rules of Civil Procedure bind even *pro se* individuals."). While a *pro se* litigant's filings are to be liberally construed, *see Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006) (noting "the general practice of liberally construing pro se prisoners' filings"), filings which do not conform to the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan are subject to striking by the Court. For this reason, the motion is **STRICKEN**.

[1] This Court has already warned the Williams plaintiffs that they cannot represent the Trust as trustees and that, as they are proceeding *pro* se, they may not represent anyone other than themselves. (Dkt. 25). The trust, having no proper representative who signed the motion, is not a party to this motion.

Further, the plaintiffs did not state whether they sought concurrence from defendants and whether concurrence was obtained. Local Rule 7.1(a) requires the parties to seek concurrence prior to bringing a motion to the Court except for certain exceptions which do not apply here. As plaintiffs did not bring this motion pursuant to the rule allowing for an *ex parte* filing of the same, they were required to seek concurrence. For this additional reason, the motion is **STRICKEN**.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 659009

---