## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

**TIMOTHY KING, et al.,**

|                          |                             |
|--------------------------|-----------------------------|
| **Plaintiffs,**          | **Case No:  2: 20-cv-13134** |
| **-v-**                  | **Honorable Linda V. Parker** |

**GRETCHEN WHITMER, in her official
capacity as Governor of the State of Michigan,
et al.**

**Defendants,**

**and**

**CITY OF DETROIT, DEMOCRATIC
NATIONAL COMMITTEE and
MICHIGAN DEMOCRATIC PARTY, and ROBERT DAVIS,**

**Intervenor-Defendants.**

---

### ATTORNEY L. LIN WOOD'S SUPPLEMENTAL BRIEF
### PURSUANT TO COURT ORDER (ECF NO. 150)

### Proof of Service

**Paul Stablein (P42544)**
**Paul Stablein, PLLC**
**380 North Old Woodward Avenue**
**Suite 320**
**Birmingham, Michigan 48009**
**(248) 540-1600**
**PaulStablein@StableinLaw.com**
**Attorney for L. Lin Wood**

## TABLE OF CONTENTS

*INDEX OF AUTHORITIES* ........................................................................... *iii*

*ISSUES PRESENTED* .................................................................................. *v*

*STATEMENT OF FACTS* ............................................................................ *1*

*ARGUMENT* ................................................................................................ *5*

*I.*   *Mr. Wood has never practiced in this court.* .................................. *5*

    *A.*   *Mr. Wood has not sought admission.* ..................................... *5*

    *B.*   *Mr. Wood has not held himself out as authorized to practice in this Court.* ....................................................................................... *5*

    *C.*   *Mr. Wood did not sign the complaint or amended complaint.* ........... *8*

    *D.*   *The Intervenor-Defendant cites cases that are inapplicable here.* ..*10*

        *i.*   *U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore* .......................*11*

        *ii.*   *In re Lane* ............................................................................*12*

        *iii.*   *Stalley v. Methodist Healthcare* ..........................................*13*

*II.*   *The Defendants and Intervenor-Defendants failed to comply with the dictates of Rule 11(c)(2).* ..........................................................*15*

*III.*   *Mr. Wood is entitled to an evidentiary hearing* ...........................*17*

*RELIEF REQUESTED* ..........................................................................*18*

# INDEX OF AUTHORITIES

**Cases**

*Big Rapids Mall Associates v. Mut. Trust Life Ins. Co.*, 98 F.3d 926 (6th Cir.1996) ...................................................................................... 19

*In re Lane*, 604 B.R. 23 (B.A.P. 6th Cir. 2019) ................................. ii, 11, 13, 14

*Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350 (3d Cir. 1990) .......................... 19

*Penn v. Prosper Business Development Corp.*, 773 F.3d 764 (6th Cir. 2014) ......................................................................................... 18

*Rathbun v. Warren City Schools*, 825 F.2d 977 (6th Cir.1987) ........................ 15

*Stalley v. Methodist Healthcare*, 644 F.3d 349 (6th Cir. 2008) ............ ii, 11, 14

*U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465 (7th Cir. 2005) ................................................................................... ii, 11, 12

*Walker v. City of N. Las Vegas*, 394 F. Supp. 3d 1251 (D. Nev. 2019) .......... 16

*Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012) ...................................... 16

*Williams v. Huron Gardens 397 Trust v. Waterford Township*, 2019 WL 659009 (E.D. Mich. 2019) ..................................................................... 18

**Other Authorities**

Black's Law Dictionary, 5th Ed. West (1979) .................................................. 15

