# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER and DAREN WADE RUBINGH,<br><br>Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, et al,<br><br>Defendants,<br><br>and<br><br>CITY OF DETROIT, et al,<br><br>Intervenor-Defendants. | No. 2:20-cv-13134<br><br>Hon. Linda V. Parker |

### AFFIDAVIT OF KIMBERLY S. HUNT

STATE OF MICHIGAN )
                                 )
COUNTY OF OAKLAND )

I, Kimberly S. Hunt, being first duly sworn, depose and state as follows:

1. I am over the age of 18 and capable of testifying to the facts set forth in this Affidavit.

2. I make this Affidavit upon my own personal knowledge.

3. I am presently employed as the Office Manager at Fink Bressack PLLC and was so employed on December 15, 2020.

4. As Office Manager, I am responsible for mailing outgoing mail and collecting incoming mail.

5. On December 15, 2020, I mailed via First Class U.S. Mail copies of the City of Detroit's Safe Harbor Notice Letter and Rule 11 Motion to each of the lawyers listed as Plaintiffs' counsel on the pleadings, and to Stefanie Lambert Junttila, who had filed an appearance in the case on behalf of the Plaintiffs.

6. A copy of the City of Detroit's Safe Harbor Notice Letter and Rule 11 Motion as mailed to Plaintiff's counsel is attached to this Affidavit as Exhibit A.

7. The mailing addresses used for each of Plaintiffs' lawyers were obtained from the pleadings themselves, or in the case of Stefanie Lambert Junttila, from her notice of appearance filed with the Court.

8. None of the copies of the City's Safe Harbor Notice Letter and Rule 11 Motion mailed to Plaintiffs' counsel were returned as undeliverable.

**FURTHER AFFIANT SAYETH NOT.**

_Kimberly S. Hunt_
Kimberly S. Hunt

Subscribed and sworn before me on
this 28th day of July 2021.

_Carolyn Wilhelm_, Notary Public
Oakland County, Michigan,
acting in Oakland County, Michigan
My commission expires on: 05/27/2024

CAROLYN J WILHELM
NOTARY PUBLIC - MICHIGAN
OAKLAND COUNTY
MY COMMISSION EXPIRES 05/27/2024
ACTING IN OAKLAND COUNTY

2

# EXHIBIT A



**FINK BRESSACK**

December 15, 2020

**VIA E-MAIL/FIRST-CLASS MAIL**

Sidney Powell
Emily P. Newman
Julia Z. Haller
Brandon Johnson
Attorneys at Law
SIDNEY POWELL, PC
2911 Turtle Creek Blvd., Ste. 300
Dallas, TX 75219

Gregory J. Rohl
Attorney at Law
41850 West 11 Mile Rd., Ste. 110
Novi, MI 48375

Stefanie L. Junttila
Attorney at Law
FEDERAL CRIMINAL
 ATTORNEYS OF MICHIGAN
500 Griswold St., Ste. 2340
Detroit, MI 48226-4484

Scott Hagerstrom
Attorney at Law
222 West Genesee
Lansing, MI 48933

L. Lin Wood
Attorney at Law
L. LIN WOOD, PC
P.O. Box 52584
Atlanta, GA 30305-0584

Howard Kleinhendler
Attorney at Law
369 Lexington Ave., 12th Flr.
New York, NY 10017

Re: *Timothy King, et al v Gretchen Whitmer, et al*
*U.S. District Court, Eastern District of Michigan Case No. 2:20-cv-13134*

Dear Counsel:

Please find enclosed, and served, a copy of *Intervenor-Defendant City of Detroit's Motion for Rule 11 Sanctions* in the above-entitled matter.

