UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

TIMOTHY KING, et al.,

    Plaintiffs,

v.

GRETCHEN WHITMER, et al.,        Civil Case No. 20-13134

    Defendants.                      Honorable Linda V. Parker

and

CITY OF DETROIT, DEMOCRATIC
NATIONAL COMMITTEE and
MICHIGAN DEMOCRATIC PARTY,
and ROBERT DAVIS,

    Intervenor-Defendants.
_____

**EMILY NEWMAN'S BRIEF IN RESPONSE TO INTERVENOR-DEFENDANT CITY OF DETROIT'S SUPPLEMENTAL BRIEF IN SUPPORT OF SANCTIONS [ECF 164]**

At the outset of this case, Emily Newman provided limited work for the Plaintiffs which did not include presenting anything to this Court by filing, signing or otherwise. That type of secondary role is not within the scope of Rule 11 because that rule only extends to an attorney who presents to the court "a pleading, written motion, or other paper - whether by signing, filing, submitting, or later

advocating it." (Fed. R. Civ. P. 12(b)). The request for sanctions against Emily Newman should be denied.

> A. **The City of Detroit Makes No Attempt to Show How Ms. Newman Violated Rule 11**

The scope of Rule 11(b) is limited to certain actions of an attorney in connection with submissions to the court:

> By presenting to the court a pleading, written motion or other paper - **whether by signing, filing, submitting, or later advocating it** - an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances… [that the document meets (b)(1) to (b)(4)].

Fed. R. Civ. P. 11(b) (emphasis added). See also *Notes of Advisory Committee on Rules - 1993 Amendment* ("The rule applies only to assertions contained in papers filed with or submitted to the court.") Even the City of Detroit agrees that an attorney must do one of those four specified things in order to be subject to Rule 11: "The requirements of 11(b) unambiguously apply to *anyone* who presents 'to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it….'" (ECF No. 103, PageID.4185).

Because of her background and interest in election matters, Ms. Newman became involved in this matter. Ms. Newman spent about five hours on this matter. (7/12/2021 Hrg. Trans. at 15:21-16:13, 19:12-13, and 204:18-204:19). Her name appears on the last page of the Complaint and, filed four days later, the First Amended Complaint. (ECF No. 1, PageID.75 and ECF No. 6, PageID.957). Three

attorneys signed those Complaints electronically, denoted by the "/s/ preceding their name, but Ms. Newman did not sign them, electronically or otherwise. Sidney Powell and her counsel explained at the July 12, 2021 hearing that she and Howard Kleinhendler drafted the Complaints and that Ms. Newman had no role in doing so. (*Id.* at 45:3, 231:17-21).

For Rule 11 sanctions, there must be a showing that Ms. Newman did one of four things to "present" a paper to the court - (1) sign, (2) file, (3) submit or (4) later advocate a paper that was already presented to this Court. (Fed. R. Civ. P. 11(b)).

As to signing, no pleading or other document filed or submitted by the Plaintiffs contains a traditional signature for Ms. Newman or a typed signature for her preceded by "/s/" which is necessary to satisfy the requirements for an electronic signature. See R10 of the Electronic Filing Policies and Procedures which is incorporated into this district's local rules by LR 5.1.1(a). An attorney may also sign by filing through an electronic-filing account if that attorney's name is on a signature block. See FRCP 5(d)(3)(C). But no filing occurred in this case through an electronic-filing account of Ms. Newman.

As to filings and submissions, Ms. Newman did not file anything in this case and did not submit anything to this Court.

3

The last possible minimum conduct necessary for application of Rule 11 is if the attorney advocated a position from a pleading or other document. Because Rule 11(b) overall requires "presenting to the court," the "advocating" must be to the court. The Notes of the Advisory Committee for the 1993 Amendment explain that the requirement of advocating within Rule 11(b) is intended to capture an attorney's act of advancing a position to the court, such as at a pretrial conference, which is already set forth in a prior filing or submission. Ms. Newman did not advocate anything to this Court, from a prior filing or otherwise.

As noted above, Ms. Newman's name appeared on the last page of the Complaint and Amended Complaint. But that alone is not enough under Rule 11 -- there must have been one of the four "presenting" acts specified in Rule 11 and there simply was not as to Ms. Newman.

In 80 pages of briefing to date for this motion (ECF Nos. 78, 103 and 164), and in the five hours of hearing on July 12, 2021, the City of Detroit and its counsel never once explained, argued or even speculated how the conduct of Ms. Newman met the "presenting" requirement of Rule 11(b). That omission in the supplemental brief is especially notable given that, near the end of the July 12 hearing, this Court stopped counsel for Detroit and suggested that he address individual attorney conduct in supplemental briefing instead of in his closing remarks. (7/12/2021 Hrg. Trans. at 221:12-19). Counsel for the City of Detroit

responded that "we'll leave that for briefing later." (*Id.* at 221:25 - 222:2). However, in the City of Detroit's supplemental brief, it never addressed the role of Ms. Newman. The City of Detroit's refusal to do so is an acknowledgement that there is nothing that Ms. Newman did that implicates Rule 11.

