## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KING, MARIAN ELLEN SHERIDAN, JOHN EARL HAGGARD, CHARLES JAMES RITCHARD, JAMES DAVID HOOPER and DAREN WADE RUBINGH, | No. 2:20-cv-13134 |
| Plaintiffs, | Hon. Linda V. Parker |
| v. | |
| GRETCHEN WHITMER, in her official capacity as Governor of the State of Michigan, et al, | |
| Defendants, | |
| and | |
| CITY OF DETROIT, et al, | |
| Intervenor-Defendants. | |

## INTERVENOR-DEFENDANT CITY OF DETROIT'S RESPONSE TO THE SUPPLEMENTAL BRIEFS OF GREGORY ROHL, BRANDON JOHNSON, HOWARD KLEINHENDLER, SIDNEY POWELL, JULIA HALLER, SCOTT HAGERSTROM, L. LIN WOOD, AND STEFANIE LAMBERT JUNTTILA

**INTRODUCTION**

Nine attorneys brought a dangerous lawsuit to this courthouse. Their Complaint had the appearance of legitimate litigation, but it spewed the lies that fueled the fires of insurrection. These lawyers must answer for the harm they caused. The City seeks monetary sanctions, but, more importantly, the City asks this Court to punish these attorneys in ways that prevent any repetition of this inexcusable behavior. In addition to paying the City's fees and expenses, they should be ordered to pay a fine large enough to disgorge the funds they raised to support their frivolous litigation. They should be formally reprimanded by this Court, and each of them should be referred to their state bar associations for disciplinary proceedings. Finally, they should all be referred to the Chief Judge of this District for disbarment proceedings. They should never again be allowed to obtain admission to this District or to participate in litigation here.

**ARGUMENT**

I.    **Each of These Attorneys is Subject to the Disciplinary Authority of This Court**

**A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction.** (Michigan Rules of Professional Conduct (MRPC) 8.5(a); emphasis added)

In all of their briefs and arguments, not one of the Plaintiffs' attorneys has acknowledged MRPC 8.5(a); not one of the Plaintiffs' attorneys has even attempted

1

to explain how any of them could possibly escape responsibility which extends to any lawyer who "provides or offers to provide any legal services in this jurisdiction." Mr. Wood now tries to distance himself from this case, but, as detailed in the City's Supplemental Brief, he admitted to his involvement in this case in court proceedings in Delaware and in New York. (ECF No. 164, PageID.6150-6151). When Mr. Wood "agree[d] to sign on to help Sidney," he was offering to provide legal services in this jurisdiction. He took no action to remove his name from the Complaint or the Amended Complaint, and he never disavowed his support for this litigation, even after seeing the Safe Harbor Notice.

The lawyers who did not sign the Complaint are not beyond the reach of Rule 11. *Religious Technology Center v. Gerbode*, 1994 WL 228607 (C.D. Cal. May 2, 1994), at *5 (reasoning, based upon 1993 advisory committee's note, that "the court has the authority to sanction a co-counsel law firm, as well as the primary offending firm, even though co-counsel did not sign the offending pleading."); *In re Evergreen Sec., Ltd.*, 384 B.R. 882, 930 (Bankr. M.D. Fla. 2008) (construing similar FED. R. BANKR. P. 9011(c) and finding "[a]n attorney may be sanctioned pursuant to Rule 9011 even though the attorney did not sign the paper but orchestrated its filing").

The 1993 advisory committee's note explains that Rule 11 is not limited to attorneys who sign a pleading or advance a position in court:

> The [1993 Rule 11] revision permits the court to consider whether other attorneys in the firm, co-counsel, other law firms, or the party itself

2

should be held accountable for their part in causing a violation. When appropriate, the court can make an additional inquiry in order to determine whether the sanction should be imposed on such persons, firms, or parties either in addition to or, in unusual circumstances, instead of the person actually making the presentation to the court.

All of these attorneys have subjected themselves to this Court's disciplinary authority, and they should all be sanctioned under Rule 11. See E.D. Mich. LR 83.20(j) and MRPC 8.5(a).

## II.   The City of Detroit Complied with the Rule 11 Safe Harbor Requirement

### a.  The Local Rule "Distinction" is Invalid.

In a phrase repeated verbatim in all three of their Supplemental Briefs, Plaintiffs' attorneys claim that the City failed to comply with Rule 11(c)(2) because it "failed to serve the brief that it later filed with this Court." (ECF No. 161, PageID.5805; ECF No. 165, PageID.6569; ECF No. 162, PageID.6122). This issue was addressed in the City's Reply Brief, with citations to *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012) and *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 339 (N.D. Iowa 2007). (ECF No. 103, PageID.4191). Those courts found that the requirement of Rule 11(c)(2) that "the motion must be served under Rule 5" does not require service of a brief. Plaintiffs' attorneys now attempt to distinguish those cases by claiming that the City's argument "overlooks the rules that govern in *this* district," citing E.D. Mich. LR 7.1(d)(1)(A), which requires motions *filed* in this District to be

3

accompanied by a brief. (ECF No. 161, PageID.5805)  Those rulings should be no surprise; Rule 11(c)(2) requires service of a *motion* and *prohibits* filing that motion with the court until the expiration of the 21-day safe harbor period. But the distinction fails for another, more fundamental reason. *Star Mark Mgmt* is a Second Circuit case, which arose in the Eastern District of New York, where, just like the Eastern District of Michigan, the local rule requires motions to be filed with a memorandum of law. E.D.N.Y. LR 7.1(a)(2). And, *Ideal Instruments* arose in the Northern District of Iowa, which also has that requirement. N.D. Iowa LR 7.1(d).

