UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TIMOTHY KING, et al.,

                            Plaintiffs,        Case No: 2: 20-cv-13134

-v-                                          Honorable Linda V. Parker

GRETCHEN WHITMER, in her official
capacity as Governor of the State of Michigan,
et al.

                            Defendants,
and

CITY OF DETROIT, DEMOCRATIC
NATIONAL COMMITTEE and
MICHIGAN DEMOCRATIC PARTY, and ROBERT DAVIS,
                            Intervenor-Defendants.

---

### ATTORNEY L. LIN WOOD'S SUPPLEMENTAL RESPONSE BRIEF PURSUANT TO COURT ORDER (ECF NO. 150)

Proof of Service

**Paul Stablein (P42544)**
**Paul Stablein, PLLC**
**380 North Old Woodward Avenue**
**Suite 320**
**Birmingham, Michigan 48009**
**(248) 540-1600**
**PaulStablein@StableinLaw.com**
**Attorney for L. Lin Wood**

# **TABLE OF CONTENTS**

**INDEX OF AUTHORITIES** ................................................................................. **iii**

    *I.*     *The Rohl Affidavit is Based on Hearsay and Carries No Weight* .........1

    *II.*    *The City Failed to Comply with Rule 11 or Rule 5* ...............................3

        *A.*  *The City Did Not Mail the Motion to Mr. Wood* ...........................4

        *B.*  *The Rule 11 "Motion" Did Not Make Allegations against Mr. Wood* ...............................................................................................5

        *C.*  *Tweets by Mr. Wood Do Not Satisfy the Defendants' Responsibility to Comply with the Rules* ........................................................6

            *i.*  *The Tweet on December 15, 2020* .........................................7
            *ii.*  *The Tweet on January 5, 2021* ..............................................8

**CONCLUSION** ..........................................................................................................**9**

# INDEX OF AUTHORITIES

**Cases**

*Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665 (9th Cir.1980) .............. 3

*Pan–Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539 (5th Cir.1980) .............. 2

*Rossi v. Trans World Airlines, Inc.*, 507 F.2d 404 (9th Cir.1974) ....................... 3

*State Mut. Life Assurance Co. of Am. v. Deer Creek Park*, 612 F.2d 259 (6th Cir.1979) ................................................................................................... 3

*Turoff v. May Co.,* 531 F.2d 1357 (6th Cir. 1976) ............................................... 3

**Other Authorities**

E.D. Admin. Order 08-AO-009, *Attorneys' Responsibilities to Other Counsel*, ¶ 1 (January 23, 2008) ...................................................................... 10

**Rules**

Fed. R. Civ. P. 11(c)(2) .......................................................................................... 4

Fed. R. Civ. P. 5 .................................................................................................... 5

Fed. R. Evid. 802(c) .............................................................................................. 2

No evidence exists to establish that Mr. Wood was an attorney who filed, or participated in the filing of, the pleadings complained of. The statements the court currently has before it support the conclusion that Mr. Wood, though he may have publicly supported the premise that election fraud occurred in various states across the country, did not sign the pleadings here, did not participate in the preparation of the complaint or amended complaint, nor did he authorize another to sign the complaint for him. Sidney Powell has told the court, on the record, Mr. Wood did not participate in this lawsuit. Mr. Wood has told the court, on the record, that he did not. The City has not established anything to the contrary in its supplemental brief. (ECF No. 164). The motions for sanctions should be dismissed as to Mr. Wood.

### I.     *The Rohl Affidavit is Based on Hearsay and Carries No Weight*

The City first premises liability for Mr. Wood because of an affidavit attached an earlier filed response to the sanctions motion. The City claimed in its supplemental brief that Gregory Rohl swore "that he was asked to assist in 'litigation involving alleged election fraud in Michigan which was being spearheaded by Sidney Powell and Lin Wood.'" (ECF No. 164, PageID 6148). That claim misleads the court. The City fails to point out that the statement is not from Mr. Rohl but is, in actuality, inadmissible hearsay. The entirety of the statement in the affidavit is: "That on that date at approximately 6:30 PM, Rohl *was contacted by an associate*

1

*who asked* Rohl if he would assist in litigation involving alleged election fraud in Michigan which was being spearheaded by Sidney Powell and Lin Wood." (ECF No. 111-1, PageID 4597). Mr. Wood has never met Rohl. Mr. Wood has never spoken with Rohl on the telephone. Rohl was told the litigation was being spearheaded by Powell and Mr. Wood, though that was untrue.

