UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KING, MARIAN SHERIDAN,
JOHN HAGGARD, CHARLES RITCHARD,
JAMES HOOPER, DAREN RUBINGH,

              Plaintiffs,

v.

GRETCHEN WHITMER, in her
official capacity as the Governor of the
State of Michigan, JOCELYN
BENSON, in her official capacity as
Michigan Secretary of State and the
Michigan BOARD OF STATE
CANVASSERS,

              Defendants,

and

CITY OF DETROIT, DEMOCRATIC
NATIONAL COMMITTEE and
MICHIGAN DEMOCRATIC PARTY,

              Intervenor-Defendants.

No. 2:20-cv-13134
Judge Linda V. Parker
Mag. R. Steven Whalen

---

**Gregory Rohl, Brandon Johnson, Howard Kleinhendler, Sidney Powell, Julia Haller, and Scott Hagerstrom's Objections to Intervenor-Defendant City of Detroit's Time and Expense Records [ECF No. 174]**

Gregory Rohl, Brandon Johnson, Howard Kleinhendler, Sidney Powell, Julia Haller, and Scott Hagerstrom (the "Objectors") state as follows for their objection to Intervenor-Defendant City of Detroit's Time and Expense Records (ECF No. 174, PageID.7018).

**The Court should award an amount that compensates the movants and deters misconduct.**

1. Courts generally have discretion to determine the right amount to award as sanctions. *Barnes v. City of Cincinnati,* 401 F.3d 729, 745 (6th Cir. 2005). The Sixth Circuit Court of Appeals has made it clear that courts need not act as "green-eyeshade accountants" when reviewing sanctions requests. *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178, 1187 (2017). The goal "is to do rough justice, not to achieve auditing perfection." *Id.* at 1187 (internal quotations omitted).

2. Sanctions under the Court's inherent authority should be compensatory rather than punitive. *Haeger,* 137 S. Ct. at 1186. For Rule 11, the primary concern is deterring future misconduct. *Rentz v. Dynasty Appearel Industries, Inc.,* 556 F.3d 389, 400 (6th Cir. 2009). Likewise, the primary focus for sanctions under 28 U.S.C. § 1927 is to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir. 2006).

3. When imposing sanctions, a court should consider (A) what is necessary to deter similar misconduct, (B) what is necessary to compensate the

injured party—although this consideration is secondary to deterrence under Rule 11 and § 1927, (C) mitigation, and (D) ability to pay. *Danvers v. Danvers,* 959 F.2d 601, 605 (6th Cir. 1992) (quoted in *Dunn v. Post,* Case No. 20-CV-11329 (E.D. Mich., April 16, 2021), 2021 WL 1439705). *See also Kassab v. Aetna Industries, Inc.,* 265 F. Supp. 2d 819, 823 (E.D. Mich. 2003) (citing deterrence, reasonableness, ability to pay, want of diligence, causation, and duplication of efforts as factors to consider when imposing sanctions).

**The Objectors do not oppose the State Defendants' calculations.**

4.      Governor Gretchen Whitmer and Secretary of State Jocelyn Benson (the "State Defendants") seek $21,964.75 in attorneys' fees. *See Defendants Governor Grecthen* [sic] *Whitmer and Secretary of State Jocelyn Benson's Notice Regarding Sanctions Award,* ECF No. 173, PageID.7002. That request is based on a $395 per hour rate for attorney Heather S. Meingast and a $350 per hour rate for attorney Erik A. Grill.

5.      The Objectors do not oppose the State Defendants' calculations.

**The Court cannot award fees for actions relating to appeals.**

6.      Intervenor City of Detroit seeks $182,193.75—an amount that is over eight times the State Defendants' request.

7.      The City of Detroit's request includes $26,077.50 for fees incurred on appeal. *See* ECF No. 174-1, PageID.7097. This Court cannot award fees incurred on

appeal under Fed. R. Civ. P. 11. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 409 (1990) (" . . . Rule 11 does not authorize a district court to award attorney's fees incurred on appeal . . ."). Nor can it award appellate fees under 28 U.S.C. § 1927. *In re Cardezem CD Antitrust Litigation,* 481 F.3d 355, 362 (6th Cir. 2007) (holding that § 1927 does not allow a district court to award fees incurred on appeal). The Court also lacks inherent authority to award fees for actions before another court. *Children's Center for Developmental Enrichment v. Machle,* 612 F.3d 518, 524 (6th Cir. 2010) (holding that "the district court was right to conclude that even though it has inherent authority to award attorney's fees in exceptional cases before it, the 'inherent authority of a court to award attorney fees applies only to those matters originally heard by that court.'"); *Webster v. Sowders,* 846 F.2d 1032, 1040 (6th Cir. 1988) (". . . [T]he sanction statutes, the rules, and the case law provide for a fairly clear separation between conduct on appeal sanctionable by the appellate court and conduct in the trial court sanctionable by the trial court. . . .").

