UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

TIMOTHY KING, et al.,

    Plaintiffs,

v.

GRETCHEN WHITMER, et al.,

    Defendants.

and

CITY OF DETROIT, DEMOCRATIC NATIONAL COMMITTEE and MICHIGAN DEMOCRATIC PARTY, and ROBERT DAVIS,

    Intervenor-Defendants.

Civil Case No. 20-13134
Hon. Linda V. Parker

_____

### EMILY NEWMAN'S RESPONSE AND OBJECTIONS TO THE STATE DEFENDANTS AND INTERVENOR-DEFENDANT CITY OF DETROIT'S TIME SUBMISSIONS [ECF NOS. 173 AND 174]

Emily Newman continues to object to the assessment of sanctions against her for the reasons previously articulated on her behalf (*see* ECF No. 168), and these objections are without waiver of those arguments.  However, in light of the Court's Opinion and Order dated August 25, 2021, this brief focuses only on the amount of fees to be awarded.

On September 8, 2021, the State Defendants submitted their time entries by date and description. There were no redactions, no handwritten revisions, and the activities in the time entries were fairly described. In total, the State claims to have incurred 57.8 hours for its work in defending this case and in the sanctions proceedings.

On the same day, the City of Detroit submitted its time entries. They are heavily redacted, there are many handwritten revisions to the hours and, for these and other reasons, it is difficult to connect the activities described in the entries to the hours attributed to them. Ignoring this Court's August 25, 2021 Opinion which excludes appellate activity and controlling case law to the same effect, the City also seeks reimbursement for appellate work. (The State did not do so.)

But most revealing is the fact that the City and State did substantially the same work. Yet, the City's attorneys claim to have incurred 12 times more hours than the State's attorneys -- 729 hours for the City compared to the State's 57.8 hours. The time claimed by the City of Detroit should be reduced to no more than what was incurred by the State's attorneys.

## OBJECTIONS TO CLAIMED ATTORNEY HOURS/FEES

A. **Scope of Award**

In its August 25, 2021 Opinion, this Court ordered the following:

> If Plaintiffs' attorneys are not ordered to reimburse the State Defendants and the City for the **reasonable fees and costs**

2

> **incurred to defend this action**, counsel will not be deterred from continuing to abuse the judicial system to publicize their narrative. (Opinion at p. 107).
>
> \* \* \*
>
> **IT IS FURTHER ORDERED** that Plaintiffs' attorneys shall jointly and severally pay the **fees and costs incurred by the State Defendants and the City of Detroit to defend this action**. *See* Fed. R. Civ. P. 11(c)(4). (Opinion at p. 109).

(emphasis added) (ECF No. 172 at Pg ID 6996, 6998). In these passages, the Opinion provides for reimbursement of the attorney fees of the City and State "to defend this action." The defense of this action ended with its dismissal on January 14, 2021. (ECF Nos. 86-91). At that point, this action was fully defended. The sanctions proceedings were not necessary to or a part of the defense of this action. Therefore, time and fees incurred in the sanctions proceedings are not recoverable under the language of the August 25, 2021 Opinion.

### B. The City of Detroit is Not Entitled To An Award for the Appellate Proceedings

The City of Detroit seeks $26,077 for 95 hours of appeal work. (ECF No. 174-1 at Pg ID 7025, 7097). This Court excluded appellate work from its ruling on page 103 of its August 25, 2021 Opinion: "For these reasons (and not for any conduct that occurred on appeal), the Court holds that sanctions against Plaintiffs' counsel are warranted under Rule 11, § 1927, and the Court's inherent authority."

3

(ECF No. 172 at Pg ID 6992). Consistent with that ruling, the State of Michigan did not request any award for appellate work.

The exclusion of appellate activity from a trial court's sanction award is required by controlling case law from the Supreme Court and the Sixth Circuit. In *Webster v Sowders*, 846 F.2d 1032, 1040 (6th Cir. 1988), after referencing all of the bases relied upon by this Court (Rule 11, § 1927, and its inherent authority), the Sixth Circuit noted:

> We recognize that in the course of a lawsuit, the proceedings often take place in both the trial and appellate courts, and that some motions or other actions, such as the motion to stay the pay orders pending appeal, may have impacts at both levels. Nevertheless, the sanction statutes, the rules, and the case law provide for fairly clear separation between conduct on appeal sanctionable by the appellate court and conduct in the trial court sanctionable by the trial court.

