## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

**TIMOTHY KING, et al.,**

                    **Plaintiffs,**      **Case No:  2: 20-cv-13134**

**-v-**                                 **Honorable Linda V. Parker**

**GRETCHEN WHITMER, in her official
capacity as Governor of the State of Michigan,
et al.**

                    **Defendants,**

**and**

**CITY OF DETROIT, DEMOCRATIC
NATIONAL COMMITTEE and
MICHIGAN DEMOCRATIC PARTY, and ROBERT DAVIS,**
                    **Intervenor-Defendants.**

---

## ATTORNEY L. LIN WOOD'S OBJECTIONS TO INTERVENOR-DEFENDANT CITY OF DETROIT'S TIME AND EXPENSE RECORDS (ECF 174)

**Proof of Service**

**Paul Stablein (P42544)
Paul Stablein, PLLC
380 North Old Woodward Avenue
Suite 320
Birmingham, Michigan 48009
(248) 540-1600
PaulStablein@StableinLaw.com
Attorney for L. Lin Wood**

1

NOW COMES L. Lin Wood, by and through his attorney, Paul Stablein, and in support of his objections to the Intervenor Defendant, City of Detroit's, time and expense records (ECF 174), states as follows:

1.      On August 25, 2021, this Honorable Court ordered, among other sanctions, that "Plaintiffs' attorneys shall jointly and severally pay the fees and costs incurred by the State Defendants and the City of Detroit to defend this action."  (ECF 172, PageID.6998).  Fees and costs incurred by the City of Detroit (the City) "to defend this action" does not include fees incurred for representation in the Court of Appeals, nor does it include fees incurred for the preparation and argument of the sanctions motion.

2.      Though an award of fees incurred in pursuing a motion for sanctions is within this Honorable Court's discretion, the Seventh Circuit has cautioned, "But if the court determines that an award of attorney's fees will serve the deterrent purpose of Rule 11, it has an obligation to award only those fees which directly resulted from the sanctionable conduct. Fed.R.Civ.P. 11(c)(1)(A)." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003); *Kassab v. Aetna Indus., Inc.*, 265 F. Supp. 2d 819, 824 (E.D. Mich. 2003). ("Further, while Rule 11 provides this court with authority to grant attorney fees incurred in presenting the Motion for Sanctions, the sanctions should primarily reflect fees incurred as a result of the offensive pleading.")  The sanctionable conduct in this matter was, according to the Court's order, the filing of

the complaint and amended complaint, to which, the Court concluded, Mr. Wood had affixed his signature and thereby violated Rule 11. However, in this case, Fink Bressack, primarily David Fink, according to the time records submitted, spent almost 400% more time (38.5 hours versus 156.25 hours) pursuing sanctions than he did defending the City as an intervenor. The request is unreasonable.

3. Sanctions under the Court's inherent authority should be compensatory rather than punitive. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017). For Rule 11, the primary concern is deterring future misconduct. *Rentz v. Dynasty Appearel Industries, Inc.*, 556 F.3d 389, 400 (6th Cir. 2009). Likewise, the primary focus for sanctions under 28 U.S.C. § 1927 is to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). Regardless of the end to be served, the award of attorney's fees should be limited to those fees that are reasonable. *Eastway Const. Corp. v. City of New York*, 821 F.2d 121, 123 (2d Cir. 1987) ("The case law under Rule 11 also reflects the exercise of discretion to award only that portion of a defendant's attorney's fee thought reasonable to serve the sanctioning purpose of the Rule.") As will be shown below, the submission by the City is unreasonable for varying reasons.

4.     Mr. Wood has no objection[1] to the amount of fees and costs submitted to this Honorable Court by the State Defendants.   The submission is concise, rationally related to the amount of work performed and the years of experience of the two attorneys, and the billing (for the most part) is in tenth of an hour increments.

5.     The City, on the other hand, has submitted fees that far exceed that submitted by the State Defendants.   The City's submission includes almost $40,000.00 for defending the action, over $26,000.00 for work on the appeal, and, dwarfing both of those submissions, over $116,000.00 for work on the sanctions litigation.  The City's submissions fail to comply with the Court's August 25th order.

6.     The City's submission states that Fink Bressack negotiated a blended hourly rate for the election litigation with the City, which included $325.00 per hour for work undertaken by David Fink, Darryl Bressack and Nathan Fink.  The firm billed $225.00 per hour for associates Dave Bergh, John Mack, and Glenn Gayer, and $75.00 per hour for law clerk Patrick Masterson.  Reasonable fees "are to be calculated according to the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984), and "the court should deem the 'relevant community' for fee purposes to constitute the

---

[1] As he has from the beginning of the litigation over sanctions, Mr. Wood, respectfully, does not concede that the Court had the authority to levy any sanctions against him as he did not author the complaint or amended complaint, did not sign the pleadings, did not authorize anyone to sign his name to the pleadings, and, contrary to the claim made by Mr. Rohl, had no part in litigating this action.  Nonetheless, Mr. Wood respects that the Court has ruled, and proceeds with his objections here without relinquishing his arguments previously made to the Court.

