# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: February 24, 2022

Mr. David H. Fink
Fink Bressack
38500 Woodward Avenue
Suite 350
Bloomfield Hills, MI 48304

Mr. Nathan Joshua Fink
Fink Bressack
38500 Woodward Avenue
Suite 350
Bloomfield Hills, MI 48304

Mr. Erik A. Grill
Office of the Attorney General of Michigan
P.O. Box 30217
Lansing, MI 48909

Mr. Howard Kleinhendler
Howard Kleinhendler Esquire
369 Lexington Avenue
12th Floor
New York, NY 10017

Ms. Heather S. Meingast
Office of the Attorney General of Michigan
P.O. Box 30217
Lansing, MI 48909

Ms. Sidney Powell
Sidney Powell
2911 Turtle Creek Boulevard
Suite # 300
Dallas, TX 75219

    Re:  Case No. 21-1786, *Timothy King v. Gretchen Whitmer, et al*
          Originating Case No. : 2:20-cv-13134

Dear Counsel,

    The Court issued the enclosed Order today in this case.

                                          Sincerely yours,

                                          s/C. Anthony Milton
                                          Case Manager
                                          Direct Dial No. 513-564-7026

cc:  Ms. Kinikia D. Essix
      Mr. T. Russell Nobile
      Mr. Paul Joseph Orfanedes

Enclosure

No. 21-1786

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TIMOTHY KING, et al., | ) | |
| | ) | **FILED** |
| Plaintiffs, | ) | Feb 24, 2022 |
| | ) | DEBORAH S. HUNT, Clerk |
| GREGORY J. ROHL, et al., | ) | |
| | ) | |
| Interested Parties-Appellants, | ) | O R D E R |
| | ) | |
| v. | ) | |
| | ) | |
| GRETCHEN WHITMER, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: GUY, CLAY, and DONALD, Circuit Judges.

Attorneys Gregory J. Rohl, Brandon Johnson, Howard Kleinhendler, Sidney Powell, Julia Haller, and Scott Hagerstrom appeal the district court's imposition of monetary and non-monetary sanctions against them for engaging in abusive litigation practices in the district court. On February 14, 2022, the Attorneys moved to stay the non-monetary portion of the district court's sanctions award, issued on August 25, 2021, which ordered: (1) each of the attorneys to complete—before February 25, 2022—at least twelve hours of continuing legal education offered by a non-partisan organization on the subjects of pleading standards and election law; and (2) the clerk to send a copy of the order to the Michigan Attorney Grievance Commission and to the appropriate disciplinary authorities where each attorney is admitted to practice law so those organizations could initiate an investigation into the possible suspension or disbarment of each

attorney. The City of Detroit, and Michigan Governor Gretchen Whitmer and Michigan Secretary of State Jocelyn Benson, separately oppose the motion. The Attorneys reply.

A motion to stay should first be sought in the district court unless the movant can "show that moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i). The Attorneys acknowledge that they did not first move the district court for a stay, asserting that: it was not possible to fully brief a motion to stay in both the district court and this court before the February 25 deadline because the district court did not enter its final judgment until December 2, 2021; the district court's *sua sponte* stay of the monetary portion of its judgment when it entered the judgment established that it would have been futile to seek a stay of the non-monetary portion of the judgment; and it was prudent to seek a stay only after fully fleshing out their arguments in their principal brief on appeal. We disagree.

"The chronology of events in this case belies appellants' claim that resolution of the stay issue by this court is a matter of extreme urgency needing immediate resolution." *Chem. Weapons Working Grp. (CWWG) v. Dep't of the Army*, 101 F.3d 1360, 1361 (10th Cir. 1996). Contrary to the Attorneys' assertions, there was ample time for them to seek a stay in the district court before the judgment issued under that court's standard motions practice. *See* E.D. Mich. LR 7.1(e)(1)(A), (B). The district court was also best positioned to consider whether a stay of the non-monetary sanctions was appropriate in the first instance, given its familiarity with the record. *See Cumberland Tel. & Tel. Co. v. Louisiana Pub. Serv. Comm'n*, 260 U.S. 212, 219 (1922). The Attorneys' unsupported speculation that the district court would not exercise its authority in good faith is unfounded, particularly considering the district court's painstaking analysis in support of its sanctions order and its *sua sponte* recognition that a stay of the monetary portion of the judgment was appropriate. *See id.*; *see also Whole Women's Health v. Paxton*, 972 F.3d 649, 654 (5th Cir. 2020) (refusing to find impracticability when a party "appears to apply a presumption of

bad faith on the part of the district court when the appropriate presumption is of course just the opposite.").

There was also ample time for this court to consider a motion to stay in the normal course. Fed. R. App. P. 27(a)(3)(A), (4). The Attorneys' assertion that it was prudent to delay seeking a stay until they filed their principal brief is inexplicable. *See Whole Women's Health*, 972 F.3d at 654 ("Preference and impracticability are not synonyms."). They waited more than two months to seek a stay, knowing the February 25 deadline was imminent. The district court clerk has already referred the matter to the Attorneys' relevant disciplinary authorities. When the district court entered its judgment, reducing the monetary sanctions to a sum certain, it had no reason to consider whether to stay its non-monetary sanctions imposed more than three months prior.

Accordingly, given the Attorneys' failure to first seek a stay in the district court, the motion to stay is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk