EXHIBIT A



# NEW YORK CLE CERTIFICATE OF ATTENDANCE

**MAY BE USED ONLY FOR PROGRAMS ACCREDITED BY THE NYS CLE BOARD. ALL INFORMATION MUST BE ENTERED BY THE CLE PROVIDER.**

This certificate is issued under §1500.4(b)(12) of the NYS CLE Program Rules and under §10(B) of the NYS CLE Board Regulations and Guidelines. By issuing this certificate, the CLE provider verifies that the attorney named below completed this program. *Attorneys must retain their certificates of attendance for at least four (4) years from the date of the program.*

## A. Attorney and Program Information

Howard Kleinhendler

▲ Name of Attorney

The Fundamentals of Pleading Practice in State and Federal Court

▲ Title of Program

**Thursday, January 20, 2022**

▲ Date(s) of Attendance (For self-study programs, indicate date attorney completed program.)

▲ Location of Program (City, State)

[✔] Location Not Applicable (Check only for self-study programs.)

## B. Format of Program

(Check only the format completed by the attorney to whom this certificate is issued.)

- [ ] 1. Traditional Live Classroom Format
- [ ] 2. Fully Interactive Videoconference

Live Simultaneous Transmission
(webconference, teleconference, webcast, videoconference, satellite broadcast, etc.)
- [ ] 3. Questions Allowed During Program (Synchronous Interactivity)
- [ ] 4. Questions Not Allowed During Program

- [✔] 5. On-Demand/Recorded (Audio/Video)
- [ ] 6. Other (Describe)

Newly admitted attorney format restrictions (except as provided in §2(A) and §2(F) of the Regulations):
* Formats 1 & 2 - acceptable for credit in any category
* Format 3 - unacceptable for Skills credit
* Formats 4 & 5 - unacceptable for Skills or Ethics and Professionalism credit

## C. Attorney's Method of Participation (Check only one)

- [ ] Group Setting, or
- [✔] Individual/Self-Study (including an attorney individually dialing in or logging in to a webconference, teleconference or webcast, or individually viewing/listening to a recorded program)

## D. Level of Difficulty (Check only one)

**The *content* of the course is appropriate for:**

- [✔] BOTH newly admitted and experienced attorneys (transitional/nontransitional), or
- [ ] ONLY experienced attorneys (nontransitional), or
- [ ] ONLY newly admitted attorneys (transitional)

New York State CLE Board • www.nycourts.gov/attorneys/cle • Revised 01/18

## E. Credit for Attendance

Award credit in accordance with §6(A)(4)(a) of the Regulations. Enter number of credits earned in each category:

**For Newly Admitted and/or Experienced Attorneys:**

   0 Ethics and Professionalism

   0 Skills

   1 Law Practice Management

   0 Areas of Professional Practice

**For Experienced Attorneys Only:**

   0 Diversity, Inclusion and Elimination of Bias

In accordance with §10(B)(2) of the Regulations, for multiple breakout sessions, provider should attach a sheet indicating the sessions attended by the attorney.

## F. Credit for Faculty Participation

Award credit in accordance with §3(D) of the Regulations. Select participation type and enter number of credits earned in each category:

**For Experienced Attorneys Only:**

- [ ] Speaker
- [ ] Moderator
- [ ] Panel Member
- [ ] Law Competition Faculty

   Ethics and Professionalism

   Skills

   Law Practice Management

   Areas of Professional Practice

   Diversity, Inclusion and Elimination of Bias

## G. CLE Provider Information

National Academy of Continuing Legal Education

▲ Provider Organization

483 Hempstead Ave, West Hempstead, NY 11552

▲ Address

212-776-4943

▲ Telephone

Simcha Dornbush

▲ Provider Agent Name

▲ Provider Agent Signature

**The CLE Provider:** (Check only one)

- [✔] has been certified as an Accredited Provider by the NYS CLE Board, or

- [ ] has had this individual course accredited by the NYS CLE Board as:

                ▲ Course Number

This certificate may NOT be used to award CLE credit to New York attorneys under New York's Approved Jurisdiction policy.



NATIONAL ACADEMY
OF CONTINUING LEGAL EDUCATION

NEW YORK STATE CONTINUING LEGAL EDUCATION
**ATTORNEY AFFIRMATION**

**Title of Course :**  The Fundamentals of Pleading Practice in State and Federal Court

**Name of Instructor :**  Ryan R. Smith, Esq.

**Date Course Completed :**  1/20/2022

**Credits Earned :**  1 Law Practice Management

**Sku :** LIT900

**Format :** Online Video     **Verification Code(s) :** STORE

**Attendee**

**Name :** Howard Kleinhendler     **Firm :**

**Address :**  8 Cabinfield Circle

**City, State, Zip :** Lakewood, NJ 08701

**Phone Number :** 3478402188     **Fax Number :**

**Area of Practice :**

**Bar Number :** 2657120     **Birthday :**

By electronic signature below, I have certified that I have
completed the above mentioned course and am entitled to claim
CLE credit.
Retain this document for your records for 4 years from date of
participation.

( NOT VALID WITHOUT STAMP )

Howard Kleinhendler
Signature

483 Hempstead Avenue, West Hempstead, NY 11552
Telephone : 866.466.2253   Fax : 516.481.4172



NATIONAL ACADEMY
OF CONTINUING
LEGAL EDUCATION

# The Fundamentals of Pleading Practice in State and Federal Court

**Presented by:**

Ryan R. Smith, Esq.
Feldstein Grinberg Lang & McKee, P.C.
412.263.6105
rrs@fglmlaw.com

## STATE COURT PLEADINGS

### Initiating the Lawsuit

Typically a lawsuit may be initiated in one of two ways. One way to initiate the lawsuit is to file a Praecipe for Writ of Summons or what is known in some jurisdictions as simply a Writ. You may also initiate the lawsuit by filing a Complaint in the Court of Common Pleas of the appropriate county. Keep in mind that the mere filing of a Writ or Complaint, while, importantly, tolls the Statute of Limitations, does not guarantee that the pleading will be served on the Defendant(s). Most jurisdictions require service at the individual's place of residence, or in the case of a business, at the business headquarters, or its principal place of business. Typically, the Complaint or Writ is served by a Sheriff or Constable working in conjunction with the particular court where the pleading has been filed. It is, therefore, important to provide detailed information as to where the Writ or Complaint should be served.

Because the filing of a Writ of Summons, or Writ, or the Complaint tolls the Statute of Limitations it is important to understand your jurisdiction's rules for computing time with regard to when the Statute of Limitation runs.

In some jurisdictions the calculation period of time excludes the date of the incident (in a personal injury case, the date the plaintiff is injured), other jurisdictions include this date. The practitioner should also be aware as to whether his/her jurisdiction requires the computation of time using months or using days.

### Complaint

What do I need to put in the Complaint?

Obviously, you will need to identify the parties, therefore, a caption which includes the name of the court and the parties, i.e. the Plaintiff's name and the person or entity the Plaintiff is suing, must be contained in the caption.

### Drafting the Complaint

Most states require what is known as "fact pleading". This simply means that one must include all of the facts needed to support the allegations you are making in your Complaint.

If your jurisdiction is a notice of pleading state, then the emphasis is on notifying the parties of the issues in the case. This allows you to draft your Complaint in general terms without alleging detailed facts to support each claim.

### [SEE SAMPLE COMPLAINT]

### Responsive Pleadings

Depending upon what is filed to initiate the suit, different responsive pleadings are appropriate. For example if a Praecipe for Writ of Summons is filed, then the next responsive would be a Rule to File a Complaint.

{00497772.1}

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

███████████████ a minor, by her
parents and natural guardians,
████████ and CINDY ██████ as parents
and natural guardians of ███████
███████ and in their own right,

                         Plaintiffs,

      vs.

███████████████

                         Defendant.

Case Number:

**COMPLAINT IN CIVIL ACTION**

Code and Classification:

Filed on Behalf of ████████████ a
minor, by her parents and natural guardians,
██████ and C███████████ as
parents and natural guardians of
████████████████ and in their own right,
Plaintiffs

☑     Counsel of Record

☐     Individual, If Pro Se

RYAN R. SMITH, ESQUIRE
Attorney's PA ID:  #86913

FELDSTEIN GRINBERG LANG & McKEE
428 Boulevard of the Allies, Suite 600
Pittsburgh, PA 15219
(412) 471-0677
(412) 263-6129 FAX
E-mail:  rrs@fglmlaw.com

Attorney's Firm ID:  #084

**JURY TRIAL DEMANDED**

**NOTICE TO PLEAD**

You are hereby notified to file a
written response to the enclosed
COMPLAINT IN CIVIL ACTION
within twenty (20) days from the date
of service hereof or a judgment may
by entered against you.

_____

Ryan R. Smith, Esquire
Attorney for Plaintiff

{00492381.1}

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

███████████████, a minor, by her
parents and natural guardians, ████████   Case Number:
█████ and ████████████ as parents
and natural guardians of ██████████
███████ and in their own right,

                Plaintiffs,

      vs.

███████████████

                Defendant.

## <u>NOTICE TO DEFEND</u>

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST
THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION
WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED,
BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND
FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO
THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL
TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE
ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY
MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF
REQUESTED BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR
OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO
NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A
LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE
ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY
OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO
FEE.