**Rules**

E. D. Mich. LR 7.1(d)(1)(A) ........................................................................... 17

E. D. Mich. LR 83.20(a) ................................................................................. vii

E. D. Mich. LR 83.20(d) ............................................................................ vii, 5

E. D. Mich. LR 83.20(d)(2) ............................................................................... 5

E. D. Mich. LR 83.20(d)(4) ............................................................................... 6

E. D. Mich. LR 83.20(i) ..................................................................................... 6

E. D. Mich. LR 83.22(c) .................................................................................... 7

E. D. Mich. LR 83.22(d) .................................................................................... 7

E. D. Mich. LR, App'x ECF, R10 ............................................................... 9, 10

**Fed. R. Civ. P. 11(a)** ............................................................................................9

**Fed. R. Civ. P. 11(b)** .......................................................................................vi, 11

**Fed. R. Civ. P. 11(c)** .......................................................................................vi, 17

**Fed. R. Civ. P. 11(c)(2)** ...............................................................................passim

**Fed. R. Civ. P. 5(d)(3)(C)** ............................................................................9, 10

## ISSUES PRESENTED

Some time, between June 17, 2021, and June 29, 2021, Mr. Wood received a telephone call from one of the attorneys for the Plaintiffs in this case who informed him that an order had been issued in Detroit, Michigan, directing him to appear for a hearing in the United States District Court for the Eastern District of Michigan. Though he was aware of the lawsuit in Michigan having to do with the results of the 2020 election, and was an ardent supporter of former President Trump, he was perplexed. He was never admitted in federal court in Michigan. He had not filed the lawsuit in Michigan. He had not participated in any of the litigation in Michigan.

Mr. Wood retained counsel to represent him in Michigan, and, on July 7, 2021, his attorney requested the Court to allow Mr. Wood to appear via counsel rather than in person or via Zoom. The Court denied the request.

On July 12, 2021, following lengthy argument by all parties, this Honorable Court allowed, pursuant to the request of prior counsel, Mr. Wood and others to file supplemental briefs opposing the Defendants' and Intervenor-Defendants' various motions for sanctions pursuant to Rule 11(c) and 28 U.S.C. § 1927. (ECF Nos. 69, 78 and 105). The Court entered the order the same day (ECF No. 150), granting the parties 14 days to file supplemental briefs, limited to 20 pages, and seven days to file any response to such supplemental briefs.

The Defendants, Whitmer and Benson, have sought sanctions pursuant to 28 U.S.C. § 1927, as did Intervenor-Defendant, Robert Davis, alleging Mr. Wood 1) "vexatiously multiplied the proceedings," and 2) filed legal claims he knew or should have known "were frivolous." (ECF No. 105, PageID 4337; ECF No. 69, PageID 3340). Each also claims the Court has the inherent authority to order sanctions against Mr. Wood. (ECF No. 105, PageID 4337; ECF No. 69, PageID 3344). Intervenor City of Detroit has sought sanctions pursuant to Federal Rule of Civil Procedure 11(c), to which Defendants Whitmer and Benson have joined. (ECF No. 78; ECF No. 84, respectively); Fed. R. Civ. P. 11(c).

This supplemental brief will focus on two issues. First, whether the Court has jurisdiction to sanction Mr. Wood for presenting "a pleading, written motion, or other paper" to the Court when he did not sign, file, submit or later advocate any of the pleadings or other filings presented to this Honorable Court. Fed. R. Civ. P. 11(b). Respectfully, the Court does not, because Mr. Wood did sign any of the documents referenced by the Plaintiffs, nor did he authorize any other attorney in the matter to sign for him. He cannot be disciplined for filing pleadings with this Court when he had no hand in preparing them, never reviewed them, and never advocated in court for them.

Mr. Wood is not, nor has he ever been, a member of the bar of the Eastern District of Michigan. See, E. D. Mich. LR 83.20(d) "Procedure for Admission."

Nor has he ever practiced before any judicial officer of the Eastern District of Michigan.  See E. D. Mich. LR 83.20(a) ("Practice in this court" defined.)  The only instance of his appearing in this district occurred at the July 12, 2021, motion hearing, where he appeared, via Zoom, because this Honorable Court ordered the appearance of "each attorney whose name appears on any of Plaintiffs' pleadings or briefs…."  (ECF No. 123, PageID 5134).  Mr. Wood's name "appears" on the complaint (ECF 1, PageID 75), and the amended complaint (ECF No. 6, PageID 957).  On July 12, 2021, Mr. Wood repeatedly informed the Court that the only reason he was appearing before the Court was because the Court ordered him to do so.  A copy of the transcript of the hearing was attached as Exhibit A to Mr. Wood's previous response to the order to show cause.  (ECF No. 160, PageID.5560-5792).  He did not sign the complaint or amended complaint, he did not work on either document, he did not discuss the complaint or amended complaint with any of the lawyers who did, nor did he authorize anyone to sign his name in his stead.  He never knowingly appeared as an attorney before this Honorable Court.  Therefore, Mr. Wood may not be disciplined pursuant to Rule 11(c) or 28 U.S.C. § 1927.