Very truly yours,

FINK BRESSACK

*Nathan J. Fink/ksh*
Nathan J. Fink

NJF:ksh
Encl.
cc: All Counsel for Defendants and
 Intervenor-Defendants (via e-mail only)

38500 Woodward Ave., Suite 350 • Bloomfield Hills, Michigan 48304 • T 248.971.2500 • F 248.971.2600
535 Griswold Street, Suite 1000 • Detroit, Michigan 48226 • T 313.387.3300 • F 313.794.9899
www.finkbressack.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER and DAREN WADE RUBINGH, <br><br> Plaintiffs, <br><br> v. <br><br> GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, et al, <br><br> Defendants, <br><br> and <br><br> CITY OF DETROIT, et al, <br><br> Intervenor-Defendants. | No. 2:20-cv-13134 <br><br> Hon. Linda V. Parker |

**INTERVENOR-DEFENDANT CITY OF DETROIT'S
MOTION FOR RULE 11 SANCTIONS**

Intervenor-Defendant City of Detroit (the "City"), by and through counsel, respectfully moves for sanctions against Plaintiffs and their counsel pursuant to Federal Rule of Civil Procedure 11.

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this

1

motion and seeking concurrence in the relief; opposing counsel thereafter denied concurrence.[1]

### Sanctions Pursuant to Fed. R. Civ. P. 11(b)(1)

1. Sanctions should be imposed under Fed. R. Civ. P. 11(b)(1) when a pleading or other filing is presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

2. Sanctions pursuant to the sub-rule should be imposed against Plaintiffs and their counsel because they initiated the instant suit for improper purposes, including harassing the City and frivolously undermining "People's faith in the democratic process and their trust in our government." Opinion and Order Denying Plaintiffs' "Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief," ECF No. 62, PageID.3329-3330.

3. Plaintiffs and their counsel understood that the mere filing of a suit (no matter how frivolous) could, without any evidence, raise doubts in the minds of millions of Americans about the legitimacy of the 2020 presidential election. As this Court noted, "Plaintiffs ask th[e] Court to ignore the orderly statutory scheme established to challenge elections and to ignore the will of millions of voters." *Id.* PageID.3330.

---

[1] Ms. Powell, this paragraph is included in our proposed motion in anticipation that you will not concur. If you do concur, we will not be filing the Motion.

2

4. The Complaints (ECF Nos. 1 and 6), Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief and Memorandum in Support Thereof (ECF No. 7), and Emergency Motion to Seal (ECF No. 8) were devoid of merit and thus could only have been filed to harass the City.

### Sanctions Pursuant to Fed. R. Civ. P. 11(b)(2)

5. Sanctions under Fed. R. Civ. P. 11(b)(2) are appropriately entered where the claims, defenses, and other legal contentions are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

6. Sanctions pursuant to Rule 11(b)(2) should be imposed against counsel for Plaintiffs because the causes of action asserted in the Complaints (ECF Nos. 1 and 6), Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief and Memorandum in Support Thereof (ECF No. 7), and Emergency Motion to Seal (ECF No. 8) were frivolous and legally deficient under existing law and because Plaintiffs failed to present any non-frivolous arguments to extend, modify, or reverse existing law.

7. The majority of Plaintiffs' claims were moot. As this Court noted, "[t]he time has passed to provide most of the relief Plaintiffs request in their Amended Complaint; the remaining relief is beyond the power of any court. For these reasons, this matter is moot." ECF No. 62, PageID.3307.

8. Plaintiffs' claims were also barred by laches because "they waited too long to knock on the Court's door." *Id.* at PageID.3310. Indeed, "Plaintiffs showed no diligence in asserting the claims at bar." *Id.* at PageID.3311. This delay prejudiced the City. *Id.* at PageID.3313.

9. Plaintiffs lacked standing to pursue their claims. *Id.* at PageID.3317-3324.

10. Plaintiffs' claim for violation of the Elections and Electors Clauses is frivolous. As this Court held, "Plaintiffs ask the Court to find that any alleged deviation from state election law amounts to a modification of state election law and opens the door to federal review. Plaintiffs cite to no case – and this Court found none – supporting such an expansive approach." *Id.* at PageID.3325.

11. Plaintiffs' due process and equal protection clause claims are also baseless. With regard to the due process claim, this Court held that "Plaintiffs do not pair [the due process claim] with anything the Court could construe as a developed argument. The Court finds it unnecessary, therefore, to further discuss the due process claim." *Id.* at PageID.3317. As to the equal protection claim, this Court stated that "[w]ith nothing but speculation and conjecture that votes for President Trump were destroyed, discarded or switched to votes for Vice President Biden, Plaintiffs' equal protection claim fails." *Id.* at PageID.3328.