### B. The Pre-Filing Service Requirements of Rule 11 Were Not Met

Prior to the filing of a motion for sanctions, Rule 11(c)(2) requires that the motion be served under Rule 5 and not filed for a period of 21 days after service. Ms. Newman never received any such pre-filing motion. (7/12/2021 Hrg. Trans. at 19:19 and 204:22-23).

The City of Detroit contends that it served Ms. Newman prior to filing under Fed. R. Civ. P. 5(b)(2)(C) by mailing to Ms. Newman's last known address. It relies on the last page of the First Amended Complaint for its position that Ms. Newman's last known address was at 2911 Turtle Creek Blvd. in Dallas. (ECF NO. 164, PageID.6137). Ms. Newman never had an office at that location or even worked from that location. That Turtle Creek address appears on the last page of the Complaint and First Amended Complaint as follows:

5

> Case 2:20-cv-13134-LVP-RSW ECF No. 6, PageID.957 Filed 11/29/20 Page 86 of 86
>
> /s/ Sidney Powell*
> Sidney Powell PC
>
> Texas Bar No. 16209700
>
> Of Counsel:
> Emily P. Newman (Virginia Bar No. 84265)
> Julia Z. Haller (D.C. Bar No. 466921)
> Brandon Johnson (D.C. Bar No. 491730)
>
> 2911 Turtle Creek Blvd, Suite 300
> Dallas, Texas 75219
>
> *Application for admission pro hac vice
> Forthcoming
>
> L. Lin Wood
> GA Bar No. 774588
> L. LIN WOOD, P.C.
> P.O. Box 52584
> Atlanta, GA 30305-0584
> Telephone: (404) 891-1402
>
> Howard Kleinhendler
> New York Bar No. 2657120
> Howard Kleinhendler Esquire
> 369 Lexington Avenue, 12th Floor
> New York, New York 10017
> (917) 793-1188
> howard@kleinhendler.com
>
> /s/ Scott Hagerstrom
> Michigan State Bar No. 57885
> 222 West Genesee
> Lansing, MI 48933
> (517) 763-7499
> Scotthagerstrom.@yahoo.com
>
> /s/ Gregory J. Rohl
> Michigan State Bar No. P39185
> 41850 West 11 Mile Road, Ste 110
> Novi, Michigan 48375
> (248) 380-9404
> gregoryrohl@yahoo.com
>
> 86

The Turtle Creek address is set off from any name, including Ms. Newman's, by the extra line spacing above and below it. Four other attorneys on that page do not have that extra line spacing to separate their names from their address. The typical formatting of names and corresponding addresses do not separate an attorney's name from his or her address. Therefore, the City of Detroit should not have assumed that that Turtle Creek address was for Ms. Newman given that there are three other attorneys above that address and the address is separated from Ms. Newman's printed name. The notation of "Virginia Bar 84265" after Ms.

6

Newman's name also suggests that her last known address was in Virginia, not Texas. Therefore, the City of Detroit's mailing of the motion to the 2911 Turtle Creek in Dallas did not constitute service on Ms. Newman prior to its filing of its Rule 11 motion.

In addition, as discussed in the Supplemental Brief of Gregory Rohl and others (ECF No. 161), the version of the motion mailed by Detroit before filing did not include a brief. The filed motion did include a brief, but its content was not included with or in the safe harbor motion. For those reasons, the pre-filing service of the motion did not fulfill Rule 11(c)(2).

### C. Sanctions Under 28 USC § 1927 Are Not Warranted

Defendants Whitmer and Benson have filed a motion seeking sanctions under 28 USC § 1927 against certain attorneys, but not as to Ms. Newman. See ECF No. 105, PageID.4348 and PageID.4358.

Intervenor Robert Davis seeks sanctions under 28 USC § 1927 against all of Plaintiffs' counsel without identifying any by name. (ECF No. 69). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

7

Ms. Newman's roughly five hours of work in this matter led to no activity on the part of any Defendant and no Defendant makes any argument as to how Ms. Newman's limited role somehow or some way led to the multiplication of anything in this case.

## CONCLUSION

For these reasons, and those made on Ms. Newman's behalf at the July 12, 2021 hearing, all motions or other requests for sanctions should be denied as to Ms. Newman.

TIMOTHY E. GALLIGAN PLLC

By:   /s/ Timothy E. Galligan
Timothy E. Galligan (P51768)
39 South Main St., Suite 24
Clarkston, MI 48346
(248) 241-6179
galligan@galliganpllc.com
Attorney for Emily Newman

Dated:  August 4, 2021

### Certificate of Service

The undersigned hereby certifies that on August 4, 2021, a true and correct copy of the forgoing was filed electronically using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/Timothy E. Galligan

8