### b. The Adequacy of the Safe Harbor Notice

The proposed motion served with the Safe Harbor Notice met the requirements of Rule 11. The motion, as served, described the sanctions being sought and detailed the inadequacies of the Amended Complaint. A Rule 11 notice should put the nonmoving party on notice of the obligation to examine the merits of the party's own case; it need not detail the movant's legal and factual position.[1] Here,

---

[1] Plaintiffs' attorneys suggest that the Safe Harbor Notice was deficient because the motion filed with the Court was not identical to the proposed motion served with the Safe Harbor Notice. There is no requirement that a filed Rule 11 motion be identical to the one served. *In re Koper*, 2020 WL 5075549 (E.D.N.Y. Aug. 25, 2020), at *7. ("More importantly, the filed Rule 11 motion need not be exactly the same as the motion served on the opposing party. Courts have rejected a 'hypertechnical' reading of Rule 11 that would require the filed motion be identical in all respects to the motion served during the safe harbor period.")

the proposed motion served with the Safe Harbor Notice put Plaintiffs' attorneys on notice that their clients lacked standing to assert their claims, and that their claims were moot, barred by the doctrine of laches and substantively baseless. Plaintiffs' attorneys were on notice that their case rested on false factual allegations and deficient "expert" reports and that all of their claims had been debunked. Not one of them reexamined the basis for their allegations. Not one of them undertook the reasonable inquiry mandated by Rule 11.

### III.   Lin Wood's Belated Claim of a Defective Notice of Hearing Has Been Waived

Lin Wood, in his Supplemental Brief, now argues that he was not properly served with the City's sanctions motion when it was filed with the Court. (ECF No. 162; PageID.6105-6106 and PageID.6110-6111.) None of the other Plaintiffs' attorneys make this claim, nor was this issue raised on behalf of Mr. Wood when the Plaintiffs and their attorneys filed their Response or their Supplemental Opposition.[2] (ECF No. 95; ECF No. 111). Neither Mr. Wood nor his then-counsel Mr. Campbell raised this issue when this Court issued its Order compelling the presence of Plaintiffs' counsel at the sanctions hearing (ECF No. 123) and no attorney objected

---

[2] Notwithstanding his recent objection, the Response in Opposition to the City's Motion was explicitly filed on behalf of Mr. Wood and his co-counsel. The Response states that "Plaintiffs and their counsel" request that the City's Motion be denied. (ECF No. 95, PageID.4157). Mr. Wood has never denied that Ms. Lambert Junttila represented him in filing that Response.

or raised this issue during the Motion Hearing, on July 12, 2021, when the Court stated:

> Now, the Court finds for this record that the referenced motions adequately put Plaintiffs and Plaintiffs' counsel on notice of the conduct alleged to be sanctionable. (Tr. at 11)

Mr. Wood (and all other Plaintiffs' counsel) long ago waived any defense based on insufficient service when they responded to the City's Motion.

## IV.    This Court Has the Inherent Authority to Impose Sanctions

Anticipating that Plaintiffs' counsel would interpose every possible defense to avoid accountability, the City painstakingly followed the requirements of the Federal Rules of Civil Procedure to perfect its right to seek Rule 11 sanctions. If for any reason this Court finds that the City's efforts have been deficient, this would be an extraordinarily appropriate case for this Court to exercise its inherent authority to impose sanctions. The respondents were entitled to due process, and they received it. Plaintiffs' attorneys have had seven months to respond to the demand for sanctions; they have had notice and the opportunity to tender a defense; they were ordered to appear and provided with a six hour hearing; and they have been given the privilege of multiple opportunities to brief their positions. Their attempts to skirt responsibility for their actions have been miserably deficient.

The City joins in the persuasive description of this Court's powers to issue sanctions under the Court's inherent authority and under 28 U.S.C. § 1927 in the

Response Brief of Defendants Whitmer and Benson, submitted by Attorney General

Dana Nessel and Assistant Attorney General Heather Meingast. (ECF No. 166).

### V.    There is no First Amendment Right to File Frivolous Litigation

This Court gave Ms. Lambert Junttila the opportunity to explain her claim that

the First Amendment prohibits this Court from sanctioning attorneys and to explain

how that argument could be reconciled with the holding in *Mezibov v. Allen*, 411

F.3d 712 (6th Cir. 2005).  Incredibly, her brief makes no reference to that case.[3]

Instead, Ms. Lambert Junttila offers this Court a strange collection of

outdated, plagiarized quotations from uncited law review articles. Paragraph 1(a) of

her brief is lifted verbatim from a footnote in a University of California, Davis Law

Review article. Benjamin Plener Cover, *The First Amendment Right to a Remedy*,

50 U.C. Davis L. Rev. 1741, 1745 n. 11 (2017). The entire first footnote of the brief

is also quoted directly from the same article's abstract without attribution. *Id*. at

1742. Argument 1(b) of her brief borrows this statement from another source:

> More than any other litigation-related activity, filing a complaint is a
> citizen's presentation of a judicial petition to the government. (ECF No.
> 165, PageID.6564-6565).