Fed. R. Evid. 802(c) defines "hearsay:" "'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." The City is attempting to prove the truth of the matter asserted – that Mr. Wood spearheaded this litigation – by using a statement attributable to no named person, a person who said it to Mr. Rohl. Clearly, the reason the City failed to set forth the whole statement in its brief is because of this fatal flaw, and the City was well-aware of the truism that hearsay affidavits are to be given no weight.

Even when deciding motions for summary judgment, a relatively lower bar than deciding whether to sanction an attorney, Court's are to give affidavits containing hearsay no weight. See *Pan–Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir.1980) ("It is well established that hearsay evidence in such affidavits is entitled to no weight."); *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir.1980) (hearsay evidence "is inadmissible and may not be considered by this court on review of a summary judgment"); *State Mut. Life*

*Assurance Co. of Am. v. Deer Creek Park*, 612 F.2d 259, 264–65 (6th Cir.1979) ("Affidavits composed of hearsay and opinion evidence do not satisfy Rule 56(e) and must be disregarded."); *Rossi v. Trans World Airlines, Inc.*, 507 F.2d 404, 406 (9th Cir.1974) (same). *Turoff v. May Co.,* 531 F.2d 1357, 1362 (6th Cir. 1976) ("The Glazer affidavit states that the cashiers told him…that May denied stamps for late payment. Glazer's affidavit is pure hearsay and entitled to no weight.") Therefore, a Court should give no weight to an affidavit that contains pure hearsay, such as the Rohl affidavit relied upon by the City. Mr. Wood did not spearhead the litigation in Detroit.

    II.    *The City Failed to Comply with Rule 11 or Rule 5*

Rule 11(c)(2) states:

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court….
Fed. R. Civ. P. 11(c)(2)

The rule clearly states that the movant must, in the motion, describe the *specific conduct* on which it relies to argue a violation. The City did not do so in its "Safe Harbor Letter" of December 15, 2020, and Mr. Wood adopts those arguments of law presented by counsel for Mr. Rohl, et al., relating to the inadequacies of the City's letter under Rule 11.

3

Rule 5 dictates the manner in which pleadings are to be served on opposing parties:

> (2) Service in General. A paper is served under this rule by: (A) handing it to the person; (B) leaving it: (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (C) mailing it to the person's last known address--in which event service is complete upon mailing; (D) leaving it with the court clerk if the person has no known address; (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing--in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or (F) delivering it by any other means that the person *consented to in writing*--in which event service is complete when the person making service delivers it to the agency designated to make delivery.
> Fed. R. Civ. P. 5 (Emphasis supplied.)

The City claims it served Mr. Wood by mail and by sending it to him by email. Service by email would clearly be insufficient because Mr. Wood never consented to service by email in writing as required by subrule (2)(F). Therefore, the question is whether the City complied with subrule (2)(C). It did not.

### A. *The City Did Not Mail the Motion to Mr. Wood*

The City asserted in its supplemental brief that it complied with Fed. R. Civ. P. 5(b)(1)(C) because it "served the Safe Harbor Letter on December 15, 2020, by first class mail." (ECF No. 164, PageID 6136). The City alleged it used the address for Mr. Wood it found in the signature block of the Amended Complaint. (ECF No.

4

164, PageID 6137). The address the City used is not Mr. Wood's address. P.O. Box 52584 in Atlanta, Georgia, is a postal box used by Mr. Wood for his business mail, but the zip code used by the City was wrong. The zip code the City used was 30305-0584. The correct zip code for Mr. Wood's post office box is 30355.[1] His correct mailing address is easily attainable by going to Mr. Wood's website: https://www.linwoodlaw.com/contact/.[2] The correct address is listed there. The service by first class mail never reached Mr. Wood, because the City used the wrong mailing address.