8.      Accordingly, the Court should deduct $26,077.50 from the City's request.

**In addition to removing appellate fees, the Court should reduce the City's fees to be capped at what the State incurred or no more than its costs of defense of the actual suit.**

9.      With appellate fees removed, the City's request totals $156,116.25.

10.      That amount is far more than necessary to compensate the City and to

deter misconduct. To the contrary, any award of fees to the city of Detroit would actually encourage additional litigation by non-parties purely for the purpose of collecting fees they generated by their own intervention and litigation.

11.     The State Defendants achieved the same result as the City of Detroit. They both successfully opposed the plaintiffs' motion for a temporary restraining order and they both filed successful motions for sanctions. Yet the City spent over *five times* the amount expended by the State Defendants to achieve the same outcomes. This significant discrepancy suggests that $156,116.25 is far more than necessary to compensate the City or to deter similar conduct in the future. It— especially as in intervenor— should be awarded no more than is awarded the state.

12.     A reduction is also appropriate because the City misused block billing. There is no prohibition against block billing per se. *See The Northeast Ohio Coalition for the Homeless v. Husted,* 831 F.3d 686, 705 n.7 (6th Cir. 2016) (holding that "block billing 'can be sufficient' if the description of the work performed is adequate"). But a reduction may be appropriate when block billing makes it difficult to determine whether the time spent on various tasks was reasonable. Some of the City's block entries are clear enough. In other entries, however, the City billed its work over an entire day as a single entry:

GRG    (King v Whitmer) Continued review of        8.50
Plaintiffs' Complaint with exhibits; research
regarding Intervenor COD's Motion to
Dismiss; research regarding Plaintiffs'
Complaint, affiants and experts; telephone
conference with DHF and DGB; e-mail

13134-LVP-RSW ECF No. 174-1, PageID.7029 Filed 09/08/21 Page 9

exchanges with DHF and DGB; review of
ruling in Trump v Pennsylvania case;
telephone conference with DHF; review of
Johnson v. Benson Supreme Court filings;
preparation of side-by-side comparison of
King Complaint to others.

ECF No. 174-1, PageID.7028-7029.

DGB    ████████████████████████        8.00
████████████████████████
████████████████████████
review of Response to Motion to Intervene in
King; review and revision of response to
Motion to Seal in King; drafting of Response
to Motion for TRO in King; factual
investigation for same; legal research for
same; telephone conferences with Mr.
Thomas for same; review of Reply ISO
Motion to Intervene filed by Robert Davis in
King; exchange of emails with Mr. Thomas
regarding Response to Motion for TRO;
preparation of exhibits for Response to same;
telephone conferences with DHF regarding
same; additional review and revision of
same. ████████████████████

ECF No. 174-1, PageID.7035.

GRG    Research for and assistance with Defendants'        9.00
Response to Plaintiffs' Emergency Motion
for Temporary Restraining Order and
Emergency Motion to Seal (King); telephone
conferences with and e-mail exchanges with
DHF regarding same.

ECF No. 174-1, PageID.7036.

DGB    Drafting of Motion for Sanctions; telephone      11.75   S
conferences with DHF regarding same;
exchange of emails regarding same.

ECF No. 174-1, PageID.7056.

| | | |
|---|---|---|
| DGB | Drafting of Motion for Sanctions; preparation of exhibits for same; factual investigation for same; telephone conferences with DHF regarding same; review of DHF edits regarding same; telephone conferences with GRG regarding same; preparation of same for filing. | 9.50  S |

ECF No. 174-1, PageID.7056.

| | | |
|---|---|---|
| GRG | Assistance with Sanctions Motion (King v Whitmer); multiple calls and e-mail exchanges with DGB. | 7.00  S |

ECF No. 174-1, PageID.7057.