*Id.* at 1040. The Supreme Court held in *Cooter & Gell v Hartmarx Corp.*, 496 U.S. 384, 406-407 (1990) that "We believe Rule 11 is more sensibly understood as permitting an award only of those expenses directly caused by the filing, logically, those at the trial level." The Court reversed on that basis: "[a]s Rule 11 does not authorize a district court to award attorney's fees incurred on appeal, we reverse that portion…" As to 28 U.S.C. § 1927, in *In re Cardizem CD Antitrust Litigation,* 481 F.3d 355 (6th Cir. 2007), the Sixth Circuit agreed with the trial court that the "Sixth Circuit, rather than this Court [the district court], has authority to decide

4

whether attorneys' fees, costs and expenses in connection with Sams' appeals are warranted…." The City is not entitled to recover for appellate work.

### C. The City of Detroit's Time Entries Are Unreasonable and Excessive When Compared with the State Defendants

There is no objection to the rate, hours or activity of the State Defendants. For the City, there is no objection to the rate. The hours claimed by the City, however, are excessive and unreasonable - especially when compared to the State Defendants who undertook the same work.

Attached in Exhibit 1 is a spreadsheet showing hours by attorney for the City and for the State Defendants and by stage. The hours of the attorneys for the City are from its summary sheet with its submission. (ECF No. 174-1 at Pg ID 7097). The hours for the State's attorneys are from the time detail in the State's submission. (ECF Nos. 173-2 and 173-3). The hours claimed by the City's attorneys greatly exceed those incurred by the State's attorneys for the same work:

|  | State Hours | City Hours | City Hours as a Multiple (X) of the State Hours |
|---|---|---|---|
| **Trial Court** | 28.55 | 149.25 | 5.2X |
| **Appeal** | 0 | 95 | n/a |
| **Sanctions** | 29.25 | 484.75 | 16.6X |
| **Total** | 57.8 | 729 | 12.6X |

5

(See Exhibit 1).

The vast difference in hours claimed cannot be explained by the City having undertaken more work. For trial court work excluding sanctions activity, both the City and State Defendants filed a response to the motion for preliminary injunction (ECF No. 5 and 31) and a motion to dismiss (ECF No. 73 and 70). The other minor or administrative filings were the same. The only difference was that the City filed a procedural motion to intervene (one page) and supporting brief (nine pages) but the State did not. (ECF No. 5). Despite the same work, the City claims 5.2 times the hours that the State did: 149.25 hours compared to 28.55 hours for the State. See Exhibit 1. To further put the City's 149.25 hours in context, no party filed an answer or counterclaim, there was no discovery, and there were no hearings or court appearances. And the case was dismissed two months after it was filed. The City's claimed hours for trial work is excessive and should be limited by or approximate the hours of the State Defendants for the same work.

For the sanctions proceedings, the disparity in hours is even more extreme. The City claims 484.75 hours compared to the State's claim of 29.25 hours -- a multiple of 16.6. See Exhibit 1. In dollars, the City seeks $116,116 compared to the State's request of $11,363. (*Id.*) Both filed motions for sanctions (ECF Nos. 73 and 105) and reply briefs to those motions (ECF Nos. 103 and 116). Both appeared at the hearing on July 12, 2021, and both filed supplemental briefs,

although the City filed two (ECF Nos. 164 and 171) and the State filed one (ECF No. 166).

The request of the State Defendants is reasonable and justified by the activity in the case. It provides a reliable benchmark as to the amount of reasonable attorney fees to be awarded to the City of Detroit. The City of Detroit's fee award should not exceed the hours incurred by the attorneys for the State Defendants.

**D.   The City of Detroit's Time Entries Are Unreasonable and Excessive for the Activity Involved**

As to the specific entries, any meaningful examination of the time entries is limited by the redactions and handwritten revisions. There are 70 pages of time detail. (ECF No. 174-1 at Pg ID 7027-7096). At least 32 pages have heavy redactions which hinder any understanding of what was done and for how long. (ECF No. 174-1 at Pg ID 7029-7044, 7046-7054, 7057-7058, 7066, 7069-7070, 7075-7076). Nearly every other page has some redaction. Beginning with the time entries for December 22, 2020 (ECF No. 174-1 at Pg ID 7051), and continuing until the end, there are many block entries that have the typed hour total redacted with a handwritten total written in. The handwritten hour notations appear to have been done for this submission and not made contemporaneously with the work, which lessens their accuracy. Many entries contain two different hour totals for the same block narrative, but with no indication of what time total is for what work. The handwritten notations of how much time was incurred by stage ("S,"

"A" or none) appear arbitrary and done well after the activity occurred. There should be a significant reduction given the difficulty in interpreting and understanding what is claimed by the City.

Even with those redactions, the following especially stand out from the City's submissions as objectionable.