4

legal community within that court's territorial jurisdiction." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).  As such, the applicable prevailing market rate for lawyers in the Eastern District of Michigan is what lawyers of similar experience charge their paying clients for similar work.  "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007).

7.   The State Bar of Michigan provides "a valuable service by regularly publishing studies on the prevailing market rates for legal services in this state." *Smith v. Khouri*, 481 Mich. 519, 532, 751 N.W.2d 472, 480 (2008).  According to the Member Directory of the State Bar of Michigan David Fink has been licensed since 1977 (44 years)[2], Darryl Bressack from 2004 to 2021 (17 years)[3] and Nathan Fink since 2011 (10 years)[4].  The most recent study published by the State Bar of Michigan was completed in 2020.[5]  For lawyers practicing for over 35 years, the median hourly rate is listed as $295.00 per hour and the average hourly rate is $317.00 per hour.  For lawyers practicing from 16 to 25 years (Mr. Bressack), the median is $300.00 per hour and the average is $315.00 per hour.  For lawyers

---

[2] https://www.michbar.org/memberdirectory/detail/id=28235
[3] https://www.michbar.org/memberdirectory/detail/id=67820
[4] https://www.michbar.org/memberdirectory/detail/id=84320
[5] https://www.michbar.org/file/pmrc/articles/0000155.pdf. (Last accessed September 22, 2021.)

practicing six to ten years (Nathan Fink) the median rate is $250.00 per hour and the average is $285.00 per hour. Even taking into account the 10% reduction, as stated in the City's submission, charging $292.50 per hour for attorneys with less than 10 years' experience is unreasonable. Therefore, the total fee submitted for work completed by Nathan Fink should be reduced by 15% based upon the median hourly rate for lawyers of similar experience.

8. Lawyers Dave Bergh, John Mack and Glenn Gayer have been practicing two years,[6] five years[7] and 24 years[8], respectively. A review of the median and average hourly rates for lawyers of similar experience reveals that, taking into account the 10% reduction, the hourly rate submitted for work completed by these three lawyers appears in line with the rates published by the State Bar.

9. However, it is not clear that the time billed by each of the attorneys was reasonable given the nature of the block billing the firm engaged in and duplicity of work demonstrated by a close examination of the time entries. As with other common practices in the industry, block billing is not per se unreasonable. *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 706 (6th Cir. 2016) ("This court has held block billing can be sufficient if the description of the work performed is adequate.") "The key requirement for an award of attorney fees is that the

---

[6] https://www.michbar.org/memberdirectory/detail/id=110222
[7] https://www.michbar.org/memberdirectory/detail/id=97918
[8] https://www.michbar.org/memberdirectory/detail/id=56484

documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prod., Inc*., 515 F.3d 531, 553 (6th Cir. 2008) (Cleaned up.)  Here, the City has billed in blocks where the time spent envelops an entire day.

10.    For example, on November 27, Mr. Gayer billed 8.50 hours for:

(King v Whitmer) Continued review of Plaintiffs' Complaint with exhibits; research regarding Intervenor COD's Motion to Dismiss; research regarding Plaintiffs' Complaint, affiants and experts; telephone conference with DHF and DGB; e-mail exchanges with DHF and DOB; review of ruling in Trump v Pennsylvania case telephone conference with DHF; review of Johnson v. Benson Supreme Court filings; preparation of side-by-side comparison of King Complaint to others.
(ECF No. 174-1, PageID.7028-29)

11.    On December 2, 2020, Mr. Bressack billed 8.0 hours for:

review of Response to Motion to Intervene in King; review and revision of response to Motion to Seal in King; drafting of Response to Motion for TRO in King; factual investigation for same; legal research for same; telephone conferences with Mr. Thomas for same; review of Reply ISO Motion to Intervene filed by Robert Davis in King; exchange of emails with Mr. Thomas regarding Response to Motion for TRO; preparation of exhibits for Response to same; telephone conferences with DHF regarding same; additional review and revision of same.
(ECF No. 174-1, PageID.7035)

12.    On the same day, Mr. Gayer billed 9.0 hours for:

Research for and assistance with Defendants' Response to Plaintiffs' Emergency Motion for Temporary Restraining Order and Emergency

Motion to Seal (King); telephone conferences with and e-mail exchanges with DHF regarding same.
(ECF No. 174-1, PageID.7036)

13.    On January 5, 2021, Mr. Gayer billed 7.0 hours for "Assistance with Sanctions Motion (King v Whitmer); multiple calls and e-mail exchanges with DGB." (ECF No. 174-1, PageID.7057).