<div align="center">

**Lawyer Referral Service**
**Allegheny County Bar Association**
**11th Floor, Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA  15219**
**Telephone:  (412) 261-5555**

</div>

{00492381.1}

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

████████████████, a minor, by her
parents and natural guardians, ████████      Case Number:
████████and ████████as parents
and natural guardians of ████████
████████and in their own right,

          Plaintiffs,

      vs.

████████████████

          Defendant.

## COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, ████████████ a minor, by and through her
parents and natural guardians, ████████and ████████ as parents and natural
guardians of ████████and in their own right, by and through her attorneys,
Feldstein Grinberg Lang & McKee, P.C. and Ryan R. Smith, Esquire, and files the
following Complaint:

    1.    The Plaintiff, ████████████ is a minor of fourteen (14) years of age, and
currently resides at ██████████████████████████████████████████████████
15071.

    2.    The Plaintiffs, ████████and ████████, husband and wife, are the
parents and natural guardians of ████████, and currently reside at ████████
██████████████████████Pennsylvania, 15071.

    3.    Defendant, ████████is an adult individual currently residing at ████
██████████████████████████████████████████

{00492381.1}

-1-

4.  On or about August 27, 2011, at approximately 11:00 p.m., the Defendant was operating a 2010 Cadillac sport utility vehicle in a southerly direction on Route 51 in the City of Pittsburgh.

5.  Plaintiff, ██████████ was seated in the rear passenger's seat of her parents' 2002 Jeep Wrangler.

6.  ████████ father, ████████, was lawfully and carefully operating the vehicle in a southerly direction on Route 51 at approximately 11:00 p.m.

7.  There was, at the time of the accident, a fair amount of traffic on Route 51 since a Steelers game had recently ended and fans who had attended the game were now making their way home.

8.  ████████ noticed that the vehicle directly in front of him had come to a stop so he, accordingly, safely stopped his vehicle in order to await resumption of traffic movement.

9.  After the ██████ vehicle had come to a complete stop, it was rear-ended by another vehicle operated by the Defendant, ████████

10.  At the time of the aforementioned accident, a policy of automobile insurance was affected between the Plaintiffs and ████████ Insurance Company, which policy contained as a component, the full tort option.

## COUNT I



11.  The injuries of ████████ as hereinafter described, were caused directly and proximately by the negligence of the Defendant ████████ generally and as set forth in the following particulars:

{00492381.1}

-2-

a.   In that the Defendant failed to reduce the speed of her vehicle as she approached the ███████vehicle directly in front of her;

b.   In that the Defendant failed to keep a sharp lookout ahead;

c.   In that the Defendant failed to have the automobile which she was operating under proper control so as to be able to bring it to a stop within the assured clear distance ahead;

d.   In that the Defendant operated the automobile in a careless and negligent manner under the circumstances with the automobile in which the Plaintiff was a passenger in clear view;

e.   In that the Defendant operated the automobile in a careless and negligent manner when she knew, or should have known that other automobiles would be stopping and starting due to the heavy flow of traffic, at that particular time, on Route 51;

f.   In that the Defendant operated her automobile at a dangerous and excess rate of speed under the circumstances;

g.   In that the Defendant failed to sound the horn in her automobile to warn the operator of the vehicle in which the Plaintiff was a passenger of her impending approach;

h.   In that the Defendant failed to keep a proper and safe distance between the vehicle and the automobile in which the Plaintiff was a passenger;

i.   In that the Defendant failed to heed the condition of vehicular traffic around her while she was operating her automobile as described aforesaid;

j.   In that the Defendant otherwise failed to exercise that degree of caution and care required under the circumstances; and

k.   In that the Defendant was following the ███████vehicle too closely in violation of 75 Pa. C.S.A. §3310(a).

12.   As a direct and proximate result of the incident as described aforesaid, Plaintiff, ███████████, has suffered the following injuries, all or some of which may be permanent and lasting in nature:

a.   Contusion to her head;

{00492381.1}                                        -3-

b.    Concussion;

c.    Sprain and strain of her cervical spine;

d.    Closed head injury;

e.    Post-concussive syndrome;

f.    Loss of short term memory;

g.    Loss of normal cognitive ability;

h.    Migraine headaches;

i.    Impaired memory;

j.    Concentration and focus impairment;

k.    Psychological and emotional trauma; and

l.    Other cuts, abrasions and physical injuries.

13.    As a further and proximate result of the incident as described aforesaid, Plaintiff, ███████████, has suffered and will in the future suffer great pain, suffering, humiliation, embarrassment, mental anguish and inconvenience.

14.    As a further and proximate result of the incident as described aforesaid, Plaintiff, ███████████, has suffered a loss of life's enjoyment.

15.    As a further and proximate result of the incident as described aforesaid, Plaintiff, ███████████, has been unable to attend to her usual duties and school work during the period of her convalescence.

16.    As a further and proximate result of the incident as described aforesaid, Plaintiff, ███████████, has incurred various economic losses, including medical expenses.

WHEREFORE, Plaintiff Gabriella Hatch, claims the damages of Defendant,

███████████, in a sum in excess of $35,000.00 plus interest, and costs of suit

and demands a jury by trial.

Respectfully submitted,

FELDSTEIN GRINBERG LANG & McKEE

BY_____
   Ryan R. Smith, Esquire
   Counsel for Plaintiffs

Date:_____

## VERIFICATION

I, ▓▓▓▓▓▓▓▓▓▓ parent and natural guardian of ▓▓▓▓▓▓▓▓▓ verify that

the averments of fact made in the foregoing **COMPLAINT IN CIVIL ACTION** are true

and correct based upon information and belief.  I understand that averments of fact and

said document are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to

unsworn falsifications to authorities.


Date:_____          ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

{00492381.1}

## VERIFICATION

I, ▮▮▮▮▮▮▮ parent and natural guardian of ▮▮▮▮▮▮▮ verify that the averments of fact made in the foregoing **COMPLAINT IN CIVIL ACTION** are true and correct based upon information and belief.  I understand that averments of fact and said document are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

Date:_____          ▮▮▮▮▮▮▮▮▮▮▮▮▮

## CERTIFICATE OF SERVICE

I, Ryan R. Smith, Esquire, hereby certify that a true and correct of the foregoing

**COMPLAINT IN CIVIL ACTION** was served on the 6th day of September, 2013, by

U.S. first-class mail, postage pre-paid on:

By:_____

Ryan R. Smith, Esquire

{00492381.1}

-8-

If a Complaint is filed, then you may file an Answer to the Complaint or Preliminary Objections to the Complaint.

## Answer

The Answer must address each paragraph (allegation) in the Complaint.  The Answer must admit or deny each averment of fact.

## Preliminary Objections

Preliminary Objections or PO's may be filed by any party to any pleading.

They are limited to:

1.  Lack of jurisdiction over the subject matter of the action or the person of the Defendant, improper venue or improper form or service of a Writ of Summons or Complaint;

2.  Failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

3.  Insufficiency of a pleading;

4.  Legal insufficiency of a pleading;

5.  Lack of capacity to sue, non-joinder of a necessary party or misjoinder of a cause of action;

6.  Pendency of a prior action or agreement for alternative dispute resolution;

7.  Failure to exhaust a statutory remedy; and

8.  Full, complete and adequate non-statutory remedy at law.

As a practical matter, Preliminary Objections typically attack the sufficiency of the Complaint and seek to dismiss one or all of the causes of action contained therein due to failure to properly plead your case in your Complaint.

## New Matter

All affirmative defenses should be pleaded in New Matter.  However, the affirmative defenses of assumption of the risk, comparative negligence and contributory negligence need not be pleaded.

**[SEE SAMPLE NEW MATTER AND REPLY TO NEW MATTER]**

{00497772.1}

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

███████████████████ minor by her )
parents and natural guardians, ███████ )
████████████████ as parents )
and natural guardians of ████████ )
██████████ in their own right, )
)
Plaintiffs, )
)
vs. )
)
██████████████████ )
)
Defendant. )
)
)
)
)
)
)
)
)
)
)
YOU ARE HEREBY NOTIFIED TO FILE WRITTEN )
RESPONSE TO THE ENCLOSED ANSWER AND NEW )
MATTER WITHIN 20 DAYS FROM SERVICE HEREOF )
OR A JUDGMENT MAY BE ENTERED AGAINST YOU. )
████████████████████████ )
ATTORNEY FOR DEFENDANT )

No. ██████████████

**ANSWER AND NEW MATTER**

Filed on Behalf of Defendant

Counsel of Record for this Party:

██████████████████
██████████████████
██████████████████
████████████

*JURY TRIAL DEMANDED*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

██████████████ minor by her                    )    ████████████████████
parents and natural guardians, ████████         )
██████████████████ s parents                    )
and natural guardians of ███████                )
██████████ in their own right,                  )
                                                )
        ████   ████        Plaintiffs,          )
                                                )
        vs.                                      )
                                                )
████████████████████                            )
                                                )
                           Defendant.            )


**ANSWER AND NEW MATTER**

        AND NOW comes the Defendant, ███████████████, by and through her attorneys

█████████████████████████████████ and files the within Answer and New Matter to

Plaintiffs' Complaint:

**ANSWER**

        1.      Defendant is without sufficient knowledge or information to form a belief

as to the truth or falsity of the averments of Paragraph 1 of Plaintiffs' Complaint.