As to the second issue, it is apparent that none of the Defendants or Intervenors complied with the "safe harbor" provisions of Rule 11(c)(2).  Notwithstanding the fact that Mr. Wood did not participate in the filing of any of the documents in this case, the initial Rule 11 motion was not provided to Mr. Wood,

either by email or regular U.S. mail.  Mr. Wood's first indication that the Intervenor-Defendant had filed a motion seeking sanctions in the Michigan case was when he read news reports.  After the Court ordered his appearance in Michigan, Mr. Wood retained counsel.  Mr. Wood and his assistant, Kimmy Hart Bennet, have completed a diligent search of all his emails and the physical files at his Atlanta office, and have failed to find any notification that the City of Detroit was seeking sanctions against him.

Moreover, the City's "Certificate of Service" following the Motion and Brief (ECF No. 78), merely states, "I HEREBY CERTIFY that on January 5, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing. FINK BRESSACK By: /s/ Nathan J. Fink" (ECF No. 78, PageID 3671).  *Mr. Wood was never an attorney of record in this case*.  The same is true for the motions filed by Intervenor-Defendant Davis (ECF 69, PageID 3349) ("I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 22nd day of December, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.") and Defendants Whitmer and Benson.  (ECF 105, PageID 4378) ("I hereby certify that on January 28, 2021, I electronically filed the above document(s) with the Clerk of the Court

using the ECF System, which will provide electronic copies to counsel of record. s/Heather S. Meingast.")  The same is true of all of the filings in this case – Mr. Wood received no copies, electronically or otherwise, until he retained Mr. Campbell, who filed his appearance for Mr. Wood on June 30, 2021.[1]  The Defendants and Intervenor-Defendants failed to comply with the dictates of Rule 11(c)(2), and their motions pursuant to that rule should be denied.

Finally, should this Honorable Court determine that questions of fact exist that are material to the determination of the issues presented here, Mr. Wood requests the opportunity to conduct an evidentiary hearing before the Court.  Such a hearing is necessary in order to establish, of record, the assertions made herein and to refute any material assertions made by opposing parties.

---

[1] It is interesting to note that Mr. Campbell's certificate of service for his appearance contains, appropriately, the added language, "…and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail."  (ECF No. 131, PageID 5212).

## STATEMENT OF FACTS

On June 17, 2021, this Honorable Court ordered the appearance at oral argument on the Defendants' motion for sanctions of "each attorney whose name appears on any of Plaintiffs' pleadings or briefs…." (ECF No. 123, PageID 5134). At the time the order was filed, Mr. Wood had not filed an appearance in the case and did not receive the order through the Court's electronic filing system. He was made aware of being ordered to appear in this Court by a telephone call from one of the Plaintiffs' attorneys. He then spoke to his previous attorney, Donald Campbell, on June 29, 2021, and discovered that he had been ordered to appear. The hearing was first scheduled for July 6, 2021, and then reset for July 12, 2021. On that date, Mr. Wood appeared via the Zoom videoconferencing platform. During the hearing, Mr. Wood stated to the Court, "I'm just – I'm here because your Honor warned me to be here, but I'm here subject to my defense that I just don't think there's any personal jurisdiction over me because I didn't do anything in Michigan. I didn't do anything with respect to this lawsuit." Previous Exhibit A, p. 59. Further, Mr. Wood specifically stated that he was appearing that day, but that his appearance should not be construed as submitting to the Court's jurisdiction. He stated, "What I wanted to make it clear is, as I said at the beginning, that I'm appearing subject to my Defense

that I'm not subject to the jurisdiction of the Court personally or by having appeared in the case." Previous Exhibit A, p. 119.

Additionally, Mr. Wood's position was supported by the statement of the attorney who *did* represent the Plaintiffs, Sidney Powell. She stated in closing, "I take full responsibility myself for the pleadings in this case. Ms. Newman, Mr. Wood, Mr. Johnson, and local counsel had no role whatsoever in the drafting and content of these complaints. It was my responsibility and Mr. Kleinhendler's, not theirs." Previous Exhibit A, p. 231. Therefore, Mr. Wood did not appear or practice in this court and has specifically reserved his right to argue the Court's lack of jurisdiction.

Mr. Wood's name does appear on the initial complaint and the amended complaint. (ECF 1, PageID 75 and ECF No. 6, PageID 957, respectively). However, he did not place his name there, nor did he authorize any of the other attorneys to use his name. The signature pages of the complaint and amended complaint are electronically signed by Sidney Powell, Scott Hagerstrom and Gregory Rohl. An electronic signature is designated by the notation, prior to the attorney's name and above the signature line, of "/s/," or "/s" in the case of Sidney Powell's signature on the original complaint. Mr. Wood's is not. It is not, because Mr. Wood did not sign the pleadings. His name and address are listed, but the documents do not even carry the customary signature line above Mr. Wood's name.