4

12. For each of Plaintiffs' claims, Plaintiffs did not identify valid legal theories and the controlling law contradicted the claims. The claims were not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

13. Plaintiffs' Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief and Memorandum in Support Thereof (ECF No. 7) was without any legal basis because, as described above, the underlying claims are baseless, and the requests for relief were frivolous.

14. Plaintiffs' Emergency Motion to Seal (ECF No. 8) was without any legal basis because Plaintiffs seek to anonymously file supposed evidence of a broad conspiracy to steal the 2020 presidential election without providing any authority whatsoever to attempt to meet their heavy burden to justify the sealed filing of these documents.

### Sanctions Pursuant to Fed. R. Civ. P. 11(b)(3)

15. Sanctions can be imposed under Fed. R. Civ. P. 11(b)(3) where factual contentions do not have evidentiary support or will likely not have evidentiary support after a reasonable opportunity for further investigation or discovery.

16. Sanctions should be entered against Plaintiffs and their counsel pursuant to Fed. R. Civ. P. 11(b)(3) because the factual contentions raised in the complaints and motions were false.

17. The key "factual" allegations from the supposed fact witnesses, some of whom attempt to cloak their identities while attacking democracy, have been debunked. The allegations about supposed fraud in the processing and tabulation of absentee ballots by the City at the TCF Center have been rejected by every court which has considered them. If any of the claims in this lawsuit had merit, that would have been demonstrated in those cases. The City refers the Court to its Response to Plaintiffs' Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief for a detailed debunking of Plaintiffs' baseless factual contentions. ECF No. 39, PageID.2808-2933.

## Relief Requested

WHEREFORE, for the reasons specified in this Motion and Brief in Support, the City respectfully request that this Court enter an order, among other things:

a) Imposing monetary sanctions against Plaintiffs and their counsel in an amount sufficient to deter future misconduct;

b) Requiring Plaintiffs and their counsel to pay all costs and attorney fees incurred by the City in relation to this matter;

c) Requiring Plaintiffs and their counsel to post a bond of $100,000 prior to the filing of any appeal of this action;

d) Requiring Plaintiffs and their counsel to post a bond of $100,000 prior to filing, in any court, an action against the City, or any other governmental

6

4

entity or their employees, relating to or arising from the facts alleged in this matter;

e) Requiring Plaintiffs to post a substantial bond, in an amount determined by the Court, prior to filing an action in the Eastern District of Michigan;

f) Requiring Plaintiffs and their counsel to obtain certification from a magistrate judge that the proposed claims are not frivolous or asserted for an improper purpose, before filing an action in the Eastern District of Michigan;

g) Requiring Plaintiffs and their counsel to certify, via affidavit, under penalty of perjury, that they have paid all amounts required to fully satisfy any non-appealable orders for sanctions entered by any court, prior to filing an action in the Eastern District of Michigan;

h) Barring Plaintiffs' counsel from practicing law in the Eastern District of Michigan;

i) Referring Plaintiffs' counsel to the State Bar of Michigan for grievance proceedings; and,

j) Granting any other relief for the City that the Court deems just or equitable.

December 15, 2020                                        Respectfully submitted,

**FINK BRESSACK**

By: /s/ David H. Fink
David H. Fink (P28235)

7

Darryl Bressack (P67820)
Nathan J. Fink (P75185)
*Attorneys for City of Detroit*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
dbressack@finkbressack.com
nfink@finkbressack.com

**CITY OF DETROIT**
**LAW DEPARTMENT**
Lawrence T. Garcia (P54890)
Charles N. Raimi (P29746)
James D. Noseda (P52563)
*Attorneys for City of Detroit*
2 Woodward Ave., 5th Floor
Detroit, MI 48226
Tel: (313) 237-5037
garcial@detroitmi.gov
raimic@detroitmi.gov
nosej@detroitmi.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2020, I served the foregoing paper on counsel of record via email and caused it to be served by first class mail on counsel for Plaintiffs.

                                FINK BRESSACK

                                By: */s/ Nathan J. Fink*
                                Nathan J. Fink (P75185)
                                38500 Woodward Ave., Suite 350
                                Bloomfield Hills, MI  48304
                                Tel: (248) 971-2500
                                nfink@finkbressack.com