---

[3] In *Mezibov*, the court explained that, when attorneys represent clients in court, they "voluntarily accept[] almost unconditional restraints on [their] personal speech rights," and therefore held that "an attorney retains no personal First Amendment rights when representing his client [in court]." *Id*. at 720-21.

Those identical words were published 28 years ago in a Harvard Law Review Note entitled *A Petition Clause Analysis of Suits Against the Government: Implications for Rule 11 Sanctions,* 106 Harv. L. Rev. 1111 (1993). If Ms. Lambert Junttila had read to the end of the Note, she might have seen that the author, who was discussing the 1993 proposed amendments to Rule 11, acknowledged that "frivolous complaints do not even appear to fall within the language of the Petition Clause because such complaints do not present legally cognizable 'grievances.'" *Id*. at 1124. The author then recommended:

> [C]omplaints against the government should be sanctionable only if the plaintiff had knowledge that the complaint, taken as a whole, was not well grounded in fact or was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. *Id*. at 1127.

The author of the Note did not prevail. Rule 11, as amended, requires an objectively reasonable inquiry into the facts and law advanced in a complaint. Nonetheless, in the case at bar, it is hard to fathom how any of these attorneys could have lacked the knowledge that their complaint, taken as a whole, was not well grounded in fact.

The City does not seek sanctions because these attorneys exercised their First Amendment rights; the City seeks sanctions because these attorneys filed a baseless lawsuit in a contemptible attempt to undermine our democratic institutions. There is no First Amendment right to file frivolous lawsuits. *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 743; 103 S.Ct. 2161 (1983) ("Just as false statements are not

immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition.") (internal citations omitted).

## VI. Plaintiffs' Attorneys Have No Right to Rely on the Ignorance of Others to Justify Their Lack of Due Diligence

Plaintiffs' counsel highlight the fact that Donald Trump continues to claim that there was election fraud, and they rely on the assertion that "many Americans are of the view that the 2020 election was not fully free and fair" (quoting from concurring opinion of Justice Brian Zahra in *Constantino v. City of Detroit,* 950 N.W.2d 707, 709 (Mich. 2020)) as a defense to their failure to objectively vet the false allegations in their Complaints and the misrepresentations in the attached affidavits. (ECF No. 165, PageID.6579; ECF No. 161, PageID.5817). But the subjective belief of others in a false proposition does not relieve an attorney of the duty to conduct a reasonable inquiry into allegations being advanced in court. Many Americans believe that Santa Claus, the Easter Bunny and the Tooth Fairy are real, but that belief does not protect an attorney who files a frivolous lawsuit based upon affidavits purportedly signed by one of them. Rule 11(b)(3) makes no exception for an attorney who relies on the ignorance of others, the filings of other attorneys or the unsupported claims of a defeated presidential candidate.

The "breathtaking" scope of the relief sought in this case, previously noted by this Court, called for the most diligent scrutiny of each allegation, and the dismissal

of identical claims by other courts should have triggered the most careful review of these averments. Instead, these lawyers shirked their responsibilities and now seek immunity based upon rumors, conspiracies and uninformed speculation.[4]

## CONCLUSION

For the foregoing reasons and for the reasons set forth in prior briefs and oral argument, the City of Detroit asks this Court to grant the City's Motion for Rule 11 Sanctions in its entirety and to enter an Order imposing the full measure of sanctions requested against all of Plaintiffs' attorneys. This case has showed the world the worst of the legal profession; appropriate sanctions can show the world the best.

Respectfully submitted,

August 4, 2021                              **FINK BRESSACK**

By:    /s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
*Attorneys for City of Detroit*
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

---

[4] The "heightened duty of diligence and investigation" in the context of post-election litigation was addressed yesterday in a persuasive Order entered by United States Magistrate Judge N. Reid Neureiter, of the United States District Court for the District of Colorado, in *O'Rourke, et al v. Dominion Voting Systems, et al,* Case No. 20-cv-03747-NRN.  (Ex. 1, ECF No. 136, Page 37).

**CITY OF DETROIT**
**LAW DEPARTMENT**
Lawrence T. Garcia (P54890)
Charles N. Raimi (P29746)
James D. Noseda (P52563)
*Attorneys for City of Detroit*
2 Woodward Ave., 5th Floor
Detroit, MI 48226
Tel: (313) 237-5037
garcial@detroitmi.gov
raimic@detroitmi.gov
nosej@detroitmi.gov

11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

**FINK BRESSACK**

By:    <u>/s/ Nathan J. Fink</u>
Nathan J. Fink (P75185)
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel.: (248) 971-2500
nfink@finkbressack.com