## B. The Rule 11 "Motion" Did Not Make Allegations against Mr. Wood

The City stated in its supplemental brief that it "sent copies of the Safe Harbor Letter to email addresses they were able to find for seven of these attorneys." (ECF No 164, PageID 6138).[3] Beyond the fact that this "motion" did not comply with the Eastern District's local rules requiring motions to have an accompanying brief (See Supplemental Brief of Gregory Rohl, et al., ECF No. 161, PageID 5805-5806), a

---

[1] Obviously, this discrepancy further highlights the fact that Mr. Wood did not sign the pleadings or participate in their preparation. Had he, his mailing address would have been correct, a signature line would have been above his name as the ECF rules dictate, and an email address would have been included so that Mr. Wood could be assured that he would receive everything that was filed in the case.
[2] Last accessed August 3, 2021.
[3] Since the City filed its supplemental brief on July 28, 2021, Mr. Wood's assistant was made aware of the date and email address used by the City in emailing the letter and "motion" to Mr. Wood. She has since found the email, and Mr. Wood acknowledges that he received the December 15, 2020, email discussed in the City's supplemental brief. However, because he had no involvement with the lawsuit in Michigan, he did not read it and had no recollection of receiving it.

5

close reading of the "motion" attached to the email reveals that it is directed only at Sidney Powell, and not Mr. Wood. The "motion" does not address Mr. Wood directly. The "motion" only refers to "counsel" in the singular. Granted, the term "counsel" could be read as pertaining to multiple attorneys representing multiple plaintiffs – as in "Plaintiffs' counsel." However, the City was very clear who the "motion" was addressed to.

On page two of the "motion" (ECF No. 164-4, PageID 6409), the City addressed the recipient directly in footnote 1: "Ms. Powell, this paragraph is included in our proposed motion in anticipation that you will not concur. If you do concur, we will not be filing the Motion." The City did not address Mr. Wood. The City did not seek concurrence from Mr. Wood. The City did not serve Mr. Wood. Any attorney reading the "motion" in a commonsense manner would not conclude that the City was seeking Rule 11 sanctions from anyone other than Sidney Powell. The City stated it sent emails to seven attorneys, but it only sought concurrence from one, the same attorney who has told this Honorable Court on the record that she is responsible for the filing of this lawsuit. The City failed to comply with the safe harbor provision of Rule 11 and never notified Mr. Wood that the Defendants were seeking sanctions against him. This Honorable Court should ultimately dismiss the motions against Mr. Wood.

> C. *Tweets by Mr. Wood Do Not Satisfy the Defendants' Responsibility to Comply with the Rules*

6

### i.     The Tweet on December 15, 2020

The City quotes two tweets by Mr. Wood that it claims establish Mr. Wood's actual knowledge of the existence of the sanctions motion. (ECF No. 164, PageID 6138-6139). Putting aside the fact that he was never properly served with the "motion," all that the quoted tweets establish is that Mr. Wood may have seen internet reports of the fact that the Defendants were intending to file sanctions motions in Michigan. The City stated in their supplemental response, "…Marc Elias tweeted a copy of the entire Safe Harbor Letter, with the attached Rule 11 Motion." (ECF No. 164, PageID 6138). In reality, on December 15, 2020, a website called "Law and Crime" posted, according to the City's Exhibit 4, "The motion has not yet been filed, and it was briefly tweeted out by Marc Elias, an attorney from the Washington-based firm Perkins Coie…." All that the City's exhibit says is that their "motion" was briefly tweeted out. This Honorable Court should not rely on such vague innuendos to supplant the Defendants' responsibility to comply with the Federal Rules.