13.    The issue with these entries is not block billing; it's the City's choice to bill an *entire day's work* as one entry. That practice makes it difficult to determine whether the time for discrete tasks was reasonable. *See, e.g., Gratz v. Bollinger,* 353 F. Supp. 2d 929, 939 (E.D. Mich. 2005) ("The Court believes that a ten percent . . . reduction is Maslon's requested fees is appropriate due to its attorneys' block billing and vague entries"); *Potter v. Blue Cross Blue Shield of Michigan,* 10 F. Supp. 3d 737, 748 (E.D. Mich. 2014) (affirming magistrate recommendation of a 5% reduction for vague, block-billed entries); *Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC,* 549 F. Supp. 2d 274, 283 (E.D.N.Y. 2008) ("A reduction is also warranted where counsel engages in 'block billing,' such that multiple tasks are aggregated into one billing entry thereby impeding the court's efforts to evaluate the reasonableness of any of the listed activities") (cleaned up).

14.     A reduction is also appropriate because multiple entries are duplicative.

*See Kassab v. Aetna Industries, Inc.,* 265 F. Supp. 2d 819, 823 (E.D. Mich. 2003)

("A moderate reduction in claims hours is appropriate where counsel's billing

records indicate substantial duplication of effort or inefficiency.") (citing *Hensley v.*

*Eckerhart,* 461 U.S. 424, 434 (1983)). For example:

      a.     Four attorneys—DHF, DGB, GRG, NJF—all billed for

reviewing the complaint. ECF No. 174-1, PageID.7027-7028.

      b.     Three attorneys (DHF, DGB, NJF) billed for reading the

amended complaint. ECF No. 174-1, PageID.7030-7031.

      c.     On July 28, 2021, one attorney spent 5.25 hours on tasks

including "review and revision of draft Supplemental Brief" while another

attorney spent 4 hours on tasks including reviewing and revising the same

brief. ECF No. 174-1, PageID.7094.

      d.     On August 2, 2021, two attorneys billed for drafting the same

brief. *See* ECF No. 174-1, PageID 7095 (DHF: "Review of briefs; preparation

of Response Brief"; DAB: "Preparation of brief in response to supplemental

briefs filed by Plaintiffs' counsel").

15.     In addition, a number of entries are too vague to determine how they

relate to this case:



ECF No. 174-1, PageID.7029. The City provides no information about who received

these emails, what they were about, or how they related to the case. As a result, it is

difficult to assess their reasonableness.

    16.    Some entries are simply unreasonable. For example:

        a.  The City asks the Court to award fees for its public-relations efforts:

| Aug-05-21 | DHF | Review and response to media inquiries; review of Response Briefs filed by Plaintiffs' counsel. | 2.00 S |
|---|---|---|---|

ECF No. 174-1, PageID.7096. Time spent on communications with the media may

be compensable if those communications are "necessary for the proper prosecution

of the lawsuit," as with press relations that contribute to class communications "in a

*meaningful* way . . ." *Potter,* 10 F. Supp. 3d at 750 (emphasis in original). The City

does not claim—and cannot claim—that its public-relations efforts served a similar

goal. Because communication with the press was not necessary for the defense of

this lawsuit, it is not compensable.

        b.  It also asks the Court to award fees for time spent reading the news:

> DGB    Review of King v Whitmer Complaint;       6.25
> review of news articles regarding same;
> telephone conference with DHF; review of
> e-mail from Mr. Sautter; exchange of emails
> with DHF; review of e-mail from DHF
> regarding concurrence; review of emails
> from Mr. Kleinhendler; drafting of Motion to
> Intervene; factual investigation regarding
> claims; legal research for Motion to Dismiss;
> drafting of Motion to Dismiss.