### 1. December 23, 2020 to January 4, 2021 - Motion for Sanctions

On December 22, 2020, the City filed its combined Motion to Dismiss and for an Award of Sanctions. (ECF No. 73). On January 5, 2021, it filed its standalone Motion for Sanctions, for Disciplinary Action, for Debarment Referral and For Referral to State Bar Disciplinary Bodies ("Motion for Sanctions"). (ECF No. 78). During those 14 days from December 23 to January 5, it claims 83.25 hours, which is almost entirely for preparing its Motion for Sanctions. (ECF No. 174-1 at Pg ID 7051-7057). This was after it had filed its Motion to Dismiss and for an Award of Sanctions (ECF No. 73) and its opposition brief to the motion for preliminary injunction (ECF No. 23), both of which, along with this Court's Opinion on that motion (ECF No. 62), gave the City the benefit of a substantial amount of legal research which it would not need to repeat for its motion filed on January 5. It took the State Defendants a total of six hours to draft and file their motion for sanctions. (ECF No. 173-2 at Pg ID 7010 and ECF No. 173-3 at Pg ID

7016).  No more than 6 hours should be awarded to the City for its Motion for Sanctions filed on January 5, 2021.  This results in a reduction of 77 hours.

### 2. January 27, 2021 to February 4, 2021 - Reply for Motion to Dismiss and Motion for Sanctions

By January 26, 2021, all claims had been dismissed (see ECF Nos. 86-91), and the briefing on the City's Motion for Sanctions was completed with the filing of its motion and initial brief on January 5, 2021 (ECF No. 78) and its reply brief on January 26, 2021 (ECF No. 103).  Yet, from January 27 to February 4, the City claims 40.5 hours.  (ECF No. 174-1 at Pg ID 7052-7056).  Almost all of those hours are for its Reply for its combined Motion to Dismiss and for Sanctions.  But it had already fully briefed its Motion for Sanctions.  (ECF No. 78 and 103).  And, as this Court ruled subsequently, that standalone Motion for Sanctions mooted and superseded the request for sanctions combined with its motion to dismiss (ECF No. 73).  *See* Opinion and Order dated July 9, 2021: "While the City of Detroit also requested sanctions in its motion, it filed a subsequent motion for sanctions (ECF No. 78), which the Court believes moots or supersedes its earlier motion."  (ECF No. 149 at Pg ID 5266).  With the case dismissed and its Motion for Sanctions already fully briefed, it was unreasonable to spend 40.5 hours on another reply brief for a Motion to Dismiss and for Sanctions that was superseded by the City's prior filings.  All of this time is unnecessary and unreasonable.  This results in a reduction of 40.5 hours.

### 3. February 5, 2021 to May 20, 2021

From February 5, 2021 to June 7, 2021, the City claims 40.25 hours. (ECF No. 174-1 at Pg ID 7056-7080). As of February 5, all claims had been dismissed, and all motions involving the City had been fully briefed. On June 8, this Court issued its notice of hearing for the pending motions. There was nothing occurring in this case from February 5 to June 7 and the City is entitled to no fees for this time period. This results in a reduction of 40.25 hours.

### 4. June 8, 2021 to July 11, 2021 - Preparation for Hearing

On June 8, 2021, this Court issued its notice of hearing for the sanctions motions. (ECF No. 122). The hearing was held on July 12. From the date of that notice, June 8, through the day before the hearing, July 11, the City claims 82.75 hours. (ECF No. 174-1 at Pg ID 7081-7089). The only substantive activity consisted of preparing for the hearing. The State claimed 3.5 hours to prepare for the July 12 hearing. (See ECF 173-2 at Pg ID 7010). The same amount of time should have been incurred by the City. This results in a reduction of 79 hours.

### 5. Post-Hearing Supplemental Briefs

After the July 12 hearing, the City filed a supplemental brief on July 28 and another one on August 4. (ECF Nos. 164 and 171). For the period devoted to the first brief, the City claims 83.75 hours. (ECF No. 174-1 at Pg ID 7088-7094). For the period that led up to the filing of the second brief, the City claims 32.75 hours.

(ECF No. 174-1 at Pg ID 7094-7096). The State, which only filed one supplemental brief on August 4, incurred four hours to draft and file its supplemental brief. (ECF No. 173-2 at Pg ID 7010 and ECF No. 173-3 at Pg ID 7016). The City should be limited to four hours per supplemental brief. This results in a reduction of 100.5 hours.

## CONCLUSION

The award for the City should be capped at the hours incurred by the State Defendants. Alternatively, the hours for the City's attorneys should be reduced by excluding 95 hours for appeal work and reduced by another 337 hours for the reasons set forth in Section D.

TIMOTHY E. GALLIGAN PLLC

By: /s/ Timothy E. Galligan
Timothy E. Galligan (P51768)
39 South Main St., Suite 24
Clarkston, MI 48346
(248) 241-6179
galligan@galliganpllc.com
Attorney for Emily Newman

Dated: September 22, 2021

### Certificate of Service

The undersigned hereby certifies that on September 22, 2021, a true and correct copy of the forgoing was filed electronically using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/Timothy E. Galligan