14.    On January 2 (5.5 hours), 3 (6 hours), 4 (11.75 hours) and 5 (9.5 hours), 2021, Mr. Bressack spent entire days simply "Drafting Motion for Sanctions." The entries do not provide any specificity as to how the hours were spent. The entries contain no detail about what portion or what research was conducted. Block billing, especially when the entries contain no detail or specifics of the work completed, should be disfavored by this Honorable Court. The Court should reduce any entry where the City engaged in block billing. Counsel has determined a total of 57.25 hours fall under the definition of block billing (16.5 for Mr. Gayer ($3,341.25) and 40.75 for Mr. Bressack ($11,919.38)).

15.    A reduction is also appropriate because multiple entries are duplicative.[9] See *Kassab v. Aetna Industries, Inc.*, 265 F. Supp. 2d 819, 823 (E.D. Mich. 2003) ("A moderate reduction in claims hours is appropriate where counsel's

---

[9] Paragraphs 15 through 19 contain arguments taken verbatim from those set forth in the objections filed by counsel for Gregory Rohl, Brandon Johnson, Howard Kleinhendler, Sidney Powell, Julia Haller, and Scott Hagerstrom, as the same facts and legal conclusions apply to Mr. Wood as well.

billing records indicate substantial duplication of effort or inefficiency.") (citing

*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  For example:

> Four attorneys-DHF, DGB, GRG, NJF-all billed for reviewing the complaint. ECF No. 174-1, PageID.7027-7028.
> Three attorneys (DHF, DGB, NJF) billed for reading the amended complaint. ECF No. 174-1, PageID.7030-7031.
>
> On July 28, 2021, one attorney spent 5.25 hours on tasks including "review and revision of draft Supplemental Brief" while another attorney spent 4 hours on tasks including reviewing and revising the same brief. ECF No. 174-1, PageID.7094.
>
> On August 2, 2021, two attorneys billed for drafting the same brief. See ECF No. 174-1, PageID 7095 (DHF: "Review of briefs; preparation of Response Brief"; DAB: "Preparation of brief in response to supplemental briefs filed by Plaintiffs' counsel").

16.     Some entries are simply unreasonable.  For example, the City asks the Court to award fees for its public-relations efforts.  On August 5, David Fink billed 2.0 hours for "Review and response to media inquiries; review of Response Briefs filed by Plaintiffs' counsel." (ECF No. 174-1, PageID.7096.)  Time spent on communications with the media may be compensable if those communications are "necessary for the proper prosecution of the lawsuit," as with press relations that contribute to class communications "in a meaningful way . . ." *Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 750 (E.D. Mich. 2014).  The City does not claim-and cannot claim-that its public-relations efforts served a similar goal. Because communication with the press was not necessary for the defense of this lawsuit, it is not compensable.

17.     It also asks the Court to award fees for time spent reading the news.  On November 26, 2021, Mr. Bressack billed 6.25 hours for:

> Review of King v Whitmer Complaint; review of news articles regarding same; telephone conference with DHF; review of e-mail from Mr. Sautter; exchange of emails with DHF; review of e-mail from DHF regarding concurrence; review of emails from Mr. Kleinhendler; drafting of Motion to Intervene; factual investigation regarding claims; legal research for Motion to Dismiss; drafting of Motion to Dismiss.
> (ECF No. 174-1, PageID.7027.)

See also ECF No. 174-1, PageID.7039 (citing .75 hours for "review of news articles regarding pending cases in Michigan and in other states; telephone conference with DHF regarding same; review of emails from DHF regarding same"); ECF No. 174-1, PageID.7055 (citing 2.75 hours for tasks including "review of transcript of telephone conference involving President Trump, Mark Meadows, Georgia Secretary of State Raffensberger and others").

18.     The City seeks compensation for a half hour it supposedly spent reading a motion with three substantive pages (in 14-point font) and a text-only order:

> ECF No. 174-1; PageID.7034; Proposed Intervenor Defendant Robert Davis' Motion to Expedite Briefing, Scheduling and Adjudication of Proposed Intervenor Defendant Robert Davis' Emergency Motion to Intervene, ECF No. 17, PageID.2098; TEXT-ONLY ORDER, dated Dec. 1, 2020).

19.     The City also billed 2.5 hours for tasks including an attorney's review the City's own brief the day after it was filed.  (ECF No. 174-1, PageID.7052) ("Review of COD Motion to Dismiss and for an Award of Sanctions (King v

Whitmer); scheduling of same; research regarding plaintiffs and attorneys in election cases.")