        2.      Defendant is without sufficient knowledge or information to form a belief

as to the truth or falsity of the averments of Paragraph 2 of Plaintiffs' Complaint.

        3.      Defendant's current address is ██████████████████████████████

        4.      Admitted.

5.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 5 of Plaintiffs' Complaint.

6.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 6 of Plaintiffs' Complaint.

7.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 7 of Plaintiffs' Complaint.

8.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 8 of Plaintiffs' Complaint.

9.     Denied.  It is denied that at any time material hereto did this Defendant act in a negligent, careless and/or reckless manner and further, it is denied that any actions or inactions on the part of this Defendant were the sole or proximate cause of any alleged injuries or damages suffered by Plaintiff.

10.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 10 of Plaintiffs' Complaint.

## COUNT I

11.     Denied.  It is denied that at any time material hereto did this Defendant act in a negligent, careless and/or reckless manner and further, it is denied that any actions or inactions on the part of this Defendant were the sole or proximate cause of any alleged injuries or damages suffered by Plaintiff.

12.    Denied.  It is denied that at any time material hereto did this Defendant act in a negligent, careless and/or reckless manner and further, it is denied that any actions or inactions on the part of this Defendant were the sole or proximate cause of any alleged injuries or damages suffered by Plaintiff.

13.    Denied.  It is denied that at any time material hereto did this Defendant act in a negligent, careless and/or reckless manner and further, it is denied that any actions or inactions on the part of this Defendant were the sole or proximate cause of any alleged injuries or damages suffered by Plaintiff.

14.    Denied.  It is denied that at any time material hereto did this Defendant act in a negligent, careless and/or reckless manner and further, it is denied that any actions or inactions on the part of this Defendant were the sole or proximate cause of any alleged injuries or damages suffered by Plaintiff.

15.    Denied.  It is denied that at any time material hereto did this Defendant act in a negligent, careless and/or reckless manner and further, it is denied that any actions or inactions on the part of this Defendant were the sole or proximate cause of any alleged injuries or damages suffered by Plaintiff.

16.    Denied.  It is denied that at any time material hereto did this Defendant act in a negligent, careless and/or reckless manner and further, it is denied that any actions or inactions on the part of this Defendant were the sole or proximate cause of any alleged injuries or damages suffered by Plaintiff.

WHEREFORE, Defendant requests judgment in her favor and against Plaintiff on Plaintiffs' Complaint.

## NEW MATTER

17.    Paragraphs 1 through 16 inclusive of this Answer are incorporated herein by reference as though same were set forth at length.

18.    Plaintiffs' claims are barred, limited or restricted by the Provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

19.    Plaintiffs' claims are barred, limited or restricted by the Doctrines of Contributory Negligence, Comparative Negligence, Last Clear Chance and/or Assumption of Risk.

20.    Plaintiffs' claims are barred, limited or restricted by the Provisions of the Pennsylvania Comparative Negligence Law.

21.    Plaintiffs have failed to mitigate damages.

22.    The injuries and damages complained of by the Plaintiff were preexisting to the date of the alleged accident and as such, said injuries and damages are hereby denied.

23.    Plaintiffs' claims as alleged are excessive and unreasonable.

24.    Plaintiffs' claims are barred by the applicable Statute of Limitations governing the timely bringing of their claim.

25.    The Defendant hereby asserts any and all defenses available to her under the Pennsylvania Motor Vehicle Financial Responsibility Act as amended including but not

limited to all defenses available to the Defendant under circumstances of any election by the Plaintiff for limited tort option in Plaintiffs' own automobile insurance policy.

26.  Defendant hereby asserts any and all defenses available to him under the Fair Share Act.

WHEREFORE, Defendant requests judgment in her favor and against Plaintiff on Plaintiffs' Complaint.



Attorney for Defendant

## VERIFICATION

I, ███████████ Defendant herein, verify that the averments of fact made in the foregoing Answer and New Matter are true and correct based upon information and belief. I understand that averments of fact in said document are made subject to the penalties of 18 Pa. C.S. Section 4904 to unsworn falsifications to authorities.

DATE: 11/7/13



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Answer and New Matter was served upon the following counsel of record on the _19th_ day of _November_, 2013, by First Class U.S. Mail, postage prepaid:

Ryan R. Smith, Esquire
Feldstein Grinberg Lang & McKee
428 Blvd of the Allies, Suite 600
Pittsburgh PA  15219



By: _____

Attorney for Defendant

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

███████████ a minor, by her
parents and natural guardians, ████████
████████████████, as parents
and natural guardians of ██████████
██████ and in their own right,

                                      Plaintiffs,

       vs.

██████████████████

                                   Defendant.

Case Number: ██████████████████

**REPLY TO NEW MATTER OF
DEFENDANT** ████████████

Code and Classification:

Filed on Behalf of ███████████████ a
minor, by her parents and natural guardians,
███████████████████████ as
parents and natural guardians of
█████████████ and in their own right,
Plaintiffs

☑    Counsel of Record

☐    Individual, If Pro Se

RYAN R. SMITH, ESQUIRE
Attorney's PA ID:  #86913

FELDSTEIN GRINBERG LANG & McKEE
428 Boulevard of the Allies, Suite 600
Pittsburgh, PA 15219
(412) 471-0677
(412) 263-6129 FAX
E-mail:  rrs@fglmlaw.com

Attorney's Firm ID:  #084

**JURY TRIAL DEMANDED**

{00497749.1}

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

███████████ a minor, by her
parents and natural guardians,█████    Case Number█████████████
██████████████████, as parents
and natural guardians of███████████
█████████d in their own right,

        Plaintiffs,

    vs.



        Defendant.

**REPLY TO NEW MATTER OF DEFENDANT** ████████████

    AND NOW, come the Plaintiffs, ████████ a minor, by and through her parents and natural guardians,████████████████, by and through her attorneys, Feldstein Grinberg Lang & McKee, P.C. and Ryan R. Smith, Esquire, and files the following Reply to Defendant's New Matter:

    1.    Paragraph 17 of Defendant's New Matter is a paragraph of incorporation to which no reply is required.

    2.    Paragraph 18 of Defendant's New Matter is a bare conclusion of law to which no response is required. To the extent a response is deemed required, same is denied and strict proof thereof is demanded at time of trial.

    3.    Paragraph 19 of Defendant's New Matter is a conclusion of law to which no response is required. To the extent an answer is deemed required, same is denied and strict proof thereof is demanded at time of trial.

{00497749.1}

4.      Paragraph 20 of Defendant's New matter is a bare conclusion of law to which no response is required.  To the extent a response is deemed required, same is denied and strict proof thereof is demanded at time of trial.

5.      Paragraph 21 of Defendant's New Matter is a mixed statement of fact and law.  To the extent Paragraph 21 is deemed a statement of fact, same is denied and strict proof thereof is demanded at time of trial.  To the extent that Paragraph 21 states a bare conclusion of law, no response is required thereto.

6.      Paragraph 22 of Defendant's New Matter is denied.

7.      Paragraph 23 of Defendant's New Matter is denied.  Further, by way of reply, Paragraph 23 does not set forth, with specificity, in what way Plaintiff's claims are excessive and unreasonable and are therefore contrary to the Pennsylvania Rules of Civil Procedure requiring specificity in pleading.  Accordingly, Paragraph 23 of Defendant's New Matter should be stricken.

8.      Paragraph 24 of Defendant's New Matter is a mixed statement of fact and law.  To the extent Paragraph 24 is deemed a statement of fact, the same is denied, and strict proof therefore is demanded at time of trial.  To the extent Paragraph 24 is a bare conclusion of law, no response thereto is required.

9.      Paragraph 25 of Defendant's New Matter is a conclusion of law to which no response is required.  Further, by way of reply, Paragraph 25 of Defendant's New Matter is incapable of response and contrary to the mandate of the Pennsylvania Rules of Civil Procedure requiring specificity in pleading since Paragraph 25 does not set forth, with specificity, that portion of the Motor Vehicle Financial Responsibility Law

{00497749.1}

relied upon by the Defendants to assert that the Plaintiffs' right to recovery is barred and/or limited.

10. Paragraph 26 of Defendant's New Matter is a conclusion of law to which no response is required. Further, by way of reply, Paragraph 26 of the Defendant's New Matter is incapable of response and contrary to the mandate of the Pennsylvania Rules of Civil Procedure requiring specificity in pleading since Paragraph 26 does not set forth, with specificity, that portion of the Fair Share Act relied upon by the Defendants regarding available defenses.

WHEREFORE, the Plaintiffs ▇▇▇▇▇▇▇▇▇ minor by her parents and natural guardians, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇as parents and natural guardians of ▇▇▇▇▇▇▇▇ request that the New Matter of Defendants be stricken and that judgment be entered in their favor in an amount in excess of the mandatory arbitration limits. **JURY TRIAL DEMANDED**

Respectfully submitted,

FELDSTEIN GRINBERG LANG & McKEE

BY_____
    Ryan R. Smith, Esquire
    Counsel for Plaintiffs

## VERIFICATION

I, ███████████████████████████, parents and natural guardians of

███████████████ verify that the averments of fact made in the foregoing **REPLY TO**

**NEW MATTER OF DEFENDANT** ███████████████ are true and correct based

upon information and belief.  We understand that averments of fact in said document

are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn

falsifications to authorities.