2

The docket entries indicate that the complaint and amended complaint were filed using the PACER account of Gregory Rohl, one of the signatories. (ECF No. 1 and ECF No. 6, respectively). Other than those two documents, Mr. Wood's name does not even appear on any of the numerous, subsequent motions, responses and replies the parties filed during the pendency of the litigation – the Emergency Motion to Seal (ECF No. 8), the Emergency Motion for a Temporary Restraining Order (TRO) (ECF No. 9), the Response to the Motion to Intervene (ECF 25), multiple Motions for Extensions of Time (ECF No. 44, 74 and 82), the reply briefs regarding the TRO and seal motions (ECF Nos. 49 and 50), nor the supplemental brief regarding the TRO (ECF No. 57). Mr. Wood has not appeared before this Court, nor has he practiced before this court. Consequently, this Court, with all due respect, lacks the authority to impose sanctions upon an attorney that does not and has not practiced before the court. The Defendants' and Intervenor-Defendants' motions should be denied.

The Intervenor-Defendant, City of Detroit (the City), did not comply with the "safe harbor" provisions of Rule 11(c)(2). The initial Rule 11 motion was not provided to Mr. Wood, either by email or regular U.S. mail. Mr. Wood's first indication that the Intervenor-Defendant had filed a motion seeking sanctions in the Michigan case was when he read news reports. After the Court ordered his appearance in Michigan, Mr. Wood retained counsel. Mr. Wood and his assistant,

Kimmy Hart Bennet, have completed a diligent search of all his emails and the physical files at his Atlanta office, and have failed to find any notification that the City of Detroit was seeking sanctions against him.

Moreover, the City's "Certificate of Service" following the Motion and Brief (ECF No. 78), merely states, "I HEREBY CERTIFY that on January 5, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing. FINK BRESSACK By: /s/ Nathan J. Fink" (ECF No. 78, PageID 3671). *Mr. Wood was never an attorney of record in this case*. The same is true for the motions filed by Intervenor-Defendant Davis (ECF 69, PageID 3349) ("I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 22nd day of December, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.") and Defendants Whitmer and Benson.  (ECF 105, PageID 4378) ("I hereby certify that on January 28, 2021, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record. s/Heather S. Meingast.")  The same is true of all of the filings in this case – Mr. Wood received no copies, electronically or otherwise, until he retained Mr.

Campbell, who filed his appearance for Mr. Wood on June 30, 2021.[2]   The

Defendants and Intervenor-Defendants failed to comply with the dictates of Rule

11(c)(2), and their motions pursuant to that rule should be denied.

## ARGUMENT

I.     Mr. Wood has never practiced in this court.

> A. *Mr. Wood has not sought admission.*

Local Rule 83.20 governs the admission of attorneys in the United States

District Court for the Eastern District of Michigan.  In order to practice in the court,

an attorney must first apply for admission by paying the fee and completing the

application provided by the court clerk.  E. D. Mich. LR 83.20(d).  An applicant

must also provide the clerk with an original certificate of good standing from the

court of record where the attorney is currently admitted.  E. D. Mich. LR 83.20(d)(2).

If the court grants the application, the attorney must then personally appear to take

the oath, or if they have no office in the district, the applicant may take the oath by

telephone or video conference before a judicial officer.  E. D. Mich. LR 83.20(d)(4).

The clerk will then issue a certificate of admission.  Id.

> B. *Mr. Wood has not held himself out as authorized to practice in this Court.*

---

[2] It is interesting to note that Mr. Campbell's certificate of service for his appearance contains, appropriately, the added language, "…and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail." (ECF No. 131, PageID 5212).

An attorney who is not a member in good standing of the bar of this court is not authorized to practice in this court. E. D. Mich. LR 83.20(i). However, "an actively-licensed attorney who is not under suspension or disbarment in this or another federal or state court may -- (i) cosign papers or participate in pretrial conferences in conjunction with a member of the bar of this court (ii) represent a client in a deposition, provided that an attorney who is not a member of the bar of this court who conducts a deposition will be subject to the disciplinary rules of this court (iii) counsel a client in an action or proceeding pending in this court.." E. D. Mich. LR 83.20(i)(1)(D).

Mr. Wood is not a member of the bar of this court. He never sought admission, never paid the fee, never completed the application, and never provided the clerk with a certificate of good standing from another bar. In addition, Mr. Wood has never held himself out as being authorized to practice in this court as allowed under the provision of Local Rule 83.20(i)(1)(D). E. D. Mich. LR 83.20(i)(1)(D).