The City also stated in its supplemental brief that on the same day Mr. Wood tweeted "…a link to an article containing a copy of the City's Safe Harbor Letter,…." (ECF No. 164, PageID 6138). The "article" referred to is the City's Exhibit 4. The "article" *does not* "contain a copy of the City's Safe Harbor Letter." (ECF 164-5, PageID 6418-6422). Undersigned counsel has verified each of the six

links[4] contained in the City's Exhibit 4 (except the advertisements), and none of them link to a copy of the "Safe Harbor Letter." The City's statement is false. Five of the six links take the reader to other postings by "Law and Crime" concerning related articles. Only one, "thunder," links to a document – Mr. Fink's "The City Election Commission of the City of Detroit and Janice Winfrey's Motion for Summary Disposition" filed in the Wayne County Circuit Court. *Stoddard, et al. v. City Election Commission*, et al., Case No. 20-014604-CZ. Nowhere does the posting contain a link to the Safe Harbor Letter. Therefore, Mr. Wood's tweet, with the link to the Law and Crime posting, does not itself contain a copy of the letter as the City would have this Honorable Court believe.

      *ii.*  *The Tweet on January 5, 2021*

The City would have this Court equate the fact that Mr. Wood may have heard that a sanctions motion was filed in Michigan against Sydney Powell with "actual notice" that the City was seeking sanctions against him. In reality, the first that Mr. Wood had any inkling that he was the target of a Rule 11 motion in Michigan was when the City filed it on January 5, 2021, and it was broadcast online. His response is appropriate and in line with Mr. Wood's position from the beginning of this Rule

---

[4] The links are identified "the Biden campaign," (ECF No. 164, PageID 6419); "dismissed Powell's litigation," (Id. at 6419); "Spyder," (Id. at 6420); "turn the tables," (Id. at 6421); "thunders," (Id. at 6421); "pro-Trump non-profits," (Id. at 6422).

8

11 litigation – he was not part of it. The City quotes Mr. Wood as stating that the Rule 11 motion was unfair. (ECF No. 164, PageID 6139). The City neglects to share the entirety of Mr. Wood's tweet – that he had only been to Detroit one time to take depositions for a defamation case he was handling. (ECF No. 164-7, PageID 6426). The fact that Mr. Wood had only become aware of the Rule 11 motion on the day it was filed demonstrates that the City had failed to follow the safe harbor provisions of the Rule.

The City demonstrated again that Mr. Wood knew of the sanctions motion after it was filed. It states, "Notably, in the New York federal court, Wood was fully aware of the pending sanctions motion about which he now claims ignorance. There on January 11, 2021,…." (ECF No. 164, PageID 6151, n. 6). There is no dispute Mr. Wood was made aware of the existence of a sanctions motion on January 5, 2021. That knowledge does not satisfy the Defendants' and Intervenor Defendants' responsibility to comply with the requirements of the safe harbor provisions of Rule 11.

## CONCLUSION

The City continued in its supplemental brief to rely upon one ad hominem attack after another against Mr. Wood, violating itself the civility principles[5] it

---

[5] "We will treat all other counsel, parties and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications." E.D. Admin. Order 08-AO-009, *Attorneys' Responsibilities to Other Counsel*, ¶ 1 (January 23, 2008).

9

argues were not followed by counsel in this litigation. The City referred to Mr. Wood as a "bully" (ECF No. 164, PageID 6151), called him "cowardly" (Id.), said he was "unhinged" (ECF 164, PageID 6152) and called all of the lawyers "detached." (Id.). The personal attacks, unfortunately, only serve to inflame the reader rather than arguing the facts this Honorable court has before it – none of which prove that Mr. Wood authored or otherwise legally advocated before this Court in this litigation. He did not, and the Court may not sanction him as if he did. The Court should dismiss the various motions as they relate to Mr. Wood.

                      Respectfully submitted,

                      /s/Paul J. Stablein
                      Paul Stablein
                      Attorney for Mr. Wood

DATED: August 4, 2021

PROOF OF SERVICE

I, Paul Stablein, certify that the foregoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 4th day of August, 2021, which will automatically send notification of such filing to all attorneys and parties of record registered electronically, and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail.

Respectfully submitted,

/s/Paul J. Stablein
Paul Stablein
Attorney for Mr. Wood

DATED: August 4, 2021