ECF No. 174-1, PageID.7027 ("review of news articles regarding same"). *See also*

ECF No. 174-1, PageID.7039 (citing .75 hours for "review of news articles regarding

pending cases in Michigan and in other states; telephone conference with DHF

regarding same; review of emails from DHF regarding same"); ECF No. 174-1,

PageID.7055 (citing 2.75 hours for tasks including "review of transcript of telephone

conference involving President Trump, Mark Meadows, Georgia Secretary of State

Raffensberger and others").

       c.      The City seeks compensation for a half hour it supposedly spent

reading a motion with *three* substantive pages (in 14-point font) and a text-

only order:



ECF No. 174-1; PageID.7034; *Proposed Intervenor Defendant Robert Davis'*

*Motion to Expedite Briefing, Scheduling and Adjudication of Proposed Intervenor Defendant Robert Davis' Emergency Motion to Intervene*, ECF No. 17, PageID.2098; TEXT-ONLY ORDER, dated Dec. 1, 2020).

   d.  The City also billed 2.5 hours for tasks including an attorney's review the City's own brief the day *after* it was filed. ECF No. 174-1, PageID.7052 ("Review of COD Motion to Dismiss and for an Award of Sanctions (King v Whitmer); scheduling of same; research regarding plaintiffs and attorneys in election cases.").

17.  A reduction is also appropriate because, although "Rule 11 provides this Court with authority to grant attorney fees incurred in presenting the Motion for Sanctions, the sanctions should primarily reflect fees incurred as a result of the offensive pleading." *Kassab,* 265 F. Supp. 2d at 824. *See also* Fed. R. Civ. P. 11(c)(2) (stating that a court may award fees incurred in pursuing a sanctions motion).[1] The vast majority of the City's fees—almost two-thirds, excluding appellate fees—arose from its quest for sanctions rather than its opposition to the offensive pleadings. The lopsided nature of the City's fees is further support for a reduction to no more than requested by the State.

---

[1] This concern does not apply to civil-rights litigation. *See Waldo v. Consumers Energy Co.,* 726 F.3d 802, 824 n. 5 (6th Cir. 2013) (stating that, "in the civil rights area, there is no requirement that the amount of attorneys' fees be proportional to the amount of the underlying award of damages").

18.   Finally, a reduction is appropriate because the City billed in quarter-hour increments rather than tenths of an hour. Using quarter-hour increments is not prohibited. *Yellowbook, Inc. v. Brandeberry,* 708 F. 3d 837, 849 (6th Cir. 2013). Rather, a district court has discretion to determine whether quarter-hour billing is reasonable. *Id. See Potter,* 10 F. Supp. 3d at 748 (declining to reduce fees based on quarter-hour billing); the use of quarter-hour billing tends to increase billing rates by 15%. *See L.H. v. Hamilton County Department of Ed.,* 356 F. Supp. 3d 713, 727 (E.D. Tenn. 2019) (citing *Bench Billboard Co. v. City of Toledo,* 759 F. Supp. 2d 905, 915 (N.D. Ohio 2010), *aff'd in part rev'd in part,* 499 F. App'x 538 (6th Cir. 2012)). Accordingly, the use of quarter-hour billing provides further support for an across-the-board reduction.

19.   Again, the goal is "rough justice" rather than mathematical precision. *Haeger,* 137 S. Ct. at 1187. Given the number of problematic billing entries, its practice of billing an entire day's work as a single block entry, its use of quarter-hour intervals, the enormous discrepancy between the City's expenditures and the State Defendants' expenditures, and the imbalance between costs expended on the merits and those expended on pursuing sanctions, the Court should reduce the City's award to no more than that awarded to the State or no more than incurred in the original litigation.

**Conclusion**

20. Accordingly, the Court should award $21,964.75 to the State Defendants and no more than that to the City.

Respectfully submitted,

COLLINS EINHORN FARRELL PC

By: /s/ Donald D. Campbell
DONALD D. CAMPBELL (P43088)
Attorneys for Hagerstrom, Haller, Johnson, Kleinhendler, Powell, and Rohl
4000 Town Center, 9th Fl.
Southfield, MI 48075
Dated: September 22, 2021      Donald.campbell@ceflawyers.com

# Certificate of Service

I certify that, on September 22, 2021, I electronically filed the above with the Clerk of the Court using the ECF system, and that a copy was electronically served on all parties via the ECF system.

COLLINS EINHORN FARRELL PC

/s/ Donald D. Campbell
DONALD D. CAMPBELL (P43088)
Attorneys for Hagerstrom, Haller, Johnson, Kleinhendler, Powell, and Rohl
4000 Town Center, 9th Fl.
Southfield, MI 48075
Dated: September 22, 2021      Donald.campbell@ceflawyers.com