20.    The City submitted bills for work on the appeal, which are not compensable pursuant to the Federal Rules of Civil Procedure. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406, 110 S. Ct. 2447, 2461, 110 L. Ed. 2d 359 (1990) (The award of attorneys' fees in the district court "must be interpreted in light of Federal Rule of Civil Procedure 1, which indicates that the Rules only 'govern the procedure in the United States district courts.'  Neither the language of Rule 11 nor the Advisory Committee Note suggests that the Rule could require payment for any activities outside the context of district court proceedings.")  Consequently, this Honorable Court may not award attorney fees incurred by the City for that which the firm has designated as appellate work – a total of $26,077.50.

21.    The City has submitted a bill for defending the action and submits the time spent per attorney in ¼ hour increments.  Though quarter hour billing is not *per se* unreasonable, courts have recognized that quarter hour billing results in fees for work that took much less than 15 minutes to complete.  *Bench Billboard Co. v. City of Toledo*, 499 F. App'x 538, 549 (6th Cir. 2012) ("[N]evertheless [the court] found such billing inappropriate in a § 1983 case because of its tendency to generate bills that are fifteen percent higher than bills based on tenth-of-an-hour billing increments.")  In the Eastern District of Tennessee, the practice of billing in quarter

hour increments is disfavored. *Brumitte v. Astrue,* No. 3:08-CV-53, 2009 WL 3208594, at *4 (E.D. Tenn. Sept. 29, 2009). The same appears to be the case in the Eastern District of Michigan.

22.   In *H.D.V.-Greektown v. City of Detroit*, No. 06-11282, 2017 WL 9470887, at *7 (E.D. Mich. Sept. 28, 2017), report and recommendation adopted in part sub nom. *H.D.V.-Greektown, L.L.C. v. City of Detroit*, No. 06-11282, 2018 WL 549529 (E.D. Mich. Jan. 25, 2018), aff'd sub nom. *H.D.V.- Greektown, LLC v. City of Detroit, Michigan*, 774 F. App'x 968 (6th Cir. 2019), after remand from the Sixth Circuit, Magistrate Judge Whalen reduced the Plaintiffs' request for attorney fees to be paid by the City of Detroit and stated:

> Judge Zatkoff reiterated this assessment in rejecting quarter-hour minimum billings in *Bell v. Prefix, Inc*., 784 F.Supp.2d 778, 776 (E.D. Mich. 2011) ("As previously determined by this Court (and upheld on appeal), it is appropriate and necessary to reduce such .25 increments by .15 hour to reflect tenth-hour billing."). In *Van Loo v. Cajun Operating Co.*, 2016 WL 6211692, *5 (E.D. Mich. 2016), Judge Michelson, citing *Bell*, agreed, noting, "Courts have viewed billing in such increments with some suspicion."[10]

23.   In *Hubbell v. FedEx Smartpost, Inc*., No. 14-13897, 2018 WL 1392668, at *4 (E.D. Mich. Mar. 20, 2018), aff'd, 933 F.3d 558 (6th Cir. 2019), Judge Steeh

---

[10] It is ironic that the City of Detroit would, in 2019, successfully argue before Magistrate Judge Whalen that they are not liable for attorney fees billed at ¼-hour increments, and in 2021, submit a request for attorney fees to this Court billed at ¼-hour increments. The Court should also take note that panel attorneys, such as undersigned counsel, working on behalf of indigent defendants in this district pursuant to the Criminal Justice Act, are required to bill for their time in 1/10-hour increments.

examined the hourly rate charged by the plaintiff's attorneys in an employment discrimination suit and took exception to the firm's use of quarter-hour increments for billing purposes.  Judge Steeh concluded, "The Court will therefore impose an across-the-board reduction of five percent to Guzall and Najor's hours. This reduction is sufficient to counter the likelihood that some hours involved rounding that led to slight over-billing while others did not.  *Id*. at *4 (Quotations and citations omitted.)  Therefore, courts in this jurisdiction appear to disfavor quarter-hour billing as was utilized by the City in this matter, and this Court should reduce those fees and costs that the Court deems reasonable by an additional factor.

24.     All in all, the City's request for fees is exorbitant and unreasonable. Reductions, though difficult to determine precisely, are warranted.  The best example of what it cost the defendants to defend this suit is that proffered by the State Defendants.  The same result was obtained.  The Court should deny the requests of the City and award the City no more than that proffered by the State Defendants - $21,964.75.

WHEREFORE, Mr. Wood prays this Honorable Court for an order denying the City's request for fees and costs in the amount submitted and limit the award of fees and costs to that submitted by the State Defendants - $21,964.75.

Respectfully submitted,

13

/s/Paul J. Stablein
Paul Stablein
Attorney for Mr. Wood

DATED:      September 22, 2021

**PROOF OF SERVICE**

I, Paul Stablein, certify that the foregoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 22nd day of September, 2021, which will automatically send notification of such filing to all attorneys and parties of record registered electronically, and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail.

Respectfully submitted,


/s/Paul J. Stablein
Paul Stablein
Attorney for Mr. Wood

DATED:     September 22, 2021