Date:_____

## CERTIFICATE OF SERVICE

I, Ryan R. Smith, Esquire, hereby certify that a true and correct of the foregoing

**REPLY TO NEW MATTER OF DEFENDANT** ███████████ was served on the

_____ day of November, 2013, by U.S. first-class mail, postage pre-paid on:

By:_____
                Ryan R. Smith, Esquire

## Counterclaims

The Defendant in a lawsuit may set forth in the Answer any cause of action which the Defendant has against the Plaintiff at the time of filing of the Answer.  This is essentially a lawsuit against the Plaintiff.

## Crossclaim

Any party may set forth in the Answer or Reply a cause of action against any other party to the action.  This is essentially a lawsuit against a party, other than the Plaintiff, who may be liable in whole or in part on the underlying cause of action.

Remember a cross-claim may only be addressed to a current party; this is not the way to add a party.

## Joinder of Additional Defendants

Any party may join as an Additional Defendant any person not a party to the action who may be:

1.   Solely liable on the underlying cause of action; or

2.   Liable to or with the joining party on any cause of action arising out of the transactions or occurrences upon which the underlying cause of action is based.  You should be sure to check the applicable Rules of Civil Procedure in your jurisdiction for the specific timing of when you need to join an Additional Defendant.

{00497772.1}

## FEDERAL COURT PLEADINGS

### Initiating the Lawsuit

Rule 3 of the Federal Rules of Civil Procedure state "A civil action is commenced by filing a Complaint with the Court." While this seems rather simple and straight forward, the initiation of the suit, in federal court, can become a little tricky due to the service requirements set forth in Federal Rule of Civil Procedure 4. Pursuant to Rule 4, the Complaint must be served along with a Summons. A Summons must contain:

a.    The name of the Court and the parties;

b.    The name and address of the Plaintiff's attorney or, if unrepresented, of the Plaintiff;

c.    The time within which the Defendant must appear and defend;

d.    A notification that if the Defendant fails to appear and defend, a default judgment against the Defendant will result;

e.    It must be signed by the clerk; and

f.    Bear the Court's seal.

### Service

The Summons must be served with a copy of the Complaint. The Plaintiff is responsible for having the Summons, along with the Complaint, served within 120 days after the Complaint is filed.

### Who May Serve the Summons and Complaint

Any person who is at least 18 years old and not a party to the action may serve a Summons and Complaint

The Plaintiff may request that the Court order that service be made by a United States Marshall or Deputy Marshall or by a person especially appointed by the Court.

### Waiving Service

Alternatively, a Plaintiff may request a Waiver of Service of the Complaint. The Federal Rule of Civil Procedure governing waiver of service mandates that an individual, corporation or association that is subject to service has a duty to avoid unnecessary expenses of serving the Summons. Accordingly, the Plaintiff may notify such a Defendant that an action has been commenced and request that the Defendant waive service. The notice and request must include the following:

{00497811.1}

a.   Be in writing and be addressed to the individual Defendant or for a corporate Defendant, to an officer, a managing or general agent, or any agent authorized to receive service of process.

b.   The name and court where the Complaint was filed; a copy of the Complaint, along with 2 copies of a Waiver form and a pre-paid means for returning the form;

c.   Information giving the Defendant a reasonable amount of time, at least 30 days, after the request was sent, or at least 60 days if sent to the Defendant outside the United States, with which to respond; and

d.   Sent by first-class mail or other reliable means.

## Failure to Waive

If a Defendant within the United States fails to sign and return a Waiver requested by a Plaintiff, the Court shall impose on the Defendant:

a.   The expenses later incurred in making service; and

b.   The reasonable expenses, including attorney's fees, and a motion (??) required to collect those service expenses.

## Time to Answer after Waiver

If a Defendant timely returns a Waiver, it need not serve an answer to the Complaint until 60 days after the request was sent, or until 90 days after it was sent to the Defendant if the Defendant is located outside of the United States.

## Drafting the Complaint

Pursuant to Federal Rule of Civil Procedure 8, a pleading must contain:

1.   A short and plain statement of the grounds for the Court's jurisdiction;

2.   A short and plain statement of the claim showing that the pleader is entitled to relief; and

3.   Demand for the relief sought.

Although Rule 8 has not been legislatively abrogated, it seems that pursuant to the United States Supreme Court Decisions in *Iqbal and Twombly,* that what has been described as notice pleading in Rule 8 has now been abrogated.  Pursuant to *Iqbal, Twombly* and the progeny, it seems that notice pleading has been replaced by fact pleading in Federal Court. There still seems to be some confusion as to which kinds of cases one needs to follow the dictates of *Iqbal and Twombly,* although *Iqbal* was a civil rights case and *Twombly* was an anti-trust case, accordingly, it seems that the safe bet is to draft pleadings in Federal Court, with as much detail as possible in order to satisfy the heighten pleading

standards now in place.  Presently inclusory averments in pleadings are insufficient and now must meet a "plausibility" standard.

While this move away from notice pleading toward fact pleading, Federal Courts is still evolving, it is fair to say that *Twombly* and *Iqbal* vary in application from jurisdiction to jurisdiction, but also likely vary in application from judge to judge within each jurisdiction.  Therefore, it is important to plead as may detailed facts in your Complaint as possible in order to avoid dismissal pursuant to a 12(b)(6) motion.

## Answering the Complaint

A party responding to a Complaint must state in short and plain terms all of its defenses to each claim asserted and also admit or deny the allegations asserted against it by an opposing party.

A denial must fairly respond to the substance of the allegation.

### General denials versus specific denials

A party may deny all the allegations of a pleading, including jurisdictional grounds, with a general denial.  If a party does not intend to deny all the allegations, it must either specifically deny designated allegations or generally deny all expect those specifically admitted.

The party that intends to deny only part of an allegation must admit the part that is true and deny the rest.

If a party lacks knowledge or information sufficient to form a belief about the truth of an allegation, then that party must so state in response to that particular allegation.  Effective **(??)** failing to deny an allegation is admitted if a responsive pleading is required and the allegation is not denied.

### Affirmative Defenses

When responding to a Complaint, the party must affirmatively state any defenses including:

1.    Accord and satisfaction;

2.    Arbitration and award;

3.    Assumption of the risk;

4.    Contributory negligence;

5.    Duress;

6.    Estoppel;

{00497811.1}

7.      Failure of consideration;

8.      Fraud;

9.      Illegality;

10.     Injury by fellow servant;

11.     Latches;

12.     License;

13.     Payment;

14.     Release;

15.     Res judicata;

16.     Statute of Frauds;

17.     State of Limitations; and

18.     Waiver.

## 12(b)(6) Motions

Pursuant to Federal Rule of Civil Procedure 12(b), a party may assert the following defenses:

1.      Lack of subject matter jurisdiction;

2.      Lack of personal jurisdiction;

3.      Improper venue;

4.      Insufficient process;

5.      Insufficient service of process;

6.      Failure to state a claim upon which relief can be granted; and

7.      Failure to join a party under Rule 19.

Due to the heightened pleading standards required under *Twombly* and *Iqbal,* you can most certainly be assured of receiving a 12(b)(6) Motion to Dismiss for Failure to State a Claim, in response to your Complaint.  Accordingly, if a 12(b)(6) motion is filed, which in most instances should be, then the Plaintiff may respond by filing an Amended Complaint or by filing a response and Brief in Support Thereof to the 12(b)(6) motion.

{00497811.1}

## Third-Party Pleading

A defending party may, within 14 days after serving its original Answer, serve a Summons and Complaint on a nonparty who is, or may be liable to it, for all or party of the claim against it.  If that defending party, as a third-party Plaintiff wants to plead in another party more than 14 days after serving its original Answer, it must obtain leave of court to do so.

## Third-Party Defendant's Claims and Defenses

The third-party Defendant:

a.     Assert any defense against the third-party Plaintiff's claim under Rule 12;

b.     Assert any claim against third-party Plaintiff under Rule 13(a) dealing with compulsory counterclaims, and may assert any counterclaim against the third-party Plaintiff under Rule 13(b) relating to permissive counterclaims. The third-party Defendant may also assert against the Plaintiff any defense that the third-party Plaintiff has to the Plaintiff's claim; and

c.     The third-party Defendant may assert against the Plaintiff any claim arising out of the transaction or occurrence with is the subject matter of the Plaintiff's claim.

## Third-Party Defendant's Claim against a Non-Party

A third-party Defendant may proceed against a non-party who is, or may be liable, to the third-party Defendant for all or part of the claim.

## When Plaintiff May Bring in a Third-Party

A Plaintiff may bring in a third-party Defendant against a non-party if it believes, in good faith, that the non-party may be liable to it or the Plaintiff for all or part of the claim against it.