E. D. Mich. LR 83.22(c) dictates that when a judicial officer may institute disciplinary proceedings against an attorney. The rule states:

> When misconduct or allegations of misconduct that, if substantiated, would warrant discipline of *an attorney who is a member of the bar of this court or has practiced in this court as permitted by LR 83.20* come to the attention of a judicial officer, including a bankruptcy judge or a magistrate judge, whether by complaint or otherwise, the judicial officer may refer the matter to: (1) the Michigan Attorney Grievance Commission for investigation and prosecution, (2) another disciplinary authority that has jurisdiction over the attorney, or (3) the chief district

judge for institution of disciplinary proceedings by this court under LR 83.22(e).  (Emphasis supplied.)

Absent referral to the chief judge or the other agencies mentioned above, the rules provide for other discipline, except disbarment or suspension, for "conduct violating the Rules of Professional Conduct, these rules, the Federal Rules of Civil or Bankruptcy Procedure, or orders of the court."  E. D. Mich. LR 83.22(d).  The rule also states that an attorney may request a hearing, and, if allowed, it should be conducted prior to the imposition of any discipline.

At the hearing conducted on July 12, 2021, it was clear that Mr. Wood had never subjected himself to the jurisdiction of this Court, because he did not participate in any fashion with the preparing and filing of the complaint or amended complaint as alleged by the Plaintiffs in this matter.  During the hearing, Mr. Wood stated to the Court, "I'm just – I'm here because your Honor warned me to be here, but I'm here subject to my defense that I just don't think there's any personal jurisdiction over me because I didn't do anything in Michigan.  I didn't do anything with respect to this lawsuit."  Previous Exhibit A, p. 59.  Further, Mr. Wood specifically stated that he was appearing that day, but that his appearance should not be construed as submitting to the Court's jurisdiction.  He stated, "What I wanted to make it clear is, as I said at the beginning, that I'm appearing subject to my Defense that I'm not subject to the jurisdiction of the Court personally or by having appeared in the case." Previous Exhibit A, p. 119.

Additionally, Mr. Wood's position was supported by the statement of the attorney who *did* represent the Plaintiffs, Sidney Powell.  She stated in closing, "I take full responsibility myself for the pleadings in this case.  Ms. Newman, Mr. Wood, Mr. Johnson, and local counsel had no role whatsoever in the drafting and content of these complaints. It was my responsibility and Mr. Kleinhendler's, not theirs."  Previous Exhibit A, p. 231.  Therefore, Mr. Wood did not appear or practice in this court and has specifically reserved his right to argue the Court's lack of jurisdiction over him.

### *C. Mr. Wood did not sign the complaint or amended complaint.*

The Eastern District of Michigan instituted Electronic Filing Policies and Procedures beginning with the mandatory electronic maintenance of court files as of June 1, 2004.  The Court approved mandatory electronic filing on November 30, 2005.  Rule 10 of the policies and procedures dictates the manner in which documents are to be electronically signed.  It states:

> R10 Signatures
> (a) See Fed. R. Civ. P. 5(d)(3)(C).
> (b) A paper filed electronically *must include a signature block containing the name of the filing user represented by "s/", "/s/"* or a scanned signature, firm name (if applicable), street address, telephone number, primary e-mail address, and bar ID number (where applicable). The format of the signature block should substantially conform to the following sample:
>
> SAMPLE:    s/John Doe
>                     Doe Law Firm
>                     123 Main Street

8

Detroit, MI 48200
(313) 555-1234
jdoe@doelaw.com
P12345

E. D. Mich. LR, App'x ECF, R10.  (Emphasis supplied.)

Rule 5(d)(3) of the Federal Rules of Civil Procedure also addresses the requirement that electronically filed documents must be signed.[3]  Subrule (C) designates what a signed filing consists of.  "A filing made through a person's electronic filing account *and authorized by that person*, together with that person's name on a signature block, constitutes the person's signature."  Fed. R. Civ. P. 5(d)(3)(C) (Emphasis supplied).  Furthermore, "No filing user may submit a paper with an electronic signature unless the filing user has permission of the signatory."  E. D. Mich. LR, App'x ECF, R10(f).  No one had Mr. Wood's permission.