# New Jersey Continuing Legal Education
## Certificate of Attendance

**This certificate is issued under Rule 1:42 and BCLE Reg. 301:8 of the Board on Continuing Legal Education.**

**Title of Program:** An Introduction to §1983 Civil Rights Pleading Practice

**Date:** February 8, 2022 4:41pm EST          **Location:** New York, NY

**Format: (please check)**

- ☐ Traditional live classroom setting
- ☐ Teleconference/Videoconference
- ☐ Simulcast
- ☐ CD
- ☐ DVD
- ☐ Audio/Videotape
- ☐ Webinar
- ☑ Other Online On-Demand Video

**All credits are calculated on a 50-minute hour.**
**Credit for Attendance: Total     1.20     as indicated below:**

- 1.20  General credits (excluding Ethics)
- 0.00  Ethics credits (exclusive of Diversity/Inclusion/Elimination of Bias)
- _____  Diversity/Inclusion/Elimination of Bias credits

**Additional Credit for Faculty Participation: Total _____ as indicated below:**

- ☐ Speaker   ☐ Panel Member   ☐ Moderator   ☐ Other _____

- _____  Additional General credits for faculty participation (excluding Ethics)
- _____  Additional Ethics credits for faculty participation (exclusive of Diversity/Inclusion/Elimination of Bias)
- _____  Additional Diversity/Inclusion/Elimination of Bias credits for faculty participation

**This program has been approved for New Jersey Newly Admitted Attorney Credits:**

- _____  credits in NJ Basic Estate Administration
- _____  credits in NJ Basic Estate Planning
- _____  credits in NJ Civil or Criminal Trial Preparation
- _____  credits in NJ Family Law Practice
- _____  credits in NJ Real Estate Closing Procedures
- _____  credits in NJ Trust and Business Accounting
- _____  credits in NJ Landlord/Tenant Practice
- _____  credits in NJ Municipal Court Practice
- _____  credits in NJ Law Office Management

**Attorneys:** Retain this certificate for a period of at least three years from the date of your attendance. In the event of an audit, you will be required to provide this certificate as proof of your compliance. By signing this certificate, you certify that you attended the activity described above and are entitled to claim the amount of credits listed.

**Name of Attorney:** Howard Kleinhendler

**Signature:** _(signature)_          **Attorney ID #:** 028181994

**Providers:** By issuing this certificate, you verify that the attorney named above completed this program.

**Provider:** Lawline

**Acknowledged by:** _(signature)_

_(Provider Representative Signature)_

Revised: 11/2020, CN 11388                          page 1 of 1

# Lawline

 

Me∨

ON DEMAND   BASIC

## An Introduction to §1983 Civil Rights Pleading Practice

1h                    Created on January 23, 2017                    Beginner

4.8  ★ ★ ★ ★ ★ (1132 reviews)

✓ You have completed this course

⤓ Download Course Materials

**View Certificate**

Watch

**Overview**   **Credits**   **Faculty**   **Reviews**

## Overview

Following the Supreme Court's decisions in Bell Atlantic v. Twombly and Ashcroft v. Iqbal, the former federal "notice" pleading standard has been supplanted by so-called "plausibility" pleading. This new standard presents unique challenges in the civil rights context, where government actors may hold critical sources of information that may not be available to litigants in advance of initiating suit. Municipalities and other state actors have been quick to adapt to this favorable new standard, and FRCP 12 motion practice is common in §1983 litigation today.



In this course, we will explore the intricacies of plausibility pleading in the context of §1983 actions, and give practitioners an introduction to the claims, defenses, and core constitutional concepts that underlay §1983 litigation in both police and corrections cases. We will explore critical differences between §1983 practice and more conventional common law litigation, and identify policy concerns that attorneys should be aware of in §1983 practice.

This course, presented by Samuel B. Cohen, noted New York §1983 practitioner, will provide practitioners with tools to create durable, persuasive §1983 pleadings that have the best chances of surviving FRCP 12 review, while preserving critical issues for discovery against both individual and supervisory defendants.

**Learning Objectives:**

I.   Introduction to practical "plausibility" pleading for §1983 practitioners
II.  Overview of common §1983 claims and defenses
III. Skills for "Rule 12 Proofing" §1983 pleadings
IV.  Explore policy considerations that may be relevant to §1983 practice

**Topics covered in this course:**

Anti-Racism Library

Civil Rights

Constitutional

Public Interest

# Credits

**New Jersey CLE**

Status: Approved

Credits: **1.2 General**

Earn credit until: **January 01, 2023**

New Jersey requires attorneys to
certify their compliance on the Annual
Attorney Registration and Billing

**View all credits available**  >

## Faculty



# Samuel B. Cohen

Samuel B. Cohen Law

CONTACT

## Reviews

4.8 ⭑⭑⭑⭑⭑
(1132 reviews)

**RECENT REVIEWS**

Outstanding presentation. The best.

Marcia R.      Jan 15, 2022



Fantastic! Very informative -- loved the instructor.

Joe M.    Dec 27, 2021

Super job. Very clear.

Justin S.    Nov 1, 2021

Excellent resource and instruction.

Bridget Z.    Aug 6, 2021

Knowledgeable. I hope you bring him back for other litigation CLE's.

Shannon J.    Jul 14, 2021

## More Courses by Samuel B. Cohen



**Ethical Considerations in §1983 Practice: Retainer Structuring and Client Counseling**
4.9 ★ ★ ★ ★ ★



**An Introduction To Qualified Immunity In §1983 Civil Rights Litigation**
4.9 ★ ★ ★ ★ ★



**First Amendment Update: Printable Guns, Patisserie, and the Free Press**
4.8 ★ ★ ★ ★ ★

# Lawline UNLIMITED

Gain access to this course, plus unlimited access to 1,700+ courses, with an Unlimited Subscription.

Explore Lawline Subscriptions

2

**About**

About Us

Apply to Teach

Careers

Culture

Our Faculty

Customer Reviews

Diversity Statement

**Products**

Courses

Firm CLE

Free Trial

Unlimited CLE

Download the App

**Resources**

Blog

CLE Requirements

Credit Tracker

Deadline Checker

Resources

Lawyer Directory

**Support**

Call us (877) 518-0660

Contact Us

Financial Aid

Help Center

System Requirements

Lawline

Lawline 2022     Site Map     Terms & Conditions     Privacy Policy     Lawline Profile Terms & Conditions

2

Quimbee®



# New York
## Certificate of Completion

Course Title
**Introduction to Litigation**

Attorney Name
**Howard Kleinhendler**

Bar Number
**2657120**

Date of Completion
**Feb 08, 2022**

**Credit Info**

Credit Type: **Areas of professional practice**

Activity Type: **Self Study**

Course Type
**On-demand**

Total Credit Hours: **1.0**

Jurisdiction Course Number: **N/A**

Provider Number

Original Production Date: **Jan 28, 2022**

Run Time: **01:04:45**

**Jurisdiction Reporting Information**
New York is a self-reporting jurisdiction and Quimbee does not report your completed courses to the New York CLE Board. Please retain your certificate as proof of your attendance for at least 4 years. Please see the reverse side of your certificate for additional reporting information.

*Quimbee*®



This course is accepted for credit under New York's Approved Jurisdiction policy. Please retain this certificate as proof of your attendance for at least 4 years.

In the event of an audit by the New York MCLE Board, the information below provides all required information.

## Approved Jurisdictions

This course has been accredited by the following jurisdictions:

| | | |
|---|---|---|
| Arizona | 1.0 | General |
| California | 1.0 | General |
| Florida | 1.5 | General |
| Iowa | 1.0 | General |
| Kansas | 1.0 | General |

**Attendance Verification**

For our on-demand courses, viewers are prompted at random with attendance modals that they must click to confirm their participation. Viewers are unable to fast-forward through courses and do not receive a certificate of attendance until they have confirmed participation at the required prompts and completed a program evaluation.

**Faculty and Written Materials**

Course materials and faculty bios are available for download at any time by logging into your Quimbee account and viewing your purchased courses.

 **CLE**

# Introduction to Litigation

Written Materials



**Tab A**   Outline

# An Introduction to Litigation

60 Mins

1.   Objectives
   a.   What is litigation?
   b.   What are the most common types of litigation?
   c.   What are the steps of litigation?
2.   Litigation Defined
   a.   "Litigation." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/litigation. (Last Accessed December 9, 2021)
   b.   LITIGATION, Black's Law Dictionary (11th ed. 2019)

3.   Types of Litigation
   a.   Criminal
   b.   Civil
   c.   Administrative
4.   Burden of Proof
   a.   Beyond a Reasonable Doubt
   b.   Clear and Convincing Evidence
   c.   Preponderance of the Evidence
5.   Criminal Litigation  - Most Common Types
   a.   Non-Violent Crimes
      •   "What the data says (and doesn't say) about crime in the United States: Theft is most common property crime, assault is most common violent crime." Pew Research Center, November 20, 2020 https://www.pewresearch.org/fact-tank/2020/11/20/facts-about-crime-in-the-u-s/ft_20-11-12_crimeintheus_1/ (Last Accessed December 9, 2021)
   b.   Violent Crimes

6.   Civil Litigation - Most Common Types of Litigation Pending Against Companies
   a.   Labor/Employment
   b.   Contracts
   c.   Personal Injury
      •   Norton Rose Fulbright's 2019 Litigation Trends Annual Survey https://www.nortonrosefulbright.com/-/media/files/nrf/nrfweb/knowledge-pdfs/final---2019-litigation-trends-annual-survey.pdf?la=en-us&revision=d3e9d131-100e-4d6c-a199-eff8f7cae806 (Last Accessed December 9, 2021)
7.   Administrative Litigation - Breyer, Stephen, et al., *Administrative Law & Regulatory Policy*, Fifth Edition, at p. 3 (Aspen Pub. 2001)