Though Mr. Wood's name "appears" on the initial complaint and the amended complaint (ECF 1, PageID 75 and ECF No. 6, PageID 957, respectively), he did not place his name there, nor did he authorize any of the other attorneys to use his name. The signature pages of the complaint and amended complaint are electronically signed by Sidney Powell, Scott Hagerstrom and Gregory Rohl.  They are in compliance with ECF Policies and R10 noted above.  An electronic signature must

---

[3] Rule 11(a) states that every pleading must be signed by at least one attorney of record including the signer's address, email and telephone number.  Further, "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's…attention."  Fed. R. Civ. P. 11(a).  Mr. Wood was never an attorney of record.

be designated by the notation, prior to the attorney's name and on the signature line, "/s/." Id. Mr. Wood's is not. It is not, because Mr. Wood did not sign the pleadings. His name and address are listed, but the documents do not even carry the customary signature line above Mr. Wood's name. Finally, the pleadings do not carry Mr. Wood's email address which is a requirement when filing an appearance with the Court. Mr. Wood cannot be held to have practiced in this court or to be a member of this bar when he did not sign the pleadings nor authorize anyone else to sign for him. Therefore, and with the utmost respect, this Honorable Court does not have the authority to impose discipline on Mr. Wood who was, and is, not before the court in any capacity.

### D. The Intervenor-Defendant cites cases that are inapplicable here.

The City of Detroit appears to argue in its reply pleadings that, regardless of whether Mr. Wood signed, filed, submitted or advocated for the complaint or amended complaint, the Court still has the authority to sanction him. The City cites the Court to three cases for the proposition that a non-signatory may be sanctioned for violating Rule 11(b): *U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465 (7th Cir. 2005), *In re Lane*, 604 B.R. 23 (B.A.P. 6th Cir. 2019), and *Stalley v. Methodist Healthcare*, 644 F.3d 349 (6th Cir. 2008). (ECF No. 103, PageID 4185-86). However, a simple examination of the cases demonstrates their inapplicability to the case before this Court.

10

i.      *U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*

In *U.S. Bank Nat. Ass'n, supra,* two attorneys of a much larger firm had filed pleadings in a mortgage foreclosure action that contained the wrong address for an elderly woman on the south side of Chicago.  Because of the incorrect address, she was never served with the foreclosure action, even though a routine examination of the file would have demonstrated the error.  The attorneys persuaded the district court to authorize service by publication.  Once she was defaulted the attorneys then moved for eviction.  The first the woman heard of the action was when she was evicted from her home.  The court subsequently discovered the error and issued a show cause for the two attorneys responsible.  The law firm, Fisher and Fisher, stipulated that any sanction would run against the firm as a whole, so the district court released the individual attorneys from any liability as well as the bank.  *Id*. at 469.  As a sanction, the district court ordered that all members of the firm who were admitted to practice in the Northern District of Illinois would have to "attend or view a sixteen-hour course in federal subject matter jurisdiction and civil procedure."  *Id*.

The law firm appealed the sanction as unreasonable and excessive.  The Seventh Circuit concluded that the firm had waived the issue.

> Although Fisher and Fisher now protests the requirement that all its attorneys view or attend a civil procedure course, it waived any objection to such a requirement in the district court. First, it stipulated that any sanctions would run against the firm and not individual attorneys. Then in its Rule 59(e) motion Fisher and Fisher attacked the requirement as casting too broad a net by requiring all Fisher and Fisher

> attorneys to participate in the civil procedure course. In response, the district court asked the firm to provide a list of attorneys responsible for the violations so that the sanctions could be more narrowly tailored. Instead of complying, Fisher and Fisher withdrew its request for the court to reconsider the scope of the sanction and explicitly agreed to both the length of the course and the requirement that all current and future Fisher and Fisher employees attend. Thus, it has waived the argument.
>
> *U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*, *supra,* at 471 (7th Cir. 2005)

The inapplicability of the decision is readily apparent.  Unlike the firm in *U.S. Bank*, Mr. Wood is not stipulating to any jurisdiction the movants here seek to impose.  He has not practiced before this Court, no one from his firm has and he did not authorize anyone to sign his name.  On the contrary, he has stated from the beginning that he had nothing to do with any of the pleadings filed in Michigan.

> ii.     *In re Lane*

In the bankruptcy case cited by the City, *In re Lane*, 604 B.R. 23 (B.A.P. 6th Cir. 2019), husband and wife creditors (the Deans) were representing themselves *pro se* in their claim against the debtor.  In violation of the applicable rules, the Deans had filed with the district court a settlement letter authored by the debtor.  The debtor moved the court to strike the letter and, after the court did so, sought sanctions against the Deans and sought payment for the expense of having to file the motion.  The Deans responded that they could not be punished under the rules for filing the settlement letter on the docket because they did not sign the letter.  *Id*. at 30–31.  The Sixth Circuit concluded that Rule 11 (Bankruptcy Rule 9011) precluded not only

signing pleadings but filing them as well. "The Deans may not have signed the Settlement Letter, but they alone were responsible for filing it on the docket and making it part of the record. Accordingly, they may be sanctioned for filing it, even without a signature." *Id.* at 31 (B.A.P. 6th Cir. 2019).