Examples:
    a.    Equal Employment Opportunity Commission ("EEOC") investigations
    b.    Denial of liquor license by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")
    c.    Antitrust Litigation by the Federal Trade Commission ("FTC")

8.    Steps of Criminal Litigation
    a.    Investigation
    b.    Charging
    c.    Initial Hearing/Arraignment
    d.    Discovery
    e.    Plea Bargaining
    f.    Preliminary Hearing
    g.    Pre-Trial Motions
    h.    Trial
    i.    Appeals
9.    Steps of Civil Litigation
10.    The Rules
    a.    Federal Rules of Civil Procedure
    b.    State Court Rules
    c.    Local Rules
    d.    Administrative Rules
11.    Pre-litigation
    a.    Pre-litigation
    b.    Pleadings
    c.    Discovery
    d.    Summary Judgment
    e.    Trial
    f.    Appeals

12.    Client Intake Interview
13.    Internet Sleuthing
14.    To Retain or Not to Retain
    a.    Non-Engagement Letter
    b.    Pre-Litigation Retainer
    c.    Litigation Retainer
15.    How You Get Paid
    a.    Hourly
    b.    Flat Fee
    c.    Contingency
16.    Pleadings

17. Plaintiff Files a Complaint
    a.    Summons
    b.    Complaint
    c.    Service
18. Defendant Files a Responsive Pleading
    a.    Motion to Dismiss
    b.    Answer
19. Time to file a responsive pleading
    a.    Federal
    b.    State
20. Defendant Motion to Dismiss
    a.    Federal 12(b) Motion to Dismiss
        • (1) lack of subject-matter jurisdiction;
        • (2) lack of personal jurisdiction;
        • (3) improper venue;
        • (4) insufficient process;
        • (5) insufficient service of process;
        • (6) failure to state a claim upon which relief can be granted; and
        • (7) failure to join a party under Rule 19.
21. Defendant Files an Answer – Federal Rule 8
22. Discovery
23. Scheduling Conference
    a.    Federal 16b
    b.    State Rules
24. Types of Discovery
    a.    Written Discovery
    b.    Oral Discovery
    c.    Expert Discovery
25. Written Discovery
    a.    Initial Disclosures (Federal) 26a1
    b.    Interrogatories
    c.    Requests to for Production of Documents
    d.    Requests for Admissions
26. Oral Discovery
    a.    Depositions
        • Party Witnesses
        • Fact Witnesses
27. Expert Discovery
    a.    Independent Medical Examinations
    b.    Expert Depositions

28.   Discovery Motions
    a.    Motion to Compel
    b.    Motion to Quash
    c.    Motion for a Protective order
    d.    Motion for Sanctions
29.   Motion for Summary Judgment
    a.    Appeal to Final Judgment
    b.    Appeal to Partial Judgment
30.   Trial Preparation
    a.    Pretrial Conference
    b.    Motions In Limine
31.   Trial Notebook
    a.    Witness List
    b.    Exhibit List
    c.    Voir Dire
    d.    Opening
    e.    Direct Testimony Outline
    f.    Cross-Examination Outline
    g.    Closing
32.   Witness Preparation
    a.    Party Witnesses
    b.    Fact Witnesses
    c.    Expert Witnesses
        •    Rules 702 & 703
        •    Rules 608-613 Impeachment
33.   Exhibits
    a.    Pre-mark
    b.    Make a list
    c.    Make copies
    d.    Be prepared for objections
34.   Voir Dire
    a.    Know the Rules
    b.    Know your theme
    c.    For Cause
    d.    Peremptory Challenges
35.   Opening Statement
36.   Plaintiff's Case
    a.    Direct Examination
    b.    Cross-Examination
    c.    Redirect and Re-cross
37.   Defendant's Case

        a.    Motion for Directed Verdict

        b.    Direct Examination

        c.    Cross-Examination

        d.    Redirect and Re-cross

38.    Verdict

39.    Post-Trial Motions

        a.    Motion for Judgment Notwithstanding the Verdict

        b.    Motion for a new trial

40.    45. Post-Trial Appeals

        •    Intermediate Appellate Court

        •    State or US Supreme Court

        •    Post-Trial Settlements

41.    Enforce Judgment

42.    Alternative Dispute Resolution

        a.    Litigation Costs

        b.    Settlement Negotiations

            •    Federal Rule 408

        c.    Mediation

        d.    Arbitration

43.    Resources

        a.    State and Local Bar Associations

        b.    Legal Network

        c.    Me

44.    Conclusion



# Strafford Publications, Inc.

590 Dutch Valley Road, NE  P.O. Box 13729, Atlanta, GA  30324-0729
Telephone (404) 881-1141  Facsimile(678) 399-2970
Toll-Free (800) 926-7926 or cle@straffordpub.com
www.straffordpub.com

## CERTIFICATE OF COMPLETION

| **Attorney Name:** Howard Kleinhendler | **State:** New York |

**Activity Title:** Advanced Drafting of Complaints and Answers: How to Go Beyond Required Content and Reach Multiple Audiences

**Original Activity Date and Time:** 12/5/2019; 1:00 pm-2:30 pm ET

**Course Format:** <u>PreRecorded Online Audio/Video</u>   **Completion Date:** 2/10/2022

This program is
approved for a maximum of:   <u>1.50</u>   general CLE credits;

Including:

Instruction in ethics   <u>0</u>

CLE Approval in Other States:  **AZ, AR, CA, HI, IL, MS, MT, NM, NV, OK, PA, RI, TX, VT, WV**

*Participation was verified by the requirement of an embedded listening code which is announced during the presentation.

*Kelli Navarro*
Sponsor Representative

### TO BE RETAINED BY ATTORNEY.
### THIS DOCUMENT IS YOUR CERTIFICATE.
### THERE IS NO NEED TO RETURN THIS FORM TO STRAFFORD.

PLEASE NOTE: *Strafford's programs are accredited for CLE credits through the State Bar of New York's "other approved jurisdictions" rule. Our adherence to the State Bar of New York's rules regarding verification of attendance is accomplished through the polling of attorney attendance, the monitoring of all phone lines, and as per the NYSBA, the announcement of a discreet CLE code during each program for attendees to record and submit as proof of active listening. Further, we require each attorney participant to sign an affirmation stating that he or she listened to the event. Strafford's webinars are intended for an intermediate audience and thus are considered non-transitional under NY's guidelines and are not acceptable for newly admitted attorneys.*

# Strafford

*Presenting a live 90-minute webinar with interactive Q&A*

# Advanced Drafting of Complaints and Answers: How to Go Beyond Required Content and Reach Multiple Audiences

THURSDAY, DECEMBER 5, 2019

1pm Eastern    |    12pm Central    |    11am Mountain    |    10am Pacific

Today's faculty features:

Payal Salsburg, Senior Counsel, **Laredo & Smith**, Boston

Sonya Smallets, Partner, **Minnis & Smallets**, San Francisco

The audio portion of the conference may be accessed via the telephone or by using your computer's speakers. Please refer to the instructions emailed to registrants for additional information.  If you have any questions, please contact **Customer Service at 1-800-926-7926 ext. 1.**

*Tips for Optimal Quality*                               FOR LIVE EVENT ONLY

## Sound Quality

If you are listening via your computer speakers, please note that the quality of your sound will vary depending on the speed and quality of your internet connection.

If the sound quality is not satisfactory, you may listen via the phone: dial **1-877-447-0294** and enter your **Conference ID and PIN** when prompted. Otherwise, please **send us a chat** or e-mail **sound@straffordpub.com** immediately so we can address the problem.

If you dialed in and have any difficulties during the call, press *0 for assistance.

## Viewing Quality

To maximize your screen, press the 'Full Screen' symbol located on the bottom right of the slides. To exit full screen, press the Esc button.

Strafford

*Continuing Education Credits*                    FOR LIVE EVENT ONLY

In order for us to process your continuing education credit, you must confirm your participation in this webinar by completing and submitting the Attendance Affirmation/Evaluation after the webinar.

A link to the Attendance Affirmation/Evaluation will be in the thank you email that you will receive immediately following the program.

For additional information about continuing education, call us at 1-800-926-7926 ext. 2.

Strafford

*Program Materials*

FOR LIVE EVENT ONLY

If you have not printed the conference materials for this program, please complete the following steps:

- Click on the link to the PDF of the slides for today's program, which is located to the right of the slides, just above the Q&A box.
- The PDF will open a separate tab/window. Print the slides by clicking on the printer icon.

Strafford

# Advanced Drafting of Complaints and Answers: How to Go Beyond Required Content and Reach Multiple Audiences



Payal Salsburg, Laredo & Smith, LLP

Sonya Smallets, Minnis & Smallets LLP



Strafford

# About Us

6

Payal Salsburg, Laredo & Smith, LLP

▶ Represents businesses and executives in litigation, white collar criminal defense, and internal investigations
▶ Office in Boston, Massachusetts; previously practiced in Florida state and federal courts

Sonya Smallets, Minnis & Smallets, LLP

▶ Represents employees, primarily in discrimination, harassment, and wrongful termination suits
▶ Office in San Francisco, California; practices in state and federal court throughout Northern California

Strafford

# Purpose of the Complaint



7

- Initiating the case by stating legally sufficient claims

- But has the potential to do much more

- Defines the playing field

- Can, and generally should, be a persuasive document

- Important to think about who your audience is, what you are trying to accomplish

Strafford

# Content of Complaint (FRCP 8a)

8

A pleading must state:

(1) a short and plain statement of the grounds for the court's jurisdiction;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought.