Again, the City's conclusion that *In re Lane* dictates the outcome of this case is misplaced. No evidence exists on this record to conclude that Mr. Wood filed the complained of pleadings. He did not. In *Lane*, whether the Deans filed the letter was not even in dispute. It is clear Mr. Wood did not file the complaint or the amended complaint in this matter. He cannot be sanctioned for something he did not do.

### iii.   *Stalley v. Methodist Healthcare*

Finally, the City attempts to rely on *Stalley v. Methodist Healthcare*, 517 F.3d 911 (6th Cir. 2008), for the proposition that the Court may sanction a "non-signatory for bringing a vexatious lawsuit." (ECF No. 103, PageID 4186). Stalley and his attorney had filed numerous lawsuits in the Sixth Circuit as well as across the country, alleging that the Medicare Secondary Player Act granted the authority to pursue *qui tam* actions against numerous Medicare providers. All of them were dismissed, and yet, Stalley and his attorney persisted and filed additional suits in the Middle District of Tennessee. The Sixth Circuit affirmed the various district court dismissals, and then remanded the matter back to the district court for a hearing on

13

its own finding that Stalley's subsequent suits were vexatious.   After, the Court affirmed the sanctions imposed by the district court, it addressed Stalley's final argument.   "Finally, Stalley relies on *Rathbun v. Warren City Schools*, 825 F.2d 977, 986 (6th Cir.1987), to contend that the district court should have imposed sanctions solely against his counsel, not against him as well. But that case dealt with an individual who brought a single lawsuit mistakenly alleging discrimination against her personally.   *Id*.   The circumstances here are different, and Stalley shares the blame for pursuing these vexatious lawsuits."   *Stalley ex rel. U.S. v. Mountain States Health All., supra*, at 353 (6th Cir. 2011).

Contrary to the City's contention, the *Stalley* matter hardly equates to the facts presented here.   The plaintiff in *Stalley* was an active participant in the filing of numerous previous lawsuits that had all been dismissed.   He then files virtually identical suits in Tennessee alleging the same legal theory that had previously been rejected.   Mr. Wood did not file this lawsuit.   He was not a party to it.   He did not submit the complaint.   He did not advocate in this court.[4]   The City's case law does not support the City's position and the various motions for sanctions against Mr. Wood should be denied.

---

[4] Lest there be any quibbling about the definition of the term "advocate," Black's Law Dictionary defines an advocate as "One who assists, defends, or pleads for another.   One who renders legal advice and aid and pleads the cause of another before a court or tribunal, a counselor.   A person learned in the law, and duly admitted to practice, who assists his client with advice, and pleads for him in open court."   Black's Law Dictionary, 5th Ed. West (1979).

A review of the relevant case law interpreting Rule 11 post the 1993 amendments, demonstrates that no sanctions have ever been levied against an individual who is neither an attorney or law firm representing a party or the party. See generally, *Webb v. Morella*, 457 F. App'x 448, 454, n. 5 (5th Cir. 2012) ("Moreover, Rule 11 sanctions can only be granted in situations when attorneys sign a pleading or filing that directly violates the rule itself; therefore, a district court may never grant a Rule 11 motion because it is unopposed and must always make a determination of the merits of the rule violation."); *Walker v. City of N. Las Vegas*, 394 F. Supp. 3d 1251, 1260 (D. Nev. 2019), appeal dismissed, No. 19-16305, 2020 WL 3620207 (9th Cir. Jan. 21, 2020) ("Thus, the rule automatically imposes upon any attorney or pro se party who files a writing with the court the certification that, 'to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]' the writing is not frivolous, legally unreasonable, without evidentiary foundation, or brought for an improper purpose.")

II.   The Defendants and Intervenor-Defendants failed to comply with the dictates of Rule 11(c)(2).

The Court is unable to impose sanctions under Rule 11 based on the defendants' and intervenors' motions.  Governor Whitmer and Secretary Benson's motion does not claim that they are entitled to sanctions under Rule 11.  (ECF No. 105).  Robert Davis seeks sanctions under Rule 11 but did not comply with Rule 11's safe-harbor requirements.  (ECF No. 69).  See Fed. R. Civ. P. 11(c)(2) (stating

that a sanctions motion "must" be served under Fed. R. Civ. P. 5 at least 21 days before the motion is filed).