# Additional Rules (FRCP 8d)

9

(1) Each allegation must be simple, concise, and direct.

(2) May set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.

(3) May state as many separate claims or defenses, regardless of consistency.

# Pleading Standards

10

▷ FRCP 8(a)(2)'s requirement that the complaint must contain a "showing that the pleader is entitled to relief" requires the pleading of "factual allegations" that "raise a right to relief above the speculative level" to the "plausible level." *Bell Atlantic Court v. Twombly*, 550 U.S. 544, 555 (2007).

▷ The complaint need not state in detail the facts upon which the complaint is based. *Bell Atlantic Court v. Twombly*, 550 U.S. 544, 556 (2007).

▷ But it must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

▷ Distinction between factual and conclusory allegations

▷ Court, judge, case specific

# Special Matters (FRCP 9)

11

(b) Fraud or Mistake – must state with particularity the circumstances constituting fraud or mistake.

(c) Conditions Precedent – can allege generally that all conditions precedent have occurred or been performed. When denying that a condition precedent has occurred, must do so with particularity.

(g) Special Damages – must be specifically stated.

# Who are you writing for?

12

▷ Judge

▷ Plaintiff

▷ Defendant

▷ Opposing Counsel

▷ Insurers

▷ Jury

▷ Public/Press

Strafford

# Audience: The Judge

13

- ▷ Legal sufficiency
- ▷ First impression
- ▷ Use of a summary
- ▷ Scope of discovery

Strafford

# Audience: The Plaintiff

14

▷ Telling their story

▷ Privacy

# Audience: The Defendant

15

▷ Think about who the decision-makers are likely to be and what their motivations are

▷ Sympathy: tell a story, isolate the bad actor

▷ Fear: reputational concerns, use of a draft complaint

Strafford

# Audience: Opposing Counsel

16

- Competence of counsel
- Willingness to invest resources
- Risk/exposure
- Obtaining admissions

Strafford

# Audience: Insurers

17

▷ Strategizing re all potential sources of insurance

▷ Including covered claims

# Audience: The Jury

18

▷ Again, tell a story

▷ Do not make promises you cannot keep

▷ Avoid the kitchen sink

▷ Emotion has to be earned

# Audience: Press/Public

19

- First: ethics

- Not entirely within the lawyer's control

- But certain kinds of complaints are more likely to generate press and can seek it

- Remember: reporters and the general public are not lawyers

- Press commonly occurs right after the complaint is filed

- Frequently, the complaint is the only substantive information in the public record

- Tip: Pay attention to the comments!

Strafford

# Process of Drafting the Complaint

20

- ▷ Gather information from the Plaintiff
- ▷ Investigate
- ▷ Research legal theories
- ▷ Choose a court
- ▷ Anticipate defenses

# Drafting Tips

21

▷ Remember: there is more to a complaint than legal sufficiency

▷ Tell a story

▷ Use plain English

▷ Do not include unnecessary, potentially harmful information

▷ Think carefully about whether you can prove all of the facts you are alleging and whether all the claims are necessary

▷ Remember that there is likely to be a lot you do not yet know

▷ Consider using form jury instructions for causes of action

Strafford

# Responding to a Complaint

22

**Avoid liability and even the playing field.**

▷ <u>Responding</u> to a Complaint (answering, Rule 12 motions, removing to federal court)

▷ Playing <u>Defense</u>

▷ Preserving your rights for appeal and shaping the scope of discovery through <u>Affirmative Defenses</u>

▷ Flipping the script with <u>Counterclaims</u>, spreading liability with <u>Crossclaims</u> and <u>Third-Party Complaints</u>

Strafford

# Removal
## (28 U.S.C §§ 1441, 1446)

23

- ▷ Strategy considerations

- ▷ May be based on diversity or a federal question

- ▷ 30 days after receipt of initial pleading or service of summons (if service not required)

- ▷ May be based on amended complaint, pleading, motion, order, or other paper

Strafford

# Motions to Dismiss (FRCP 12b)

<div style="float:right">24</div>

▷ Timing of Responses

▷ Bases for a Motion to Dismiss:

  ▷ subject matter jurisdiction; personal jurisdiction; improper venue; insufficient process; insufficient service of process; failure to state a claim; failure to join a party under Rule 19; *misnomer of a party; pendency of a prior action in MA; improper damages*

▷ Strategy considerations

▷ Check rules to see if partial motion allowed

Strafford

# Other Rule 12 Motions

25

- Motion for judgment on the pleadings
  - After pleadings are closed but early enough not to delay trial

- Motion for a more definite statement
  - Before answering
  - So vague or ambiguous that D cannot reasonably respond
  - *E.g.*, multiple tortfeasors, defining trade secrets

- Motion to strike
  - Before answering
  - Redundant, immaterial, impertinent, scandalous material

Strafford

# Pre-Drafting To Dos:
## Getting the Facts

26

▷ Interview relevant witnesses

▷ Review relevant documents

▷ Construct a timeline of events

▷ Parse out allegations and ask your client to respond to each one

Strafford

# Defenses; Admissions; Denials. (FRCP 8b)

27

In responding to a pleading:

(1) (A) short and plain statement of defenses to each claim; and

    (B) admit or deny the allegations.

(2) Denial must "fairly respond" to the substance of the allegation.

(3) General denials allowed in good faith, otherwise specific denials.

(4) Partial denials allowed (admit the remainder).

(5) "Lacks knowledge or information sufficient to form a belief about the truth of an allegation" is effectively a denial.

Strafford

# Responding to Allegations
## FRCP 8(b)

28

▷ ***Admit, deny, lack knowledge or information***

▷ Failure to deny = generally, an admission
- ▷ Unless no response is required under FRCP 8(d)
  - ▷ Legal conclusions
  - ▷ References to documents
  - ▷ Allegations/counts against other parties
  - ▷ Prayer for relief

▷ Parse out each paragraph into discreet allegations, respond to each (in *good faith*)

▷ Different approaches to responding to allegations

Strafford

# Example #1

29

**Allegation**:  13. [Co-Defendant] is a Delaware corporation with a principal place of business at 100 Sweetheart Avenue, Cambridge MA.

### Option 1

Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

### Option 2

On information and belief, admitted.

Strafford

# Example #2

30

**Allegation**:  5. This Court has specific personal jurisdiction over Defendant by his consent.  In section 5 of his employment agreement, Defendant agreed that Massachusetts would be the exclusive forum for any dispute pertaining to or arising from the agreement.

## Option 1

Admitted.

## Option 2

The allegations contained in Paragraph 5 constitute legal conclusions to which no response is required.  Further, to the extent the allegations purport to characterize the contents of a document, such document speaks for itself and, thus, no response is required.  To the extent that the allegations in Paragraph 5 misstate or mischaracterize the contents of the document, they are denied.  To the extent that a further response is required, Defendant denies all allegations in Paragraph 5.

Strafford

# Example #3

31

**Allegation**:  18. Plaintiff is a leading provider of cat accessories in the Continental United States and specializes in developing new and innovative catnip flavors.

### Option 1

Denied.

### Option 2

On information and belief, admitted.

## Option 3

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18.

Strafford

# Example #4

32

**Allegation**:  38. On information and belief, Defendant is currently expanding its marketing efforts in the U.S. Northeast and has raided Plaintiff's talent pool in order to gain an unfair competitive advantage over Plaintiff.

## Option 1

Defendant admits only that it is currently expanding its marketing team in the Northeast region of the United States.  Defendant denies all remaining allegations in Paragraph 38.

## Option 2

Defendant admits that it is currently expanding its marketing team in the Northeast region of the United States.  Defendant further admits that it has hired several of Plaintiff's employees in the last year.  Defendant denies all remaining allegations in Paragraph 38.

## Option 3

Denied.

Strafford

# Example #5

33

**Allegation**:  54. Despite Plaintiff's multiple requests, Defendant has failed to return Plaintiff's PowerPoint Deck.

### Option 1

Defendant admits that Plaintiff has made a number of requests that Defendant return Plaintiff's PowerPoint Deck.  Defendant further admits that, although it has provided copies of the Deck to Plaintiff, it has not "returned" the Deck.  Defendant denies all remaining allegations in Paragraph 54.

### Option 2

Defendant admits that, due to its litigation preservation obligations, it has not destroyed the Deck. Defendant denies the allegation that it has not returned the Deck insofar as it has produced the Deck to Plaintiff during expedited discovery. Further answering…

# Example #6

34

**Allegations**:

117. Plaintiff repeats and realleges the allegations contained in paragraphs 1-116 above.

118. The Contract is a binding and enforceable agreement between Plaintiff and [Co-Defendant].

## Sample

117. Defendant incorporates by reference its responses to all of the paragraphs above as though set forth fully herein.

118. Paragraphs 117 through 123 purport to state a claim against [Co-Defendant], and not against Defendant, and therefore do not require a response.  The allegations contained in Paragraph 118 also constitute legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 118.