The City's motion says that counsel for Detroit served a copy of a motion for sanctions via email on December 15, 2020. (ECF No. 78, PageID.3617). The City has provided no evidence of the fact that it served Mr. Wood. As noted above, Mr. Wood and his legal assistant have performed a diligent search of all email correspondence as well as U.S. mail at Mr. Wood's Atlanta office and elsewhere. They have turned up no evidence to indicate they were provided with any Rule 11 notice prior to the filing of the motion. If the City relied upon service of the "attorneys of record" as their list of those to be served, it is clear they would not have served Mr. Wood.

There can be no dispute, however, that the City of Detroit failed to serve the brief that it later filed with this Court. The City of Detroit tries to excuse this oversight by citing non-binding cases holding that Rule 11's safe-harbor requirement only requires service of a "motion." (ECF No. 103, PageID.4191). That argument overlooks the rules that govern in this district. This Court's local rules state that each motion "*must* be accompanied by a single brief." E. D. Mich. LR 7.1(d)(1)(A) (Emphasis supplied). This Court would reject a motion filed without a brief as an improper motion. *Williams v. Huron Gardens 397 Trust v. Waterford Township*, 2019 WL 659009 (E.D. Mich. 2019) (unpublished) (striking motion filed without

brief and noting that even pro se litigants are supposed to consult and follow the Local Rules).  In the same way, a safe-harbor motion without a brief is not a proper motion at all.

The City of Detroit's failure to comply with the Court's rules had a material impact on this case.  The document that the City of Detroit served as its "safe harbor" notice did not cite a single case or fact supporting the City of Detroit's arguments. It offered only conclusory statements devoid of legal or factual support. Consequently, it offered no way for any attorneys to meaningfully consider the City of Detroit's position and decide whether to withdraw their complaint.  See *Penn v. Prosper Business Development Corp*., 773 F.3d 764, 767 (6th Cir. 2014) (stating that the safe-harbor requirement is "to allow the nonmovant a reasonable period to reconsider the legal and factual basis for his contentions …").  It was an empty notice that defeated the very purpose of Fed. R. Civ. P. 11.  Consequently, sanctions under Rule 11 are not available here.

III.    Mr. Wood is entitled to an evidentiary hearing

The facts on the current record seem clear.  No evidence exists to contradict those set forth in this motion.  However, should the Court determine that material factual questions do exist, Mr. Wood requests that the Court set this matter for an evidentiary hearing so that Mr. Wood may present the Court with evidence of record, sufficient to establish the factual representations made herein.

Courts have ruled that due process does not necessarily require that a court conduct an evidentiary hearing where the facts are clear and the conduct in question occurred before the court. See, *Big Rapids Mall Associates v. Mut. Trust Life Ins. Co.*, 98 F.3d 926, 929 (6th Cir.1996) (holding that "[a] hearing is not necessarily required where the court has full knowledge of the facts and is familiar with the conduct of the attorneys"). Nonetheless, the Court also stated, "Since the hearing on the stay did not provide the bankruptcy judge with any explanation of the conduct by the lawyers, a subsequent evidentiary hearing on the motions for sanctions might well have been the wisest course to follow." *Id*. at 929-30. See also, *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990) ("In other situations it mandates an evidentiary hearing to resolve disputes of material fact when the cold record may not disclose the full story, as here. Finally, it will afford the attorney the opportunity to show, as here, whether he has the ability to pay or has other relevant defenses that the court should consider.") Here, the factual disputes, if the Plaintiffs raise any, are best resolved by way of an evidentiary hearing.

## RELIEF REQUESTED

WHEREFORE, Mr. Wood prays this Honorable Court for an order denying all of the relief sought in the motions for sanctions currently pending in ECF No. 69, ECF No. 78 and ECF No. 105.

Respectfully submitted,

/s/Paul J. Stablein
Paul Stablein
Attorney for Mr. Wood

DATED:     July 26, 2021

PROOF OF SERVICE

I, Paul Stablein, certify that the foregoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 22nd day of July, 2021, which will automatically send notification of such filing to all attorneys and parties of record registered electronically, and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail.

Respectfully submitted,


/s/Paul J. Stablein
Paul Stablein
Attorney for Mr. Wood

DATED:    July 26, 2021

20