Strafford

# Request for Relief & Jury Demand

35

▷ Generally deny that Plaintiff is entitled to any of the relief requested in its "Request for Relief"

▷ Defendant is entitled to demand a jury trial

# Affirmative Defenses
## FRCP 8(c)

36

- accord and satisfaction
- arbitration and award
- assumption of risk
- contributory negligence
- duress
- estoppel
- failure of consideration
- fraud
- illegality
- injury by fellow servant

- laches
- license
- payment
- release
- res judicata
- statute of frauds
- statute of limitations
- waiver
- discharge in bankruptcy

Strafford

# More Examples of Affirmative Defenses

37

- unclean hands
- unjust enrichment
- P has not suffered damages
- P failed to mitigate damages
- P's contracts are invalid
- D's conduct was lawful, justified, privileged
- P's claims brought in bad faith
- underlying patents invalid

- necessity
- consent
- fair use

*Affirmative v. negating defenses.*

*Highly claim- and fact- specific.*

*Reserve your rights to amend!*

Strafford

# Counterclaims

38

▷ Compulsory counterclaims – FRCP 13a

   ▷ Arises out of transaction or occurrence that is the subject matter of the opposing party's claim

▷ Permissive counterclaims - FRCP 13b

▷ Rules 19 and 20 govern joinder of parties to a counterclaim

▷ Strategy Considerations

   ▷ Preserving compulsory counterclaims

   ▷ Leverage in settlement negotiations

   ▷ Recovery/offsetting liability

   ▷ Controlling discovery

   ▷ Leveling the playing field

Strafford

# Crossclaims FRCP 13(g)

39

▷ Any claim by one party against a co-party if the claim arises out of the *transaction or occurrence* that is the subject matter of the original action or of a counterclaim.

▷ Strategy considerations

   ▷ Indemnification

   ▷ Preserving your claims

   ▷ Multiple tortfeasors

Strafford

# Joining Additional Parties

40

▷ FRCP 14 – Third Party Practice

▷ FRCP 19 – Required joinder

▷ FRCP 20 – Permissive Joinder

▷ Strategy considerations

   ▷ Indemnification

   ▷ Preserving your rights

   ▷ Multiple tortfeasors

Strafford

# Helpful Resources

41

- PACER – pull complaints/answers in other similar cases
- Commercially-available samples and checklists
  - Massachusetts Practice (or your state's)
  - Thomas Reuters Practical Law
- Internal firm samples and checklists
- Publicly-available guidance for your state
- Google. Google. Google.

Strafford

# Thank You

42

Payal Salsburg, Laredo & Smith, LLP

salsburg@laredosmith.com

Sonya Smallets, Minnis & Smallets LLP

sonya@minnisandsmallets.com



1218 McCann Drive, Altoona, WI 54720
Credit Inquiries PH: 866.240.1890

Product ID:    89048SVDM

Howard Kleinhendler
369 Lexington Avenue, 12th
Floor
New York, NY 10017

Congratulations on completing Pleadings & Motions: Civil Practice Tips & Examples. This document serves as your verified certificate of completion. Instructions for reporting your credit can be found below.

# VERIFIED CERTIFICATE OF COMPLETION

### Program Title  Pleadings & Motions: Civil Practice Tips & Examples

| | | | |
|---|---|---|---|
| **Production Date** | 3/11/2021 | **Classified As** | Nontraditional |
| **Completion Date** | 2/23/2022 | **Product Format** | SVDM |

| Credit | Credits Earned |
|---|---|
| NY-CLE | 2.00 hours |

### Credit Details
This nontraditional format course has been approved in accordance with the requirements of the New York State Continuing Legal Education Board for up to 2.0 credit hours. 2.0 hours can be applied to the areas of professional practice requirement and is approved for newly admitted and experienced attorneys.

### Reporting Instructions
Attorneys are responsible for tracking and reporting their own CLE credits.

Please retain the Verified Certificate of Completion and the New York CLE Certificate of Attendance for your records for at least 4 years from the date of the course or program.  Do not submit them to the New York State CLE Board unless requested.

At the end of your reporting period you must complete a biennial registration statement and certify that the appropriate number of credit hours have been completed.

Nikki Brown
Provider Agent



# NEW YORK CLE CERTIFICATE OF ATTENDANCE

**MAY BE USED ONLY FOR PROGRAMS ACCREDITED BY THE NYS CLE BOARD. ALL INFORMATION MUST BE ENTERED BY THE CLE PROVIDER.**

This certificate is issued under §1500.4(b)(12) of the NYS CLE Program Rules and under §10(B) of the NYS CLE Board Regulations and Guidelines. By issuing this certificate, the CLE provider verifies that the attorney named below completed this program. *Attorneys must retain their certificates of attendance for at least four (4) years from the date of the program.*

## A. Attorney and Program Information

Howard Kleinhendler
▲ **Name of Attorney**

Pleadings & Motions: Civil Practice Tips & Examples

▲ **Title of Program**

2/23/2022
▲ **Date(s) of Attendance** (For self-study programs, indicate date attorney completed program.)

▲ **Location of Program (City, State)**

☑ **Location Not Applicable** (Check only for self-study programs.)

## B. Format of Program

(Check only the format completed by the attorney to whom this certificate is issued.)

○ 1. Traditional Live Classroom Format

○ 2. Fully Interactive Videoconference

> **Live Simultaneous Transmission**
> (webconference, teleconference, webcast, videoconference, satellite broadcast, etc.)
>
> ○ 3. Questions Allowed During Program (Synchronous Interactivity)
>
> ○ 4. Questions Not Allowed During Program

● 5. On-Demand/Recorded (Audio/Video)

○ 6. Other (Describe)

**Newly admitted attorney format restrictions** (except as provided in §2(A) and §2(F) of the Regulations):
- Formats 1 & 2 - acceptable for credit in any category
- Format 3 - unacceptable for Skills credit
- Formats 4 & 5 - unacceptable for Skills or Ethics and Professionalism credit

## C. Attorney's Method of Participation (Check only one)

○ Group Setting, or

● Individual/Self-Study (including an attorney individually dialing in or logging in to a webconference, teleconference or webcast, or individually viewing/listening to a recorded program)

## D. Level of Difficulty (Check only one)

The ***content*** of the course is appropriate for:

● BOTH newly admitted and experienced attorneys (transitional/nontransitional), or

○ ONLY experienced attorneys (nontransitional), or

○ ONLY newly admitted attorneys (transitional)

## E. Credit for Attendance

Award credit in accordance with §8(A)(4)(a) of the Regulations. Enter number of credits earned in each category:

For Newly Admitted and/or Experienced Attorneys:

| | |
|---|---|
| 0 | Ethics and Professionalism |
| | Skills |
| | Law Practice Management |
| 2.00 | Areas of Professional Practice |

For Experienced Attorneys Only:

Diversity, Inclusion and Elimination of Bias

In accordance with §10(B)(2) of the Regulations, for multiple breakout sessions, provider should attach a sheet indicating the sessions attended by the attorney.

## F. Credit for Faculty Participation

Award credit in accordance with §3(D) of the Regulations. Select participation type and enter number of credits earned in each category:

For Experienced Attorneys Only:

○ Speaker          ○ Panel Member

○ Moderator        ○ Law Competition Faculty

Ethics and Professionalism

Skills

Law Practice Management

Areas of Professional Practice

Diversity, Inclusion and Elimination of Bias

## G. CLE Provider Information

NBI, Inc.
▲ **Provider Organization**

1218 McCann Drive  Altoona, WI 54720
▲ **Address**

866-240-1890
▲ **Telephone**

Nikki Brown
▲ **Provider Agent Name**

*Nikki Brown*
▲ **Provider Agent Signature**

**The CLE Provider:** (Check only one)

● has been certified as an Accredited Provider by the NYS CLE Board, or

○ has had this individual course accredited by the NYS CLE Board as:
▲ **Course Number**

This certificate may NOT be used to award CLE credit to New York attorneys under New York's Approved Jurisdiction policy.

**Get the Responses You Want with Well-Written Pleadings and Motions**

Perfect timing, strong arguments and persuasive writing will get you a long way in litigation. How are your pleadings and motion practice skills? Our experienced faculty will show you how to use the rules to your advantage, draft effective pleadings and motions, and avoid common mistakes. Learn the keys to effective legal documents and oral arguments - register today!

- Get practical, real-world tips for pleading your case.
- Develop a solid command of pre-trial motion practice and learn how to draft different motions.
- Avoid embarrassing or costly mistakes when drafting pleadings, motions and briefs.

## This course is part of the New York Discovery & Pretrial Practice Essentials series.

Click here to go to the New York Discovery & Pretrial Practice Essentials series page and get 3 courses for only $399.00.

## Course Content

    I. New York Civil Practice & Procedure Update
    II. Pleadings: Writing Rock-Solid Complaints & Responses
    III. Effective Pre-Trial Motion Practice (with Examples)
    IV. Crafting Motions *in Limine* (with Examples)
    V. How to Prepare Persuasive Briefs & Exhibits
    VI. Top 5 Mistakes to Avoid with Pleadings, Motions & Briefs

| AGENDA | ⌄ |
|---|---|

| CREDIT | ⌄ |
|---|---|

| SPEAKER | ⌄ |
|---|---|